| B104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING (Court Use Only) |
|---|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| JOSE TREVINO AND TERESA TREVINO | 1) HSBC MORTGAGE SERVICES, INC. 2) U.S. BANK TRUST, N.A. as Trustee for LSF8 Master Participation Trust 3) CALIBER HOME LOANS, INC. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Karen L. Kellett, Armstrong Kellett Bartholow, PLLC, 11300 N. Central Expy., #301, Dallas, TX 75243. (214) 696-9000 | **ATTORNEYS** (If Known) |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☑ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

1) Violation of the automatic stay in violation of 11 U.S.C. 372; 2) Violation of Rule 3002.1; 3) Objection to Claim No. 21; 4) Objection to Claim No./Docket No. 82; 5) Violation of the plan and the order confirming the plan; 5) contempt; and 6) abuse of process.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☐ 454 To Recover Money or Property

☐ 435 To Determine Validity, Priority, Extent of a Lien or Other Interest in Property

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523

☑ 434 To obtain an injunction or other equitable relief

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 498 Other (specify)

| **ORIGIN OF PROCEEDINGS** (Check one box only.) | ☑ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND | OTHER RELIEF SOUGHT Injunctive and declaratory relief | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Jose Trevino Sr and Teresa Trevino | BANKRUPTCY CASE NO. 10-70594 |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING Southern District of Texas | DIVISIONAL OFFICE McAllen Division | NAME OF JUDGE Schmidt |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)  ☐ FEE ATTACHED  ☑ FEE NOT REQUIRED  ☐ FEE IS DEFERRED

| DATE 12/30/2013 | PRINT NAME Karen L. Kellett | SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Karen Kellett* |
|---|---|---|

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **BANKRUPTCY CASE NO. 10-70594** |
| JOSE TREVINO, SR. and | § | |
| TERESA TREVINO | § | **CHAPTER 13** |
| | § | |
| DEBTORS | § | |
| | § | |
| JOSE TREVINO AND | § | |
| TERESA TREVINO, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | **ADVERSARY NO. _____** |
| | § | |
| 1) HSBC MORTGAGE SERVICES, | § | |
|    INC., | § | |
| | § | |
| 2) U.S. BANK TRUST, N.A. as Trustee | § | |
|    for LSF8 MASTER | § | |
|    PARTICIPATION TRUST, and | § | |
| | § | |
| 3) CALIBER HOME LOANS, INC., | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTY JUDGE:

COME NOW Jose and Teresa Trevino ("Plaintiffs" or "Debtors"), and file this adversary complaint against the above-named Defendants, HSBC Mortgage Services, Inc., U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, and Caliber Home Loans, Inc. pursuant to Fed. R. Bankr. P. 3002.1(c), 3007, 7001(1), (7) & (9), and 11 U.S.C. §§ 105(a), 362(a)(1) and (3), 362(k) and 502, requesting that the Court find that Defendants have violated the automatic stay of § 362 of the Bankruptcy Code, declare that Defendants' actions constitute

an abuse of process, enjoin Defendants from further attempts to collect pre-petition amounts from the Debtors or from property of the estate except through the proper procedural mechanisms of the Bankruptcy Code and Rules, compel Defendants to accept Debtors' plan payments in a manner that does not thwart the purposes of the Bankruptcy Code, sanction Defendants for their actions, find Defendants in contempt, award actual damages and attorneys' fees to Plaintiffs, and provide all other applicable legal and equitable relief.  In support, Plaintiffs respectfully show the Court as follows:

## I. <u>JURISDICTION, AUTHORITY AND VENUE</u>

1.      This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and § 157(b) and (c).

2.      This adversary proceeding relates to the Chapter 13 case of the Debtors, *In re Jose Trevino and Teresa Trevino,* Case Number 10-70136, filed in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division.

3.      Pursuant to Bankruptcy Rule 7008(a), the Plaintiffs state that this complaint is a core proceeding within the meaning of 28 U.S.C. § 157.  Plaintiffs consent to the entry of final orders or judgment in this adversary proceeding by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1409 because a substantial portion of the events giving rise to Plaintiffs' claims occurred in this district, Plaintiffs filed for bankruptcy protection in this district, Defendants participated in Plaintiffs' bankruptcy proceeding in this district, and Defendants transact business in this district.

5.      Plaintiffs' action for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

6.     Plaintiffs' action for a finding of contempt is authorized by the Court's inherent powers and 11 U.S.C. § 105.  Plaintiffs' request for injunctive relief is authorized by 11 U.S.C. § 105, Fed. R. Civ. P. 65 and Fed. R. of Bankr. P. 7065.

