UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| | § | BANKRUPTCY CASE NO. 10-70594 |
| JOSE TREVINO, SR. and | § | |
| TERESA TREVINO | § | CHAPTER 13 |
| | § | |
| DEBTORS | § | |
| | § | |
| JOSE TREVINO AND | § | |
| TERESA TREVINO, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | ADVERSARY NO. 13-07031 |
| | § | |
| 1) HSBC MORTGAGE SERVICES, INC., | § § | |
| | § | |
| 2) U.S. BANK TRUST, N.A. as Trustee for LSF8 MASTER PARTICIPATION TRUST, and | § § § § | |
| | § | |
| 3) CALIBER HOME LOANS, INC., | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFFS' AMENDED MOTION TO COMPEL CALIBER HOME LOANS, INC. AND U.S. BANK TRUST, N.A. TO PRODUCE DOCUMENTS**

**NOTICE UNDER LOCAL RULE 9013-1**

THIS MOTION SEEKS AN ORDER THE MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE

AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW Jose and Teresa Trevino, Plaintiffs in the above-captioned adversary proceeding, and file this motion to compel Caliber Home Loans, Inc. ("Caliber") and U.S. Bank Trust, N.A. ("U.S. Bank")(together, the "Caliber Defendants") to produce documents, and in support hereof would respectfully show the Court:

## I. NATURE OF THE CASE AND CURRENT STATUS

1. Plaintiffs filed their chapter 13 bankruptcy to save their homestead from foreclosure on August 25, 2010. Defendant HSBC serviced the Debtors' mortgage loan at the time the Debtors filed for bankruptcy protection.

2. HSBC transferred the debtor's mortgage loan to Defendant U.S. Bank on November 20, 2013, and transferred the servicing rights to Plaintiffs' mortgage loan to Defendant Caliber. *Id*. at ¶ 55.

3. Plaintiffs filed this adversary proceeding against HSBC and the Caliber Defendants on December 30, 2013 primarily because HSBC filed a Rule 3002.1 Notice on July 24, 2013 seeking to be "repaid" for 2010 taxes that it disbursed, even though the taxing authorities had refunded the money for the 2010 taxes to HSBC *prior to* HSBC filing the Rule 3002.1 Notice. HSBC's filing of the 3002.1 Notice had the effect of derailing the Debtors' plan. The Chapter 13 Trustee filed a motion to dismiss the case because the Rule 3001.2 Notice would cause the Debtors' plan to be deficient. The upshot of HSBC's actions would have been, but for this lawsuit, that debtors' Chapter 13 bankruptcy case would have been dismissed and Plaintiffs' would have lost their home to foreclosure over amounts demanded by HSBC and the Caliber Defendants for almost $3,000 that the Debtors did not, in fact, owe.

4.      HSBC did not withdraw the Rule 3002.1 Notice. Instead, HSBC transferred the mortgage note to LSF8 Master Participation Trust and servicing of the mortgage note to Caliber.

5.      After Plaintiffs filed suit, and prior to *any* communications with Plaintiffs' counsel, the Caliber Defendants filed a motion to dismiss the case as against them on February 2, 2014, [1] making the specious argument that they were "holders in due course" and thus they were able to collect on the 3002.1 Notice/Claim even though the debtors did not, in fact, owe the money in that claim for the 2010 taxes, because the money for the 2010 taxes had been refunded by the taxing authority to HSBC.

6.      Throughout the case, the Caliber Defendants refused to withdraw the 3002.1 notice for the 2010 taxes and insisted they were entitled to be paid by the Chapter 13 Trustee on a claim for almost $3000 that the Debtors did not owe.

7.      After Plaintiffs filed their second amended complaint, all the Defendants filed additional motions to dismiss. Caliber made the same arguments that it was a holder in due course, as well as other arguments, which required extensive responsive briefing by Plaintiffs.