## II.  PARTIES

7.     The Plaintiffs in this case are the Debtors in Case Number 10-70591, filed in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division.

8.     Defendant HSBC Mortgage Services, Inc. ("HSBC") is a foreign for-profit corporation doing business in Texas and can be served with process by serving its agent for service of process, C.T. Corporation System, via certified mail, at 1999 Bryan St., Suite 900, Dallas, TX  75201.

9.     Defendant U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust ("U.S. BANK TRUST"), is a foreign corporate fiduciary that can be served with process by serving its agent for service of process, Elizabeth Becker, via certified mail, at 350 North Robert Street, St. Paul, MN 55101.

10.    Defendant Caliber Home Loans, Inc. ("CALIBER") is a foreign for-profit corporation that can be served with process by serving its agent for service of process, C.T. Corporation System, via certified mail, at 1999 Bryan St., Suite 900, Dallas, TX  75201.

## III.  INTRODUCTION

11.    In their underlying bankruptcy proceeding, Plaintiffs are paying their 2010 real property taxes through their Chapter 13 plan.  Defendant HSBC was notified of that fact, repeatedly.

12.    Defendant HSBC allegedly "paid" the pre-petition 2010 real property taxes on April 22, 2013, even though the Chapter 13 Trustee was already paying those taxes to the taxing authorities through the plan, and had warned Defendant HSBC that such actions would be

**PLAINTIFFS' ORIGINAL COMPLAINT**                                          **Page 3**

improper.  Moreover, on information and belief, on June 7, 2013, the taxing authorities actually refunded to HSBC the amount HSBC had improperly paid the taxing authorities for the 2010 taxes.

13.     Nevertheless, on July 24, 2013, HSBC filed a 3002.1 Notice of Post-Petition Mortgage Fees, Expenses and Charges.  Docket No. 82.

14.     HSBC's 3002.1(c) Notice started a chain reaction.  The Chapter 13 Trustee filed a motion to dismiss the Debtors' bankruptcy case because payment of HSBC's 3002.1(c) Notice causes the Plaintiffs' chapter 13 bankruptcy plan to be deficient.  In addition, it will mean that the taxing authorities have or will receive double payments.

15.     HSBC, in effect, purchased the taxing authorities' claims.  However, rather than filing notices of transfer of claims,  HSBC filed an improper 3002.1(c) Notice, which has the practical effect of destroying the Debtors' ability to save their home from foreclosure and enjoy the other benefits of Chapter 13.

16.     Defendant HSBC's actions are even more outrageous, considering HSBC filed the 3002.1(c) Notice a month and a half after the taxing authorities refunded the amounts HSBC claimed in its 3002.1(c) Notice!

17.     In addition to constituting a violation of the automatic stay, HSBC's notice of fees and expenses constitutes an abuse of process.  Rule 3002.1 was enacted to halt mortgage lender abuses that had been plaguing the bankruptcy system, and ensure that debtors emerge with a current mortgage at the end of their chapter 13 plan, as the Bankruptcy Code intended.  In this case, HSBC's actions have the effect of wrongfully placing the Debtors "in default" of their plan and therefore in peril of having their bankruptcy case dismissed and losing their home to foreclosure.

---

**PLAINTIFFS' ORIGINAL COMPLAINT**                                                    **Page 4**

18.     Mortgage lenders cannot be allowed to use the cover of a new bankruptcy procedure meant to stop mortgage lender abuses, in this case, Rule 3002.1(c), to, in effect, wrongfully collect pre-petition claims, violate the automatic stay, and obviate debtors' rights to maintain their monthly mortgage payments, pay their other creditors through the bankruptcy process, and obtain the fresh start promised by chapter 13 of the Bankruptcy Code.

19.     Moreover, debtors should not be saddled with the expense of forcing mortgage lenders, through motions and lawsuits, to comply with the payment schemes set out in the Bankruptcy Code and Rules.

20.     In this case, in addition to providing whatever relief is available and appropriate pursuant to 11 U.S.C. § 362(k) and Bankruptcy Rule 3002.1, the Court can and should remedy Defendants' abuses of the bankruptcy process by providing relief pursuant to its inherent powers and its powers pursuant to 11 U.S.C. § 105(a).  These remedies include imposing sanctions, awarding actual damages, awarding the Debtors' attorneys' fees and costs, and providing injunctive and declaratory relief.