8.      After oral argument, the Court issued its July 31, 2015 opinion on the motions to dismiss Plaintiffs' second amended complaint, rejected the Caliber Defendants' holder-in-due-course arguments, and specifically found:

> The Trevinos do not allege that U.S. Bank or Caliber knew or should have known that HSBC's 3002.1(c) notice was improper when they purchased the mortgage claims from HSBC. However, U.S. Bank and Caliber continue to assert the legitimacy of the 3002.1(c) notice and have failed to withdraw it. The 3002.1(c) notice does contain claims for 2012 property taxes, also paid by HSBC, which the Trevinos do not allege were refunded. Assuming this portion of the notice is valid, then U.S. Bank and Caliber would be entitled to at least some of the money they received from the trustee. But it is undisputed that the 3002.1(c) notice is in error with regards to the 2010 property taxes. U.S. Bank and Caliber have no good faith basis upon which to continue to demand payment for these taxes. By failing to

---

[1] In other words, counsel for Plaintiffs did not know who was representing the Caliber Defendants until they filed the motion to dismiss on February 3, 2014.

> amend or withdraw the 3002.1(c) notice and continuing to demand payment, U.S. Bank and Caliber's actions may have been in bad faith. The motion to dismiss based on the abuse of process claims against U.S. Bank and Caliber is denied.

*Trevino v. HSBC Mortgage Services, Inc., et al. (In re Trevino)*, 535 B.R. 110, 127-29, 134 - 135 (Bankr. S.D. Tex. 2015).

9. Indeed, and importantly, in the middle of all this litigation, Caliber transferred servicing rights with respect to Plaintiffs' mortgage loan to Select Portfolio Servicing, Inc., effective January 1, 2015. U.S. Bank Trust sold the note to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Indenture Trustee, for CSMC 2015-RPL1 Trust, Mortgage-Backed Notes, Series 2015-RPL1, effective February 25, 2015.

10. Most importantly, it appears from information produced by Caliber just this morning, and from a pay history sent by SPS just last week, that Caliber and US Bank did indeed transfer the improper claim for the 2010 taxes to SPS and CSMC 2015-RPL1 Trust. It also appears clear that SPS and CSMC 2015-RPL1 Trust have applied debtor and chapter 13 trustee payments to pay the fraudulent claim for the 2010 taxes![2]

11. After over two years of extensive litigation, Plaintiffs and HSBC settled at a mediation conducted by the Honorable David Jones on March 28, 2016. Plaintiffs and the Caliber Defendants did not settle at the mediation.

12. After the Court's ruling on Plaintiffs' Second Amended Complaint, the following claims remain against the Caliber Defendants:

    I.    Abuse of process.

---

[2] Of course, Plaintiffs' mortgage loan continues to remain in disarray even though Plaintiffs made all their plan payments and completed their plan in September, 2015. Despite numerous requests for information and notices of error sent to SPS pursuant to RESPA, SPS and the new note holder have continued to violate the Code and Rules and other state and federal law with respect to Debtors, apparently in addition to applying debtor and trustee payments to the improperly claimed amounts for 2010 taxes that the debtors do not owe.

VI. Objection to Claim No./Docket No. 82 (the July 24, 2013 3002.1 Notice).

IX. Violations of the Fair Debt Collection Act pursuant to 15 U.S.C. § 1692e, 1692e(2), 1692f, 1692f(1).[3]

XII. Breach of contract as to Defendant U.S. Bank Trust.

XVI. The request for sanctions under 11 U.S.C. § 105(a).

XVII. The request for injunctive relief.

XVIII. The request for declaratory relief.

XIX. The request for actual and punitive damages.

XX. The request for attorneys' fees.

## II. HISTORY OF DISCOVERY WITH RESPECT TO THE CALIBER DEFENDANTS

13. Plaintiffs served requests for production of documents on the Caliber Defendants on July 2, 2014. *See* Exhibit C. The Caliber Defendants served their responses to Plaintiffs' document production requests on August 4, 2014. *See* Exhibits D and E.

14. Plaintiffs filed their initial motion to compel with respect to the Caliber Defendants on August 25, 2014. Docket No. 43.

15. The Court never ruled on Plaintiffs' pending discovery motions pending the litigation appearing on the Docket thereafter.