### IV.  **FACTUAL ALLEGATIONS**

21.     On or about February 21, 2005, Plaintiffs executed an Adjustable Rate Note in favor of Crevecor Mortgage, Inc.  Attached as Ex. A is a true and correct copy of the Proof of Claim filed by HSBC Mortgage Services, Inc. in Plaintiffs' bankruptcy case with the note attached.  *See* Claims Register Claim No. 21-1.

22.     Pursuant to the terms of the note, Plaintiffs' monthly mortgage payment is $690.63 (principal and interest) and is due on the 1st day of the month.  *See id.*

23.     On information and belief, Defendant HSBC acquired the loan and/or the servicing rights on or about July 10, 2009.

---

24.     Plaintiffs filed the above-captioned Chapter 13 bankruptcy petition on August 25, 2010 in order to save their home from foreclosure.  They also filed their Uniform Plan and Motion for Valuation of Collateral on that date.  Attached hereto as Ex. B  is a true and correct copy of the Uniform Plan and Motion for Valuation of Collateral.  The plan provided that the regular monthly mortgage payment would be paid by the Trustee to Defendant HSBC.  In addition, the plan provided that the Trustee would pay HSBC's deficiency claim, thought by the Debtors to be $14,521.19, during the life of the plan.  *See id.*

25.     Defendant was notified of Plaintiffs' bankruptcy on September 11, 2010 at three different addresses.  Attached hereto as Ex. C is a true and correct copy of the Notice of Chapter 13 Case, Meeting of Creditors, and Deadlines (and the Certificate of Mailing) from the Bankruptcy Noticing Center (Docket No. 24), listing HSBC as a party receiving notice.

26.     On September 13, 2010, Larry J. Buckley of Brice, Vander Linden & Wernick, P.C. entered an appearance on behalf of Defendant HSBC.  Attached hereto as Ex. D is a true and correct copy of Mr. Buckley's Notice of Appearance. (Docket No. 26).

27.     On November 18, 2010, the Court entered an order confirming the Debtor's plan (Docket No. 34), and it was served on HSBC.  *See* Docket No. 36.

28.     Edinburg CISD filed a proof of claim on or about December 7, 2010 in the amount of $1,108.55 for 2010 real estate taxes.  Attached hereto as Ex. E is a true and correct copy of the proof of claim filed by Edinburg CISD.  The Edinburg CISD proof of claim is listed as Claim No. 16-1 on the Claims Registry.

29.     South Texas College filed a proof of claim on December 7, 2010 in the amount of $133.85 for 2010 real estate taxes.  Attached hereto as Ex. F is a true and correct copy of the proof of claim filed by South Texas College.  The proof of claim is listed as Claim No. 15-1 on the Claims Registry.

30.     South Texas ISD filed a proof of claim on December 7, 2010 in the amount of $43.99 for 2010 real estate taxes.  Attached hereto as Ex. G is a true and correct copy of the proof of claim filed by South Texas ISD.  The South Texas ISD proof of claim is listed as Claim No. 17-1 on the Claims Registry.

31.     Hidalgo County and Hidalgo County Drainage Ditch #1 (collectively, "Hidalgo County") filed a proof of claim on January 6, 2011 in the amount of $592.37 for 2010 real estate taxes.  Attached hereto as Ex. H is a true and correct copy of the proof of claim filed by Hidalgo County and Hidalgo County Drainage Ditch #1.  The Hidalgo County and Hidalgo County Drainage Ditch #1 proof of claim is listed as Claim No. 23-1 on the Claims Registry.

32.     HSBC Mortgage Services, Inc. filed a proof of claim on December 20, 2010, listing arrearages of $19,685.50.  Attached hereto as Ex. I is a true and correct copy of the proof of claim filed by HSBC Mortgage Services, Inc.  The HSBC proof of claim is listed as Claim No. 21-1 on the Claims Registry.

33.     There are numerous problems with the HSBC proof of claim.  Page 2 of the claim shows $11,221.89 as the "Unpaid balance of late fees and other charges."

34.     Page 4 of the claim is a spreadsheet, and also shows the $11,221.89 "Balance of Late Fees and Other Charges."  *See id*.  This spreadsheet also shows that, apparently, an alleged balance of $4,491.71 came from a servicer prior to HSBC.  *See id.*   No information is provided in the spreadsheet as to the makeup of that $4,491.71.