16. Until June 6, 2016, the Caliber Defendants did not produce any additional documents in response to Plaintiffs' document production request. On the morning of June 6, 2016, Caliber produced an Excel spreadsheet (in Excel format) onto which someone allegedly transferred a very limited amount of information from the Trevinos' mortgage loan account.

---

[3] The Court dismissed Plaintiffs' claims against Caliber for violations of 15 U.S.C. § 1692e(12) only. *Trevino*, 535 B.R. at 132.

17. Thus, the only documents produced were those produced by Caliber on June 9, 2014, and the Excel spreadsheet produced on the morning of June 6, 2016. An index of the production is attached hereto as <u>Exhibit F</u>, with the exception of the Excel spreadsheet produced this morning. In addition, the portion of the June 9, 2014 production Plaintiffs believe are relevant to this suit is attached as <u>Exhibit G</u>. (Plaintiffs will provide the Excel spreadsheet on a flash drive to the Court by separate correspondence.)

18. The undersigned conducted a lengthy call regarding Plaintiffs' document production requests with Melissa Hayward on May 26, 2016 and the following are the remaining issues.

### III. REQUESTS AT ISSUE

A. **Request for Production No. 1. Written and electronically stored information containing or referring to any statement, whether written or recorded, made by any person concerning the subject matter of this lawsuit.**

19. Defendants have not complied with this request. Caliber produced a redacted pdf of a spreadsheet onto which someone placed some alleged case comments. *See* <u>Ex. G</u>, Caliber 1-4. These are not all of the notes Caliber maintains in its system of record, they are not complete, sentences are cut off and they only go through January 28 of 2014, even though Caliber transferred servicing as of January 1, 2015 and U.S. Bank Trust transferred the loan as of February 25, 2015. U.S. Bank produced nothing. No other types of internal communications were produced, such as email, internal memoranda, etc. and no communications concerning the transfer of servicing rights and the loan itself to and from Caliber and U.S. Bank Trust have been produced.

B. **Request for Production No. 2. Documents and electronically stored information reflecting the names, titles positions, and job responsibilities of Defendants' employees who handled or were responsible for the accounts of Plaintiffs.**

20. Defendants have not produced these documents. In the Rule 26 Disclosures, Caliber identified employees of Caliber named Christopher Bass, Thomas Colatriano and John Rafferty that have knowledge of Plaintiffs' account. However, in its disclosures, Caliber stated that other employees have knowledge of the loan and Caliber's servicing of the loan. U.S. Bank Trust stated that its employees had knowledge of the loan. See Exhibit A, pp. 2-3. However, Defendants have not supplemented their disclosures with the names of these employees and have not produced any documents that identify the names and other information of the other employees with knowledge of the accounts of Plaintiffs.

C. **Requests for Production Nos. 3–9 request documents relating to Plaintiffs' mortgage loan account with the Caliber Defendants**.

21. The only documents that Caliber produced with respect to the Plaintiffs' mortgage account are (1) numerous copies of documents from the original loan closing file, (2) copies of correspondence regarding Plaintiffs' mortgage loan account sent by the Caliber Defendants' predecessor-in-interest, HSBC, (3) indecipherable pages of what appear to be transaction history information placed onto pdfs of spreadsheets, (4) copies of documents filed in Plaintiffs' bankruptcy case, (5) documents relating to HSBC's loss mitigation analysis with respect to Plaintiffs' mortgage loan account, and (6) notice regarding the transfer of servicing and of ownership of Plaintiffs' mortgage loan to Caliber and US Bank.

22. The first four pages of production are labeled "Transaction/Delinquency Notes" but only go through January 28, 2014. See Exhibit G, Caliber 1-4. The document is not a document from Caliber's mortgage servicing system but rather is a pdf of a spreadsheet produced for this litigation. The next three pages of production also consist of pdfs of spreadsheets that are not in the original format of information stored in Caliber's servicing system, but rather reflect information manually placed in an Excel spreadsheet, and thus was a document prepared for this

litigation. *See id.* Caliber 5-7.[4] The next 96 pages of production are completely indecipherable pages of what appear to be portions of pdf spreadsheets created for this litigation. *See id.* at Caliber 8-102.