35.     The itemized amounts listed from the time period after HSBC took over the loan are as follows, as set out on page 3 of the claim:

| | |
|---|---|
| Attorneys' Fees and Costs | $2,512.64 |
| Hazard Insurance | $3,141.01 |
| Taxes | $  776.81 |

Late Fees                          $  423.17

36.     The itemized amounts on page 4 of the claim are listed as follows:

Attorneys' Fees and Costs    $2,512.64

Hazard Insurance/Taxes       $7,671.95

Inspection fees              $   12.50

Late Charges                 $1,024.80

37.     HSBC did not attach any documents to its claim evidencing the amounts claimed for pre-petition fees and charges.  Thus, HSBC did not attach any evidence that the amounts claimed were reasonable or even actually incurred.

38.     Of the $7,671.95 HSBC claims it advanced to cover taxes and interest, the taxing authorities' records show that HSBC paid only $776.81 in property taxes prior to the bankruptcy, meaning HSBC is apparently claiming that it paid $6,895.14 in hazard insurance expenses prior to the bankruptcy.  Again, Defendant HSBC failed to attach any evidence in support of any of the alleged fees and charges.

39.     On January 26, 2011, the Trustee filed her "Notice of Intent to Pay Claims," showing the payments that she would be making pursuant to the Plaintiffs' chapter 13 plan.  The Notice showed that she would be paying HSBC's monthly mortgage payments, as well as HSBC's arrearage claim of $19,685.50.  Attached hereto as Ex. J is a true and correct copy of the Notice of Trustee's Intent to Pay Claims, along with a certificate of service.

40.     The Notice also showed that the Trustee would pay the real property tax claims of Edinburg CISD, Hidalgo County/Drainage Ditch, South Texas College and South Texas ISD. *See id.*

41.     The Notice was served on Defendant HSBC at numerous addresses.  *See id.*

42.     The Chapter 13 Trustee began paying the 2010 real property tax claims of Edinburg CISD, Hidalgo County/Drainage Ditch #1, South Texas College and South Texas ISD on April 28, 2011.  Attached hereto as Ex. K is a true and correct copy of the Chapter 13 Trustee's records of payments on the claims of the taxing authorities and HSBC (now Caliber)..

43.     On July 13, 2011, well after HSBC was served with both the order approving the plan, and the Trustee's notice of who she would be paying under the plan, the HSBC "Property Tax Department of Mortgage Services" mailed the Debtors a letter demanding that the Debtors pay the pre-petition 2010 property taxes immediately and send proof of payment.  Attached hereto as Ex. L is a true and correct copy of the June 13, 2011 letter sent to Mr. Trevino by Defendant HSBC.  The letter states forthrightly HSBC's intention to violate the automatic stay and/or the discharge injunction:

> This is our final request.  If we do not receive the above requested proof of payment within 15 days of this letter, we may advance payment on your behalf, pursuant to the terms of the mortgage. The payment will then be added to your loan and will be billed after discharge of the Chapter 13 Bankruptcy Plan.

44.     On August 12, 2011, the Chapter 13 Trustee sent HSBC a letter in response. Attached hereto as Ex. M is a true and correct copy of the August 12, 2011 letter sent to HSBC by the Chapter 13 Trustee.  The letter enclosed HSBC's letter to the Debtors of June 13, 2011, and stated:

Dear Sir or Madam:

> My office is in receipt of the attached correspondence concerning unpaid real property tax assessments for the above referenced bankruptcy case. Please take the time to carefully review the chapter 13 plan that has been filed in this case, along with any proof of claims that may have been submitted, especially those submitted by the taxing authorities for unpaid assessments your records show as outstanding.

Some or all of the past due assessments that you have referenced may have already been scheduled for repayment through the chapter 13 plan. This may preclude you from recovering funds that you intend to advance, and if such advancement is made, the automatic stay provisions of Title 11 United States Code [11 U.S.C. § 362(a)] and the Federal Rules of Bankruptcy Procedure [FRBP 3001(3)(2)] may govern such actions.

Sincerely,

/s/ Cindy Boudloche
Cindy Boudloche, Trustee

45.     The Debtors moved to modify their plan on August 19, 2011, and an order approving the modification was approved. *See* Docket Nos. 59 and 61.

46.     On September 29, 2011, the Trustee filed her "Amended Notice of Intent to Pay Claims," showing the payments that she would be making pursuant to the Plaintiffs' chapter 13 plan. The Notice showed that she would be paying HSBC's monthly mortgage payments, as well as Defendant HSBC's arrearage claim of $19,685.50. Attached hereto as Ex. N is a true and correct copy of the Notice of Trustee's Intent to Pay Claims, along with a certificate of service showing service on Defendant HSBC.