23. U.S. Bank has not produced any documents in this case, despite its claim in its responses that it has already produced all responsive documents.

24. It is unacceptable that Defendants have not provided the Plaintiffs' account information in its native format from their mortgage servicing software systems. Spreadsheets created manually for purposes of this litigation are unacceptable. Plaintiffs need Caliber's actual account records to determine how Caliber actually treated the fraudulent portion of the Rule 3002.1 Notice from the time the loan was boarded through the time Caliber transferred servicing of the loan to SPS and U.S. Bank transferred the loan to CSMC 2015-RPL1 Trust, and through today's date.

25. The Court should note that during the meet and confer call on August 18, 2014 between the undersigned and the Caliber Defendants' counsel, David Parmerlee, Mr. Parmerlee stated that he would try to provide account transactions and file notes in their original format from the Caliber Defendants' mortgage servicing software, and produce any documents that had not already been produced.

26. In the most recent meet and confer on May 26, 2016, the Caliber Defendants' counsel Melissa Hayward stated that the Caliber Defendants would not produce the account information in their original native format from their servicing systems of record.

---

[4] It appears that Caliber produced (on the morning of June 6, 2016) the actual Excel spreadsheet (in Excel format) with information from the original production of Caliber 5-7, but going on through the date of March 27, 2015, showing 52 transactions on the account. There is certainly vastly more information available regarding the Plaintiffs' loan account, and it is available from Caliber's system of record, either through reports or through screen shots of the computer monitors Caliber uses to monitor and service mortgage loans in bankruptcy and in general.

27.     Plaintiffs request that the Court order the Caliber Defendants to produce all of the loan account information of Plaintiffs' mortgage loan in the original format as it appears on their systems of record.

**D.     Requests for Production Nos. 11 and 12.**

**Plaintiffs have withdrawn these requests.**

**E.     Requests for Production Nos. 10 and 13.**

**Plaintiffs have limited these requests to the Caliber Defendants' policies and procedures with respect to filing Rule 3002.1 notices and acceptance of funds from any filed Rule 3002.1 Notice.**

**F.     Requests for Production Nos. 14 and 15 request information relating to complaints and other lawsuits against the Caliber Defendants alleging conduct similar to the Caliber Defendants' conduct in this case.**

**Plaintiffs have agreed to limit the subtopics to only: (4) failed to comply with the letter or the spirit of Fed. R. Bankr. P. 3002.1, and (5) committed abuse of process in connection with actions you have taken or failed to take in connection with consumer bankruptcy cases.**

28.     The Caliber Defendants refuse to produce these documents.

29.     The Caliber Defendants' position throughout this case has been that the Trustee must pay on the 2010 tax claim portion of the 3002.1 Notice even if the Debtors did not owe that money, primarily based on its baseless "holder in due course" defense. The Caliber Defendants' position was that they paid HSBC the amount for the 2010 taxes in the 3002.1 Notice, and that they must be reimbursed by the Chapter 13 Trustee, no matter whether such payment would cause the Debtors to pay the 2010 taxes twice, would cause the Debtors' case to be dismissed, and thus would deprive the Debtors the ability to save their house from foreclosure through bankruptcy, complete their plan and obtain a chapter 13 discharge.

30.     It now appears that, in addition to taking the position that the Chapter 13 Trustee and debtors were required to pay on the false and fraudulent Rule 3002.1 Notice, Caliber and U.S.

Bank actually sold the note and the servicing rights to CSMC 2015-RPL1 Trust and SPS with the offending amount (almost $3000) still shown as owing on the account.

31. Plaintiffs must be allowed to be able to obtain evidence of bad faith and willful disregard for the Bankruptcy Code, and Plaintiffs' right to be free from illegal collection activity, particularly for debts Plaintiffs do not even owe.