47.     The Notice also showed that the Trustee would pay the real property tax claims of Edinburg CISD, Hidalgo County/Drainage Ditch #1, South Texas College and South Texas ISD. *See id.*

48.     The Notice was served on HSBC at numerous addresses. *See id.*

49.     On July 24, 2013, HSBC filed a Rule 3002.1(c) Notice of Post-Petition Mortgage Fees, Expenses and Charges. (Docket No. 82.) Attached hereto as Ex. O is a true and correct copy of the 3002.1(c) Notice. The 3002.1(c) Notice is treated as a supplement to HSBC's proof of claim and will sometimes be referred to herein as "Claim No./Docket No. 82."

50.     HSBC's 3002.1(c) Notice alleges that HSBC paid 2010 county taxes on April 22, 2013 in the amount of $2,933.83.[1]  Defendant HSBC's 3002.1(c) Notice did not mention that the taxing authorities had refunded to HSBC all the funds set out in the 3002.1(c) Notice on June 7, 2013.

51.     On September 21, 2013, the Trustee filed a motion to dismiss Plaintiffs' bankruptcy case on grounds that plan is not feasible due to HSBC's 3002.1(c) Notice.  (Docket No. 84.) Attached hereto as Ex. P is a true and correct copy of the Trustee's Motion to Dismiss, along with a certificate of service showing service on Defendant HSBC.

52.     Pursuant to the Southern District Home Mortgage Procedures, the Chapter 13 Trustee began making payments on HSBC's Claim No./Docket No. 82 on October 24, 2013.  *See* Ex. K.

53.     With respect to the 2010 tax claims, HSBC effectively purchased the taxing authorities' claims. Thus, HSBC was required to file a notice of transfer of claim regarding its acquisition of the taxing authorities' claims, but failed to do so.  *See, e.g., In re Sanchez*, 372 B.R. 289, 318-19 (Bankr. S.D. Tex. 2007).

54.     HSBC's actions in filing the 3002.1(c) Notice, rather than filing notices of transfer of the taxing authorities' claims, violate the automatic stay of the Bankruptcy Code, the Debtors' plans, and the orders confirming and modifying their plans.

55.     To complicate matters, HSBC Mortgage Services, Inc. transferred all of its home mortgage claims against the Debtors to U.S. Bank Trust, N.A. ("U.S. BANK TRUST") as Trustee for LSF8 Master Participation Trust, and Caliber Home Loans, Inc. ("CALIBER"), as its attorney in fact, on November 20, 2013. Defendants U.S. Bank Trust and Caliber have accepted

---

[1] The total "post-petition fees, expenses and charges" listed in HSBC's 3002.1(c) Notice is $4,450.15, and includes $1,516.32 allegedly paid for 2012 taxes.

funds from the Chapter 13 Trustee on HSBC's improper Claim No./Docket No. 82.

56.    Defendants' actions are thwarting the Debtors' chapter 13 plan and undermining their rights under chapter 13 of the Bankruptcy Code.

## V. REQUEST FOR RELIEF

### COUNT I
### VIOLATION OF THE AUTOMATIC STAY

57.    The allegations in the paragraphs above are realleged and incorporated herein by this reference.

58.    The actions of Defendants were willful violations of the automatic stay as set forth in Sections 362(a)(3) and (6) of the Bankruptcy Code.

59.    Defendant HSBC knew or should have known that any alleged payments it made to the taxing authorities in 2010 were for pre-petition taxes, and thus were pre-petition claims. *See Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348 (5th Cir. 2008).

60.    Defendant HSBC knew or should have known that the tax claims were being paid by the Chapter 13 Trustee pursuant to Debtors' plan.

61.    Defendant HSBC knew or should have known that, if it did pay the 2010 taxes, it would have purchased the tax claims of the taxing authorities, and thus should have filed notices of transfer of claim for the claims it purchased.

62.    To the extent that the taxing authorities refunded the amounts set forth in HSBC's 3002.1(c) notice on June 7, 2013, HSBC should have never even filed the 3002.1(c) Notice.

63.    Defendants had actual knowledge that Plaintiffs were debtors in a pending Chapter 13 case, and that the automatic stay was in effect, at the time they illegally sought collection of and accepted payments for pre-petition taxes pursuant to Claim No./Docket No. 82.

64.     Further, Defendants knew or should have known that the taxing authorities had refunded to Defendant HSBC all amounts for which Defendant HSBC thereafter filed a 3002.1(c) Notice.  Thus, Defendant HSBC knew or should have known it had no right to even file Claim No./Docket No. 82, and Defendants knew or should have known not to accept payments on it.