32. U.S. Bank and Caliber have and will obtain portfolios containing thousands of mortgage accounts of debtors in Chapter 13 bankruptcy proceedings. Indeed, Caliber has asserted the "holder in due course" defense in at least one other bankruptcy case as a defense to the debtors' arguments that Caliber was attempting to collect amounts on their mortgage loan that were not actually owed. *In re Trent*, 2015 WL 1544945, *1-2 (Bankr. E.D. Ok. April 1, 2015).

33. Evidence of the Caliber Defendants' policies and procedures and pattern and practice of non-compliance with applicable law is an important component of Plaintiffs' punitive damages claims.

34. In prosecuting their claims for punitive damages, Plaintiffs are entitled to policy and procedure evidence and pattern and practice evidence regarding the Caliber Defendants' behavior, and the information Plaintiffs have requested is already within the Caliber Defendants' specific knowledge (having been the subject of such complaints and/or lawsuits).

35. Accordingly, Plaintiffs request that the Court order the Caliber Defendants to produce the limited policy and procedure and pattern and practice evidence immediately.

**G.    Request for Production No. 16 relating to audits regarding the Caliber Defendants' compliance with bankruptcy laws and rules.**

**Plaintiffs have agreed to limit the request to "All documents and electronically stored information comprising, referring or relating to any internal or external analysis, review or audit conducted regarding your enforcement of 3002.1 Notices."**

36. Defendants refused to produce this information, which is highly relevant to the issues in this case.

**H.   Requests Nos. 17 and 19 regarding the Caliber Defendants' computer backup, storage and other capabilities.**

**Plaintiffs have agreed to limit the time period for these requests to the time period during which Caliber serviced the loan.**

37. Given the Caliber Defendants' refusal to produce full account information from their systems of record, this information is relevant to Plaintiffs' case and should be produced.

**I.   Request for Production No. 20 seeks information regarding the codes used by the Caliber Defendants' mortgage servicing software.**

38. This request seeks information explaining the many codes the Caliber Defendants use in their mortgage servicing software. The only information produced provides translations for only a few codes, and the information was produced on a spreadsheet and so is not reliable. Plaintiffs respectfully request that the Court order the Caliber Defendants to produce information that describes or explains all of the codes used by the Caliber Defendants' mortgage servicing software.

### IV.   ARGUMENT & AUTHORITIES

**A.   Plaintiffs are entitled to the discovery they seek.**

39. Plaintiffs' document requests are relevant to the Original Complaint. Plaintiffs are asking the Court in this case to find that the Caliber Defendants committed abuse of process, violated the Fair Debt Collection Practices Act, breached the Note and Deed of Trust, and to provide all relief to Plaintiffs that Plaintiffs are entitled to by statute, or though the Court's inherent and statutory (§105) authority, including but not limited to actual damages, punitive damages, attorneys' fees, declaratory relief, injunctive relief, a finding of contempt, and sanctions.

40. The Caliber Defendants' policies and procedures, and evidence of pattern and practice, are particularly relevant to the relief Plaintiffs seek because this information is necessary to support their claims for sanctions and punitive damages. *See, e.g. In re Nosek*, 609 F.3d 6, 10 (1st Cir. 2010)(dramatically reducing bankruptcy court's sanctions award due to lack of evidence of any overall pattern of misconduct by appellant.); *McClure v. Bank of America (In re McClure)*, 420 B.R. 644 (Bankr. N.D. Tex. 2009) *opinion modified on reconsideration*, 430 B.R. 358 (Bankr. N.D. Tex. 2010)(bankruptcy court awarded sanctions against debt collector that did not have appropriate procedures in place to prevent violations of the discharge injunction); *Jones v. Wells Fargo Home Mortgage, Inc. (In re Jones)*, 2012 WL 1155715 (Bankr. E.D. La. April 5, 2012)(awarding ten times actual damages as punitive damages for violation of the automatic stay based on finding that defendant's conduct reflected pattern and practice resulting from defendant's policies and procedures), *aff'd* 489 B.R. 645 (E.D. La. 2013); *Bruner-Halteman v. Educational Credit Management Corporation (In re Bruner-Halteman)*, 2016 WL 1427085 (Bankr. N.D. Tex. April 8, 2016)(awarding punitive damages of $74,000.00 based on Plaintiff's showing that Defendant's conduct, as well as its own policies, reflected willful disregard for automatic stay).