65.     As such, Defendants' actions constitute willful violation of the automatic stay, 11 U.S.C. §§ 362(a)(1), (3) and (6), entitling Plaintiffs to actual damages, including costs and attorneys' fees, and punitive damages, as set forth in 11 U.S.C. § 362(k)(1).

### COUNT II
### RELIEF PURSUANT TO RULE 3002.1

66.     The allegations in the paragraphs above are realleged and incorporated herein by this reference.

67.     Defendant HSBC filed a "notice" in this case on September 12, 2013, purportedly pursuant to Fed. R. Bankr. P. 3002.1(c).

68.     As set forth herein, Defendant HSBC wrongfully paid pre-petition taxes that already were being paid by the Trustee pursuant to Debtors' chapter 13 plan.  Moreover, on information and belief, on June 7, 2013, the taxing authorities had refunded to HSBC the amounts HSBC thereafter claimed in the 3002.1(c) Notice.  Defendant HSBC's act in filing such notice, and Defendants' acceptance of payment on such notice, violated the automatic stay, the plan and the order confirming the plan, and constitute abuse of process.

69.     As such, pursuant to Fed. R. Bankr. P. 3002.1(i), the Court should (a) prohibit Defendants from presenting any evidence of any alleged pre-petition tax related payments in this adversary proceeding, the Debtors' bankruptcy case, or any other proceeding, (b) declare that the Debtors do not owe Defendants any amounts for any alleged pre-petition tax payments, (c)

enjoin Defendants from any further efforts to collect such pre-petition tax payments, and (d) award Debtors' their reasonable attorneys' fees and costs for bringing this action.

## COUNT III
## CLAIM OBJECTION – ORIGINAL CLAIM NO. 21
## (AS TO DEFENDANTS U.S. BANK TRUST AND CALIBER)

70.     The allegations in the paragraphs above are realleged and incorporated herein by this reference.

71.     As set forth above, Defendant HSBC filed a proof of claim, alleging $19,685.50 in pre-petition arrearages.

72.     Plaintiffs hereby object to Claim No. 21.

73.     Defendant HSBC failed to provide any evidence that, with respect to an alleged $11,221.89 in pre-petition amounts due for "Late Fees and Other Charges," HSBC actually incurred those costs or that such costs were reasonable.  Defendant HSBC certainly provided no documentation for any such alleged costs.

74.     Defendant HSBC failed to attach sufficient documentation to its claim to support its claim for outlays of hazard insurance, taxes, attorneys' fees, inspection fees and other fees and costs.  Plaintiffs object that such amounts claimed are not reasonable pursuant to 11 U.S.C. Section 506(b) and also not allowable pursuant to 11 U.S.C. § 502(b)(1) because Defendants have failed to prove that they are entitled to these amounts under Texas law.

75.     If Defendants U.S. Bank Trust and Caliber fail to produce sufficient evidence to document their claim for pre-petition hazard insurance, taxes, attorneys' fees, inspection fees and other fees and costs, pursuant to 11 U.S.C. Section 506(b), Plaintiffs request that the Court disallow any amounts not found to be reasonable or payable pursuant to the note and security agreement, and Texas law.

## COUNT IV
## CLAIM OBJECTION TO CLAIM NO./DOCKET NO. 82 (THE 3002.1(c) NOTICE OF POST-PETITION MORTGAGE FEES, EXPENSES AND CHARGES)

76.     Rule 3002.1(d) provides that a mortgage lender with a lien on a debtor's principal residence may file a Rule 3002.1(c) notice as a supplement to its proof of claim.

77.     Defendant HSBC should not have sought, and Defendants U.S. Bank Trust and Caliber should not be seeking, any amounts for alleged payments of 2010 taxes, as those taxes have been and are being paid pursuant to the Debtors' plan.

78.     Any notice filed pursuant to Rule 3002.1(c) is not accorded prima facie validity. *See* Fed. R. Bankr. P. 3002.1(d).

79.     Plaintiffs object to Defendants' claim Claim No./Docket No. 82 for the $2,933.83 for pre-petition taxes for 2010 pursuant to 11 U.S.C. § 502 for the reasons set forth herein.

80.     Plaintiffs further object to Claim No./Docket No. 82 to the extent that such amounts were actually refunded to HSBC and thus are not owed at all.

## COUNT IV
## VIOLATION OF THE PLAN AND THE ORDER CONFIRMING THE PLAN

81.     The allegations in the paragraphs above are realleged and incorporated herein by this reference.

82.     The Chapter 13 Trustee is paying the claims of the taxing authorities for the 2010 taxes over the five-year period of Debtors' plan.