**B.     The Caliber Defendants' objections to Plaintiffs' document production requests are deficient as a matter of law and should be overruled.**

41. The Caliber Defendants' general objections to Plaintiffs' requests for production fail to satisfy the Caliber Defendants' burden under the Federal Rules of Civil Procedure to justify objections to discovery. In particular, the Caliber Defendants' boilerplate objections that simply indicate that Plaintiffs' requests are overbroad or unduly burdensome do not comply with applicable rules of civil procedure, which require *specific* objections. *Enron Corp. Sav. Plan v. Hewitt Associates, LLC*, 258 F.R.D. 149, 159 (S.D. Tex. 2009)(citing *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522 (S.D.W.Va. 2007)); *Merrill Lynch,*

*Pierce, Fenner & Smith, Inc. v. Greystone Servicing Corp., Inc.*, 3-06-CV-0575-P, 2007 WL 4179864 *2 (N.D. Tex. Nov. 26, 2007).

42. The Caliber Defendants' discovery responses fail to inform the Court or the Plaintiffs of the basis for the Caliber Defendants' assertion of the objection. Thus, where, as here, the Caliber Defendants' boilerplate discovery objections are conclusory and contain minimal explanation of why the Caliber Defendants view Plaintiffs' discovery requests as objectionable, such objections are insufficient as a matter of law. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)(citing *Josephs v. Harris Corp.*, 677 F.2d 985, 991-992 (3rd Cir. 1982)). A court may, and in this case the Court should, overrule the Caliber Defendants' boilerplate objections in their entirety because the court cannot evaluate the merits of the objections due to their total lack of substance. *Merrill Lynch*, 2007 WL 4179864 at *2.

43. With respect to the Caliber Defendants' objections that Plaintiffs' requests are overly broad, the Caliber Defendants must "state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.*, No. CIV A B-05-191, 2006 WL 2729412, *1 (S.D. Tex. Sept. 25, 2006). General, unspecified objections are insufficient. *Quarles*, 894 F.2d at 1485 (citing *Josephs* 677 F.2d at 991-992). "A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection." *S.E.C. v. Brady*, 238 F.R.D. 429, 438 (N.D. Tex. 2006).

44. Documents should be produced if they are necessary to enable a party to prepare his case, or would facilitate proof at trial or progress of trial, even though there will be an inconvenience or burden on the party producing them. *Hanover Shoe, Inc. v. United Shoe*

*Machinery Corp.*, 207 F. Supp. 407 (M.D. Pa.1962). *See also, United States v. Am. Optical Co.*, 39 F.R.D. 580 (N.D. Cal. 1966); *Rockaway Pix Theatre, Inc. v. Metro-Goldwyn-Mayer, Inc.*, 36 F.R.D. 15 (E.D.N.Y. 1964); *United States v. Schine Chain Theatres*, 2 F.R.D. 425 (W.D.N.Y. 1942).

C. **The Caliber Defendants failed to provide a privilege log and failed to obtain a protective order.**

45. The Caliber Defendants object to the production of certain documents to the extent they contain information that they claim is "confidential." However, without a protective order, the Federal Rules recognize no privilege for evidence that a party unilaterally deems confidential, proprietary, or a trade secret. *In re Natta*, 264 F. Supp. 734 (D. Del. 1967), *aff'd* 388 F.2d 215 (3rd Cir. 1968); *Paul v. Sinnott*, 217 F.Supp. 84 (W.D. Pa. 1963); *United States v. Nat'l Steel Corp.*, 26 F.R.D. 603, 607 (S.D. Tex. 1960); *Natta v. Zletz*, 405 F.2d 99 (7th Cir. 1968), *cert. denied* 89 S.Ct. 1753, 395 U.S. 909. The Federal Rules of Civil Procedure, rather, provide that parties may only avoid or modify their duty to produce relevant evidence responsive to Plaintiffs' discovery requests if they first obtain a protective order under Rule 26(c), which requires *the party seeking the protection* to establish "good cause" for the Court to grant such an order.