83.     Defendants violated the plans and the orders confirming and modifying the Plaintiffs' plan by the actions described herein.

84.     The Court can hold Defendants in contempt pursuant to its inherent and statutory § 105(a) powers and award actual damages, punitive damages, attorneys' fees, injunctive relief, and declaratory relief.

## COUNT V
## <u>CONTEMPT</u>

85.     The allegations in the paragraphs above are realleged and incorporated herein by this reference.

86.     Defendants' actions as alleged herein constitute contempt.

87.     Plaintiffs ask this Court to find Defendants in contempt. Based upon such findings, and under its inherent powers and 11 U.S.C. § 105(a), Plaintiffs seek an award of sanctions, declaratory and injunctive relief, actual damages, and attorneys' fees and costs.

## COUNT VI
## <u>ABUSE OF PROCESS</u>

88.     The allegations in the paragraphs above are realleged and incorporated herein by this reference.

89.     As set forth above, the illegal acts of Defendants have the effect of preferring Defendants over other creditors and causing the plan to become "infeasible" in the eyes of the Trustee. The actions of the Defendants will thus cause the dismissal of the Debtors' bankruptcy case and the loss of the Debtors' home to foreclosure.

90.     Defendants authorized, directed, and caused the filing of the 3002.1(c) Notice and/or accepted payment pursuant to it.

91.     Defendant HSBC created, filed, and/or mailed such document using an unconscionable plan or scheme, which was designed to improperly influence the Court and the Office of the Chapter 13 Trustee. Defendants U.S. Bank Trust and Caliber have not withdrawn or amended Docket/Claim No. 82, but rather continue to accept payments from the Chapter 13 Trustee on such claim.

92.     Defendants are officers of the Court. They directed and direct their actions to the judicial machinery itself.

93.     Defendant HSBC filed and mailed Claim No./Docket No. 82 in an attempt to obtain money or property from the Debtors and/or the bankruptcy estate.  Defendants U.S. Bank Trust and Caliber accepted money from the Trustee on Claim No./Docket No. 82.

94.     Plaintiffs ask this Court to find that Defendants' actions constitute an abuse of process.  Based upon such findings, and under its inherent powers and 11 U.S.C. § 105(a), Plaintiffs seek an award of sanctions, declaratory and injunctive relief, actual damages, and attorneys' fees and costs.

## COUNT VII
## REQUEST FOR INJUNCTIVE RELIEF
## (AS TO DEFENDANTS U.S. BANK TRUST AND CALIBER)

95.     The allegations in the paragraphs above are realleged and incorporated herein by this reference.

96.     For the reasons set forth above, Defendants U.S. Bank Trust and Caliber have committed abuse of process.

97.     Unless restrained, Defendants U.S. Bank Trust and Caliber will, in all likelihood, continue to commit abuse of process and violate federal law by the actions described herein.  As a result, Plaintiffs seek a permanent injunction to enjoin further violations of the law by Defendants U.S. Bank Trust and Caliber.

98.     Section 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Code provisions, including the imposition of temporary and permanent injunctions.

99.     Plaintiffs are entitled to an injunction because (a) Plaintiffs will achieve success on the merits, (b) Defendants' U.S. Bank Trust and Caliber's illegal actions will result in the dismissal of Plaintiffs' Chapter 13 bankruptcy case and the foreclosure of Plaintiffs' home, which are irreparable injuries, (c) the injury to Plaintiffs if the injunction is not granted is dire

and irreparable, and outweighs any damage to Defendants because Defendants will suffer no damage in complying with the automatic stay and the provisions of the Bankruptcy Code and Rules that govern claims and their payment in a chapter 13 bankruptcy, and (d) the injunction is in the public interest because it will protect Plaintiffs' right to a fresh start and promote compliance with the Bankruptcy Code.

100.    Plaintiffs are entitled to an injunction commanding Defendants U.S. Bank Trust and Caliber to seek its pre-petition and post-petition claims in the manner required by the Bankruptcy Code and Rules.

101.    Plaintiffs are entitled to their reasonable costs and attorney fees in seeking the injunctions from this Court.

## COUNT VIII
## REQUEST FOR DECLARATORY RELIEF

102.    The allegations in the paragraphs above are realleged and incorporated herein by this reference.

103.    Section 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Code provisions, including the imposition of temporary and permanent injunctions.

104.    Plaintiffs seek a declaration that Defendants violated the automatic stay, the Plaintiffs' plan and the order confirming the plan, Fed. R. Bankr. P. 3002.1(c), and that Defendants' actions described herein are an abuse of process.