46. The Caliber Defendants have not sought a protective order. Moreover, the Caliber Defendants face a heavy burden to prove that information is so confidential that it can deny its production in discovery altogether. Accordingly, the Caliber Defendants' objections that Plaintiffs' discovery requests seek information that is confidential should be overruled, and the Caliber Defendants should be compelled to produce all responsive documents.

47. In addition, portions of the documents produced by the Caliber Defendants are redacted, supposedly on the grounds that the information is subject to either the work-product

privilege or the attorney-client privilege. Entire documents may also have been withheld on the grounds of privilege.

48. However, the Caliber Defendants have not provided a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A) that would allow Plaintiffs to assess the validity of the Caliber Defendants' concerns. Pursuant to Fed. R. Civ. P. 26(b)(5)(A), when a party withholds otherwise discoverable information as privileged, the party shall "make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege." Additionally, the party asserting the privilege bears the burden of demonstrating the applicability of the privilege asserted. *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). This burden of demonstrating the applicability of a privilege must be made for *each and every* communication a party claims is privileged. *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982). "Blanket and conclusory assertions of privilege do not satisfy a claimant's burden whatsoever." *Id.* at 542. Indeed, failure to provide a privilege log is grounds for waiving the privilege. *See* Fed. R. Civ. P. 26(b)(5) Advisory Committee's Note (1993 Amendments)("To withhold materials without such notice is contrary to the rule ... and may be viewed as a waiver of the privilege or protection.").

## V. ATTORNEYS' FEES

49. Plaintiffs request their attorneys' fees for the preparation and filing of this motion. Fed. R. Civ. P. 37(a)(5)(A).

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court compel the Caliber Defendants to provide documents as requested in Plaintiffs' requests for

production, as limited herein, provide the other relief requested in this motion, award attorneys' fees, and provide further relief to which Plaintiffs are entitled in law or in equity.

Respectfully submitted,

KELLETT & BARTHOLOW PLLC

*/s/ Karen L. Kellett*
Karen L. Kellett
Texas Bar No. 11199520
Southern District Bar No. 26490
Theodore O. Bartholow, III ("Thad")
Texas Bar No. 24062602
Southern District Bar No. 1571898
Caitlyn N. Wells
Texas Bar No. 24070635
Southern District Bar No. 2043070
Megan F. Clontz
Texas Bar No. 24069703
Southern District Bar No. 2191929
11300 N. Central Expy., Ste. 301
Dallas, Texas 75243
Tel. (214) 696-9000
Fax (214) 696-9001
kkellett@kblawtx.com


STONE CURTIS, PLLC
Catherine S. Curtis
State Bar No. 24074100
Southern Dist. Bar. No. 1129434
5414 N. 10th Street
McAllen, TX  78504
Tel. (956) 630-2822
Fax (956) 631-0742
ccurtis@stonecurtislaw.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with Melissa Hayward, Caliber and U.S. Bank's counsel on May 26, 2016, and Defendants' positions with respect to Plaintiffs' requests for documents are set forth in the motion, and thus the Caliber Defendants are opposed to the relief requested in this motion as set forth above.

*/s/ Karen L. Kellett*
Karen L. Kellett

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF electronic filing system on the persons listed below on June 7, 2016.

*/s/ Karen L. Kellett*
Karen L. Kellett

Melissa Hayward
Franklin Hayward LLP
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
*Attorneys for U.S. Bank Trust, as Trustee for*
*LSF8 Master Participation Trust and Caliber Home Loans, Inc.*

Bob B. Bruner
Fulbright & Jaworski L.L.P.
1301 McKinney St., Suite 5100
Houston, TX 77010
*Attorneys for HSBC Mortgage Services, Inc.*

Glenn E. Glover
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203
*Attorneys for HSBC Mortgage Services, Inc.*