105.    Plaintiffs ask this Court to issue a declaration pursuant to Fed. R. Bankr. P. 3002.1(i) that Defendants U.S. Bank Trust and Caliber may not present any information in any form as evidence that it paid any 2010 tax-related payments post-petition.

106.    Plaintiffs are entitled to their reasonable costs and attorneys' fees in seeking the declarations from this Court.

## COUNT IX
## REQUEST FOR ACTUAL AND PUNITIVE DAMAGES

107.    The allegations in the paragraphs above are realleged and incorporated herein by this reference.

108.    Defendants violated the automatic stay, the Plaintiffs' plans, and the orders confirming and modifying the plans, and Defendants' actions described herein are an abuse of process.

109.    Plaintiffs seek imposition of all available damages, penalties, sanctions, punitive damages and attorneys' fees pursuant to the Court's inherent powers, 11 U.S.C. §§ 105(a) and 362(k) and Bankruptcy Rule 3002.1, in an amount sufficient to compensate Plaintiffs and deter Defendants from future misconduct.

## COUNT X
## REQUEST FOR ATTORNEYS' FEES

110.    The allegations in the paragraphs above are realleged and incorporated herein by this reference.

111.    Defendants' violations as set forth above and their abuses of process can be remedied pursuant to the Court's inherent powers and 11 U.S.C. § 105, 362(k) and Rule 3002.1(i).

112.    The Plaintiffs have been forced to retain legal counsel and have incurred reasonable and necessary attorneys' fees to prevent Defendants from improperly forcing the dismissal of Plaintiffs' bankruptcy case and the ultimate foreclosure of Plaintiffs' home through the use of illegal and abusive practices.  Such fees are properly taxed against Defendants by virtue of their flagrant abuse of the bankruptcy process.

113.    Plaintiffs are entitled to attorneys' fees pursuant to the Court's inherent contempt powers, 11 U.S.C. §§ 105 and 362(k), and Fed. R. Bankr. P. 3002.1(i)(2).

## VI.  PRAYER

WHEREFORE, Plaintiffs request that this Court grant the relief as requested herein in favor of Plaintiffs by:

a)    Awarding Plaintiffs actual damages, including attorneys' fees and costs, and punitive damages for Defendants' violations of the automatic stay;

b)    Awarding Plaintiffs their reasonable expenses and attorneys' fees for Defendants' failure to comply with Rule 3002.1;

c)    Entering an order sustaining Plaintiffs' objections to Defendants' proof of claim, Claim No. 21, and the supplement to the claim, Claim No./Docket No. 82;

d)    Entering an order declaring that any alleged escrow account for any alleged 2010 taxes is barred and waived;

e)    Issuing a declaration that Defendants violated the automatic stay, the Plaintiffs' plan and the order confirming the plan, and that Defendants' actions described herein are an abuse of process;

f)    Awarding Plaintiffs sanctions, declaratory and injunctive relief, actual damages, and attorneys' fees and costs for Defendants' abuses of process;

g)    Finding Defendants in contempt under the Court's inherent powers and 11 U.S.C. § 105 for abuse of process, abuse of the Bankruptcy Code, abuse of the federal bankruptcy system, and awarding Plaintiffs appropriate relief, including attorneys' fees and costs, sanctions, and other such relief deemed appropriate by this Court;

h)    Awarding Plaintiffs pre-judgment and post-judgment interest, as well as reasonable attorneys' fees and costs;

i)    Entering an injunction barring Defendants U.S. Bank Trust and Caliber from attempting to collect any of the alleged pre-petition taxes that it sought pursuant to its Claim No./Docket No. 82; and

j)    Awarding such other relief as this Court may deem just and proper.

Dated: December 30, 2013.

---

**PLAINTIFFS' ORIGINAL COMPLAINT**                                              **Page 20**

Respectfully submitted,

ARMSTRONG KELLETT BARTHOLOW PLLC


/s/ *Karen L. Kellett*
   Karen L. Kellett
   Texas Bar No. 11199520

Theodore O. Bartholow, III
Texas Bar No. 24062602
11300 N. Central Expy., Ste. 301
Dallas, Texas 75243
Tel: (214) 696-9000
Fax: (214) 696-9001

Ellen Stone
Texas Bar No. 19305000
The Stone Law Firm, P.C.
4900 N. 10th Street, Suite A-2
McAllen, TX 78504
Tel: (956) 630-2822
Fax: (956) 631-0742

ATTORNEYS FOR PLAINTIFFS