# EXHIBIT A

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@FCSHLaw.com
Michael P. Parmerlee
Texas Bar No. 24069232
MParmerlee@FCSHLaw.com
FRANKLIN CHAPMAN SKIERSKI HAYWARD LLP
10501 North Central Expy, Suite 106
Dallas, Texas 75231
(972) 755-7100 (*tel.*)
(972) 755-7110 (*facsimile*)

*Counsel for U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust and Caliber Home Loans, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| JOSE TREVINO, SR. and TERESA TREVINO, | § § § | Case No. 10-70594 Chapter 13 |
| *Debtors,* | § | |
| | § | |
| JOSE TREVINO and TERESA TREVINO, | § § | Adversary No. 13-07031 |
| *Plaintiffs,* | § | |
| *v.* | § | |
| HSBC MORTGAGE SERVICES, INC.; U.S. BANK TRUST, N.A. as Trustee for LSF8 MASTER PARTICIPATION TRUST; and CALIBER HOME LOANS, INC., | § § § § § | |
| *Defendants,* | § | |

## INITIAL DISCLOSURES OF DEFENDANTS U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST AND CALIBER HOME LOANS, INC.

TO:   Plaintiffs Jose Trevino and Teresa Trevino, through their counsel of record, Karen L. Kellett, Armstrong Kellett Bartholow PLLC, 11300 N. Central Expy., Ste. 301, Dallas, Texas 75243

Defendant HSBC Mortgage Services, Inc., through its counsel of record Steven T. Holmes, McGlinchey Stafford, PLLC, 2711 N. Haskell Ave., Suite 2750, LB 38, Dallas, TX 75204

Defendants U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust ("USBT")

and Caliber Home Loans, Inc. ("Caliber") (collectively, the "Disclosing Defendants") serve the

following Initial Disclosures pursuant to Federal Rule of Bankruptcy Procedure 7026 and

Federal Rule of Civil Procedure 26(a)(1). The Disclosing Defendants reserve the right to supplement these disclosures as appropriate. The Disclosing Defendants do not waive any objections they may assert regarding the information contained in these disclosures or any applicable privileges relating to the information disclosed.

## INITIAL DISCLOSURES

1.    Response to request under Rule 26(a)(1)(A)(i): The following individuals are likely to have discoverable information that the Plaintiffs may use to support their claims and defenses:

Christopher Bass
c/o Melissa S. Hayward
Franklin Chapman Skierski Hayward LLP
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
(972) 755-7100

Mr. Bass is an employee of Caliber and has knowledge of, among other things, the loan to the Plaintiffs and Caliber's servicing of the loan to the Plaintiffs.

Thomas Colatriano
c/o Melissa S. Hayward
Franklin Chapman Skierski Hayward LLP
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
(972) 755-7100

Mr. Colatriano is an employee of Caliber and has knowledge of, among other things, the loan to the Plaintiffs and Caliber's servicing of the loan to the Plaintiffs.

Other employees of Caliber
c/o Melissa S. Hayward
Franklin Chapman Skierski Hayward LLP
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
(972) 755-7100

Other employees of Caliber have knowledge of, among other things, the loan to the Plaintiffs and Caliber's servicing of the loan to the Plaintiffs.

Other employees of USBT
c/o Melissa S. Hayward
Franklin Chapman Skierski Hayward LLP
10501 N. Central Expressway, Suite 106
Dallas, Texas  75231
(972) 755-7100

Other employees of USBT have knowledge of, among other things, the loan to the Plaintiffs.

John Rafferty
c/o Melissa S. Hayward
Franklin Chapman Skierski Hayward LLP
10501 N. Central Expressway, Suite 106
Dallas, Texas  75231
(972) 755-7100

Mr. Rafferty is an employee of Caliber and has knowledge of, among other things, the loan to the Plaintiffs and Caliber's servicing of the loan to the Plaintiffs.

Jose Trevino, Jr.
c/o Karen L. Kellett
Armstrong Kellett Bartholow PLLC
11300 N. Central Expy., Ste. 301
Dallas, Texas 75243

Mr. Trevino is a Plaintiff in this Adversary Proceeding and has knowledge of, among other things, the loan to the Plaintiffs and his bankruptcy case.

Teresa Trevino
c/o Karen L. Kellett
Armstrong Kellett Bartholow PLLC
11300 N. Central Expy., Ste. 301
Dallas, Texas 75243

Mrs. Trevino is a Plaintiff in this Adversary Proceeding and has knowledge of, among other things, the loan to the Plaintiffs and her bankruptcy case.

Cindy Boudloche
Chapter 13 Trustee
555 N. Carancahua, Ste. 600
Corpus Christi, TX  78401-0823
(361) 883-5786

Ms. Boudloche is the Chapter 13 Trustee overseeing the Plaintiffs' bankruptcy and has knowledge of, among other things, the Plaintiffs' bankruptcy and the administration of the Plaintiffs' Chapter 13 plan.

Becky Chisvetti
c/o Steven T. Holmes
McGlinchey Stafford, PLLC
2711 N. Haskell Ave., Suite 2750, LB 38
Dallas, TX 75204

Ms. Chisvetti is or was an employee of HSBC and was the loan officer/processor in charge of the Plaintiffs' loan and has knowledge of, among other things, the loan to the Plaintiffs.

Cathie Gryboski
c/o Steven T. Holmes
McGlinchey Stafford, PLLC
2711 N. Haskell Ave., Suite 2750, LB 38
Dallas, TX 75204

Ms. Gryboski is or was an employee of HSBC and has knowledge of, among other things, among other things, the loan to the Plaintiffs.

Jyoti Verma
c/o Steven T. Holmes
McGlinchey Stafford, PLLC
2711 N. Haskell Ave., Suite 2750, LB 38
Dallas, TX 75204

Jyoti Verma is or was an employee of HSBC and has knowledge of, among other things, among other things, the loan to the Plaintiffs.

Latoya Davis
c/o Steven T. Holmes
McGlinchey Stafford, PLLC
2711 N. Haskell Ave., Suite 2750, LB 38
Dallas, TX 75204

Ms. Davis is or was an employee of HSBC and has knowledge of, among other things, among other things, the loan to the Plaintiffs.

Other employees of HSBC
c/o Steven T. Holmes
McGlinchey Stafford, PLLC
2711 N. Haskell Ave., Suite 2750, LB 38
Dallas, TX 75204

Certain employees of HSBC have knowledge of, among other things, the loan to the Plaintiffs.

2.     Response to request under Rule 26(a)(1)(A)(ii): The Disclosing Defendants will make available for inspection and copying all documents, electronically stored information, and tangible things that the Disclosing Defendants have in their possession, custody, or control that the Plaintiffs may use to support their claims or defenses. Such documents, electronically stored information, and tangible things will be made available at the offices of the Defendants' undersigned counsel at a time mutually agreed to between counsel for the Plaintiffs and counsel for the Disclosing Defendants. Subject to and without waiving the foregoing; the Plaintiffs may use any documents filed in this Adversary Proceeding or in the above-styled Bankruptcy Case; any documents filed in the Plaintiffs' bankruptcy case; from the loan files of HSBC or either of the Disclosing Defendants; internal communications of the Disclosing Defendants regarding the Plaintiffs' loan or bankruptcy case; communications between the Disclosing Defendants; regarding the Plaintiffs' loan or bankruptcy case; communications between either or both of the Disclosing Defendants and HSBC regarding the Plaintiffs' loan or bankruptcy case; communications between Disclosing Defendants and taxing authorities; and communications between the Disclosing Defendants and the Plaintiffs.

3.     Response to request under Rule 26(a)(1)(A)(iii): Because the Disclosing Defendants have not filed an answer pending resolution of the issues raised in their Motion to Dismiss, the Disclosing Defendants have not sought any damage recovery from the Plaintiffs but reserve their right to seek damages, including but not limited to any attorneys' fees and costs incurred in defending this Adversary Proceeding. The Disclosing Defendants will make available for inspection and copying as under Rule 34 the discoverable documents or other evidentiary material on which any claim for damage compensation is based. Such documents or evidentiary material will be made available at the offices of the Disclosing Defendants' undersigned counsel at a time mutually agreed to between counsel for the Plaintiffs and counsel for the Disclosing Defendants.

4.     Response to request under Rule 26(a)(1)(A)(iv): The Plaintiffs will make available for inspection and copying as under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. Such agreements will be made available at the offices of the Disclosing Defendants' undersigned counsel at a time mutually agreed to between counsel for the Plaintiffs and counsel for the Disclosing Defendants. However, the Disclosing Defendants assert that they do not have in their possession, control, or custody any agreements required to be disclosed by Rule 26(a)(1)(A)(iv).

DATED: April 25, 2014.

Respectfully submitted,

**FRANKLIN CHAPMAN SKIERSKI HAYWARD LLP**

By:  /s/ Michael P. Parmerlee
   Melissa S. Hayward
   Texas Bar No. 24044908
   MHayward@FCSHLaw.com
   Michael P. Parmerlee
   Texas Bar No. 24069232
   MParmerlee@FCSHLaw.com
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
(972) 755-7100 (*tel.*)
(972) 755-7110 (*facsimile*)

***Counsel for U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust and Caliber Home Loans, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 25, 2014, these disclosures were served upon the Plaintiffs and HSBC through their counsels of record by electronic mail at the addresses listed below:

Karen L. Kellett (kkellett@akbpc.com) – Counsel for the Plaintiffs
Steven T. Holmes (sholmes@mcglinchey.com) – Counsel for HSBC

      /s/ Michael P. Parmerlee
      Michael P. Parmerlee

# EXHIBIT B

## Karen L. Kellett

**From:**      Karen L. Kellett <kkellett@akbpc.com>
**Sent:**      Thursday, May 22, 2014 8:33 AM
**To:**        Melissa Hayward (mhayward@fcshlaw.com)
**Cc:**        'Thad Bartholow'; 'Caitlyn Wells'; brenda@akbpc.coml; 'Ellen Stone'; 'Mary Olivarez'
**Subject:**   Trevino v. HSBC, Caliber

Melissa:

Will you be providing the documents described in your Rule 26 disclosures to us electronically, or do we need to come to your office to review and copy?  If the documents are at your client, can you let me know the city so we can work with you to schedule a time to review them?

We would like to have the documents by next week, so get back to me on this issue when you have a chance.

Thanks,

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

## Karen L. Kellett

| | |
|---|---|
| **From:** | Melissa Hayward <mhayward@fcshlaw.com> |
| **Sent:** | Friday, May 23, 2014 9:14 AM |
| **To:** | Karen L. Kellett |
| **Cc:** | 'Thad Bartholow'; 'Caitlyn Wells'; brenda@akbpc.coml; 'Ellen Stone'; 'Mary Olivarez' |
| **Subject:** | RE: Trevino v. HSBC, Caliber |

Karen,

We will produce documents electronically to you next week.

Thanks,

*Melissa S. Hayward*
**Franklin Chapman Skierski Hayward LLP**
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
(972) 755-7104 (Direct)
(972) 755-7114 (Fax)
(214) 789-9977 (Cell)
Email: MHayward@FCSHlaw.com



***Please Note New Firm Name and Email Address***

**IMPORTANT/CONFIDENTIAL:** This message from the law firm of Franklin Chapman Skierski Hayward LLP is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**IRS CIRCULAR 230 DISCLOSURE:** United States Treasury Regulations provide that a taxpayer may rely only on formal written advice meeting specific requirements to avoid federal tax penalties. Any tax advice in the text of this message, or in any attachment, does not meet those requirements and, accordingly, is not intended or written to be used, and cannot be used, by any recipient to avoid any penalties that may be imposed upon such recipient by the Internal Revenue Service.

*Please consider the environment before printing this e-mail.*

---

**From:** Karen L. Kellett [mailto:kkellett@akbpc.com]
**Sent:** Thursday, May 22, 2014 8:33 AM
**To:** Melissa Hayward

Case 13-07031   Document 188-2   Filed in TXSB on 08/25/14   Page 11 of 239

**Cc:** 'Thad Bartholow'; 'Caitlyn Wells'; brenda@akbpc.coml; 'Ellen Stone'; 'Mary Olivarez'
**Subject:** Trevino v. HSBC, Caliber

Melissa:

Will you be providing the documents described in your Rule 26 disclosures to us electronically, or do we need to come to your office to review and copy?  If the documents are at your client, can you let me know the city so we can work with you to schedule a time to review them?

We would like to have the documents by next week, so get back to me on this issue when you have a chance.

Thanks,

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

## Karen L. Kellett

| | |
|---|---|
| **From:** | Karen L. Kellett <kkellett@akbpc.com> |
| **Sent:** | Thursday, May 29, 2014 9:45 AM |
| **To:** | 'Holmes, Steven T.'; Melissa Hayward (mhayward@fcshlaw.com) |
| **Cc:** | 'Ellen Stone'; 'thad@akbpc.com'; 'Caitlyn Wells'; brenda@akbpc.coml |
| **Subject:** | RE: Trevino v. HSBC and Caliber |

Steve and Melissa:

Can you let me know where the depositions of the witnesses listed in your 30(b)(6) disclosures will occur?  As noted in my letter of May 23, 2014, I need that information (and we all need that information) for scheduling purposes.  If we can book flights in advance, they will be much less expensive.  If you plan on bringing the witnesses to Dallas, just let me know that as well.

Thanks,

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

---

**From:** Karen L. Kellett [mailto:kkellett@akbpc.com]
**Sent:** Friday, May 23, 2014 4:28 PM
**To:** 'Holmes, Steven T.'; Melissa Hayward (mhayward@fcshlaw.com)
**Subject:** Trevino v. HSBC and Caliber

Steve and Melissa:

Please see the attached.

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

**From:** Brenda Morott [mailto:Brenda@akbpc.com]
**Sent:** Friday, May 23, 2014 4:14 PM
**To:** kkellett@akbpc.com
**Subject:** Trevino demand


Brenda Morott
*Paralegal*



**ARMSTRONG KELLETT BARTHOLOW P.C.**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
www.armstrongattorneys.com
MAIN 214.696.9000
DIRECT 214.702.5750
FAX 214.696.9001
BRENDA@AKBPC.COM

## Karen L. Kellett

| | |
|---|---|
| **From:** | Karen L. Kellett <kkellett@akbpc.com> |
| **Sent:** | Monday, June 02, 2014 1:43 PM |
| **To:** | 'Melissa Hayward' |
| **Cc:** | 'Ellen Stone'; 'thad@akbpc.com'; 'Caitlyn Wells'; 'brenda@akbpc.coml' |
| **Subject:** | RE: Trevino v. HSBC and Caliber |

Melissa – I think we can send you redacted time records. When will you be sending me the documents listed in your Rule 26 report, or otherwise making them available? Also, can you get me the locations of the witnesses you listed on your Rule 26 report? I would like to get the July depositions scheduled this week.

Thanks,

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

---

**From:** Melissa Hayward [mailto:mhayward@fcshlaw.com]
**Sent:** Monday, June 02, 2014 9:30 AM
**To:** Karen L. Kellett
**Cc:** 'Ellen Stone'; thad@akbpc.com; 'Caitlyn Wells'; brenda@akbpc.coml; 'Holmes, Steven T.'
**Subject:** RE: Trevino v. HSBC and Caliber

Karen,

I would like to review your firm's billing statements for the Trevino matter to date. Please let me know whether you will agree to produce them informally or whether I need to send formal discovery.

Thanks,

*Melissa S. Hayward*
**Franklin Chapman Skierski Hayward LLP**
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
(972) 755-7104 (Direct)
(972) 755-7114 (Fax)
(214) 789-9977 (Cell)
Email: MHayward@FCSHlaw.com



***Please Note New Firm Name and Email Address***

**IMPORTANT/CONFIDENTIAL:** This message from the law firm of Franklin Chapman Skierski Hayward LLP is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**IRS CIRCULAR 230 DISCLOSURE:** United States Treasury Regulations provide that a taxpayer may rely only on formal written advice meeting specific requirements to avoid federal tax penalties. Any tax advice in the text of this message, or in any attachment, does not meet those requirements and, accordingly, is not intended or written to be used, and cannot be used, by any recipient to avoid any penalties that may be imposed upon such recipient by the Internal Revenue Service.

 *Please consider the environment before printing this e-mail.*

---

**From:** Karen L. Kellett [mailto:kkellett@akbpc.com]
**Sent:** Thursday, May 29, 2014 9:45 AM
**To:** 'Holmes, Steven T.'; Melissa Hayward
**Cc:** 'Ellen Stone'; thad@akbpc.com; 'Caitlyn Wells'; brenda@akbpc.coml
**Subject:** RE: Trevino v. HSBC and Caliber

Steve and Melissa:

Can you let me know where the depositions of the witnesses listed in your 30(b)(6) disclosures will occur?  As noted in my letter of May 23, 2014, I need that information (and we all need that information) for scheduling purposes.  If we can book flights in advance, they will be much less expensive.  If you plan on bringing the witnesses to Dallas, just let me know that as well.

Thanks,

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

**From:** Karen L. Kellett [mailto:kkellett@akbpc.com]
**Sent:** Friday, May 23, 2014 4:28 PM
**To:** 'Holmes, Steven T.'; Melissa Hayward (mhayward@fcshlaw.com)
**Subject:** Trevino v. HSBC and Caliber

Steve and Melissa:

Please see the attached.

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

---

**From:** Brenda Morott [mailto:Brenda@akbpc.com]
**Sent:** Friday, May 23, 2014 4:14 PM
**To:** kkellett@akbpc.com
**Subject:** Trevino demand

Brenda Morott
*Paralegal*



ARMSTRONG KELLETT BARTHOLOW P.C.
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
www.armstrongattorneys.com
MAIN 214.696.9000
DIRECT 214.702.5750
FAX 214.696.9001
BRENDA@AKBPC.COM

## Karen L. Kellett

| | |
|---|---|
| **From:** | Melissa Hayward <mhayward@fcshlaw.com> |
| **Sent:** | Tuesday, June 03, 2014 2:33 PM |
| **To:** | Karen L. Kellett |
| **Cc:** | 'Ellen Stone'; thad@akbpc.com; 'Caitlyn Wells'; brenda@akbpc.coml |
| **Subject:** | RE: Trevino v. HSBC and Caliber |

Karen,

We are working on the documents and will send them to you as soon as they are ready.  As for depositions, my client will be made available in Dallas.  However, any deposition is premature until the court issues a ruling on Caliber's pending motion to dismiss.

*Melissa S. Hayward*
**Franklin Chapman Skierski Hayward LLP**
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
(972) 755-7104 (Direct)
(972) 755-7114 (Fax)
(214) 789-9977 (Cell)
Email: MHayward@FCSHlaw.com



***Please Note New Firm Name and Email Address***

**IMPORTANT/CONFIDENTIAL:** This message from the law firm of Franklin Chapman Skierski Hayward LLP is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**IRS CIRCULAR 230 DISCLOSURE:** United States Treasury Regulations provide that a taxpayer may rely only on formal written advice meeting specific requirements to avoid federal tax penalties. Any tax advice in the text of this message, or in any attachment, does not meet those requirements and, accordingly, is not intended or written to be used, and cannot be used, by any recipient to avoid any penalties that may be imposed upon such recipient by the Internal Revenue Service.

*Please consider the environment before printing this e-mail.*

**From:** Karen L. Kellett [mailto:kkellett@akbpc.com]
**Sent:** Monday, June 02, 2014 1:43 PM
**To:** Melissa Hayward

**Cc:** 'Ellen Stone'; thad@akbpc.com; 'Caitlyn Wells'; brenda@akbpc.coml
**Subject:** RE: Trevino v. HSBC and Caliber

Melissa – I think we can send you redacted time records.  When will you be sending me the documents listed in your Rule 26 report, or otherwise making them available?  Also, can you get me the locations of the witnesses you listed on your Rule 26 report?  I would like to get the July depositions scheduled this week.

Thanks,

Karen

Karen L. Kellett
*Attorney at law*

ARMSTRONG KELLETT BARTHOLOW PLLC
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

---

**From:** Melissa Hayward [mailto:mhayward@fcshlaw.com]
**Sent:** Monday, June 02, 2014 9:30 AM
**To:** Karen L. Kellett
**Cc:** 'Ellen Stone'; thad@akbpc.com; 'Caitlyn Wells'; brenda@akbpc.coml; 'Holmes, Steven T.'
**Subject:** RE: Trevino v. HSBC and Caliber

Karen,

I would like to review your firm's billing statements for the Trevino matter to date.  Please let me know whether you will agree to produce them informally or whether I need to send formal discovery.

Thanks,

*Melissa S. Hayward*
**Franklin Chapman Skierski Hayward LLP**
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
(972) 755-7104 (Direct)
(972) 755-7114 (Fax)
(214) 789-9977 (Cell)
Email: MHayward@FCSHlaw.com



***Please Note New Firm Name and Email Address***

**IMPORTANT/CONFIDENTIAL:** This message from the law firm of Franklin Chapman Skierski Hayward LLP is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**IRS CIRCULAR 230 DISCLOSURE:** United States Treasury Regulations provide that a taxpayer may rely only on formal written advice meeting specific requirements to avoid federal tax penalties. Any tax advice in the text of this message, or in any attachment, does not meet those requirements and, accordingly, is not intended or written to be used, and cannot be used, by any recipient to avoid any penalties that may be imposed upon such recipient by the Internal Revenue Service.

*Please consider the environment before printing this e-mail.*

**From:** Karen L. Kellett [mailto:kkellett@akbpc.com]
**Sent:** Thursday, May 29, 2014 9:45 AM
**To:** 'Holmes, Steven T.'; Melissa Hayward
**Cc:** 'Ellen Stone'; thad@akbpc.com; 'Caitlyn Wells'; brenda@akbpc.coml
**Subject:** RE: Trevino v. HSBC and Caliber

Steve and Melissa:

Can you let me know where the depositions of the witnesses listed in your 30(b)(6) disclosures will occur?  As noted in my letter of May 23, 2014, I need that information (and we all need that information) for scheduling purposes.  If we can book flights in advance, they will be much less expensive.  If you plan on bringing the witnesses to Dallas, just let me know that as well.

Thanks,

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

**From:** Karen L. Kellett [mailto:kkellett@akbpc.com]
**Sent:** Friday, May 23, 2014 4:28 PM
**To:** 'Holmes, Steven T.'; Melissa Hayward (mhayward@fcshlaw.com)
**Subject:** Trevino v. HSBC and Caliber

Steve and Melissa:

Please see the attached.

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

---

**From:** Brenda Morott [mailto:Brenda@akbpc.com]
**Sent:** Friday, May 23, 2014 4:14 PM
**To:** kkellett@akbpc.com
**Subject:** Trevino demand

Brenda Morott
*Paralegal*



**ARMSTRONG KELLETT BARTHOLOW P.C.**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
www.armstrongattorneys.com
MAIN 214.696.9000
DIRECT 214.702.5750
FAX 214.696.9001
BRENDA@AKBPC.COM

## Karen L. Kellett

| | |
|---|---|
| **From:** | Karen L. Kellett <kkellett@akbpc.com> |
| **Sent:** | Tuesday, June 03, 2014 3:17 PM |
| **To:** | 'Melissa Hayward' |
| **Cc:** | 'Ellen Stone'; 'Mary Olivarez' |
| **Subject:** | RE: Trevino v. HSBC and Caliber |

Melissa – I'm glad the depositions will be in Dallas.  I don't think the depositions are pre-mature for the following reasons:  Usually, if  Judge Isgur thinks a motion to dismiss may have merit, he holds the scheduling order in abeyance until he rules on the motion to dismiss, and stays discovery.  Here, he went ahead and set the scheduling order.  In addition, Judge Isgur will not move trial deadlines once set absent extraordinary circumstances.   Thus, he expects the parties to move forward with discovery.

Let me see what you send over (the documents were promised to be made available last week).  In any event, I don't see starting depositions of your clients until late June at the earliest.  Hopefully the Court will have ruled by then.

Thanks for the update.

Karen

Karen L. Kellett
*Attorney at law*

Armstrong Kellett Bartholow PLLC
11300 N. Central Expy. Suite 301
Dallas, Texas 75243
Main 214.696.9000
Direct 214.702.5672
Fax 214.696.9001
kkellett@akbpc.com

---

**From:** Melissa Hayward [mailto:mhayward@fcshlaw.com]
**Sent:** Tuesday, June 03, 2014 2:33 PM
**To:** Karen L. Kellett
**Cc:** 'Ellen Stone'; thad@akbpc.com; 'Caitlyn Wells'; brenda@akbpc.coml
**Subject:** RE: Trevino v. HSBC and Caliber

Karen,

We are working on the documents and will send them to you as soon as they are ready.  As for depositions, my client will be made available in Dallas.  However, any deposition is premature until the court issues a ruling on Caliber's pending motion to dismiss.

*Melissa S. Hayward*
**Franklin Chapman Skierski Hayward LLP**
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
(972) 755-7104 (Direct)
(972) 755-7114 (Fax)
(214) 789-9977 (Cell)
Email: MHayward@FCSHlaw.com

1



***Please Note New Firm Name and Email Address***

**IMPORTANT/CONFIDENTIAL:** This message from the law firm of Franklin Chapman Skierski Hayward LLP is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**IRS CIRCULAR 230 DISCLOSURE:** United States Treasury Regulations provide that a taxpayer may rely only on formal written advice meeting specific requirements to avoid federal tax penalties. Any tax advice in the text of this message, or in any attachment, does not meet those requirements and, accordingly, is not intended or written to be used, and cannot be used, by any recipient to avoid any penalties that may be imposed upon such recipient by the Internal Revenue Service.

 *Please consider the environment before printing this e-mail.*

---

**From:** Karen L. Kellett [mailto:kkellett@akbpc.com]
**Sent:** Monday, June 02, 2014 1:43 PM
**To:** Melissa Hayward
**Cc:** 'Ellen Stone'; thad@akbpc.com; 'Caitlyn Wells'; brenda@akbpc.coml
**Subject:** RE: Trevino v. HSBC and Caliber

Melissa – I think we can send you redacted time records.  When will you be sending me the documents listed in your Rule 26 report, or otherwise making them available?  Also, can you get me the locations of the witnesses you listed on your Rule 26 report?  I would like to get the July depositions scheduled this week.

Thanks,

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

**From:** Melissa Hayward [mailto:mhayward@fcshlaw.com]
**Sent:** Monday, June 02, 2014 9:30 AM
**To:** Karen L. Kellett
**Cc:** 'Ellen Stone'; thad@akbpc.com; 'Caitlyn Wells'; brenda@akbpc.coml; 'Holmes, Steven T.'
**Subject:** RE: Trevino v. HSBC and Caliber

Karen,

I would like to review your firm's billing statements for the Trevino matter to date.  Please let me know whether you will agree to produce them informally or whether I need to send formal discovery.

Thanks,

*Melissa S. Hayward*
**Franklin Chapman Skierski Hayward LLP**
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
(972) 755-7104 (Direct)
(972) 755-7114 (Fax)
(214) 789-9977 (Cell)
Email: MHayward@FCSHlaw.com



***Please Note New Firm Name and Email Address***

**IMPORTANT/CONFIDENTIAL:** This message from the law firm of Franklin Chapman Skierski Hayward LLP is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**IRS CIRCULAR 230 DISCLOSURE:** United States Treasury Regulations provide that a taxpayer may rely only on formal written advice meeting specific requirements to avoid federal tax penalties. Any tax advice in the text of this message, or in any attachment, does not meet those requirements and, accordingly, is not intended or written to be used, and cannot be used, by any recipient to avoid any penalties that may be imposed upon such recipient by the Internal Revenue Service.

*Please consider the environment before printing this e-mail.*

**From:** Karen L. Kellett [mailto:kkellett@akbpc.com]
**Sent:** Thursday, May 29, 2014 9:45 AM
**To:** 'Holmes, Steven T.'; Melissa Hayward
**Cc:** 'Ellen Stone'; thad@akbpc.com; 'Caitlyn Wells'; brenda@akbpc.coml
**Subject:** RE: Trevino v. HSBC and Caliber

Steve and Melissa:

Can you let me know where the depositions of the witnesses listed in your 30(b)(6) disclosures will occur?  As noted in my letter of May 23, 2014, I need that information (and we all need that information) for scheduling purposes.  If we can book flights in advance, they will be much less expensive.  If you plan on bringing the witnesses to Dallas, just let me know that as well.

Thanks,

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

---

**From:** Karen L. Kellett [mailto:kkellett@akbpc.com]
**Sent:** Friday, May 23, 2014 4:28 PM
**To:** 'Holmes, Steven T.'; Melissa Hayward (mhayward@fcshlaw.com)
**Subject:** Trevino v. HSBC and Caliber

Steve and Melissa:

Please see the attached.

Karen

Karen L. Kellett
*Attorney at law*

**ARMSTRONG KELLETT BARTHOLOW PLLC**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
MAIN 214.696.9000
DIRECT 214.702.5672
FAX 214.696.9001
kkellett@akbpc.com

---

**From:** Brenda Morott [mailto:Brenda@akbpc.com]
**Sent:** Friday, May 23, 2014 4:14 PM
**To:** kkellett@akbpc.com
**Subject:** Trevino demand

Brenda Morott
*Paralegal*



**ARMSTRONG KELLETT BARTHOLOW P.C.**
11300 N. CENTRAL EXPY. SUITE 301
DALLAS, TEXAS 75243
www.armstrongattorneys.com
MAIN 214.696.9000
DIRECT 214.702.5750
FAX 214.696.9001
BRENDA@AKBPC.COM

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **BANKRUPTCY CASE NO. 10-70594** |
| JOSE TREVINO, SR. and | § | |
| TERESA TREVINO | § | **CHAPTER 13** |
| | § | |
| DEBTORS | § | |
| | § | |
| JOSE TREVINO AND | § | |
| TERESA TREVINO, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | **ADVERSARY NO. 13-07031** |
| | § | |
| 1)  HSBC MORTGAGE SERVICES, | § | |
| INC., | § | |
| | § | |
| 2)  U.S. BANK TRUST, N.A. as Trustee | § | |
| for LSF8 MASTER | § | |
| PARTICIPATION TRUST, and | § | |
| | § | |
| 3)  CALIBER HOME LOANS, INC., | § | |
| | § | |
| DEFENDANTS. | § | |

<u>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS,**
**ELECTRONICALLY STORED INFORMATION, AND OTHER TANGIBLE THINGS**
**TO DEFENDANT CALIBER HOME LOANS, INC.**</u>

**To:    Defendant CALIBER HOME LOANS, INC., by and through its attorney of record,**
**Melissa S. Hayward, Franklin Chapman Skierski Hayward LLP, 10501 N. Central**
**Expy., Suite 106, Dallas, TX  75231.**

Plaintiffs Jose and Teresa Trevino submit their Plaintiffs' Request for Production to

Defendant CALIBER HOME LOANS, INC. as allowed by the Federal Rules of Civil Procedure.

Pursuant to the Rules, Plaintiffs request that the Defendant produce the following items **on**

**August 4, 2014**, at the offices of Aʀᴍsᴛʀᴏɴɢ Kᴇʟʟᴇᴛᴛ Bᴀʀᴛʜᴏʟᴏw PLLC, and in accordance

with the following definitions and instructions.

# I.

## DEFINITIONS

a.    The term "all" included and encompasses the term "any."  The term "any" includes and encompasses the term "all."

b.    The term "and" and the term "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

c.    The term "Plaintiffs" or "Named Plaintiffs" means Jose and Teresa Trevino.

d.    "Defendant" means CALIBER HOME LOANS, INC.

e.    The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral contract, such as face-to-face meetings or telephone conversations.

f.    The term "document" has the broadest meaning ascribed to it under the Federal Rules of Civil Procedure and includes the original and each nonidentical copy of any written, printed, typed, filmed, recorded (electronically or otherwise), or other graphic matter of any kind or description, photographic matter, sound recordings or reproductions, however produced or reproduced, whether draft or final, as well as any summarization, compilation, or index of any documents.  The term "document" includes, but is not limited to, letters, memoranda, reports, evaluations, x-rays, work records, studies, analysis, tabulations, graphs, logs, work sheets, work papers, medical records, correspondence, photographs, videotapes, films, slides, negatives, summaries, files, records, communications, agreements, contracts, invoices, checks, journals, ledgers, telegrams, telexes, hand-written notes, periodicals, pamphlets, computer or business machine printouts, accountants' work papers, accountants' statements and writings, notations or records of meetings, printers' galleys, books, papers, speeches, public relations issues, advertising, materials filed with government agencies, office manuals, employee manuals or office rules and regulations, reports of experts, and any other written matter.

g.    The term "electronically stored information" has the broadest meaning ascribed to it under the Federal Rules of Civil Procedure and includes, but is not limited to, e-mail and other electronic communications, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, network access information, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by the respondent into reasonably usable form.

h.   The term "meeting," or any variant thereof, means a coincidence or presence of two or more persons, whether or not such coincidence or presence was by chance, prearranged, formal or informal, or in connection with some activity.

i.   The term "person" refers to any individual, corporation, general partnership, limited partnership, joint venture, association, joint-stock company, trust, incorporated organization, government or political subdivision thereof, and any other non-natural person of whatever nature.

j.   The phrases "relate to," "related to," and "relating to," or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing describing, reflecting, analyzing, constituting, and being.

k.   The terms "you" and "your," or any variant thereof, means Defendant CALIBER HOME LOANS, INC., and includes its and their past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, nonlegal representatives, personal representatives, attorneys, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Defendant.

l.   "Trevino Account" means the alleged indebtedness and obligations to Defendant arising on or about February 21, 2005 from agreements signed by Mr. Trevino and/or Mrs. Trevino in connection with obtaining financing allegedly secured by certain real property commonly known as 3315 Sandie Lane, Edinburg, TX  78541.

m.   "Trevino Account Documents" means all documents and electronically-stored information with regard to the Jose and/or Teresa Trevino indebtedness and obligations to Defendant arising on or about February 21, 2005 from agreements signed by Mr. Trevino and/or Mrs. Trevino in connection with obtaining financing allegedly secured by certain real property commonly known as 3315 Sandie Lane, Edinburg, TX  78541, including, but not limited to:

   1.   The loan application and any other documents relating to the loan closing file concerning the Plaintiffs' indebtedness to Defendant;

   2.   Note, promissory note, and/or other documents that concern the Plaintiffs' indebtedness to Defendant;

---

3. The Deed of Trust, with any and all endorsements, alonges, riders, attachments and/or amendments relating to the Plaintiffs' indebtedness to Defendant;

4. Statement of account, accounting, and/or documents that concern, refer, relate to, or describe all payments, credits, debits, interest charges, late fees, attorney fees, and any other charges or credits applied to the Plaintiffs' indebtedness to Defendant;

5. Documents and electronically stored information regarding, relating to or evidencing the Defendant's accounts of Plaintiffs, including but not limited to collection notes, payment histories, payment histories with commentary, account summaries, correspondence, mortgage and escrow statements, records indicating account balance, records indicating account status, payments of any kind by Plaintiffs, payments of any kind by you to affiliates, payments of any kind by you to third parties, and any correspondence of any kind with Plaintiffs or with third parties;

6. All documents and electronically stored information showing, relating to or evidencing any fees, expenditures, expenses and any other charges of any type whatsoever for or related to the Trevino Account;

7. All documents, correspondence, and/or notices to or from the Plaintiffs concerning the Plaintiffs' indebtedness to Defendant;

8. All of Defendant's records whatsoever concerning the Trevino Account, including, but not limited to, internal communications such as memoranda, handwritten notes, etc. and all electronically-stored information such as e-mails, account records, etc.

n. "Trevino Bankruptcy Case" means the Chapter 13 bankruptcy case filed by Jose and Teresa Trevino on August 25, 2010, in the United States Bankruptcy Court for the Southern District of Texas.

o. "Adversary Proceeding" means the adversary proceeding pending in the United States Bankruptcy Court for the Southern District of Texas numbered 13-07031, and styled *Jose and Teresa Trevino, Plaintiffs v. (1) HSBC Mortgage Services, Inc., (2) U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, and (3) Caliber Home Loans, Inc., Defendants.*

p. The phrase "indebtedness" or "indebtedness or obligations to Defendant" refers to debt or obligations to Defendant if Defendant is the actual owner or holder of the notes or security interests creating such debts or obligations, or to debt or obligations serviced by

Defendant, whether or not Defendant is the actual owner or holder of the notes or security interests creating such debts or obligations.

## II.

## INSTRUCTIONS

a.      Any word written in the singular shall be construed as plural (or vice-versa) so as to construe a discovery request as broadly as possible.

b.      The masculine gender includes the feminine and vice versa.

c.      Any defined term with or without capitalization or quotation marks used in these Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things shall be regarded as a defined term for purposes of these Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things.

d.      All other terms are to be interpreted in accordance with their normal usage in the English language.

e.      Any reference to an individual person, either singularly or as part of a defined group, includes that person's past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act or have purported to act on behalf of such individual person.

f.      Any reference to a non-natural person includes that person's past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representative, attorneys, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of such non-natural person.

g.      Each of the following Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things is for documents in your possession, custody or control, whether or not prepared, authored, or executed by you.

h.      Do not produce privileged documents.  Instead, if any documents covered by these Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things are withheld under a claim of privilege, furnish a list

describing each document for which privilege is claimed, together with the following information:

1.    author;
2.    name and title of each recipient and person to whom a copy was furnished;
3.    date of the document;
4.    basis on which privilege is claimed;
5.    the number of the Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things to which each such document is responsive.

i.    If any document has been destroyed, discarded, or is otherwise no longer in existence, please state:

1.    author;
2.    date of the document;
3.    subject matter of the document;
4.    the date it was destroyed, discarded, or discovered no longer to be in existence; and
5.    the reason it was destroyed, discarded, or is no longer in existence.

j.    As required by the Federal Rules of Civil Procedure, you should supplement or amend your responses to these Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things if additional documents covered hereby are obtained or discovered.

### III.

### REQUESTS FOR PRODUCTION

**Request for Production No. 1.**

All documents and electronically stored information containing or referring to any statement, whether written or recorded, made by any person concerning the subject matter of this lawsuit.

**Request for Production No. 2.**

All documents and electronically stored information reflecting the names, titles, positions, and job responsibilities of each of your employees who has handled or were responsible for the accounts of Plaintiffs.

**Request for Production No. 3.**

All documents and electronically stored information contained in all loan files or other files of the Plaintiffs.

**Request for Production No. 4.**

All documents and electronically stored information regarding, relating to or evidencing the Defendant's accounts of Plaintiffs, including but not limited to collection notes, payment histories, payment histories with commentary, account summaries, correspondence, mortgage and escrow statements, records indicating account balance, records indicating account status, payments of any kind by Plaintiffs, payments of any kind by you to affiliates, payments of any kind by you to third parties, and any correspondence of any kind with Plaintiffs or with third parties.

**Request for Production No. 5.**

All documents and electronically stored information showing, relating to or evidencing any fees, expenditures, expenses and any other charges of any type whatsoever for or related to the Plaintiffs.

---

**Request for Production No. 6.**

To the extent not already produced in connection with another request, all documents and electronically stored information that identify the Plaintiffs.

**Request for Production No. 7.**

To the extent not already produced in connection with another request, all documents and electronically stored information referring or relating to the bankruptcy case of Plaintiffs.

**Request for Production No. 8.**

To the extent not already produced in connection with another request, all Trevino Account Documents.

**Request for Production No. 9.**

All documents and electronically stored information created or compiled by or for you regarding any audit, analysis or evaluation of the accounts of Plaintiffs.

**Request for Production No. 10.**

All documents and electronically stored information regarding your policies and procedures relating to the handling of mortgage accounts of debtors who have filed a chapter 13 bankruptcy petition that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 11.**

To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to the payment of real property taxes on behalf of debtors who have filed a chapter 13 bankruptcy petition, and

---

the recovery of real property taxes from such debtors or their bankruptcy estates, that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 12.**

To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to proofs of claim filed by you, or notices of transfers of claims filed by you, in consumer bankruptcy cases that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 13.**

To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to the filing of any document with bankruptcy courts or clerks pursuant to Fed. R. Bankr. P. 3002.1, or relating to your acceptance of funds from any filed Fed. R. Bankr. P. 3002.1 notice or document that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2010 to the present.

**Request for Production No. 14.**

All documents and electronically stored information referring or relating to any court sanction, reprimand, or opinion, or any consumer complaint or criticism concerning or relating to an allegation that you:

(1)     violated the automatic stay of the United States Bankruptcy Code;
(2)     violated the discharge or discharge injunction of the United States Bankruptcy Code;

(3)     failed to comply with laws or rules with respect to proofs of claim you have filed in consumer bankruptcy cases;

(4)     failed to comply with the letter or the spirit of Fed. R. Bankr. P. 3002.1.

(5)     committed abuse of process in connection with actions you have taken or failed to take in connection with consumer bankruptcy cases.

Please produce responsive documents from January 1, 2009 to the present.

## Request for Production No. 15.

To the extent not already produced in connection with the above request, the most recently filed or amended complaint, petition, motion, show cause order, order or opinion in each lawsuit, governmental proceeding, adversary proceeding or bankruptcy case in which it is alleged that you:

(1)     violated the automatic stay of the United States Bankruptcy Code;

(2)     violated the discharge or discharge injunction of the United States Bankruptcy Code;

(3)     failed to comply with laws or rules with respect to proofs of claim or notices of transfers of claims you have filed in consumer bankruptcy cases;

(4)     failed to comply with the letter or the spirit of Fed. R. Bankr. P. 3002.1;

(5)     committed abuse of process in connection with actions you have taken or failed to take in connection with consumer bankruptcy cases.

Please produce responsive documents from January 1, 2009 to the present.

## Request for Production No. 16.

All documents and electronically stored information comprising, referring or relating to any internal or external analysis, review or audit conducted regarding your compliance with bankruptcy laws and rules.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 17.**

All documents and electronically stored information, including but not limited to instruction manuals and training materials, referring or relating to the computer software or hardware you have used to maintain records of accounts of debtors in bankruptcy.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 18.**

All documents and electronically stored information, including but not limited to instruction manuals and training materials, referring or relating to the computer software or hardware you have used in connection with the real property taxes of debtors in bankruptcy.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 19.**

All documents and electronically stored information relating to your computer systems' backup and/or document preservation policies, procedures, guidelines, or records.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 20:**

All documents or electronically stored information that explain or describe any code or abbreviation in any documents produced in response to Plaintiffs' requests for production of documents.

**Request for Production No. 21.**

All documents reviewed by, provided to, exchanged with, or relied upon by any testifying expert witness retained by you in this matter, including documents reviewed by any assistant or employee of the expert.

Respectfully submitted,

/s/ Karen L. Kellett
Karen L. Kellett
Texas Bar No. 11199520
Armstrong Kellett Bartholow PLLC
11300 N. Central Expressway
Suite 301
Dallas, TX 75243
Telephone: (214) 696-9000
Facsimile: (214) 696-9001

Ellen C. Stone
State Bar No. 19305000
THE STONE LAW FIRM, P.C.
4900 N 10th St# A2
McAllen, TX  78504
(956) 630-2822 - Telephone
(956) 631-0742 - Telecopy

**Attorneys for Jose and Teresa Trevino**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via electronic mail and by certified U.S. mail, return receipt requested, on the parties listed below on July 2, 2014:

Melissa S. Hayward
Franklin Chapman Skierski Hayward LLP
10501 N. Central Expy., Suite 106
Dallas, TX  75231
E-MAIL: MHayward@FCSHlawfirm.com

Attorneys for U.S. Bank Trust, N.A. as Trustee
For LSF8 Master Participation Trust and
Caliber Home Loans, Inc.

/s/ Karen L. Kellett

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **BANKRUPTCY CASE NO. 10-70594** |
| JOSE TREVINO, SR. and | § | |
| TERESA TREVINO | § | **CHAPTER 13** |
| | § | |
| DEBTORS | § | |
| | § | |
| JOSE TREVINO AND | § | |
| TERESA TREVINO, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | **ADVERSARY NO. 13-07031** |
| | § | |
| 1)  HSBC MORTGAGE SERVICES, | § | |
| INC., | § | |
| | § | |
| 2)  U.S. BANK TRUST, N.A. as Trustee | § | |
| for LSF8 MASTER | § | |
| PARTICIPATION TRUST, and | § | |
| | § | |
| 3)  CALIBER HOME LOANS, INC., | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS,
ELECTRONICALLY STORED INFORMATION, AND OTHER TANGIBLE THINGS
TO DEFENDANT U.S. BANK TRUST, N.A. as Trustee for LSF8 MASTER
PARTICIPATION TRUST**

To:    Defendant **U.S. BANK TRUST, N.A. as Trustee for LSF8 MASTER
PARTICIPATION TRUST**, by and through its attorney of record, Melissa S.
Hayward, Franklin Chapman Skierski Hayward LLP, 10501 N. Central Expy.,
Suite 106, Dallas, TX  75231.

Plaintiffs Jose and Teresa Trevino submit their Plaintiffs' Request for Production to

Defendant **U.S. BANK TRUST, N.A. as Trustee for LSF8 MASTER PARTICIPATION**

**TRUST** as allowed by the Federal Rules of Civil Procedure.  Pursuant to the Rules, Plaintiffs

request that the Defendant produce the following items **on August 4, 2014**, at the offices of

ARMSTRONG KELLETT BARTHOLOW PLLC, and in accordance with the following definitions and

instructions.

# I.

## DEFINITIONS

a.      The term "all" included and encompasses the term "any."  The term "any" includes and encompasses the term "all."

b.      The term "and" and the term "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

c.      The term "Plaintiffs" or "Named Plaintiffs" means Jose and Teresa Trevino.

d.      "Defendant" means U.S. BANK TRUST, N.A. as Trustee for LSF8 MASTER PARTICIPATION TRUST.

e.      The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral contract, such as face-to-face meetings or telephone conversations.

f.      The term "document" has the broadest meaning ascribed to it under the Federal Rules of Civil Procedure and includes the original and each nonidentical copy of any written, printed, typed, filmed, recorded (electronically or otherwise), or other graphic matter of any kind or description, photographic matter, sound recordings or reproductions, however produced or reproduced, whether draft or final, as well as any summarization, compilation, or index of any documents.  The term "document" includes, but is not limited to, letters, memoranda, reports, evaluations, x-rays, work records, studies, analysis, tabulations, graphs, logs, work sheets, work papers, medical records, correspondence, photographs, videotapes, films, slides, negatives, summaries, files, records, communications, agreements, contracts, invoices, checks, journals, ledgers, telegrams, telexes, hand-written notes, periodicals, pamphlets, computer or business machine printouts, accountants' work papers, accountants' statements and writings, notations or records of meetings, printers' galleys, books, papers, speeches, public relations issues, advertising, materials filed with government agencies, office manuals,

employee manuals or office rules and regulations, reports of experts, and any other written matter.

g.   The term "electronically stored information" has the broadest meaning ascribed to it under the Federal Rules of Civil Procedure and includes, but is not limited to, e-mail and other electronic communications, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, network access information, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by the respondent into reasonably usable form.

h.   The term "meeting," or any variant thereof, means an coincidence or presence of two or more persons, whether or not such coincidence or presence was by chance, prearranged, formal or informal, or in connection with some activity.

i.   The term "person" refers to any individual, corporation, general partnership, limited partnership, joint venture, association, joint-stock company, trust, incorporated organization, government or political subdivision thereof, and any other non-natural person of whatever nature.

j.   The phrases "relate to," "related to," and "relating to," or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing describing, reflecting, analyzing, constituting and being.

k.   The terms "you" and "your," or any variant thereof, means Defendant U.S. BANK TRUST, N.A. as Trustee for LSF8 MASTER PARTICIPATION TRUST, and includes its and their past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, nonlegal representatives, personal representatives, attorneys, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Defendant.

l.   "Trevino Account" means the alleged indebtedness and obligations to Defendant arising on or about February 21, 2005 from agreements signed by Mr. Trevino and/or Mrs. Trevino in connection with obtaining financing allegedly secured by certain real property commonly known as 3315 Sandie Lane, Edinburg, TX  78541.

m.   "Trevino Account Documents" means all documents and electronically-stored information with regard to the Jose and/or Teresa Trevino indebtedness and obligations to

Defendant arising on or about February 21, 2005 from agreements signed by Mr. Trevino and/or Mrs. Trevino in connection with obtaining financing allegedly secured by certain real property commonly known as 3315 Sandie Lane, Edinburg, TX 78541, including, but not limited to:

1. The loan application and any other documents relating to the loan closing file concerning the Plaintiffs' indebtedness to Defendant;

2. Note, promissory note, and/or other documents that concern the Plaintiffs' indebtedness to Defendant;

3. The Deed of Trust, with any and all endorsements, alonges, riders, attachments and/or amendments relating to the Plaintiffs' indebtedness to Defendant;

4. Statement of account, accounting, and/or documents that concern, refer, relate to, or describe all payments, credits, debits, interest charges, late fees, attorney fees, and any other charges or credits applied to the Plaintiffs' indebtedness to Defendant;

5. Documents and electronically stored information regarding, relating to or evidencing the Defendant's accounts of Plaintiffs, including but not limited to collection notes, payment histories, payment histories with commentary, account summaries, correspondence, mortgage and escrow statements, records indicating account balance, records indicating account status, payments of any kind by Plaintiffs, payments of any kind by you to affiliates, payments of any kind by you to third parties, and any correspondence of any kind with Plaintiffs or with third parties;

6. All documents and electronically stored information showing, relating to or evidencing any fees, expenditures, expenses and any other charges of any type whatsoever for or related to the Trevino Account;

7. All documents, correspondence, and/or notices to or from the Plaintiffs concerning the Plaintiffs' indebtedness to Defendant;

8. All of Defendant's records whatsoever concerning the Trevino Account, including, but not limited to, internal communications such as memoranda, handwritten notes, etc. and all electronically-stored information such as e-mails, account records, etc.

Case 13-07031   Document 138-2   Filed in TXSB on 08/25/14   Page 43 of 239

n.      "Trevino Bankruptcy Case" means the Chapter 13 bankruptcy case filed by Jose and Teresa Trevino on August 25, 2010, in the United States Bankruptcy Court for the Southern District of Texas.

o.      "Adversary Proceeding" means the adversary proceeding pending in the United States Bankruptcy Court for the Southern District of Texas numbered 13-07031, and styled *Jose and Teresa Trevino, Plaintiffs v. (1) HSBC Mortgage Services, Inc., (2) U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, and (3) Caliber Home Loans, Inc., Defendants.*

p.      The phrase "indebtedness" or "indebtedness or obligations to Defendant" refers to debt or obligations to Defendant if Defendant is the actual owner or holder of the notes or security interests creating such debts or obligations, or to debt or obligations serviced by Defendant, whether or not Defendant is the actual owner or holder of the notes or security interests creating such debts or obligations.

## II.

## INSTRUCTIONS

a.      Any word written in the singular shall be construed as plural (or vice-versa) so as to construe a discovery request as broadly as possible.

b.      The masculine gender includes the feminine and vice versa.

c.      Any defined term with or without capitalization or quotation marks used in these Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things shall be regarded as a defined term for purposes of these Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things.

d.      All other terms are to be interpreted in accordance with their normal usage in the English language.

e.      Any reference to an individual person, either singularly or as part of a defined group, includes that person's past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act or have purported to act on behalf of such individual person.

f.      Any reference to a non-natural person includes that person's past and present directors, officers, agents, predecessors, successors, assigns, legal representatives,

non-legal representatives, personal representative, attorneys, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of such non-natural person.

g.        Each of the following Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things is for documents in your possession, custody or control, whether or not prepared, authored, or executed by you.

h.        Do not produce privileged documents.  Instead, if any documents covered by these Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things are withheld under a claim of privilege, furnish a list describing each document for which privilege is claimed, together with the following information:

        1.        author;
        2.        name and title of each recipient and person to whom a copy was furnished;
        3.        date of the document;
        4.        basis on which privilege is claimed;
        5.        the number of the Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things to which each such document is responsive.

i.        If any document has been destroyed, discarded, or is otherwise no longer in existence, please state:

        1.        author;
        2.        date of the document;
        3.        subject matter of the document;
        4.        the date it was destroyed, discarded, or discovered no longer to be in existence; and
        5.        the reason it was destroyed, discarded, or is no longer in existence.

j.        As required by the Federal Rules of Civil Procedure, you should supplement or amend your responses to these Requests for Production of Documents, Electronically Stored Information, and Other Tangible Things if additional documents covered hereby are obtained or discovered.

---

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF**
**DOCUMENTS, ELECTRONICALLY STORED INFORMATION,**
**AND OTHER TANGIBLE THINGS TO DEFENDANT U.S. BANK**
**TRUST, N.A. as Trustee for LSF8 MASTER PARTICIPATION TRUST**        **PAGE 6**

# III.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1.**

All documents and electronically stored information containing or referring to any statement, whether written or recorded, made by any person concerning the subject matter of this lawsuit.

**Request for Production No. 2.**

All documents and electronically stored information reflecting the names, titles, positions, and job responsibilities of each of your employees who has handled or were responsible for the accounts of Plaintiffs.

**Request for Production No. 3.**

All documents and electronically stored information contained in all loan files or other files of the Plaintiffs.

**Request for Production No. 4.**

All documents and electronically stored information regarding, relating to or evidencing the Defendant's accounts of Plaintiffs, including but not limited to collection notes, payment histories, payment histories with commentary, account summaries, correspondence, mortgage and escrow statements, records indicating account balance, records indicating account status, payments of any kind by Plaintiffs, payments of any kind by you to affiliates, payments of any kind by you to third parties, and any correspondence of any kind with Plaintiffs or with third parties.

**Request for Production No. 5.**

All documents and electronically stored information showing, relating to or evidencing any fees, expenditures, expenses and any other charges of any type whatsoever for or related to the Plaintiffs.

---

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF**
**DOCUMENTS, ELECTRONICALLY STORED INFORMATION,**
**AND OTHER TANGIBLE THINGS TO DEFENDANT U.S. BANK**
**TRUST, N.A. as Trustee for LSF8 MASTER PARTICIPATION TRUST**          **PAGE 7**

**Request for Production No. 6.**

To the extent not already produced in connection with another request, all documents and electronically stored information that identify the Plaintiffs.

**Request for Production No. 7.**

To the extent not already produced in connection with another request, all documents and electronically stored information referring or relating to the bankruptcy case of Plaintiffs.

**Request for Production No. 8.**

To the extent not already produced in connection with another request, all Trevino Account Documents.

**Request for Production No. 9.**

All documents and electronically stored information created or compiled by or for you regarding any audit, analysis or evaluation of the accounts of Plaintiffs.

**Request for Production No. 10.**

All documents and electronically stored information regarding your policies and procedures relating to the handling of mortgage accounts of debtors who have filed a chapter 13 bankruptcy petition that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 11.**

To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to the payment of real property taxes on behalf of debtors who have filed a chapter 13 bankruptcy petition, and

the recovery of real property taxes from such debtors or their bankruptcy estates, that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 12.**

To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to proofs of claim filed by you, or notices of transfers of claims filed by you, in consumer bankruptcy cases that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 13.**

To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to the filing of any document with bankruptcy courts or clerks pursuant to Fed. R. Bankr. P. 3002.1, or relating to your acceptance of funds from for any filed Fed. R. Bankr. P. 3002.1 notice or document that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2010 to the present.

**Request for Production No. 14.**

All documents and electronically stored information referring or relating to any court sanction, reprimand, or opinion, or any consumer complaint or criticism concerning or relating to an allegation that you:

    (1)    violated the automatic stay of the United States Bankruptcy Code;
    (2)    violated the discharge or discharge injunction of the United States Bankruptcy Code;

(3)     failed to comply with laws or rules with respect to proofs of claim you have filed in consumer bankruptcy cases;

(4)     failed to comply with the letter or the spirit of Fed. R. Bankr. P. 3002.1.

(5)     committed abuse of process in connection with actions you have taken or failed to take in connection with consumer bankruptcy cases.

Please produce responsive documents from January 1, 2009 to the present.


## Request for Production No. 15.

To the extent not already produced in connection with the above request, the most recently filed or amended complaint, petition, motion, show cause order, order or opinion in each lawsuit, governmental proceeding, adversary proceeding or bankruptcy case in which it is alleged that you:

(1)     violated the automatic stay of the United States Bankruptcy Code;

(2)     violated the discharge or discharge injunction of the United States Bankruptcy Code;

(3)     failed to comply with laws or rules with respect to proofs of claim or notices of transfers of claims you have filed in consumer bankruptcy cases;

(4)     failed to comply with the letter or the spirit of Fed. R. Bankr. P. 3002.1;

(5)     committed abuse of process in connection with actions you have taken or failed to take in connection with consumer bankruptcy cases.

Please produce responsive documents from January 1, 2009 to the present.


## Request for Production No. 16.

All documents and electronically stored information comprising, referring or relating to any internal or external analysis, review or audit conducted regarding your compliance with bankruptcy laws and rules.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 17.**

All documents and electronically stored information, including but not limited to instruction manuals and training materials, referring or relating to the computer software or hardware you have used to maintain records of accounts of debtors in bankruptcy.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 18.**

All documents and electronically stored information, including but not limited to instruction manuals and training materials, referring or relating to the computer software or hardware you have used in connection with the real property taxes of debtors in bankruptcy.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 19.**

All documents and electronically stored information relating to your computer systems' backup and/or document preservation policies, procedures, guidelines, or records.

Please produce responsive documents from January 1, 2009 to the present.

**Request for Production No. 20:**

All documents or electronically stored information that explain or describe any code or abbreviation in any documents produced in response to Plaintiffs' requests for production of documents.

**Request for Production No. 21.**

All documents reviewed by, provided to, exchanged with, or relied upon by any testifying expert witness retained by you in this matter, including documents reviewed by any assistant or employee of the expert.

**Request for Production No. 22.**

All documents showing, evidencing or relating to your acquisition of the Trevino Account and the Trevino Account Documents.

Respectfully submitted,

_/s/ Karen L. Kellett_
Karen L. Kellett
Texas Bar No. 11199520
Armstrong Kellett Bartholow PLLC
11300 N. Central Expressway
Suite 301
Dallas, TX 75243
Telephone: (214) 696-9000
Facsimile: (214) 696-9001

Ellen C. Stone
State Bar No. 19305000
THE STONE LAW FIRM, P.C.
4900 N 10th St# A2
McAllen, TX  78504
(956) 630-2822 - Telephone
(956) 631-0742 - Telecopy

**Attorneys for Jose and Teresa Trevino**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via electronic mail and by certified U.S. mail, return receipt requested, on the parties listed below on July 2, 2014:

Melissa S. Hayward
Franklin Chapman Skierski Hayward LLP
10501 N. Central Expy., Suite 106
Dallas, TX  75231
E-MAIL: MHayward@FCSHlawfirm.com

Attorneys for U.S. Bank Trust, N.A. as Trustee
For LSF8 Master Participation Trust and
Caliber Home Loans, Inc.

*/s/ Karen L. Kellett*

# EXHIBIT D

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@FSHLawFirm.com
Michael P. Parmerlee
Texas Bar No. 24069232
MParmerlee@FSHLawFirm.com
**FRANKLIN SKIERSKI HAYWARD LLP**
10501 North Central Expy, Suite 106
Dallas, Texas 75231
(972) 755-7100 (*tel.*)
(972) 755-7110 (*facsimile*)

*Counsel for Caliber Home Loans, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| | § | |
| **JOSE TREVINO, SR. and TERESA** | § | **Case No. 10-70594** |
| **TREVINO,** | § | **Chapter 13** |
| | § | |
| *Debtors*, | § | |
| | § | |
| **JOSE TREVINO and TERESA** | § | |
| **TREVINO,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| *v.* | § | **Adversary No. 13-07031** |
| | § | |
| **HSBC MORTGAGE SERVICES, INC.;** | § | |
| **U.S. BANK TRUST, N.A. as Trustee for** | § | |
| **LSF8 MASTER PARTICIPATION** | § | |
| **TRUST; and CALIBER HOME LOANS,** | § | |
| **INC.,** | § | |
| | § | |
| *Defendants*, | § | |

## DEFENDANT CALIBER HOME LOANS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND OTHER TANGIBLE THINGS

TO:   Plaintiffs Jose Trevino and Teresa Trevino, through their counsel of record, Karen L. Kellett, Armstrong Kellett Bartholow PLLC, 11300 N. Central Expy., Ste. 301, Dallas, Texas 75243

---

Defendant Caliber Home Loans, Inc. ("Caliber") serves the following objections and responses to the *Plaintiffs' First Request for Production of Documents, Electronically Stored Information, and Other Tangible Things to Defendant Caliber Home Loans, Inc.* (the "RFPs") pursuant to Federal Rules of Civil Procedure 26 and 34 (applicable to this proceeding through Federal Rules of Bankruptcy Procedure 7026 and 7034, respectively).

DATED: August 8, 2014.

Respectfully submitted,

**FRANKLIN SKIERSKI HAYWARD LLP**

By:  */s/ Michael P. Parmerlee*
    Melissa S. Hayward
      Texas Bar No. 24044908
      MHayward@FSHLawFirm.com
    Michael P. Parmerlee
      Texas Bar No. 24069232
      MParmerlee@FSHLawFirm.com
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
(972) 755-7100 (*tel.*)
(972) 755-7110 (*facsimile*)

*Counsel for and Caliber Home Loans, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on August 8, 2014, these responses were served upon the Plaintiffs and HSBC through their counsels of record by regular U.S. mail and electronic mail at the addresses listed below:

| | |
|---|---|
| Karen L. Kellett (kkellett@akbpc.com) | Steven T. Holmes (sholmes@mcglinchey.com) |
| Armstrong Kellett Bartholow PLLC | McGlinchey Stafford, PLLC |
| 11300 N. Central Expy., Ste. 301 | 2711 N. Haskell Avenue |
| Dallas, Texas 75243 | Suite 2750, LB 38 |
| ***Counsel for the Plaintiffs*** | Dallas, TX 75204 |
| | ***Counsel for HSBC*** |

*/s/ Michael P. Parmerlee*
Michael P. Parmerlee

## OBJECTIONS

Caliber asserts the following general objections (the "Objections") to the RFPs as a whole and to each of the RFPs individually. Caliber will respond to the RFPs subject to and without waiving any of the Objections.

1.      Caliber objects to the time and place required by the Trustee for Caliber to respond to the RFPs. Caliber will make all materials requested for inspection and copying available at the offices of Caliber's counsel at a time mutually agreeable to counsel for the Plaintiffs and counsel for Caliber.

2.      Caliber objects to the RFPs to the extent they seek information outside the possession, custody, or control of Caliber.

3.      Caliber objects to the RFPs to the extent that they exceed the permissible scope of the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure or they require Caliber to disclose anything in a form, manner, or timeframe other than it is required to under Texas law, federal law, the Federal Rules of Civil Procedure, or the Federal Rules of Bankruptcy Procedure.

4.      Caliber objects to the RFPs to the extent that they purport to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable under the U.S. Constitution, the Texas Constitution, the laws of the State of Texas, the Federal Rules of Civil Procedure, or the Federal Rules of Bankruptcy Procedure. Inadvertent production of any documents or information considered confidential or proprietary information without a confidentiality designation, such as the marking or endorsement of any such documents on information with the term "Confidential," shall not constitute a waiver of any of Caliber's rights to designate the documents or information

produced as confidential information, which shall be covered by a confidentiality stipulation or order limiting the use of such confidential information.

5.      Caliber objects to the RFPs to the extent that they are duplicative, unreasonably cumulative, overly broad, unduly burdensome, vague, harassing, not relevant to this lawsuit, or not reasonably calculated to lead to the discovery of admissible evidence.

6.      Caliber objects to the RFPs as vague and ambiguous to the extent that they contain terms that Caliber cannot interpret or understand. Where possible, Caliber has made reasonable assumptions as to the Plaintiffs' intended meaning and has responded accordingly, while preserving the objections as to vagueness and ambiguity.

7.      Caliber objects to the RFPs to the extent that the Plaintiffs already possess or have equal access to the information or documents sought in the requests after ample time for discovery. Specifically, Caliber has already produced documents responsive to the RFPs.

8.      Caliber objects to the RFPs to the extent that they purport to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business.

9.      Caliber objects to the RFPs to the extent they prematurely request information or documents from Caliber. Discovery is ongoing, and Caliber continues to investigate aspects of its defenses and claims and the facts and circumstances of its defenses and claims. Caliber reserves the right to reasonably supplement, correct, clarify, and amend any and all of its responses to the RFPs according to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure as necessary.

10.     Caliber objects to the RFPs to the extent they require Caliber to marshal its evidence and witnesses before trial.

11.     Caliber reserves the right to make any additional objections to any response made to the RFPs, including, but not limited to, competence, relevance, materiality, authenticity, or admissibility in any aspect of this case or any other action, arbitration, proceeding, or investigation. The Responses are not to be deemed a waiver of assertion of any of the above.

## RESPONSES

### Request for Production No. 1.

All documents and electronically stored information containing or referring to any statement, whether written or recorded, made by any person concerning the subject matter of this lawsuit.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP as vague and ambiguous because it is unclear what is meant by the term "statement." Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP to the extent it prematurely requests information or documents from Caliber. Discovery is ongoing, and Caliber continues to investigate aspects of its defenses and claims and the facts and circumstances of its defenses and claims. Furthermore, the deadline to designate expert witnesses has not yet passed. Caliber reserves the right to reasonably supplement, correct, clarify, and amend any and all of its responses to the RFPs according to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure as necessary. Caliber objects to this RFP to the extent they require Caliber to marshal its evidence and witnesses before trial. Subject to and without waiving the foregoing, Caliber has already produced all non-privileged responsive documents within Caliber's custody, possession, or control to the Plaintiffs.

### Request for Production No. 2.

All documents and electronically stored information reflecting the names, titles, positions, and job responsibilities of each of your employees who has handled or were responsible for the accounts of Plaintiffs.

**Response.** Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, Caliber has already produced all non-privileged responsive documents within Caliber's custody, possession, or control to the Plaintiffs.

**Request for Production No. 3.**

All documents and electronically stored information contained in all loan files or other files of the Plaintiffs.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, Caliber has already produced all non-privileged responsive documents within Caliber's custody, possession, or control to the Plaintiffs.

**Request for Production No. 4.**

All documents and electronically stored information regarding, relating to or evidencing the Defendant's accounts of Plaintiffs, including but not limited to collection notes, payment histories, payment histories with commentary, account summaries, correspondence, mortgage and escrow statements, records indicating account balance, records indicating account status, payments of any kind by Plaintiffs, payments of any kind by you to affiliates, payments of any kind by you to third parties, and any correspondence of any kind with Plaintiffs or with third parties.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, Caliber has already produced all non-privileged responsive documents within Caliber's custody, possession, or control to the Plaintiffs.

**Request for Production No. 5.**

All documents and electronically stored information showing, relating to or evidencing any fees, expenditures, expenses and any other charges of any type whatsoever for or related to the Plaintiffs.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the

ordinary course of business. Subject to and without waiving the foregoing, Caliber has already produced all non-privileged responsive documents within Caliber's custody, possession, or control to the Plaintiffs.

## Request for Production No. 6.

To the extent not already produced in connection with another request, all documents and electronically stored information that identify the Plaintiffs.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, Caliber has already produced all non-privileged responsive documents within Caliber's custody, possession, or control to the Plaintiffs.

## Request for Production No. 7.

To the extent not already produced in connection with another request, all documents and electronically stored information referring or relating to the bankruptcy case of Plaintiffs.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, Caliber has already produced all non-privileged responsive documents within Caliber's custody, possession, or control to the Plaintiffs.

## Request for Production No. 8.

To the extent not already produced in connection with another request, all Trevino Account Documents.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, Caliber has already produced all non-privileged responsive documents within Caliber's custody, possession, or control to the Plaintiffs.

**Request for Production No. 9.**

All documents and electronically stored information created or compiled by or for you regarding any audit, analysis or evaluation of the accounts of Plaintiffs.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, Caliber has already produced all non-privileged responsive documents within Caliber's custody, possession, or control to the Plaintiffs.

**Request for Production No. 10.**

All documents and electronically stored information regarding your policies and procedures relating to the handling of mortgage accounts of debtors who have filed a chapter 13 bankruptcy petition that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP to the extent that it seeks information not relevant to this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP as vague because "handling of mortgage accounts" is not defined. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case. Accordingly, Caliber is not producing any documents responsive to this RFP.

**Request for Production No. 11.**

To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to the payment of real property taxes on behalf of debtors who have filed a chapter 13 bankruptcy petition, and the recovery of real property taxes from such debtors or their bankruptcy estates, that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2009 to the present.

**Objections.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP because it seeks information not relevant to the claims against Caliber and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before Caliber began servicing the loan. Accordingly, Caliber is not producing any documents responsive to this RFP.

## Request for Production No. 12.

To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to proofs of claim filed by you, or notices of transfers of claims filed by you, in consumer bankruptcy cases that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP because it seeks information not relevant to the claims against Caliber and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before Caliber began servicing the loan. Accordingly, Caliber is not producing any documents responsive to this RFP.

## Request for Production No. 13.

To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to the filing of any document with bankruptcy courts or clerks pursuant to Fed. R. Bankr. P. 3002.1, or relating to your acceptance of funds from any filed Fed. R. Bankr. P. 3002.1 notice or document that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2010 to the present.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP because it seeks information not relevant to the claims against Caliber and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before Caliber began servicing the loan. Accordingly, Caliber is not producing any documents responsive to this RFP.

## Request for Production No. 14.

All documents and electronically stored information referring or relating to any court sanction, reprimand, or opinion, or any consumer complaint or criticism concerning or relating to an allegation that you:

> (1) violated the automatic stay of the United States Bankruptcy Code;
> (2) violated the discharge or discharge injunction of the United States Bankruptcy Code;
> (3) failed to comply with laws or rules with respect to proofs of claim you have filed in consumer bankruptcy cases;
> (4) failed to comply with the letter or the spirit of Fed. R. Bankr. P. 3002.1.
> (5) committed abuse of process in connection with actions you have taken or failed to take in connection with consumer bankruptcy cases.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP because it seeks information not relevant to the claims against Caliber and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before Caliber began servicing the loan. Caliber objects to this RFP as harassing. Accordingly, Caliber is not producing any documents responsive to this RFP.

## Request for Production No. 15.

To the extent not already produced in connection with the above request, the most recently filed or amended complaint, petition, motion, show cause order, order or opinion in each

lawsuit, governmental proceeding, adversary proceeding or bankruptcy case in which it is alleged that you:

(1) violated the automatic stay of the United States Bankruptcy Code;
(2) violated the discharge or discharge injunction of the United States Bankruptcy Code;
(3) failed to comply with laws or rules with respect to proofs of claim or notices of transfers of claims you have filed in consumer bankruptcy cases;
(4) failed to comply with the letter or the spirit of Fed. R. Bankr. P. 3002.1;
(5) committed abuse of process in connection with actions you have taken or failed to take in connection with consumer bankruptcy cases.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP because it seeks information not relevant to the claims against Caliber and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before Caliber began servicing the loan. Caliber objects to this RFP as harassing. Accordingly, Caliber is not producing any documents responsive to this RFP.

## Request for Production No. 16.

All documents and electronically stored information comprising, referring or relating to any internal or external analysis, review or audit conducted regarding your compliance with bankruptcy laws and rules.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP because it seeks information not relevant to the claims against Caliber and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before Caliber began servicing the loan. Accordingly, Caliber is not producing any documents responsive to this RFP.

## Request for Production No. 17.

All documents and electronically stored information, including but not limited to instruction manuals and training materials, referring or relating to the computer software or hardware you have used to maintain records of accounts of debtors in bankruptcy.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP because it seeks information not relevant to the claims against Caliber and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before Caliber began servicing the loan. Accordingly, Caliber is not producing any documents responsive to this RFP.

## Request for Production No. 18.

All documents and electronically stored information, including but not limited to instruction manuals and training materials, referring or relating to the computer software or hardware you have used in connection with the real property taxes of debtors in bankruptcy.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP because it seeks information not relevant to the claims against Caliber and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before Caliber began servicing the loan. Accordingly, Caliber is not producing any documents responsive to this RFP.

## Request for Production No. 19.

All documents and electronically stored information relating to your computer systems' backup and/or document preservation policies, procedures, guidelines, or records.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or

documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP because it seeks information not relevant to the claims against Caliber and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before Caliber began servicing the loan. Accordingly, Caliber is not producing any documents responsive to this RFP.

**Request for Production No. 20:**

All documents or electronically stored information that explain or describe any code or abbreviation in any documents produced in response to Plaintiffs' requests for production of documents.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP to the extent that it seeks information not relevant to this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, no such documents or electronically stored information exists.

**Request for Production No. 21.**

All documents reviewed by, provided to, exchanged with, or relied upon by any testifying expert witness retained by you in this matter, including documents reviewed by any assistant or employee of the expert.

**Response.** Caliber objects to this RFP to the extent it seeks information outside the possession, custody, or control of Caliber. Caliber objects to this RFP to the extent that it purports to require Caliber to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. Caliber objects to this RFP to the extent it seeks information not relevant to this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Caliber objects to this RFP to the extent that it purports to require Caliber to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Caliber objects to this RFP to the extent it prematurely requests information or documents from Caliber. Discovery is ongoing, and Caliber continues to investigate aspects of its defenses and claims and the facts and circumstances of its defenses and claims. Furthermore, the deadline to designate expert witnesses has not yet passed. Caliber reserves the right to reasonably supplement, correct, clarify, and amend any and all of its responses to the RFPs according to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure as necessary. Caliber objects to this RFP to the extent they require Caliber to marshal

its evidence and witnesses before trial. Subject to and without waiving the foregoing, Caliber has not yet retained any testifying experts but will produce any non-privileged responsive documents within Caliber's custody, possession, or control to the Plaintiffs at a time and place mutually agreeable to counsel for the Plaintiffs and counsel for Caliber.

# EXHIBIT E

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@FSHLawFirm.com
Michael P. Parmerlee
Texas Bar No. 24069232
MParmerlee@FSHLawFirm.com
**FRANKLIN SKIERSKI HAYWARD LLP**
10501 North Central Expy, Suite 106
Dallas, Texas 75231
(972) 755-7100 (*tel.*)
(972) 755-7110 (*facsimile*)

*Counsel for U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | |
|---|---|
| *In re:* § | |
| § | |
| **JOSE TREVINO, SR. and TERESA** § | **Case No. 10-70594** |
| **TREVINO,** § | **Chapter 13** |
| § | |
| *Debtors,* § | |
| § | |
| **JOSE TREVINO and TERESA TREVINO,** § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| *v.* § | **Adversary No. 13-07031** |
| § | |
| **HSBC MORTGAGE SERVICES, INC.;** § | |
| **U.S. BANK TRUST, N.A. as Trustee for** § | |
| **LSF8 MASTER PARTICIPATION** § | |
| **TRUST; and U.S. BANK HOME LOANS,** § | |
| **INC.,** § | |
| § | |
| *Defendants,* § | |

### DEFENDANT U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND OTHER TANGIBLE THINGS

TO:  Plaintiffs Jose Trevino and Teresa Trevino, through their counsel of record, Karen L. Kellett, Armstrong Kellett Bartholow PLLC, 11300 N. Central Expy., Ste. 301, Dallas, Texas 75243

Defendant U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust ("U.S. Bank")

serves the following objections and responses to the *Plaintiffs' First Request for Production of*

*Documents, Electronically Stored Information, and Other Tangible Things to Defendant U.S. Bank*

DEFENDANT U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST'S
OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND OTHER TANGIBLE THINGS          *Page 1 of 14*

*Trust, N.A. as Trustee for LSF8 Master Participation Trust* (the "RFPs") pursuant to Federal Rules of Civil Procedure 26 and 34 (applicable to this proceeding through Federal Rules of Bankruptcy Procedure 7026 and 7034, respectively).

DATED: August 8, 2014.

Respectfully submitted,

FRANKLIN SKIERSKI HAYWARD LLP

By: */s/ Michael P. Parmerlee*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@FSHLawFirm.com
Michael P. Parmerlee
Texas Bar No. 24069232
MParmerlee@FSHLawFirm.com
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
(972) 755-7100 *(tel.)*
(972) 755-7110 *(facsimile)*

*Counsel for and U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 8, 2014, these responses were served upon the Plaintiffs and HSBC through their counsels of record by regular U.S. mail and electronic mail at the addresses listed below:

Karen L. Kellett (kkellett@akbpc.com)
Armstrong Kellett Bartholow PLLC
11300 N. Central Expy., Ste. 301
Dallas, Texas 75243
*Counsel for the Plaintiffs*

Steven T. Holmes (sholmes@mcglinchey.com)
McGlinchey Stafford, PLLC
2711 N. Haskell Avenue
Suite 2750, LB 38
Dallas, TX 75204
*Counsel for HSBC*

*/s/ Michael P. Parmerlee*
Michael P. Parmerlee

## OBJECTIONS

U.S. Bank asserts the following general objections (the "Objections") to the RFPs as a whole and to each of the RFPs individually. U.S. Bank will respond to the RFPs subject to and without waiving any of the Objections.

1.      U.S. Bank objects to the time and place required by the Trustee for U.S. Bank to respond to the RFPs. U.S. Bank will make all materials requested for inspection and copying available at the offices of U.S. Bank's counsel at a time mutually agreeable to counsel for the Plaintiffs and counsel for U.S. Bank.

2.      U.S. Bank objects to the RFPs to the extent they seek information outside the possession, custody, or control of U.S. Bank.

3.      U.S. Bank objects to the RFPs to the extent that they exceed the permissible scope of the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure or they require U.S. Bank to disclose anything in a form, manner, or timeframe other than it is required to under Texas law, federal law, the Federal Rules of Civil Procedure, or the Federal Rules of Bankruptcy Procedure.

4.      U.S. Bank objects to the RFPs to the extent that they purport to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable under the U.S. Constitution, the Texas Constitution, the laws of the State of Texas, the Federal Rules of Civil Procedure, or the Federal Rules of Bankruptcy Procedure. Inadvertent production of any documents or information considered confidential or proprietary information without a confidentiality designation, such as the marking or endorsement of any such documents on information with the term "Confidential," shall not constitute a waiver of any of U.S. Bank's rights to designate the documents or

information produced as confidential information, which shall be covered by a confidentiality stipulation or order limiting the use of such confidential information.

5. U.S. Bank objects to the RFPs to the extent that they are duplicative, unreasonably cumulative, overly broad, unduly burdensome, vague, harassing, not relevant to this lawsuit, or not reasonably calculated to lead to the discovery of admissible evidence.

6. U.S. Bank objects to the RFPs as vague and ambiguous to the extent that they contain terms that U.S. Bank cannot interpret or understand. Where possible, U.S. Bank has made reasonable assumptions as to the Plaintiffs' intended meaning and has responded accordingly, while preserving the objections as to vagueness and ambiguity.

7. U.S. Bank objects to the RFPs to the extent that the Plaintiffs already possess or have equal access to the information or documents sought in the requests after ample time for discovery. Specifically, U.S. Bank has already produced documents responsive to the RFPs.

8. U.S. Bank objects to the RFPs to the extent that they purport to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business.

9. U.S. Bank objects to the RFPs to the extent they prematurely request information or documents from U.S. Bank. Discovery is ongoing, and U.S. Bank continues to investigate aspects of its defenses and claims and the facts and circumstances of its defenses and claims. U.S. Bank reserves the right to reasonably supplement, correct, clarify, and amend any and all of its responses to the RFPs according to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure as necessary.

10. U.S. Bank objects to the RFPs to the extent they require U.S. Bank to marshal its evidence and witnesses before trial.

11.     U.S. Bank reserves the right to make any additional objections to any response made to the RFPs, including, but not limited to, competence, relevance, materiality, authenticity, or admissibility in any aspect of this case or any other action, arbitration, proceeding, or investigation. The Responses are not to be deemed a waiver of assertion of any of the above.

## RESPONSES

### Request for Production No. 1.

All documents and electronically stored information containing or referring to any statement, whether written or recorded, made by any person concerning the subject matter of this lawsuit.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP as vague and ambiguous because it is unclear what is meant by the term "statement." U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP to the extent it prematurely requests information or documents from U.S. Bank. Discovery is ongoing, and U.S. Bank continues to investigate aspects of its defenses and claims and the facts and circumstances of its defenses and claims. Furthermore, the deadline to designate expert witnesses has not yet passed. U.S. Bank reserves the right to reasonably supplement, correct, clarify, and amend any and all of its responses to the RFPs according to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure as necessary. U.S. Bank objects to this RFP to the extent they require U.S. Bank to marshal its evidence and witnesses before trial. Subject to and without waiving the foregoing, U.S. Bank has already produced all non-privileged responsive documents within U.S. Bank's custody, possession, or control to the Plaintiffs.

### Request for Production No. 2.

All documents and electronically stored information reflecting the names, titles, positions, and job responsibilities of each of your employees who has handled or were responsible for the accounts of Plaintiffs.

**Response.** U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, U.S. Bank has already produced all non-

privileged responsive documents within U.S. Bank's custody, possession, or control to the Plaintiffs.

## Request for Production No. 3.

All documents and electronically stored information contained in all loan files or other files of the Plaintiffs.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, U.S. Bank has already produced all non-privileged responsive documents within U.S. Bank's custody, possession, or control to the Plaintiffs.

## Request for Production No. 4.

All documents and electronically stored information regarding, relating to or evidencing the Defendant's accounts of Plaintiffs, including but not limited to collection notes, payment histories, payment histories with commentary, account summaries, correspondence, mortgage and escrow statements, records indicating account balance, records indicating account status, payments of any kind by Plaintiffs, payments of any kind by you to affiliates, payments of any kind by you to third parties, and any correspondence of any kind with Plaintiffs or with third parties.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, U.S. Bank has already produced all non-privileged responsive documents within U.S. Bank's custody, possession, or control to the Plaintiffs.

## Request for Production No. 5.

All documents and electronically stored information showing, relating to or evidencing any fees, expenditures, expenses and any other charges of any type whatsoever for or related to the Plaintiffs.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S.

Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, U.S. Bank has already produced all non-privileged responsive documents within U.S. Bank's custody, possession, or control to the Plaintiffs.

## Request for Production No. 6.

To the extent not already produced in connection with another request, all documents and electronically stored information that identify the Plaintiffs.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, U.S. Bank has already produced all non-privileged responsive documents within U.S. Bank's custody, possession, or control to the Plaintiffs.

## Request for Production No. 7.

To the extent not already produced in connection with another request, all documents and electronically stored information referring or relating to the bankruptcy case of Plaintiffs.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, U.S. Bank has already produced all non-privileged responsive documents within U.S. Bank's custody, possession, or control to the Plaintiffs.

## Request for Production No. 8.

To the extent not already produced in connection with another request, all Trevino Account Documents.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, U.S. Bank has

already produced all non-privileged responsive documents within U.S. Bank's custody, possession, or control to the Plaintiffs.

**Request for Production No. 9.**

     All documents and electronically stored information created or compiled by or for you regarding any audit, analysis or evaluation of the accounts of Plaintiffs.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, U.S. Bank has already produced all non-privileged responsive documents within U.S. Bank's custody, possession, or control to the Plaintiffs.

**Request for Production No. 10.**

     All documents and electronically stored information regarding your policies and procedures relating to the handling of mortgage accounts of debtors who have filed a chapter 13 bankruptcy petition that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

     Please produce responsive documents from January 1, 2009 to the present.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP to the extent that it seeks information not relevant to this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case. Accordingly, U.S. Bank is not producing any documents responsive to this RFP.

**Request for Production No. 11.**

     To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to the payment of real property taxes on behalf of debtors who have filed a chapter 13 bankruptcy petition, and the recovery of real property taxes from such debtors or their bankruptcy estates, that have been given, disseminated, or made available to any of your employees, including but not limited to

materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2009 to the present.

**Objections.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP because it seeks information not relevant to the claims against U.S. Bank and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before U.S. Bank acquired the loan. Accordingly, U.S. Bank is not producing any documents responsive to this RFP.

## Request for Production No. 12.

To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to proofs of claim filed by you, or notices of transfers of claims filed by you, in consumer bankruptcy cases that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP because it seeks information not relevant to the claims against U.S. Bank and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before U.S. Bank acquired the loan. Accordingly, U.S. Bank is not producing any documents responsive to this RFP.

## Request for Production No. 13.

To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to the filing of any document with bankruptcy courts or clerks pursuant to Fed. R. Bankr. P. 3002.1, or relating

to your acceptance of funds from any filed Fed. R. Bankr. P. 3002.1 notice or document that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.

Please produce responsive documents from January 1, 2010 to the present.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP because it seeks information not relevant to the claims against U.S. Bank and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before U.S. Bank acquired the loan. Accordingly, U.S. Bank is not producing any documents responsive to this RFP.

### Request for Production No. 14.

All documents and electronically stored information referring or relating to any court sanction, reprimand, or opinion, or any consumer complaint or criticism concerning or relating to an allegation that you:

(1) violated the automatic stay of the United States Bankruptcy Code;
(2) violated the discharge or discharge injunction of the United States Bankruptcy Code;
(3) failed to comply with laws or rules with respect to proofs of claim you have filed in consumer bankruptcy cases;
(4) failed to comply with the letter or the spirit of Fed. R. Bankr. P. 3002.1.
(5) committed abuse of process in connection with actions you have taken or failed to take in connection with consumer bankruptcy cases.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP because it seeks information not relevant to the claims against U.S. Bank and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before U.S.

Bank acquired the loan. U.S. Bank objects to this RFP as harassing. Accordingly, U.S. Bank is not producing any documents responsive to this RFP.

## Request for Production No. 15.

To the extent not already produced in connection with the above request, the most recently filed or amended complaint, petition, motion, show cause order, order or opinion in each lawsuit, governmental proceeding, adversary proceeding or bankruptcy case in which it is alleged that you:

(1) violated the automatic stay of the United States Bankruptcy Code;
(2) violated the discharge or discharge injunction of the United States Bankruptcy Code;
(3) failed to comply with laws or rules with respect to proofs of claim or notices of transfers of claims you have filed in consumer bankruptcy cases;
(4) failed to comply with the letter or the spirit of Fed. R. Bankr. P. 3002.1;
(5) committed abuse of process in connection with actions you have taken or failed to take in connection with consumer bankruptcy cases.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP because it seeks information not relevant to the claims against U.S. Bank and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before U.S. Bank acquired the loan. U.S. Bank objects to this RFP as harassing. Accordingly, U.S. Bank is not producing any documents responsive to this RFP.

## Request for Production No. 16.

All documents and electronically stored information comprising, referring or relating to any internal or external analysis, review or audit conducted regarding your compliance with bankruptcy laws and rules.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP because it seeks information not relevant to the claims against U.S. Bank and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank

objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before U.S. Bank acquired the loan. Accordingly, U.S. Bank is not producing any documents responsive to this RFP.

## Request for Production No. 17.

All documents and electronically stored information, including but not limited to instruction manuals and training materials, referring or relating to the computer software or hardware you have used to maintain records of accounts of debtors in bankruptcy.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP because it seeks information not relevant to the claims against U.S. Bank and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before U.S. Bank acquired the loan. Accordingly, U.S. Bank is not producing any documents responsive to this RFP.

## Request for Production No. 18.

All documents and electronically stored information, including but not limited to instruction manuals and training materials, referring or relating to the computer software or hardware you have used in connection with the real property taxes of debtors in bankruptcy.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP because it seeks information not relevant to the claims against U.S. Bank and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before U.S.

Bank acquired the loan. Accordingly, U.S. Bank is not producing any documents responsive to this RFP.

## Request for Production No. 19.

All documents and electronically stored information relating to your computer systems' backup and/or document preservation policies, procedures, guidelines, or records.

Please produce responsive documents from January 1, 2009 to the present.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP because it seeks information not relevant to the claims against U.S. Bank and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP as overly broad because it seeks information from before the commencement of the Plaintiffs' bankruptcy case and before U.S. Bank acquired the loan. Accordingly, U.S. Bank is not producing any documents responsive to this RFP.

## Request for Production No. 20:

All documents or electronically stored information that explain or describe any code or abbreviation in any documents produced in response to Plaintiffs' requests for production of documents.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP to the extent that it seeks information not relevant to this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, no such documents or electronically stored information exists.

## Request for Production No. 21.

All documents reviewed by, provided to, exchanged with, or relied upon by any testifying expert witness retained by you in this matter, including documents reviewed by any assistant or employee of the expert.

**Response.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it

purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP to the extent that it seeks information not relevant to this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. U.S. Bank objects to this RFP to the extent it prematurely requests information or documents from U.S. Bank. Discovery is ongoing, and U.S. Bank continues to investigate aspects of its defenses and claims and the facts and circumstances of its defenses and claims. Furthermore, the deadline to designate expert witnesses has not yet passed. U.S. Bank reserves the right to reasonably supplement, correct, clarify, and amend any and all of its responses to the RFPs according to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure as necessary. U.S. Bank objects to this RFP to the extent they require U.S. Bank to marshal its evidence and witnesses before trial. Subject to and without waiving the foregoing, U.S. Bank has not yet retained any testifying experts but will produce any non-privileged responsive documents within U.S. Bank's custody, possession, or control to the Plaintiffs at a time and place mutually agreeable to counsel for the Plaintiffs and counsel for U.S. Bank.

**Request for Production No. 22.**

All documents showing, evidencing or relating to your acquisition of the Trevino Account and the Trevino Account Documents.

**Responses.** U.S. Bank objects to this RFP to the extent it seeks information outside the possession, custody, or control of U.S. Bank. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to respond with or reveal attorney–client privilege, work product, trade secrets, or documents or information that are otherwise confidential or undiscoverable. U.S. Bank objects to this RFP to the extent that it purports to require U.S. Bank to assemble, catalog, process, or categorize any information or documents in a manner other than as the same are kept in the ordinary course of business. Subject to and without waiving the foregoing, U.S. Bank has already produced all non-privileged responsive documents within U.S. Bank's custody, possession, or control to the Plaintiffs.

# EXHIBIT F

## Documents Produced by Caliber on June 9, 2014

| Bates Range | Name of entity where document originated | Date | Document Description |
|---|---|---|---|
| Caliber000001 - 0000004 | Caliber | Unknown | Delinquency Notes Log |
| Caliber000005 - 0000007 | Caliber | Unknown | Transaction History |
| Caliber000008 - 0000102 | Caliber | Unknown | Detailed Transaction History |
| Caliber000103 | Caliber | 10/30/2013 | Notice of Sale of Ownership of Mortgage Loan |
| Caliber000104 | Unknown | 6/24/2013 | USPS Delivery Confirmation |
| Caliber000105 | Unknown | 8/16/2008 | Direct Deposit Earnings Statement - Jose Trevino |
| Caliber000106 | Unknown | 8/25/2008 | Direct Deposit Earnings Statement - Teresa Trevino |
| Caliber000107 | Unknown | 2/16/2005 | Standard Flood Hazard Determination |
| Caliber000108 - 000110 | Unknown* | 9/27/2011 | Amended Notice of Trustee's Intent to Pay Claims |
| Caliber000111 - 000118 | HSBC | 1/4/2010 | Residential Broker Price Opinion |
| Caliber000119 | HSBC | 6/17/2009 | Payment Confirmation Letter |
| Caliber000120 | HSBC | 6/18/2009 | Payment Confirmation Letter |
| Caliber000121 | HSBC | 6/22/2009 | Payment Confirmation Letter |
| Caliber000122 | HSBC | 6/19/2009 | Payment Confirmation Letter |
| Caliber000123 | HSBC | 6/15/2009 | Payment Confirmation Letter |
| Caliber000124 | HSBC | 6/16/2009 | Payment Confirmation Letter |
| Caliber000125 | Unknown | Unknown | Wholesale Document Checklist |
| Caliber000126 - 000334 | Crevecor Mortgage | 2/21/2005 | Closing Documents |
| Caliber000335 - 000372 | HSBC | 12/20/2010 | HSBC Proof of Claim |
| Caliber000373 - 000400 | Crevecor Mortgage | 2/21/2005 | Deed of Trust |
| Caliber000401 - 000660 | Crevecor Mortgage/HSBC | 2/21/2005 | Collateral Loan File |
| Caliber000661 - 000688 | HSBC | 3/15/2010 | HSBC Loan Modification Application |
| Caliber000689 - 000691 | Unknown* | 1/24/2011 | Notice of Trustee's Intent to Pay Claims |
| Caliber000692 - 000693 | HSBC | 4/13/2011 | Letter requesting proof of payment of 2010 property taxes |
| Caliber000694 - 000695 | HSBC | 7/13/2011 | Letter requesting proof of payment of 2010 property taxes |
| Caliber000696 - 000697 | Unknown* | 8/26/2010 | Initial Order for Case Management in Chapter 13 Case signed by Judge Schmidt |
| Caliber000698 | Unknown* | 8/26/2010 | Initial Order Outling Debtors' Initial Responsibilities signed by Judge Schmidt |
| Caliber000699 | Unknown* | 8/26/2010 | Order Authorizing Use of Vehicles and Providing Adequate Protection signed by Judge Schmidt |
| Caliber000700 - 000701 | HSBC | 8/25/2010 | Letter from E. Stone to HSBC regarding Trevino bankruptcy filing |

# Documents Produced by Caliber on June 9, 2014

| | | | |
|---|---|---|---|
| Caliber000702 - 000704 | HSBC | 7/18/2013 | Corporate Assignment of Deed of Trust - MERS assigns to HSBC Mortgage Services |
| Caliber000705 - 000712 | Crevecor Mortgage | 2/21/2005 | Note |
| Caliber000713 - 000740 | Crevecor Mortgage | 2/21/2005 | Deed of Trust |
| Caliber000741 - 000743 | HSBC | Not dated | HSBC Notice of Post-Petition Fees, Expenses and Charges regarding 2010 and 2012 property taxes |
| Caliber000744 - 000747 | Unknown | 3/29/2013 | Limited Power of Attorney authorizing Buckley Madole to file proofs of claim and proof of claim supplements on behalf of certain companies |
| Caliber000748 - 000750 | Unknown | 7/18/2013 | Correspondence with Hidalgo county clerk regarding recording of assignment of Plaintiffs' mortgage loan from MERS to HSBC |
| Caliber000751 | Hidalgo County Tax Assessor | 6/10/2011 | Notarized Affidavit - to be signed by HSBC to claim refund of overage for tax payments from Hidalgo County Tax Assessor |
| Caliber000752 - 000756 | HSBC | 3/26/2010 | Loan Modification Analysis documents |
| Caliber000757 - 000759 | HSBC | 3/26/2010 | HSBC Screenshots relating to loss mitigation |
| Caliber000760 - 000762 | Unknown* | 4/14/2011 | Trustee's Motion to Dismiss |
| Caliber000763 - 000764 | Unknown* | 9/2/2011 | Trustee's Periodic Report to Debtor & Mortgagee and Notice of Bar Date |
| Caliber000765 - 000768 | Unknown* | 9/9/2010 | 341 Notice |
| Caliber000769 - 000770 | Unknown | Not dated | New Document Cover Sheet |
| Caliber000771 - 000773 | Unknown* | 9/8/2010 | Notice of Confirmation Hearing |
| Caliber000774 - 000775 | Unknown | Not dated | New Document Cover Sheet |
| Caliber000776 - 000779 | Unknown* | 9/9/2010 | 341 Notice |
| Caliber000780 | Unknown | Not dated | New Document Cover Sheet |
| Caliber000781 - 000783 | Unknown* | 9/8/2010 | Notice of Confirmation Hearing |
| Caliber000784 | Unknown | Not dated | New Document Cover Sheet |
| Caliber000785 - 000788 | Unknown | 9/2/2010 | Notice of Treatment of Mortgage Through Chapter 13 Plan |
| Caliber000789 | HSBC | 8/30/2010 | Letter from E. Stone regarding Trevino bankruptcy filing |
| Caliber000790 - 000792 | Unknown* | 9/27/2011 | Amended Notice of Trustee's Intent to Pay Claims |
| Caliber000793 - 000794 | HSBC | 6/9/2011 | Letter to Plaintiffs requesting proof of payment of 2010 property taxes |
| Caliber000795 - 000797 | HSBC | Not dated | Notice of Post-Petition Fees, Expenses and Charges relating to 2012 hazard insurance |
| Caliber000798 - 000800 | Unknown | 4/17/2012 | Limited Power of Attorney authorizing National Bankrutpcy Services to execute and file proofs of claim and supplements to proof of claim on behalf of certain companies |
| Caliber000801 | Unknown* | 11/18/2010 | Order Confirming Chapter 13 Plan signed by Judge Schmidt |

## Documents Produced by Caliber on June 9, 2014

| | | | |
|---|---|---|---|
| Caliber000802 | HSBC | 5/7/2009 | Temporary Rate Modification Worksheet |
| Caliber000803 - 000805 | HSBC | 5/7/2009 | HSBC Loss Mitigation Screen Shots |
| Caliber000806 - 000807 | HSBC | 5/7/2009 | Loan Modification Checklist |
| Caliber000808 | HSBC | 3/22/2010 | HSBC NRV Evaluation Checklist |
| Caliber000809 - 000810 | HSBC | 3/22/2010 | Loss Mitigation Market Value Summary |
| Caliber000811 - 000818 | HSBC | 1/4/2010 | Residential Broker's Price Opinion |
| Caliber000819 - 000825 | HSBC | 9/25/2012 | Assurant - Detailed Insurance Policy Information |
| Caliber000826 - 000853 | Crevecor Mortgage | 2/25/2005 | Deed of Trust |
| Caliber000854 - 000861 | Crevecor Mortgage | 2/25/2005 | Note |
| Caliber000862 | Unknown* | 8/25/2011 | Order Modifying Chapter 13 Plan signed by Judge Schmidt |

\* Plaintiffs cannot determine whether Caliber acquired copies of pleadings in Plaintiffs' bankruptcy case from HSBC or from the Court through PACER.

# EXHIBIT G

| ACCOUNT NUMBER | NOTE DATE | NOTE NUMBER | NOTE SEQUENCE NUMBER | TRANSACTION CODE | TELLER | TRANSACTION NOTES |
|---|---|---|---|---|---|---|
| 6789 | 1/28/2014 | 1705 | 1 | IPP | 23617 | INVESTOR RECOVERABLE CODE | 1.36 |
| 6789 | 1/27/2014 | 1528 | 1 | IPP | 23617 | INVESTOR RECOVERABLE CODE | 1.36 |
| 6789 | 1/21/2014 | 1250 | 1 | CIT | 5958 | 003 DONE 01/21/14 BY TLR 05958 |
| 6789 | 1/21/2014 | 1250 | 2 | CIT | 5958 | TSK TYP 673-C & D REVIEW |
| 6789 | 1/21/2014 | 1250 | 3 | CIT | 5958 | 003 rvwd task 673 1/21/14 added c&d to file per |
| 6789 | 1/21/2014 | 1250 | 4 | CIT | 5958 | Defensive Litigation Status no letter sent |
| 6789 | 1/21/2014 | 1250 | 5 | CIT | 5958 | verb |
| 6789 | 1/21/2014 | 1249 | 1 | SHC | 5958 | Cease and Desist letter received. |
| 6789 | 1/21/2014 | 1249 | 2 | NT | 5958 | CEASE & DESIST LETTER RECEIVED |
| 6789 | 1/16/2014 | 2302 | 1 | BKR | 500 | 01/16/14 - 09:19 - 29867 |
| 6789 | 1/16/2014 | 2302 | 2 | BKR | 500 | oved, Amount Approved: : 650 |
| 6789 | 1/16/2014 | 2302 | 3 | BKR | 500 | Reason for Denial/Partial Approval: |
| 6789 | 1/16/2014 | 2302 | 4 | BKR | 500 | : |
| 6789 | 1/16/2014 | 2302 | 5 | BKR | 500 | 01/14/14 - 09:19 - 29867 |
| 6789 | 1/16/2014 | 2302 | 6 | BKR | 500 | User has completed the |
| 6789 | 1/16/2014 | 2302 | 7 | BKR | 500 | FinancialInfo data form with the |
| 6789 | 1/16/2014 | 2302 | 8 | BKR | 500 | following entries:  Additional Fees |
| 6789 | 1/16/2014 | 2302 | 9 | BKR | 500 | Approved/Denied: : Approved  If Appr |
| 6789 | 1/16/2014 | 2302 | 10 | BKR | 500 | 01/15/14 - 20:23 - 15444 |
| 6789 | 1/16/2014 | 2302 | 11 | BKR | 500 | vel Requested: : $1-$999 |
| 6789 | 1/16/2014 | 2302 | 12 | BKR | 500 | 01/15/14 - 20:23 - 15444 |
| 6789 | 1/16/2014 | 2302 | 13 | BKR | 500 | kdown of Fees Requested: : Flat Fee |
| 6789 | 1/16/2014 | 2302 | 14 | BKR | 500 | Reason for Additional Fees: : |
| 6789 | 1/16/2014 | 2302 | 15 | BKR | 500 | Adversary Complaint Referral |
| 6789 | 1/16/2014 | 2302 | 16 | BKR | 500 | Additional Fee Approval Authority Le |
| 6789 | 1/16/2014 | 2302 | 17 | BKR | 500 | 01/15/14 - 20:23 - 15444 |
| 6789 | 1/16/2014 | 2302 | 18 | BKR | 500 | User has completed the |
| 6789 | 1/16/2014 | 2302 | 19 | BKR | 500 | AddFeeRequestClient data form with |
| 6789 | 1/16/2014 | 2302 | 20 | BKR | 500 | the following entries:  Additional |
| 6789 | 1/16/2014 | 2302 | 21 | BKR | 500 | Amount Requested: : 650  Hourly Brea |
| 6789 | 1/16/2014 | 1610 | 1 | CIT | 5783 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 6789 | 1/16/2014 | 1610 | 2 | CIT | 5783 | ▮ |
| 6789 | 1/16/2014 | 1609 | 1 | CIT | 5783 | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| 6789 | 1/16/2014 | 1608 | 1 | CIT | 5783 | ▮▮▮▮▮ |
| 6789 | 1/14/2014 | 921 | 1 | NT | 5828 | LPI Insurance premium paid on 01/13/2014 in the |
| 6789 | 1/14/2014 | 921 | 2 | NT | 5828 | amount of $2828.38 for the 11/1/2013 to 11/1/2014 |
| 6789 | 1/14/2014 | 921 | 3 | NT | 5828 | period. Policy #SLS07796745475. |
| 6789 | 1/8/2014 | 2304 | 1 | BKR | 500 | 01/07/14 - 12:03 - 25018 |
| 6789 | 1/8/2014 | 2304 | 2 | BKR | 500 | ▮▮▮▮▮ |
| 6789 | 1/8/2014 | 2304 | 3 | BKR | 500 | Other Pleading |
| 6789 | 1/8/2014 | 2304 | 4 | BKR | 500 | 01/07/14 - 12:03 - 25018 |
| 6789 | 1/8/2014 | 2304 | 5 | BKR | 500 | User has completed the |
| 6789 | 1/8/2014 | 2304 | 6 | BKR | 500 | BK_Pleading_Client data form with |
| 6789 | 1/8/2014 | 2304 | 7 | BKR | 500 | the following entries:  Equity |
| 6789 | 1/8/2014 | 2304 | 8 | BKR | 500 | picture analyzed, if needed: : No  A |
| 6789 | 1/8/2014 | 2304 | 9 | BKR | 500 | 01/07/14 - 12:03 - 25018 |
| 6789 | 1/8/2014 | 2304 | 10 | BKR | 500 | ▮▮▮▮▮▮ |
| 6789 | 1/8/2014 | 2304 | 11 | BKR | 500 | ▮▮▮▮▮▮▮ |
| 6789 | 1/8/2014 | 2304 | 12 | BKR | 500 | ▮▮ |
| 6789 | 1/8/2014 | 2304 | 13 | BKR | 500 | 01/07/14 - 12:03 - 25018 |
| 6789 | 1/8/2014 | 2304 | 14 | BKR | 500 | User has completed the |
| 6789 | 1/8/2014 | 2304 | 15 | BKR | 500 | PleadingResponseCompleted data form |
| 6789 | 1/8/2014 | 2304 | 16 | BKR | 500 | with the following entries: |
| 6789 | 1/8/2014 | 2304 | 17 | BKR | 500 | Summarize Action(s) Taken: : Adversa |
| 6789 | 1/8/2014 | 2304 | 18 | BKR | 500 | 01/07/14 - 12:03 - 25018 |
| 6789 | 1/8/2014 | 2304 | 19 | BKR | 500 | User has completed the |
| 6789 | 1/8/2014 | 2304 | 20 | BKR | 500 | BK_Pleading_Results data form with |
| 6789 | 1/8/2014 | 2304 | 21 | BKR | 500 | the following entries:  Type of |
| 6789 | 1/8/2014 | 2304 | 22 | BKR | 500 | Pleading: :  Pleading Results: : |
| 6789 | 1/8/2014 | 2304 | 23 | BKR | 500 | 01/07/14 - 12:03 - 25018 |
| 6789 | 1/8/2014 | 2304 | 24 | BKR | 500 | ▮▮▮▮ |
| 6789 | 1/8/2014 | 2304 | 25 | BKR | 500 | ▮▮▮▮▮▮▮ |
| 6789 | 1/8/2014 | 2304 | 26 | BKR | 500 | ▮▮▮▮ |

Caliber000001

| | | | | | |
|---|---|---|---|---|---|
| 6789 | 1/8/2014 | 2304 | 28 | BKR | 500 User has completed the |
| 6789 | 1/8/2014 | 2304 | 29 | BKR | 500 BK_Pleading_Results_Client data |
| 6789 | 1/8/2014 | 2304 | 30 | BKR | 500 form with the following entries: |
| 6789 | 1/8/2014 | 2304 | 31 | BKR | 500 Further Attorney Action Required: : |
| 6789 | 1/7/2014 | 2305 | 1 | BKR | 500 01/07/14 - 12:03 - 25018 |
| 6789 | 1/7/2014 | 2305 | 2 | BKR | 500 ttorney Action Requested: : Yes - |
| 6789 | 1/7/2014 | 2305 | 3 | BKR | 500 Other Pleading |
| 6789 | 1/7/2014 | 2305 | 4 | BKR | 500 01/07/14 - 12:03 - 25018 |
| 6789 | 1/7/2014 | 2305 | 5 | BKR | 500 User has completed the |
| 6789 | 1/7/2014 | 2305 | 6 | BKR | 500 BK_Pleading_Client data form with |
| 6789 | 1/7/2014 | 2305 | 7 | BKR | 500 the following entries:  Equity |
| 6789 | 1/7/2014 | 2305 | 8 | BKR | 500 picture analyzed, if needed: : No  A |
| 6789 | 1/7/2014 | 2305 | 9 | BKR | 500 01/07/14 - 12:03 - 25018 |
| 6789 | 1/7/2014 | 2305 | 10 | BKR | 500 ███████████ |
| 6789 | 1/7/2014 | 2305 | 11 | BKR | 500 ████████████████████ |
| 6789 | 1/7/2014 | 2305 | 12 | BKR | 500 ██████ |
| 6789 | 1/7/2014 | 2305 | 13 | BKR | 500 01/07/14 - 12:03 - 25018 |
| 6789 | 1/7/2014 | 2305 | 14 | BKR | 500 User has completed the |
| 6789 | 1/7/2014 | 2305 | 15 | BKR | 500 BK_Pleading_Results_Client data |
| 6789 | 1/7/2014 | 2305 | 16 | BKR | 500 form with the following entries: |
| 6789 | 1/7/2014 | 2305 | 17 | BKR | 500 Further Attorney Action Required: : |
| 6789 | 1/7/2014 | 2305 | 18 | BKR | 500 01/07/14 - 12:03 - 25018 |
| 6789 | 1/7/2014 | 2305 | 19 | BKR | 500 User has completed the |
| 6789 | 1/7/2014 | 2305 | 20 | BKR | 500 BK_Pleading_Results data form with |
| 6789 | 1/7/2014 | 2305 | 21 | BKR | 500 the following entries:  Type of |
| 6789 | 1/7/2014 | 2305 | 22 | BKR | 500 Pleading: :   Pleading Results: : |
| 6789 | 1/7/2014 | 2305 | 23 | BKR | 500 01/07/14 - 12:03 - 25018 |
| 6789 | 1/7/2014 | 2305 | 24 | BKR | 500 █████████████████ |
| 6789 | 1/7/2014 | 2305 | 25 | BKR | 500 ████████████████████ |
| 6789 | 1/7/2014 | 2305 | 26 | BKR | 500 ██████ |
| 6789 | 1/7/2014 | 2305 | 27 | BKR | 500 01/07/14 - 12:03 - 25018 |
| 6789 | 1/7/2014 | 2305 | 28 | BKR | 500 User has completed the |
| 6789 | 1/7/2014 | 2305 | 29 | BKR | 500 PleadingResponseCompleted data |
| 6789 | 1/7/2014 | 2305 | 30 | BKR | 500 with the following entries: |
| 6789 | 1/7/2014 | 2305 | 31 | BKR | 500 Summarize Action(s) Taken: : Adversa |
| 6789 | 1/7/2014 | 2305 | 32 | BKR | 500 01/07/14 - 11:39 - 29867 |
| 6789 | 1/7/2014 | 2305 | 33 | BKR | 500 rustee for LSF8 Master |
| 6789 | 1/7/2014 | 2305 | 34 | BKR | 500 Participation Trust, Caliber Home |
| 6789 | 1/7/2014 | 2305 | 35 | BKR | 500 Loans,.. Fee Amount $293 |
| 6789 | 1/7/2014 | 2305 | 36 | BKR | 500 (Attachment |
| 6789 | 1/7/2014 | 2305 | 37 | BKR | 500 01/07/14 - 11:39 - 29867 |
| 6789 | 1/7/2014 | 2305 | 38 | BKR | 500 )),(91 (Declaratory judgment)) |
| 6789 | 1/7/2014 | 2305 | 39 | BKR | 500 Complaint by Teresa Trevino, Jose |
| 6789 | 1/7/2014 | 2305 | 40 | BKR | 500 Sr. Trevino against HSBC Mortgage |
| 6789 | 1/7/2014 | 2305 | 41 | BKR | 500 Services, Inc., U.S. Bank, N.A. as T |
| 6789 | 1/7/2014 | 2305 | 42 | BKR | 500 01/07/14 - 11:39 - 29867 |
| 6789 | 1/7/2014 | 2305 | 43 | BKR | 500 Adversary.  Docket text: Case |
| 6789 | 1/7/2014 | 2305 | 44 | BKR | 500 Number: 10-70594 Docket Text: |
| 6789 | 1/7/2014 | 2305 | 45 | BKR | 500 Adversary case 13-07031. Nature of |
| 6789 | 1/7/2014 | 2305 | 46 | BKR | 500 Suit: (72 (Injunctive relief - other |
| 6789 | 1/7/2014 | 2305 | 47 | BKR | 500 01/07/14 - 11:39 - 29867 |
| 6789 | 1/7/2014 | 2305 | 48 | BKR | 500 User has completed the  BK_Pleading |
| 6789 | 1/7/2014 | 2305 | 49 | BKR | 500 data form with the following |
| 6789 | 1/7/2014 | 2305 | 50 | BKR | 500 entries:  Notification Text: : |
| 6789 | 1/7/2014 | 2305 | 51 | BKR | 500 Notification received via AACER of a |
| 6789 | 1/6/2014 | 2302 | 1 | BKR | 500 01/06/14 - 12:11 - 00012 |
| 6789 | 1/6/2014 | 2302 | 2 | BKR | 500 PM PMImport - (Cont) - Exhibits |
| 6789 | 1/6/2014 | 2302 | 3 | BKR | 500 G-J # 3 Exhibits K-P) (Kellett, |
| 6789 | 1/6/2014 | 2302 | 4 | BKR | 500 Karen) (Entered: 12/30/2013) |
| 6789 | 1/6/2014 | 2302 | 5 | BKR | 500 Status: Active |
| 6789 | 1/6/2014 | 2302 | 6 | BKR | 500 01/06/14 - 12:11 - 00012 |
| 6789 | 1/6/2014 | 2302 | 7 | BKR | 500 LSF8 Master Participation Trust, |
| 6789 | 1/6/2014 | 2302 | 8 | BKR | 500 Caliber Home Loans, Inc.. Fee |
| 6789 | 1/6/2014 | 2302 | 9 | BKR | 500 Amount $293 (Attachments: # 1 |

**Caliber000002**

| 6789 | 1/6/2014 | 2302 | 11 | BKR | 500 | 01/06/14 - 12:11 - 00012 |
|------|----------|------|----|-----|-----|---------------------------|
| 6789 | 1/6/2014 | 2302 | 12 | BKR | 500 | claratory judgment)) Complaint by |
| 6789 | 1/6/2014 | 2302 | 13 | BKR | 500 | Teresa Trevino, Jose Sr. Trevino |
| 6789 | 1/6/2014 | 2302 | 14 | BKR | 500 | against HSBC Mortgage Services, |
| 6789 | 1/6/2014 | 2302 | 15 | BKR | 500 | Inc., U.S. Bank, N.A. as Trustee for |
| 6789 | 1/6/2014 | 2302 | 16 | BKR | 500 | 01/06/14 - 12:11 - 00012 |
| 6789 | 1/6/2014 | 2302 | 17 | BKR | 500 | Issue Comments: Case Number: |
| 6789 | 1/6/2014 | 2302 | 18 | BKR | 500 | 10-70594  Docket Text: Adversary |
| 6789 | 1/6/2014 | 2302 | 19 | BKR | 500 | case 13-07031. Nature of Suit: (72 |
| 6789 | 1/6/2014 | 2302 | 20 | BKR | 500 | (Injunctive relief - other),(91 (De |
| 6789 | 1/6/2014 | 2302 | 21 | BKR | 500 | 01/06/14 - 12:11 - 00012 |
| 6789 | 1/6/2014 | 2302 | 22 | BKR | 500 | System updated for the following |
| 6789 | 1/6/2014 | 2302 | 23 | BKR | 500 | event: User has created a |
| 6789 | 1/6/2014 | 2302 | 24 | BKR | 500 | Process-Level issue for this |
| 6789 | 1/6/2014 | 2302 | 25 | BKR | 500 | loan.Issue Type: BK AACER Adversary. |
| 6789 | 1/6/2014 | 2302 | 26 | BKR | 500 | 01/06/14 - 12:11 - 00012 |
| 6789 | 1/6/2014 | 2302 | 27 | BKR | 500 | PM PMImport - (Cont) - # 2 Exhibits |
| 6789 | 1/6/2014 | 2302 | 28 | BKR | 500 | G-J # 3 Exhibits K-P) (Kellett, |
| 6789 | 1/6/2014 | 2302 | 29 | BKR | 500 | Karen) (Entered: 12/30/2013) |
| 6789 | 1/6/2014 | 2302 | 30 | BKR | 500 | Status: Active |
| 6789 | 1/6/2014 | 2302 | 31 | BKR | 500 | 01/06/14 - 12:11 - 00012 |
| 6789 | 1/6/2014 | 2302 | 32 | BKR | 500 | LSF8 Master Participation Trust, |
| 6789 | 1/6/2014 | 2302 | 33 | BKR | 500 | Caliber Home Loans, Inc.. Fee |
| 6789 | 1/6/2014 | 2302 | 34 | BKR | 500 | Amount $293 (Attachments: # 1 |
| 6789 | 1/6/2014 | 2302 | 35 | BKR | 500 | Exhibits A-F # 2 |
| 6789 | 1/6/2014 | 2302 | 36 | BKR | 500 | 01/06/14 - 12:11 - 00012 |
| 6789 | 1/6/2014 | 2302 | 37 | BKR | 500 | claratory judgment)) Complaint by |
| 6789 | 1/6/2014 | 2302 | 38 | BKR | 500 | Teresa Trevino, Jose Sr. Trevino |
| 6789 | 1/6/2014 | 2302 | 39 | BKR | 500 | against HSBC Mortgage Services, |
| 6789 | 1/6/2014 | 2302 | 40 | BKR | 500 | Inc., U.S. Bank, N.A. as Trustee for |
| 6789 | 1/6/2014 | 2302 | 41 | BKR | 500 | 01/06/14 - 12:11 - 00012 |
| 6789 | 1/6/2014 | 2302 | 42 | BKR | 500 | sue Comments: Case Number: 10-70594 |
| 6789 | 1/6/2014 | 2302 | 43 | BKR | 500 | Docket Text: Adversary case |
| 6789 | 1/6/2014 | 2302 | 44 | BKR | 500 | 13-07031. Nature of Suit: (72 |
| 6789 | 1/6/2014 | 2302 | 45 | BKR | 500 | (Injunctive relief - other),(91 (De |
| 6789 | 1/6/2014 | 2302 | 46 | BKR | 500 | 01/06/14 - 12:11 - 00012 |
| 6789 | 1/6/2014 | 2302 | 47 | BKR | 500 | System updated for the following |
| 6789 | 1/6/2014 | 2302 | 48 | BKR | 500 | event: User has created a |
| 6789 | 1/6/2014 | 2302 | 49 | BKR | 500 | Process-Level issue for this |
| 6789 | 1/6/2014 | 2302 | 50 | BKR | 500 | loan.Issue Type: BK AACER Review. Is |
| 6789 | 12/31/2013 | 1526 | 1 | CIT | 18010 | 001 DONE 12/31/13 BY TLR 18010 |
| 6789 | 12/31/2013 | 1526 | 2 | CIT | 18010 | TSK TYP 542-ARM AUDIT REVIE |
| 6789 | 12/31/2013 | 1526 | 3 | CIT | 18010 | 001 ASSIGNED FOR ARM AUDIT REVIEW |
| 6789 | 12/31/2013 | 1526 | 4 | CIT | 18010 | 001 ASSIGNED FOR ARM AUDIT REVIEW |
| 6789 | 12/16/2013 | 956 | 1 | DM | 5641 | BREACH HOLD REMOVED MANUALLY |
| 6789 | 12/12/2013 | 0 | 1 | NT | 5101 | 2ND HAZ LETTER |
| 6789 | 12/11/2013 | 2302 | 1 | BKR | 500 | 12/11/13 - 11:40 - 34107 |
| 6789 | 12/11/2013 | 2302 | 2 | BKR | 500 | ction. Comments: Process closed - |
| 6789 | 12/11/2013 | 2302 | 3 | BKR | 500 | Supplemental POC   . |
| 6789 | 12/11/2013 | 2302 | 4 | BKR | 500 | 12/11/13 - 11:40 - 34107 |
| 6789 | 12/11/2013 | 2302 | 5 | BKR | 500 | System updated for the following |
| 6789 | 12/11/2013 | 2302 | 6 | BKR | 500 | event: User has ended the Issue |
| 6789 | 12/11/2013 | 2302 | 7 | BKR | 500 | associated with this loan. Issue |
| 6789 | 12/11/2013 | 2302 | 8 | BKR | 500 | Type: BK Action Stop i Other Legal A |
| 6789 | 12/10/2013 | 2302 | 1 | BKR | 500 | 12/10/13 - 16:15 - 34107 |
| 6789 | 12/10/2013 | 2302 | 2 | BKR | 500 | e dates assessed are different. |
| 6789 | 12/10/2013 | 2302 | 3 | BKR | 500 | Please advise which referral should |
| 6789 | 12/10/2013 | 2302 | 4 | BKR | 500 | the NFC be for. Thank you. Status: |
| 6789 | 12/10/2013 | 2302 | 5 | BKR | 500 | Active |
| 6789 | 12/10/2013 | 2302 | 6 | BKR | 500 | 12/10/13 - 16:15 - 34107 |
| 6789 | 12/10/2013 | 2302 | 7 | BKR | 500 | her Legal Action. Issue Comments: |
| 6789 | 12/10/2013 | 2302 | 8 | BKR | 500 | Please close one BK_suppPOC_1 |
| 6789 | 12/10/2013 | 2302 | 9 | BKR | 500 | process as there appears to be two |
| 6789 | 12/10/2013 | 2302 | 10 | BKR | 500 | referrals for the same county and th |

Caliber000003

| 6789 | 12/10/2013 | 2302 | 12 | BKR | 500 | System updated for the following |
| 6789 | 12/10/2013 | 2302 | 13 | BKR | 500 | event: User has created a |
| 6789 | 12/10/2013 | 2302 | 14 | BKR | 500 | Process-Level issue for this |
| 6789 | 12/10/2013 | 2302 | 15 | BKR | 500 | loan.Issue Type: BK Action Stop í Ot |
| 6789 | 11/27/2013 | 1330 | 1 | BKR | 5689 | BANKRUPTCY     LA VENDOR 002200326 ADDED |
| 6789 | 11/27/2013 | 0 | 1 | IPP | 32551 | INV RECOVERABLE CODE           25.00 |
| 6789 | 11/26/2013 | 1438 | 1 | NT | 5699 | Section 404 Letter Mailed 10/30/13 |
| 6789 | 11/25/2013 | 2302 | 1 | BKR | 500 | 11/25/13 - 13:01 - 00012 |
| 6789 | 11/25/2013 | 2302 | 2 | BKR | 500 | Active |
| 6789 | 11/25/2013 | 2302 | 3 | BKR | 500 | 11/25/13 - 13:01 - 00012 |
| 6789 | 11/25/2013 | 2302 | 4 | BKR | 500 | INC. (Claim No. 21) To Caliber Home |
| 6789 | 11/25/2013 | 2302 | 5 | BKR | 500 | Loans, Inc. Fee Amount $25 Filed by |
| 6789 | 11/25/2013 | 2302 | 6 | BKR | 500 | U.S. BANK TRUST, N.A. (Rafferty, |
| 6789 | 11/25/2013 | 2302 | 7 | BKR | 500 | John) (Entered: 11/18/2013) Status: |
| 6789 | 11/25/2013 | 2302 | 8 | BKR | 500 | 11/25/13 - 13:01 - 00012 |
| 6789 | 11/25/2013 | 2302 | 9 | BKR | 500 | sue Comments: Case Number: 10-70594 |
| 6789 | 11/25/2013 | 2302 | 10 | BKR | 500 | Docket Text: Transfer of Claim |
| 6789 | 11/25/2013 | 2302 | 11 | BKR | 500 | Transfer Agreement 3001 (e) 4 |
| 6789 | 11/25/2013 | 2302 | 12 | BKR | 500 | Transferor: HSBC MORTGAGE SERVICES, |
| 6789 | 11/25/2013 | 2302 | 13 | BKR | 500 | 11/25/13 - 13:01 - 00012 |
| 6789 | 11/25/2013 | 2302 | 14 | BKR | 500 | System updated for the following |
| 6789 | 11/25/2013 | 2302 | 15 | BKR | 500 | event: User has created a |
| 6789 | 11/25/2013 | 2302 | 16 | BKR | 500 | Process-Level issue for this |
| 6789 | 11/25/2013 | 2302 | 17 | BKR | 500 | loan.Issue Type: BK AACER Review. Is |
| 6789 | 11/23/2013 | 1200 | 1 | BKR | 24190 | FILE PROOF OF CLAIM (1503) COMPLETED 12/31/10 |
| 6789 | 11/19/2013 | 2303 | 1 | BKR | 500 | 11/18/13 - 19:38 - 12500 |
| 6789 | 11/19/2013 | 2303 | 2 | BKR | 500 | Amount of Fees Non-Recoverable:: : |
| 6789 | 11/19/2013 | 2303 | 3 | BKR | 500 | 75.00  Amount of Costs Recoverable: |
| 6789 | 11/19/2013 | 2303 | 4 | BKR | 500 | : 0.00  Amount of Costs |
| 6789 | 11/19/2013 | 2303 | 5 | BKR | 500 | Non-Recoverable:: : 0.00 |
| 6789 | 11/19/2013 | 2303 | 6 | BKR | 500 | 11/18/13 - 19:38 - 12500 |
| 6789 | 11/19/2013 | 2303 | 7 | BKR | 500 | User has completed the |
| 6789 | 11/19/2013 | 2303 | 8 | BKR | 500 | AttorneyRecoverabilityReview data |
| 6789 | 11/19/2013 | 2303 | 9 | BKR | 500 | form with the following entries: |
| 6789 | 11/19/2013 | 2303 | 10 | BKR | 500 | Amount of Fees Recoverable:: : 0.00 |
| 6789 | 11/15/2013 | 1853 | 1 | NT | 5699 | Section 404 notice mailed 10/30/13 |
| 6789 | 11/12/2013 | 0 | 1 | NT | 5101 | 1ST HAZ  LETTER |
| 6789 | 11/9/2013 | 1509 | 1 | DM | 70 | BREACH HOLD PLACED-EXPIRATION DATE 02/06/14 |
| 6789 | 11/9/2013 | 1402 | 1 | BKR | 70 | PLAN CONFIRMED     (1605) COMPLETED 11/18/10 |
| 6789 | 11/9/2013 | 1402 | 2 | BKR | 70 | MEETING OF CREDITORS (1601) COMPLETED 10/07/10 |
| 6789 | 11/9/2013 | 1402 | 3 | BKR | 70 | BANKRUPTCY FILED    (1500) COMPLETED 08/25/10 |
| 6789 | 11/9/2013 | 1402 | 4 | BKR | 70 | APPROVED FOR BKR 08/25/10 |
| 6789 | 11/9/2013 | 853 | 1 | CLS | 74 | 0000O/B 000091500.00 P/B 000083845.28 09/01/13 |

Caliber000004

Caliber000005

| Account Number | Tran Date | Tran Time | Tran Sequence Number | Tran Effective Date | Tran Code | Tran Name | Transaction Amount | Amount To PRI | Amount To Int | Amount To Esc |
|---|---|---|---|---|---|---|---|---|---|---|
| 6789 | 11/9/2013 | 5707 | 5 | 11/9/2013 | AA | ADMINISTRATIVE ADJUSTMENT | $0.00 | $0.00 | $0.00 | $0.00 |
| 6789 | 11/9/2013 | 5707 | 2 | 11/9/2013 | UI | UNCOLLECTED INTEREST OR LATE CHARGE | $0.00 | $0.00 | $0.00 | $0.00 |
| 6789 | 11/9/2013 | 5707 | 1 | 11/9/2013 | AA | ADMINISTRATIVE ADJUSTMENT | $0.00 | $0.00 | $0.00 | $0.00 |
| 6789 | 11/9/2013 | 5830 | 1 | 11/9/2013 | AA | ADMINISTRATIVE ADJUSTMENT | $0.00 | $0.00 | $0.00 | $0.00 |
| 6789 | 11/9/2013 | 5917 | 3 | 11/9/2013 | FB | FEES BILLED | $7,845.60 | | | |
| 6789 | 11/9/2013 | 5917 | 1 | 11/9/2013 | FB | FEES BILLED | $12,649.86 | | | |
| 6789 | 11/9/2013 | 6043 | 1 | 11/9/2013 | FB | FEES BILLED | $12.50 | | | |
| 6789 | 11/27/2013 | 9600 | 2 | 10/1/2055 | FB | FEES BILLED | $50.00 | | | |
| 6789 | 11/30/2013 | 6145 | 11 | 11/25/2013 | RP | REGULAR PAYMENT | $697.80 | $117.87 | $579.93 | $0.00 |
| 6789 | 11/30/2013 | 6145 | 6 | 11/25/2013 | SR | SINGLE ITEM RECEIPT | $275.23 | $0.00 | $0.00 | $0.00 |
| 6789 | 11/30/2013 | 6145 | 1 | 11/25/2013 | SR | SINGLE ITEM RECEIPT | $68.09 | $0.00 | $0.00 | $0.00 |
| 6789 | 11/30/2013 | 6146 | 1 | 11/25/2013 | SR | SINGLE ITEM RECEIPT | $118.65 | $0.00 | $0.00 | $0.00 |
| 6789 | 12/23/2013 | 6423 | 6 | 12/23/2013 | RP | REGULAR PAYMENT | $697.80 | $118.69 | $579.11 | $0.00 |
| 6789 | 12/23/2013 | 6423 | 4 | 12/23/2013 | RP | REGULAR PAYMENT | $697.80 | $119.51 | $578.29 | $0.00 |
| 6789 | 12/23/2013 | 6423 | 1 | 12/23/2013 | SR0 | SINGLE ITEM REVERSAL | ($72.73) | $0.00 | $0.00 | $0.00 |
| 6789 | 1/13/2014 | 9600 | 1 | 1/13/2014 | E20 | ESCROW DISBURSEMENT | ($2,828.38) | $0.00 | $0.00 | ($2,828.38) |

Caliber000006

| Amount To LTC | Amount To Fees | Amount To UF | Amount To Deferred Pri Buyers Assistance | Amount To Admin Adjust | Admin Adjust Desc | Fee Code | Fee Description | Amount To Optional Products |
|---|---|---|---|---|---|---|---|---|
| $0.00 | | $864.72 | | | | | | $0.00 |
| ($1,024.80) | | $0.00 | | | | | | $0.00 |
| ($1,024.80) | | $0.00 | | | | | | $0.00 |
| $0.00 | | $0.00 | | | | | | $0.00 |
| | $7,845.60 | | | | | 164 | CORP ADV 3 FPTAX | |
| | $12,649.86 | | | | | 165 | CORP ADV 4 FPINS | |
| | $12.50 | | | | | 36 | CORP ADV 1 GENERAL | |
| | $50.00 | | | | | 40 | EXPENSE ADVANCES | |
| $0.00 | | $0.00 | | | | | | $0.00 |
| $0.00 | | $275.23 | | | | | | $0.00 |
| $0.00 | | $68.09 | | | | | | $0.00 |
| $0.00 | | $118.65 | | | | | | $0.00 |
| $0.00 | | $0.00 | | | | | | $0.00 |
| $0.00 | | $0.00 | | | | | | $0.00 |
| $0.00 | | ($72.73) | | | | | | $0.00 |
| $0.00 | | $0.00 | | | | | | $0.00 |

Caliber000007

| Paid To Date | PRI Balance After Transaction |
|---|---|
| 9/1/2013 | $83,845.28 |
| 9/1/2013 | $0.00 |
| 9/1/2013 | $83,845.28 |
| 9/1/2013 | $83,845.28 |
| 9/1/2013 | |
| 9/1/2013 | |
| 9/1/2013 | |
| 9/1/2013 | |
| 10/1/2013 | $83,727.41 |
| 10/1/2013 | $83,727.41 |
| 10/1/2013 | $83,727.41 |
| 10/1/2013 | $83,727.41 |
| 11/1/2013 | $83,608.72 |
| 12/1/2013 | $83,489.21 |
| 12/1/2013 | $83,489.21 |
| 12/1/2013 | $83,489.21 |

Caliber000008

| Vendor Transaction Code | Description | Interest Amount | Escrow Amount | Total Amount | Applied Suspense |
|---|---|---|---|---|---|
| FB | 3141.01 164 CORP ADV 3 F/P HAZARD | | | | |
| RPP | PAID 1800.00 DUE 1800.00 SHORT .00 TELLER 102 | | | | |
| RPP | NO. OF PLAN PMTS=01 | | | | |
| UI | .00 .00 .00 | 0.0000 | | | |
| AMC | P&I PYMT CHG OLD 823.33 NEW 824.30 | | 824.3000 | | |
| AP | 824.30 53.36 770.94 .00 | 770.9400 | 0.0000 | | |
| FWA | 217.13 164 CORP ADV 3 F/P HAZARD | | | | |
| UFF | UNAPPLIED FUNDS (2) 758.57 BALANCE 758.57 | | | | |
| SRA | .00 758.57 .00 .00 | 0.0000 | 0.0000 | | |
| UFU | UNAPPLIED FUNDS (1) 758.57 BALANCE 758.57 | | | | |
| UFF | UNAPPLIED FUNDS (2) 758.57 BALANCE 0.00 - | | | | |
| SRA | .00 .00 .00 .00 | 0.0000 | 0.0000 | | |
| FB | 12.50 36 CORP ADV 1 | | | | |
| RPP | PAID 962.41 DUE 962.41 SHORT .00 TELLER 102 | | | | |
| RPP | NO. OF PLAN PMTS=01 | | | | |
| UI | .00 .00 .00 | 0.0000 | 0.0000 | | |
| AP | 824.30 53.82 770.48 .00 | 770.4800 | 0.0000 | | |
| FWA | 36.19 164 CORP ADV 3 F/P HAZARD | | | | |
| UFF | UNAPPLIED FUNDS (2) 101.92 BALANCE 101.92 | | | | |
| SRA | .00 101.92 .00 .00 | 0.0000 | 0.0000 | | |
| UFU | UNAPPLIED FUNDS (1) 101.92 BALANCE 860.49 | | | | |
| UFF | UNAPPLIED FUNDS (2) 101.92 BALANCE 0.00 - | | | | |
| SRA | .00 .00 .00 .00 | 0.0000 | 0.0000 | | |
| UFU | UNAPPLIED FUNDS (1) 860.49 BALANCE 0.00 - | | | | |

Caliber000009

| Code | Detail | Value | Rate1 | Rate2 |
|---|---|---|---|---|
| SR7 | .00 .00   -860.49 .00 .00 | | 0.0000 | 0.0000 |
| UI | .00 .00   .00 .00 .00 | | 0.0000 | 0.0000 |
| RP | 824.30 54.28   770.02 .00 | | 770.0200 | 0.0000 |
| FWP | 36.19 164 CORP ADV 3 F/P HAZARD | | | |
| RPP | NO. OF PLAN PMTS=01 | | | |
| UI | .00 .00 .00   .00 .00 .00 | | 0.0000 | 0.0000 |
| AMC | INTEREST RATE CHG OLD 10.37500 NEW 9.37500 | | 9.3750 | |
| AP | 824.30 55.70   768.60 .00 | | 788.6000 | 0.0000 |
| FWA | 123.45 164 CORP ADV 3 F/P HAZARD | | | |
| UFF | UNAPPLIED FUNDS (2) 761.23 BALANCE 0.00   - | | | |
| SRA | -761.23 .00   -761.23 .00 | | 0.0000 | 0.0000 |
| RPP | PAID 884.67 DUE 884.67 SHORT .00 TELLER 913 | | | |
| RPP | NO. OF PLAN PMTS=0 | | | |
| UI | .00 .00 .00   .00 .00 .00 | | 0.0000 | 0.0000 |
| AMC | P&I PYMT CHG OLD 824.30 NEW 761.23 | | 761.2300 | |
| AP | 761.23 67.15   694.08 .00 | | 694.0800 | 0.0000 |
| FWA | 123.44 164 CORP ADV 3 F/P HAZARD | | | |
| SRA | .00 .00   .00 .00 | | 0.0000 | 0.0000 |
| UXI | 2080.68*   2080.68* | | 2080.6800 | |
| AA | .00 .00   .00 .00 | | 0.0000 | 0.0000 |
| AP | 761.23 67.67   693.56 .00 | | 693.5600 | 0.0000 |
| FWA | 123.45 164 CORP ADV 3 F/P HAZARD | | | |
| FB | 3141.01 164 CORP ADV 3 F/P HAZARD | | | |
| AA | .00 .00   .00 .00 | | 0.0000 | 0.0000 |
| AA | .00 .00   .00 .00 | | 0.0000 | 0.0000 |

Caliber0000010

| Code | Description | | |
|---|---|---|---|
| RPP | PAID 1895.50 DUE 1895.00 OVER .50 TELLER 92 | | |
| RPP | NO. OF PLAN PMTS=0 | | |
| UI | .00 .00 .00 | 0.0000 | 0.0000 |
| AP | 824.30 54.75 | 769.5500 | 0.0000 |
| UI | 769.55 .00 .00 | | |
| AP | .00 .00 55.23 | 0.0000 | 0.0000 |
| FWA | 824.30 | 769.0700 | |
| FWA | 769.07 .00 | | |
| | 144.76 164 CORP ADV 3 F/P HAZARD | | |
| | 102.14 164 CORP ADV 3 F/P HAZARD | | |
| SRA | .00 .00 .00 | 0.0000 | 0.0000 |
| UFU | UNAPPLIED FUNDS (1) | | |
| | 761.23 BALANCE 761.23 | | |
| SRA | 761.23 .00 .00 | 0.0000 | 0.0000 |
| RPP | PAID 761.23 DUE 761.23 | | |
| UFF | SHORT .00 TELLER 12053 | | |
| RPP | NO. OF PLAN PMTS=0 | | |
| | UNAPPLIED FUNDS (2) | | |
| | 761.23 BALANCE 761.23 | | |
| SR | 761.23 .00 .00 | 0.0000 | 0.0000 |
| UFU | .00 | | |
| | UNAPPLIED FUNDS (1) - | | |
| | 761.23 BALANCE 0.00 .00 | | |
| SR0 | -761.23 .00 .00 | 0.0000 | 0.0000 |
| RPP | PAID 186.52 DUE 186.52 SHORT .00 TELLER 913 | | |
| FB | 1055.28 40 EXPENSE ADVANCES | | |
| FB | 1053.68 40 EXPENSE ADVANCES | | |
| FB | 776.81 166 CORP ADV 5 CO C1 TWIN | | |
| FB | 403.68 40 EXPENSE ADVANCES | | |
| UI | .00 .00 .00 | 0.0000 | 0.0000 |
| AA | .00 | 0.0000 | 0.0000 |

Caliber000011

| Code | Description | | |
|---|---|---|---|
| FB | 3139.21 164 CORP ADV 3 F/P HAZARD | | |
| POS | PAID  697.80 DUE  697.80 SHORT  .00 TELLER 14609 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| UF* | UNAPPLIED FUNDS (2) 697.80  BALANCE  697.80 | | |
| SR | 697.80  .00  .00 | 0.0000 | |
| UFO | UNAPPLIED FUNDS (4) 1395.60  BALANCE  1395.60 | | |
| SR | 1395.60  .00  .00 | 0.0000 | |
| UFO | UNAPPLIED FUNDS (4)  - 697.80  BALANCE  697.80 | | |
| SR7 | -697.80  .00  .00 | 0.0000 | |
| POS | PAID  697.80 DUE  697.80 SHORT  .00 TELLER 13020 | | |
| POS | NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS= 1 | | |
| AMC | INTEREST RATE CHG OLD 9.37500 NEW   8.37500 | 8.3750 | |
| RP | 761.23  68.20 693.03  .00 | 693.0300 | 0.0000 |
| UF* | UNAPPLIED FUNDS (2)  - 63.43  BALANCE   634.37 | - | |
| SR0 | -63.43  .00  .00 | 0.0000 | 0.0000 |
| UFO | UNAPPLIED FUNDS (4)  - 697.80  BALANCE  0.00 | - | |
| SR7 | -697.80  .00  .00 | 0.0000 | 0.0000 |
| POS | PAID  697.80 DUE  697.80 SHORT  .00 TELLER 13020 | | |
| POS | NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS= 1 | | |
| AMC | P&I PYMT CHG   OLD 761.23  NEW   702.23 | | 702.2300 |
| RP | 702.23  83.60 618.63  .00 | 618.6300 | 0.0000 |
| UF* | UNAPPLIED FUNDS (2)  - 4.43  BALANCE   629.94 | - | |
| SR0 | -4.43  .00  .00 | 0.0000 | 0.0000 |

Caliber000012

| Code | Detail | | |
|---|---|---|---|
| UFO | UNAPPLIED FUNDS (4) 1395.60 1395.60 .00 .00 | | |
| SR | .00 1395.60 BALANCE .00 .00 | 0.0000 | |
| UFO | UNAPPLIED FUNDS (4) 697.80 BALANCE 697.80 - | | |
| SR7 | .00 -697.80 .00 .00 | 0.0000 | 0.0000 |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 13872 | | |
| POS | NO. OF PLAN PMTS=0 | | |
| RP | 702.23 84.19 | 618.0400 | 0.0000 |
| UF* | 618.04 .00 UNAPPLIED FUNDS (2) - 4.43 BALANCE 625.51 | | |
| SR0 | .00 -4.43 .00 .00 | 0.0000 | |
| UFO | UNAPPLIED FUNDS (4) 697.80 BALANCE 0.00 - | | |
| SR7 | .00 -697.80 .00 .00 | 0.0000 | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 13872 | | |
| POS | NO. OF PLAN PMTS=0 | | |
| RP | 702.23 84.77 | 617.4600 | 617.4600 |
| UF* | 617.46 .00 UNAPPLIED FUNDS (2) - 4.43 BALANCE 621.08 | | |
| SR0 | .00 -4.43 .00 .00 | 0.0000 | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 10528 | | |
| POS | NO. OF PLAN PMTS=0 | | |
| RP | 702.23 85.36 | 616.8700 | 616.8700 |
| UF* | 616.87 .00 UNAPPLIED FUNDS (2) - 4.43 BALANCE 616.65 | | |
| SR0 | .00 -4.43 .00 .00 | 0.0000 | 0.0000 |
| UFO | UNAPPLIED FUNDS (4) 1395.60 BALANCE 1395.60 | | |
| SR | .00 1395.60 .00 .00 | 0.0000 | 0.0000 |
| UFO | UNAPPLIED FUNDS (4) 697.80 BALANCE 697.80 - | | |
| SR7 | .00 -697.80 .00 .00 | 0.0000 | 0.0000 |

Caliber000013

| Code | Description | Rate |
|---|---|---|
| POS | PAID 697.80 DUE 697.80 | |
| POS | SHORT .00 TELLER 31649 NO. OF PLAN PMTS=01 | |
| RP | 702.23 85.96 616.27 .00 | 616.2700 |
| UF* | UNAPPLIED FUNDS (2) - 4.43 BALANCE 612.22 | |
| SR0 | .00 -4.43 .00 .00 | 0.0000 |
| UFO | UNAPPLIED FUNDS (4) - 697.80 BALANCE 0.00 | |
| SR7 | -697.80 .00 .00 | 0.0000 |
| POS | .00 PAID 697.80 DUE 697.80 | |
| POS | SHORT .00 TELLER 31649 NO. OF PLAN PMTS=01 | |
| AMC | INTEREST RATE CHG OLD 8.37500 NEW 8.30000 | 8.3000 |
| RP | 702.23 86.56 615.67 .00 | 615.6700 |
| FP | 144.00 101 CHAP. 13 PLAN INTEREST | |
| UFP | UNAPPLIED FUNDS (5) - 262.97 BALANCE 262.97 | |
| SR | .00 262.97 .00 .00 | 0.0000 |
| UFP | UNAPPLIED FUNDS (5) - 262.97 BALANCE 0.00 | |
| SR7 | -262.97 .00 .00 | 0.0000 |
| PRE | PAID 262.97 DUE .00 OVER 262.97 TELLER 13020 NO. OF PLAN PMTS=00 | 0.0000 |
| PRE | UNAPPLIED FUNDS (2) 262.97 BALANCE 870.76 | |
| UF* | 262.97 .00 .00 | 0.0000 |
| SR | 262.97 .00 .00 | 0.0000 |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 12831 NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS= 1 | |
| RP | 608.95 88.85 697.80 .00 | 608.9500 |
| PRE | PAID 137.99 DUE 328.09 | |
| PRE | SHORT 190.10 TELLER 12831 NO. OF PLAN PMTS=01 | |

Caliber0000014

| Code | Detail | Amount | Col |
|---|---|---|---|
| UF* | UNAPPLIED FUNDS (2) 137.99 BALANCE .00 1008.75 | | |
| SR | .00 137.99 .00 .00 | | 0.0000 |
| FP | 154.58 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 31649 | | |
| POS | NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS=1 | | |
| RP | 697.80 89.47 608.33 .00 | 608.3300 | 0.0000 |
| FP | 122.79 101 CHAP. 13 PLAN INTEREST | | |
| PRE | PAID 369.55 DUE 328.09 OVER 41.46 TELLER 31649 | | |
| PRE | NO. OF PLAN PMTS=01 | | |
| RP | 697.80 90.09 607.71 .00 | 607.7100 | 0.0000 |
| UF* | UNAPPLIED FUNDS (2) -328.25 BALANCE 680.50 | | |
| SR0 | .00 -328.25 .00 .00 | | 0.0000 |
| FB | 777.01 166 CORP ADV 5 CO CI TWN | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 13872 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| RP | 697.80 90.71 607.09 .00 | 607.0900 | 0.0000 |
| FP | 150.54 101 CHAP. 13 PLAN INTEREST | | |
| PRE | PAID 334.48 DUE 328.09 OVER 6.39 TELLER 13872 | | |
| PRE | NO. OF PLAN PMTS=01 | | |
| UF* | UNAPPLIED FUNDS (2) 334.48 BALANCE 1014.98 | | |
| SR | .00 334.48 .00 .00 | | 0.0000 |
| FB | 3139.21 164 CORP ADV 3 F/P HAZARD | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 13872 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| RP | 697.80 91.34 606.46 .00 | 606.4600 | 0.0000 |

Caliber000015

| FP | 118.30 101 CHAP. 13 PLAN INTEREST | | |
|---|---|---|---|
| PRE | PAID 163.18 DUE .00 OVER 163.18 TELLER 13872 | | |
| PRE | NO. OF PLAN PMTS=00 | | |
| UF* | UNAPPLIED FUNDS (2) 163.18 BALANCE 1178.16 | | |
| SR | .00 163.18 .00 .00 | 0.0000 | |
| FE | 631.69 166 CORP ADV 5 CO CI TWN | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 31649 | | |
| POS | NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS= 1 | | |
| RP | 697.80 91.97 605.83 .00 | 605.8300 | |
| PRE | PAID 351.75 DUE 328.09 OVER 23.66 TELLER 31649 | | |
| PRE | NO. OF PLAN PMTS=01 | | |
| RP | 697.80 92.60 605.20 .00 | 605.2000 | |
| UF* | UNAPPLIED FUNDS (2) - 346.05 BALANCE 832.11 | | |
| SR0 | -346.05 .00 .00 | 0.0000 | |
| FP | 117.27 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 11815 | | |
| POS | NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS= 1 | | |
| RP | 697.80 93.24 604.56 .00 | 604.5600 | |
| PRE | PAID 355.54 DUE 656.18 SHORT 300.64 TELLER 11815 | | |
| PRE | NO. OF PLAN PMTS=02 | | |
| UF* | UNAPPLIED FUNDS (2) 355.54 BALANCE 1187.65 | | |
| SR | .00 355.54 .00 .00 | 0.0000 | |
| FP | 115.03 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 13020 | | |

Caliber000016

| POS | | | |
|---|---|---|---|
| | NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS= 1 | | |
| RP | 697.80    93.89 | 603.9100 | 0.0000 |
| | 603.91    .00 | | |
| PRE | PAID  330.22 DUE  328.09 OVER  2.13 TELLER 13020 | | |
| | NO. OF PLAN PMTS=01 | | |
| RP | 697.80    .00    94.54 | 603.2600 | 0.0000 |
| | 603.26    .00 | | |
| UF* | UNAPPLIED FUNDS (2)      - 367.58 BALANCE    820.07 | | |
| SR0 | -367.58    .00    .00 | 0.0000 | 0.0000 |
| | .00 | | |
| FP | 140.95 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID  697.80 DUE  697.80 SHORT    .00 TELLER 6127 | | |
| | NO. OF PLAN PMTS=01 | | |
| RP | 697.80    95.19 | 602.6100 | 0.0000 |
| | 602.61    .00 | | |
| PRE | PAID  361.00 DUE  328.09 OVER  32.91 TELLER 6127 | | |
| | NO. OF PLAN PMTS=01 | | |
| UF* | UNAPPLIED FUNDS (2) 361.00 BALANCE   1181.07 | | |
| SR | 361.00    .00    .00 | 0.0000 | 0.0000 |
| | .00 | | |
| FP | 110.66 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID  697.80 DUE  697.80 SHORT    .00 TELLER 13020 NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS= 1 | | |
| RP | 697.80    95.85 | 601.9500 | 0.0000 |
| | 601.95    .00 | | |
| PRE | PAID  336.82 DUE  328.09 OVER  8.73 TELLER 13020 | | |
| | NO. OF PLAN PMTS=01 | | |
| RP | 697.80    96.51 | 601.2900 | 0.0000 |
| | 601.29    .00 | | |
| UF* | UNAPPLIED FUNDS (2)      - 360.98 BALANCE    820.09 | | |
| SR0 | -360.98    .00    .00 | 0.0000 | 0.0000 |
| | .00 | | |

Caliber000017

| | | | |
|---|---|---|---|
| FP | 135.45 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 13020 | | |
| POS | NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS= 1 | | |
| RP | 697.80 97.18 600.62 .00 | 600.6200 | |
| PRE | PAID 366.54 DUE 328.09 OVER 38.45 TELLER 13020 | | |
| PRE | NO. OF PLAN PMTS=01 | | |
| UF* | UNAPPLIED FUNDS (2) 366.54 BALANCE 1186.63 | | |
| SR | 366.54 .00 .00 .00 | 0.0000 | |
| FP | 106.22 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 6127 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| RP | 697.80 97.85 599.95 .00 | 599.9500 | |
| PRE | PAID 369.37 DUE 328.09 OVER 41.28 TELLER 6127 | | |
| PRE | NO. OF PLAN PMTS=01 | | |
| RP | 697.80 98.53 599.27 .00 | 599.2700 | |
| UF* | UNAPPLIED FUNDS (2) 328.43 BALANCE 858.20 | - | |
| SR0 | .00 -328.43 .00 .00 | 0.0000 | |
| FP | 103.88 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 14609 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| RP | 697.80 99.21 598.59 .00 | 598.5900 | |
| PRE | PAID 398.49 DUE 328.09 OVER 70.40 TELLER 14609 | | |
| PRE | NO. OF PLAN PMTS=01 | | |
| UF* | UNAPPLIED FUNDS (2) 398.49 BALANCE 1256.69 | | |
| SR | .00 398.49 .00 .00 | 0.0000 | |

Caliber000018

| Code | Detail | | |
|---|---|---|---|
| FP | 101.53 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 14609 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| RP | 597.90    .00         99.90 | 597.9000 | 0.0000 |
| PRE | PAID 428.85 DUE 328.09 OVER .00.76 TELLER 14609 | | |
| PRE | NO. OF PLAN PMTS=0 | | |
| RP | 697.80    100.59 | 597.2100 | 0.0000 |
|  | 597.21    .00 | | |
| UF* | UNAPPLIED FUNDS (2)    - 268.95 BALANCE   987.74 | | |
| SR0 | .00    -268.95    .00    .00 | 0.0000 | 0.0000 |
| FP | 123.74 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 6610 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| RP | 697.80    101.29 | 596.5100 | 0.0000 |
|  | 596.51    .00 | | |
| PRE | PAID 424.78 DUE 656.18 SHORT 231.40 TELLER 6610 | | |
| PRE | NO. OF PLAN PMTS=02 | | |
| RP | 697.80    101.99 | 595.8100 | 0.0000 |
|  | 595.81    .00 | | |
| UF* | UNAPPLIED FUNDS (2)    - 273.02 BALANCE   714.72 | | |
| SR0 | .00    -273.02    .00    .00 | 0.0000 | 0.0000 |
| FP | 96.26 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 10108 | | |
| POS | NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS= 1 | | |
| RP | 697.80    102.69 | 595.1100 | 0.0000 |
|  | 595.11    .00 | | |
| PRE | PAID 404.85 DUE 328.09 OVER .76.76 TELLER 10108 | | |
| PRE | NO. OF PLAN PMTS=01 | | |
| UF* | UNAPPLIED FUNDS (2) 404.85 BALANCE   1119.57 | | |

Caliber000019

| Code | Detail | Col1 | Col2 | Col3 |
|---|---|---|---|---|
| SR | 404.85 .00 .00 | 0.0000 | 0.0000 | 0.0000 |
| FP | 116.95 101 CHAP '13 PLAN INTEREST | | | |
| FB | 3230.43 164 CORP ADV 3 F/P HAZARD | | | |
| PRE | PAID 697.80 DUE 656.18 OVER 41.62 TELLER 13232 NO. OF PLAN PMTS=02 | | | |
| PRE | 697.80 103.40 | 594.4000 | | 0.0000 |
| RP | 594.40 .00 | | | |
| PRE | PAID -697.80 DUE 656.18 SHORT 41.62 TELLER 13232 NO. OF PLAN PMTS=02 | | | |
| PRE | 697.80 -103.40 - | -594.4000 | 0.0000 | |
| PR7 | 594.40 .00 | | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 13232 | | | |
| POS | NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS= 1 | | | |
| RP | 697.80 103.40 | 594.4000 | | 0.0000 |
| PRE | 594.40 .00 | | | |
| PRE | PAID 431.44 DUE 328.09 OVER 103.35 TELLER 13232 NO. OF PLAN PMTS=01 | | | |
| RP | 697.80 104.12 | 593.6800 | | 0.0000 |
| UF* | 593.68 .00 | | | |
| UF* | UNAPPLIED FUNDS (2) - 266.36 BALANCE 853.21 | | | |
| SR0 | .00 -266.36 .00 .00 | 0.0000 | 0.0000 | |
| FP | 90.98 101 CHAP '13 PLAN INTEREST | | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 6610 | | | |
| POS | NO. OF PLAN PMTS=01 | | | |
| RP | 697.80 104.84 | 592.9600 | | 0.0000 |
| PRE | 592.96 .00 | | | |
| PRE | PAID 368.15 DUE 328.09 OVER 40.06 TELLER 6610 NO. OF PLAN PMTS=01 | | | |
| UF* | UNAPPLIED FUNDS (2) 368.15 BALANCE 1221.36 | | | |
| SR | .00 368.15 .00 .00 | 0.0000 | 0.0000 | |

Caliber0000020

| Code | Detail | | |
|---|---|---|---|
| FP | 110.29 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 6610 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| RP | 697.80   105.56 | 592.2400 | 0.0000 |
| PRE | 592.24   .00 | | |
| PRE | PAID 400.51 DUE 656.18 SHORT 255.67 TELLER 6610 NO. OF PLAN PMTS=02 | | |
| RP | 697.80   106.29 | 591.5100 | 0.0000 |
| UF* | 591.51   .00 | | |
| | UNAPPLIED FUNDS (2)   - 297.29 BALANCE 924.07 | | |
| SR0 | .00 -297.29   .00   .00 | 0.0000 | 0.0000 |
| FP | 79.75 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 14609 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| RP | 697.80   107.03 | 590.7700 | 0.0000 |
| PRE | 590.77   .00 | | |
| PRE | PAID 391.48 DUE 328.09 OVER 63.39 TELLER 14609 NO. OF PLAN PMTS=01 | | |
| RP | 697.80   107.77 | 590.0300 | 0.0000 |
| UF* | 590.03   .00 | | |
| | UNAPPLIED FUNDS (2)   - 306.32 BALANCE 617.75 | | |
| SR0 | .00 -306.32   .00   .00 | 0.0000 | 0.0000 |
| FP | 89.29 101 CHAP. 13 PLAN INTEREST | | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 13872 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| RP | 697.80   108.51 | 589.2900 | 0.0000 |
| FP | 589.29   .00 | | |
| FP | 101.06 101 CHAP. 13 PLAN INTEREST | | |
| PRE | PAID 330.09 DUE 328.09 OVER 2.00 TELLER 13872 | | |
| PRE | NO. OF PLAN PMTS=01 | | |
| UF* | UNAPPLIED FUNDS (2)   947.84 330.09 BALANCE 947.84 | | |

Caliber000021

| | | |
|---|---|---|
| SR | .00      330.09      .00      .00 | 0.0000 |
| FP | 16.26 101 CHAP. 13 PLAN INTEREST | |
| PRE | PAID   93.11 DUE      .00 OVER 93.11 TELLER 13872 | |
| PRE | NO. OF PLAN PMTS=00 | |
| UF* | UNAPPLIED FUNDS (2) 93.11 BALANCE      1040.95 | |
| SR | .00      93.11      .00      .00 | 0.0000 |
| POS | PAID   697.80 DUE   697.80 SHORT      .00 TELLER 13872 | |
| POS | NO. OF PLAN PMTS=01 | |
| RP | 697.80      109.26 588.54      .00 | 588.5400 |
| FP | 78.75 101 CHAP. 13 PLAN INTEREST | 0.0000 |
| PRE | PAID   352.89 DUE   328.09 OVER   24.80 TELLER 13872 | |
| PRE | NO. OF PLAN PMTS=01 | |
| RP | 697.80      110.02 587.78      .00 | 587.7800 |
| UF* | UNAPPLIED FUNDS (2)      - 344.91 BALANCE      696.04 | |
| SR0 | -344.91      .00      .00 | 0.0000 |
| FP | 12.64 101 CHAP. 13 PLAN INTEREST | |
| PRE | PAID   96.60 DUE      .00 OVER 96.60 TELLER 13872 | |
| PRE | NO. OF PLAN PMTS=00 | |
| UF* | UNAPPLIED FUNDS (2) 96.60 BALANCE      792.64 | |
| SR | 96.60      .00      .00 | 0.0000 |
| POS | PAID   697.80 DUE   697.80 SHORT      .00 TELLER 14609 | |
| POS | NO. OF PLAN PMTS=01 | |
| RP | 697.80      110.78 587.02      .00 | 587.0200 |
| PRE | PAID   355.62 DUE   656.18 SHORT   300.56 TELLER 14609 | |
| PRE | NO. OF PLAN PMTS=02 | |
| UF* | UNAPPLIED FUNDS (2) 355.62  BALANCE      1148.26 | |

Caliber000022

| Code | Detail | Value 1 | Value 2 |
|---|---|---|---|
| SR | .00   355.62   .00   .00 | | 0.0000 |
| PRE | PAID   96.86 DUE   .00   OVER   96.86 TELLER 14609 | | |
| PRE | NO. OF PLAN PMTS=00 | | |
| UF* | UNAPPLIED FUNDS (2)   96.86 BALANCE   1245.12 | | |
| SR | .00   96.86   .00   .00 | | 0.0000 |
| FP | 76.50 101 CHAP. 13 PLAN   INTEREST | | |
| FP | 12.25 101 CHAP. 13 PLAN   INTEREST | | |
| FB | 4450.15 166 CORP ADV 5 CO   CI TWN | | |
| POS | PAID   697.80 DUE   697.80   SHORT   .00 TELLER 11206 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| RP | 697.80   111.55 | 586.2500 | |
| POS | 586.25   .00 | | |
| POS | PAID   697.80 DUE   697.80   SHORT   .00 TELLER 11206 | | |
| RP | NO. OF PLAN PMTS=01 | 585.4800 | |
| RP | 697.80   112.32 | | |
| PRE | 585.48   .00   PAID   358.37 DUE   328.09   OVER   30.28 TELLER 11206 | | |
| PRE | NO. OF PLAN PMTS=01 | | |
| RP | 697.80   113.09 | 584.7100 | |
| FE | 584.71   .00   207.89 40 EXPENSE   ADVANCES | | |
| UF* | UNAPPLIED FUNDS (2)   -547.32 BALANCE   697.80 | | |
| SR0 | .00   -547.32   .00   .00 | | 0.0000 |
| FP | 74.23 101 CHAP. 13 PLAN   INTEREST | | |
| PRE | PAID   97.12 DUE   .00   OVER   97.12 TELLER 11206 | | |
| PRE | NO. OF PLAN PMTS=00 | | |
| FE | 97.12 40 EXPENSE   ADVANCES | | |
| FP | 11.86 101 CHAP. 13 PLAN   INTEREST | | |
| POS | PAID   697.80 DUE   1068.65   SHORT   .00 TELLER 11206 | | |

Caliber000023

| | | | |
|---|---|---|---|
| POS | NO. OF PLAN PMTS=0 | | |
| PR7 | -697.80   -113.09   - | -584.7100 | 0.0000 |
| POS | 584.71   .00<br>PAID   697.80 DUE   697.80<br>SHORT   .00 TELLER 14609<br>NO. OF PLAN PMTS=01 | | |
| RP | 697.80   113.09 | 584.7100 | 0.0000 |
| PRE | 584.71   .00<br>PAID   372.92 DUE   328.09<br>OVER   44.83 TELLER 14609<br>NO. OF PLAN PMTS=01 | | |
| PRE | 372.92 40 EXPENSE<br>ADVANCES | | |
| FE | PAID   99.86 DUE   328.09<br>SHORT   228.23 TELLER 14609<br>NO. OF PLAN PMTS=01 | | |
| PRE | 99.86 40 EXPENSE<br>ADVANCES | | |
| PRE | 69.77 101 CHAP. 13 PLAN<br>INTEREST | | |
| FE | 11.08 101 CHAP. 13 PLAN<br>INTEREST | | |
| FP | 145.12 166 CORP ADV 5 CO<br>CI TWN | | |
| FP | 2057.80 166 CORP ADV 5 CO<br>CI TWN | | |
| FE | 641.59 166 CORP ADV 5 CO<br>CI TWN | | |
| FE | 22.88 166 CORP ADV 5 CO<br>CI TWN | | |
| FE | 93.27 166 CORP ADV 5 CO<br>CI TWN | | |
| FE | 2835.66 166 CORP ADV 5 CO<br>CI TWN | | |
| FE | PAID   697.80 DUE   697.80<br>SHORT   .00 TELLER 6317 | | |
| FB | NO. OF PLAN PMTS=01 TELLER<br>OVERRIDE NO. PLAN PMTS= 1 | | |
| POS | 697.80   113.88 | 583.9200 | 0.0000 |
| POS | 583.92   .00<br>PAID   358.48 DUE   328.09<br>OVER   30.39 TELLER 6317<br>NO. OF PLAN PMTS=01 | | |
| RP | 277.49 40 EXPENSE<br>ADVANCES | | |

Caliber000024

| Code | Description | Value |
|---|---|---|
| FE | 80.99 40 EXPENSE ADVANCES | |
| FP | 84.24 101 CHAP. 13 PLAN INTEREST | |
| PRE | PAID 97.27 DUE .00 OVER 97.27 TELLER 6317 | |
| PRE | NO. OF PLAN PMTS=00 | |
| FE | 97.27 40 EXPENSE ADVANCES | |
| FP | 13.35 101 CHAP. 13 PLAN INTEREST | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 11490 | |
| POS | NO. OF PLAN PMTS=01 | |
| RP | 697.80 114.66 583.14 .00 | 583.1400 |
| PRE | PAID 310.49 DUE 328.09 SHORT 17.60 TELLER 11490 | |
| PRE | NO. OF PLAN PMTS=01 | |
| FE | 310.49 40 EXPENSE ADVANCES | |
| FP | 65.11 101 CHAP. 13 PLAN INTEREST | |
| UFO | UNAPPLIED FUNDS (4) 83.34 BALANCE 83.34 | |
| UF* | UNAPPLIED FUNDS (2) 4.43 BALANCE 607.79 - | |
| SR0 | .00 -4.43 .00 | 0.0000 |
| SR | .00 83.34 .00 | 0.0000 |
| FP | 10.29 101 CHAP. 13 PLAN INTEREST | |
| POS | PAID 697.80 DUE 697.80 SHORT .00 TELLER 13232 | |
| POS | NO. OF PLAN PMTS=01 TELLER OVERRIDE NO. PLAN PMTS= 1 | |
| RP | 697.80 115.46 582.34 .00 | 582.3400 |
| PRE | PAID 343.27 DUE 328.09 OVER 15.18 TELLER 13232 | |
| PRE | NO. OF PLAN PMTS=01 | |
| FE | 343.27 40 EXPENSE ADVANCES | |
| FP | 88.94 101 CHAP. 13 PLAN INTEREST | |

Caliber000025

| Code | Detail | | |
|---|---|---|---|
| PRE | PAID   94.48 DUE     .00  OVER | | |
| PRE | 94.48 TELLER 13232 | | |
| FE | NO. OF PLAN PMTS=00 | | |
|  | 94.48  40 EXPENSE | | |
| FP | ADVANCES | | |
|  | 14.33 101 CHAP. 13 PLAN | | |
| UF* | INTEREST | | |
|  | UNAPPLIED FUNDS (2)            - | | |
|  | 697.80  BALANCE      0.00 | | |
| UFO | UNAPPLIED FUNDS (4)            - | | |
|  | 83.34  BALANCE      0.00 | | |
| RT | -781.14       .00       .00 | 0.0000 | |
|  | .00 | | |
| ITR | OLD INV 20000 11120 P-BAL | | |
|  | 84078.60 INT | | |
| UF* | UNAPPLIED FUNDS (2) | | |
|  | 697.80  BALANCE   697.80 | | |
| UFO | UNAPPLIED FUNDS (4) | | |
|  | 83.34  BALANCE      83.34 | | |
| PT | -781.14       .00       .00 | 0.0000 | |
|  | .00 | | |
| POS | PAID   697.80 DUE   697.80 | | |
| POS | SHORT    .00 TELLER 10398 | | |
|  | NO. OF PLAN PMTS=01 TELLER | | |
|  | OVERRIDE NO. PLAN PMTS= 1 | | |
| RP | 697.80     116.26 | 581.5400 | 0.0000 |
|  | 581.54          .00 | | |
| PRE | PAID   312.94 DUE   328.09 | | |
| PRE | SHORT    15.15 TELLER 10398 | | |
| FE | NO. OF PLAN PMTS=01 | | |
|  | 127.18  40 EXPENSE | | |
| FE | ADVANCES | | |
|  | 185.76  40 EXPENSE | | |
| FP | ADVANCES | | |
|  | 63.13 101 CHAP. 13 PLAN | | |
| UFO | INTEREST | | |
|  | UNAPPLIED FUNDS (4) | | |
|  | 83.56  BALANCE    166.92 | | |
| SR | 83.58       .00       .00 | 0.0000 | |
|  | .00 | | |
| FP | 9.95 101 CHAP. 13 PLAN | | |
|  | INTEREST | | |
| FE | 660.86 166 CORP ADV 5 CO | | |
|  | C1 TWN | | |
| FE | 2174.80 166 CORP ADV 5 CO | | |
|  | C1 TWN | | |

Caliiber000026

| Code | Description | | |
|---|---|---|---|
| FB | 2734.59 166 CORP ADV 5 CO | | |
| | CI TWN | | |
| POS | PAID  697.80 DUE  697.80 | | |
| | SHORT    .00 TELLER 14609 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| RP | 697.80    117.06 | 580.7400 | 0.0000 |
| | 580.74    .00 | | |
| PRE | PAID  294.16 DUE  328.09 | | |
| | SHORT   33.93 TELLER 14609 | | |
| PRE | NO. OF PLAN PMTS=01 | | |
| FE | 217.92 40 EXPENSE | | |
| | ADVANCES | | |
| FE | 76.24 164 CORP ADV 3 F/P | | |
| | HAZARD | | |
| PRE | PAID  79.88 DUE    .00  OVER | | |
| | 79.88 TELLER 14609 | | |
| PRE | NO. OF PLAN PMTS=00 | | |
| FE | 79.88 164 CORP ADV 3 F/P | | |
| | HAZARD | | |
| FP | 76.43 101 CHAP. 13 PLAN | | |
| | INTEREST | | |
| FP | 12.02 101 CHAP. 13 PLAN | | |
| | INTEREST | | |
| FP | 639.34 101 CHAP. 13 PLAN | | |
| | INTEREST | | |
| FB | 2057.80 166 CORP ADV 5 CO | | |
| | CI TWN | | |
| FP | 58.24 101 CHAP. 13 PLAN | | |
| | INTEREST | | |
| PRE | PAID  427.90 DUE  656.18 | | |
| | SHORT  228.28 TELLER 14609 | | |
| PRE | NO. OF PLAN PMTS=02 | | |
| FE | 427.90 164 CORP ADV 3 F/P | | |
| | HAZARD | | |
| FB | 641.59 166 CORP ADV 5 CO | | |
| | CI TWN | | |
| POS | PAID  697.80 DUE  697.80 | | |
| | SHORT    .00 TELLER 14609 | | |
| POS | NO. OF PLAN PMTS=01 | | |
| AMC | P&I PYMT CHG   OLD | 697.8000 | |
| | 702.23  NEW   697.80 | | |
| RP | 697.80     88.24 | 609.5600 | 0.0000 |
| | 609.56      .00 | | |

Caliber000027

| Applied Escrow | Applied Principal | Effective Date | Principal Balance | Escrow Balance | Misc Payment |
|---|---|---|---|---|---|
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | | | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | | | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |
| | | | 0.0000 | 0.0000 | 7020.7500 |

Caliber000028

| | | | |
|---|---|---|---|
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| | | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| | | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| | | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |

Caliber000029

| | | 7020.7500 |
|---|---|---|
| | | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |

Caliber000030

| | | | | |
|---|---|---|---|---|
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |

Caliber000031

| | | |
|---|---|---|
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| | | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| | | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| | | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |

Caliber000032

| | | | |
|---|---|---|---|
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |
| 0.0000 | 0.0000 | 7020.7500 | |

Caliber000033

| | | |
|---|---|---|
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |

Caliber0000034

| | | | |
|---|---|---|---|
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |

Caliber000035

| | | | | |
|---|---|---|---|---|
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |
| 7020.7500 | 0.0000 | 0.0000 | | |

Caliber000036

| | | 7020.7500 | 0.0000 | 0.0000 |
|---|---|---|---|---|
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |
| | | 7020.7500 | 0.0000 | 0.0000 |

Caliber000037

| | | | |
|---|---|---|---|
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |

Caliber000038

| | | | |
|---|---|---|---|
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |

Caliber000039

| | | | |
|---|---|---|---|
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |
| 7020.7500 | 0.0000 | 0.0000 | |

Case 13-07031   Document 138-2   Filed in TXSB on 06/27/16   Page 126 of 239

Caliber0000040

| | | | |
|---|---|---|---|
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |

Caliber000041

| | | | |
|---|---|---|---|
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |
| 0.0000 | 0.0000 | | 7020.7500 |

Caliber000042

| | | |
|---|---|---|
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |

Caliber000043

| | | |
|---|---|---|
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |
| 0.0000 | 0.0000 | 7020.7500 |

Caliber0000044

| | 0.0000 | 0.0000 | 7020.7500 |
|---|---|---|---|
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |
| | 0.0000 | 0.0000 | 7020.7500 |

Caliber000045

| | 7020.7500 | 0.0000 | 0.0000 |
|---|---|---|---|
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |
| | 7020.7500 | 0.0000 | 0.0000 |

Caliber000046

| Misc Payment2 | Misc Payment3 | Misc Payment4 | Misc Payment5 | Misc Payment6 | Institution Number |
|---|---|---|---|---|---|
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |
| 10020.4000 | | | | | 867 |

Caliber000047

| | | 867 |
|---|---|---|
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |

Caliber000048

| | |
|---|---|
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |

Caliber0000049

| 10020.4000 | 867 | | | |
|---|---|---|---|---|
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |
| 10020.4000 | 867 | | | |

Caliber0000050

| | 867 |
|---|---|
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |

Caliber000051

| | 867 |
|---|---|
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |

Caliber0000052

| | | |
|---|---|---|
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |

Caliber000053

| | |
|---|---|
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |

Caliber0000054

| | | |
|---|---|---|
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |

Caliber000055

| | | | |
|---|---|---|---|
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |
| 10020.4000 | | | 867 |

Caliber000056

| 10020.4000 | 867 |
|---|---|
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |

Case 13-07031   Document 138-2   Filed in TXSB on 06/27/16   Page 143 of 239

Caliber000057

| | | |
|---|---|---|
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |

Case 13-07031   Document 138-2   Filed in TXSB on 06/27/16   Page 144 of 239

Caliber000058

| | 867 |
|---|---|
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |

Caliber0000059

| | |
|---|---|
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |

Case 13-07031   Document 138-2   Filed in TXSB on 06/27/16   Page 146 of 239

Caliber0000060

| | |
|---|---|
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |

Caliber0000061

| | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 | 867 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 | 10020.4000 |

Caliber0000062

| | 867 |
|---|---|
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |

Case 13-07031   Document 138-2   Filed in TXSB on 06/25/16   Page 149 of 239

Caliber0000063

| | |
|---|---|
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |
| 10020.4000 | 867 |

Caliber0000064

| | | |
|---|---|---|
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |
| 10020.4000 | | 867 |

Caliber0000065

| Account Number | Post Date | Post Time | Sequence No | Paid To Date | Created By/Teller Number |
|---|---|---|---|---|---|
| 6789 | 11/12/2008 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/18/2008 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/18/2008 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/18/2008 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/18/2008 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/18/2008 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/18/2008 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/18/2008 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/18/2008 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/18/2008 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 2/4/2009 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 2/5/2009 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 2/5/2009 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 2/5/2009 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 2/5/2009 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 2/5/2009 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 2/5/2009 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 2/5/2009 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 2/5/2009 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |
| 6789 | 2/9/2009 12:00:00 AM | | | 9/1/2013 12:00:00 AM | |

Caliber000066

| | | | |
|---|---|---|---|
| 6789 | 2/9/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 2/9/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 2/9/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 2/9/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/25/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/25/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/25/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/25/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/25/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/25/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/30/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/30/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/30/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/30/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/30/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/30/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 7/10/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 7/10/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 8/5/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 8/5/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 9/22/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 5/4/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 5/4/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |

Caliber0000067

| | | | |
|---|---|---|---|
| i6789 | 5/8/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 5/8/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 5/8/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 5/8/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 5/8/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 5/8/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 5/8/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 5/8/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 6/10/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 6/10/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 6/11/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 6/11/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 6/11/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 6/11/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 6/11/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 6/25/2009 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 4/28/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 5/18/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 6/23/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 8/6/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 9/2/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| i6789 | 9/2/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |

Caliber000068

| | | | |
|---|---|---|---|
| 6789 | 9/8/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 10/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 10/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 10/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 10/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/3/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM |

Caliber0000069

| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
|------|------------------------|---|----------------------|---|
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 12/29/2010 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 1/31/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 1/31/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 1/31/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 1/31/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 1/31/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM | |

Caliber0000070

| | | | |
|---|---|---|---|
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 5/26/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 5/26/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 5/26/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/9/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/9/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/9/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/9/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/9/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 6/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |

Caliber0000071

| | | |
|---|---|---|
| 6789 | 6/29/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 6/29/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 6/29/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/26/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/26/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/26/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/26/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/26/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/26/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/26/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/26/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/26/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 8/10/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 8/30/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 8/30/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 8/30/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 8/30/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 8/30/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 8/30/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 8/30/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 8/30/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/22/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/27/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/27/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/27/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |

Caliber0000072

| | | | |
|---|---|---|---|
| 5789 | 9/27/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 9/27/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 9/27/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 9/27/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 9/27/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/14/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 11/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 11/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 11/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 11/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 11/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 11/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 11/25/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 12/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |

Caliber0000073

| | | | |
|---|---|---|---|
| 6789 | 12/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/29/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 2/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 2/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 2/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 2/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 2/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 2/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 2/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |

Caliber0000074

| | | | |
|---|---|---|---|
| 5789 | 2/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/29/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/29/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/29/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/29/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/29/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/29/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/29/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/29/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/22/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/22/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/22/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/22/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/22/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/22/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/22/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |

Caliber000075

| 6789 | 5/22/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
|---|---|---|---|---|
| 6789 | 6/26/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 6/26/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 6/26/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 6/26/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 6/26/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 6/26/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 6/26/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 6/26/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 7/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 7/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 7/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 7/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 7/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 7/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 7/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 7/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 8/28/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 8/28/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 8/28/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 8/28/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 8/28/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 8/28/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |

Caliber0000076

| 6789 | 8/28/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
|------|------------------------|---|----------------------|---|
| 6789 | 8/28/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/21/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 11/9/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 11/9/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 11/9/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 11/9/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 11/9/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 11/9/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 11/9/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM | |

Caliber000077

| | | | |
|---|---|---|---|
| 6789 | 11/9/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 11/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 11/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 11/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 11/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 11/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 11/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 11/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 11/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 11/30/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 12/27/2012 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 6789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |

Caliber0000078

| 5789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
|------|----------------------|---|----------------------|---|
| 5789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 1/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 2/28/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 2/28/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 2/28/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 2/28/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 2/28/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 2/28/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 2/28/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 2/28/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 2/28/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 2/28/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 2/28/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |

Caliber0000079

| | | | |
|---|---|---|---|
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 3/26/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/22/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |

Caliber0000080

| | | |
|---|---|---|
| 5789 | 4/23/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 4/23/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/25/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 6/28/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 7/11/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 5789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |

Caliber000081

| | | |
|---|---|---|
| 6789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 7/31/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/18/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/18/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/18/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/18/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/18/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/18/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/18/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 3/25/2011 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/18/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/18/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/30/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/30/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/30/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/30/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/30/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |
| 6789 | 9/30/2013 12:00:00 AM | 9/1/2013 12:00:00 AM |

Caliber0000082

| 6789 | 9/30/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
|------|------------------------|---|------------------------|---|
| 6789 | 9/30/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/30/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 9/30/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/1/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/1/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/1/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/1/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/1/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/1/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/1/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/4/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/4/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/4/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/4/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/4/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/4/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/4/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/4/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/4/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/16/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |
| 6789 | 10/16/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM | |

Caliber000083

| | | | |
|---|---|---|---|
| 5789 | 10/17/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 4/27/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/21/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 10/29/2013 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/21/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/26/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/26/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/26/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |
| 5789 | 5/26/2011 12:00:00 AM | | 9/1/2013 12:00:00 AM |

Caliber0000084

| Record Type | Transaction Name |
|---|---|
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |
| A | MON |

Case 13-07031   Document 188-2   Filed in TXSB on 06/07/16   Page 171 of 239

Caliber000085

Caliber000086

Case 13-07031   Document 188-2   Filed in TXSB on 06/07/16   Page 173 of 239

Caliber000087

Case 13-07031   Document 138-2   Filed in TXSB on 06/07/16   Page 174 of 239

Caliber000088

Case 13-07031   Document 138-2   Filed in TXSB on 06/07/16   Page 175 of 239

Caliber000089

Case 13-07031   Document 188-2   Filed in TXSB on 06/07/16   Page 176 of 239

Caliber0000090

Caliber000091

| A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MON | MON | MON MON | MON | MON | MON | MON | MON | MON | MON MON | MON | MON | MON | MON | MON | MON | MON | MON MON | MON | MON | MON |

Caliber000092

Caliber000093

Case 13-07031   Document 138-2   Filed in TXSB on 06/07/16   Page 180 of 239

Caliber0000094

| MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON | MON |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A | A |

Caliber000095

Caliber000096

Caliber000097

Caliber000098

Case 13-07031   Document 138-2   Filed in TXSB on 06/07/16   Page 185 of 239

Caliber000099

Caliber000100

Case 13-07091   Document 188-2   Filed in TXSB on 06/07/16   Page 187 of 239

Caliber000101

Case 13-07031   Document 188-2   Filed in TXSB on 06/07/16   Page 188 of 239

Caliber000102

Case 13-07081   Document 1482-2   Filed in TXSB on 06/25/16   Page 189 of 239

**CALIBER**
HOME LOANS

RETURN SERVICE ONLY
Notices & Correspondence to the following:
P.O. Box 619063
Dallas, TX 75261-9063

October 30, 2013

0-759-55719-0001789-001-000-000-000-000

JOSE TREVINO
3315 SANDIE LN
EDINBURG TX 78542-4709

# NOTICE OF SALE OF OWNERSHIP OF MORTGAGE LOAN

Under federal law, borrowers are required to be notified in writing whenever ownership of a mortgage loan secured by their principal dwelling is sold, transferred or assigned (collectively, "sold") to a new owner. This Notice is to inform you that the prior owner has sold your loan (described below) to LSF8 Master Participation Trust, the new owner on September 30, 2013. The assignment, sale or transfer of the mortgage loan does not affect any term or condition of the mortgage instruments or the servicing of your mortgage loan.

**NOTE: While LSF8 Master Participation Trust now owns your loan, it is not the servicer of your loan. The servicer (identified below) acts on the new owner's behalf to handle the ongoing administration of your loan, including the collection of mortgage payments. Please continue to send your mortgage payments as directed by the servicer, and NOT to the new owner. Payments sent to the new owner and not to the servicer may result in late charges and your account becoming past due. Neither the new owner nor the servicer is responsible for late charges or other consequences of any misdirected payment. If the servicing of your mortgage loan is transferred, you will receive a separate notice as required by law.**

**Should you have any questions regarding your loan, please contact the servicer using the contact information below. The servicer is authorized to handle routine inquiries and requests regarding your loan and, if necessary, to inform us of your request and communicate to you any decision with respect to such request.**

## LOAN INFORMATION
Date of Loan:   February 21, 2005
Account Number:          6789
Original Amount of Loan: $91,500.00
Date Your Loan was Sold to the New Owner:  September 30, 2013
Address of Mortgaged Property: 3315 SANDIE LANE, EDINBURG TX 78542

## SERVICER INFORMATION
Name:  Caliber Home Loans, Inc.
Payment Mailing Address:  P.O.Box 24330, Oklahoma City, OK 73134

Correspondence Address: 13801 Wireless Way, Oklahoma City, OK 73134
Telephone Number (Toll free): 1-800-401-6587
Business Hours: 8:00 a.m. - 6:00 p.m., Central Time, Monday through Friday
Website: www.caliberhomeloans.com

## NEW OWNER INFORMATION
Name:  LSF8 Master Participation Trust
Mailing Address (**not for payments**): c/o Caliber Home Loans, Inc., as Servicer, 13801 Wireless Way, Oklahoma City, OK 73134
Telephone Number (Toll free): 1-888-248-5075

The transfer of the lien associated with your loan is currently recorded, or in the future may be recorded, in the public records of the local County Recorder's office for the county where your property is located. If checked ⊠, ownership of your loan may also be recorded on the registry of the Mortgage Electronic Registrations System at 1818 Library Street, Suite 300, Reston, VA 20190.

9508

Caliber0001...

05/07... 18:01 FAX          STAPLES 1037          ☑001

Loan # :          9508          *Jason*

Close Trevino

EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT * (956) 289-2300 * EDINBURG, TX 78541

| EMPLOYEE NAME | SSN | REFERENCE | CAMPUS | DIRECT DEPOSIT EARNINGS STATEMENT |
|---|---|---|---|---|
| JOSE TREVINO | 00037 | 442636 | 936 | |

| HRS WORKED | RATE | CONTDAYS | CONTRATE | PERIOD BEGIN | APR 16, 2008 | MO/DAY/YR | MAR/SIN |
|---|---|---|---|---|---|---|---|
| 30.0 | 14.77 | 9.0 | 22.15 | PERIOD ENDING | APR 04, 2008 | NUMBER OF EXEMPTIONS | 0 |

| EARNINGS AND DEDUCTIONS | CURRENT AMOUNT | CAFE | CALENDAR YEAR TO DATE DEDUCTIONS | AMOUNT | EMPLOYER TOTALS MONTH/DEPOSIT/QUARTER | AMOUNT |
|---|---|---|---|---|---|---|
| STANDARD GROSS | $1181.60 | | TAXABLE WAGES | $8,743.65 | NON-CONTR AMT | $27947.21 |
| OVRTM PAY | $199.40 | | HOSPITAL INS | $39.90 | SUPPL PAY | $401.91 |
| TOTAL EARNINGS | $1381.00 | | SECTION 125 | $345.74 | TRS DEPOSIT | $1933.83 |
| | | | WITHHOLDING TAX | $1,027.23 | STANDARD GROSS | $20145.72 |
| DEDUCTIONS | | | TEACHR RETIRMT | $595.86 | OVRTM PAY | $1780.43 |
| WITHHOLDING TAX | $154.43 | | TOTAL EARNINGS | $10,770.15 | REGULAR HOURS | 1271.6 |
| TRS DEPOSIT | $88.36 | | | | OVERTIME HOURS | 368.4 |
| TRS INSURANCE | $8.95 | | | | | |
| ADD WITHHOLDIN | $75.00 | | | | | |
| EDINBURG TCU | $94.00 | | | | | |
| ECISD LIFE | $0.90 | | | | | |
| SUN LIFE-EMP | $2.25 | | | | | |
| SUN LIFE-ADED | $2.25 | | | | | |
| ECISD HEALTH | $166.35 | Y | | | | |
| AMERITUS DENTA | $2.33 | Y | | | | |
| ECISD DENTAL | $5.78 | Y | | | | |
| AM HERIT CANCE | $11.29 | Y | | | | |
| AM HERIT HEART | $10.48 | Y | | | | |
| DISABILITY | $26.44 | | | | | |
| EYETOPIA VISIO | $17.00 | Y | | | | |
| TEXAS LIFE | $21.25 | Y | | | | |
| ACCIDENT PLAN | $19.36 | Y | | | | |
| TOT DEDUCTIONS | $746.99 | | | | | |
| EMPLOYER CONTR | $473.03 | | | PRI LEAVE DESCRIPTION | CURNT LEAVE BALANCE | |
| | | | | | NET PAY | |
| | | | | | $805.64 | |

*Bi-weekly*

**ECISD**
EDINBURG CISD
PAYROLL CLEARING FUND
PO BOX 990
EDINBURG, TX 78541
(956) 289-2300

DIRECT DEPOSIT NO.: 442636

APR 16, 2008

$805.64

IN THE   JOSE TREVINO
ACCOUNT 3315 SANDIE LANE
OF      EDINBURG, TX 78541

**NON-NEGOTIABLE
DIRECT DEPOSIT**

Additional
fowarded To
12311

Caller0001

05/07/   18:02 FAX 9562878413          STAPLES 1037                    ☑002

*Loan # :        9508*

## EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT * (956) 289-2300 * EDINBURG, TX 78541

| TERESA TREVINO | 000003766 | 443461 | 044 | DIRECT DEPOSIT EARNINGS STATEMENT |
|---|---|---|---|---|

| | | | | | MAR/SIN |
|---|---|---|---|---|---|
| 0.0 | 3383.33 | 0.0 | 0.00 | APR 25, 2008 | |
| | | | | MAR 31, 2008 | 0 |

| EARNINGS AND DEDUCTIONS | CURRENT AMOUNT | | | | |
|---|---|---|---|---|---|
| STANDARD GROSS | $3383.33 | | TAXABLE WAGES | $11,242.76 | CONTRACT AMT | $27065.64 |
| TOTAL EARNINGS | $3383.33 | | MEDICARE GROSS | $12,108.88 | SUPPL PAY | $1605.00 |
| | | | SECTION 125 | $1,424.44 | FICA TAX | $387.95 |
| DEDUCTIONS | | | WITHHOLDING TAX | $1,426.38 | TRS DEPOSIT | $1079.02 |
| MEDICARE TX AMT | $43.31 | | MEDICARE TAX | $175.55 | DAYS WORKED | 164.0 |
| WITHHOLDING TAX | $150.52 | | TEACHR RETIRMT | $668.18 | | |
| TRS DEPOSIT | $216.20 | | TOTAL EARNINGS | $13,533.32 | | |
| TRS INSURANCE | $21.95 | | | | | |
| EDINBURG TCU | $150.00 | | | | | |
| ECISD LIFE | $1.50 | | | | | |
| SUN LIFE-AD&D | $9.00 | | | | | |
| TRISURANT-HLT | $275.79 | Y | | | | |
| ECISD HEALTH | $392.71 | Y | | | | |
| AMERITUS DENTA | $31.24 | Y | | | | |
| ECISD DENTAL | $11.55 | Y | | | | |
| AM HERIT CANCE | $16.58 | Y | | | | |
| DISABILITY | $23.88 | Y | | | | |
| EYETOPIA VISIO | $54.00 | Y | | | | |
| TOT DEDUCTIONS | $1603.53 | Y | | | | |
| EMPLOYER CONTR | $346.06 | | | | | |

| LEAVE DESCRIPTION | | AMOUNT |
|---|---|---|
| TOTAL | | 0.00 |
| LEAVE BALANCES: | | |
| LOCAL LEAVE | | 0.00 |
| STATE PERSONAL LEA | | 4.00 |
| OLD STATE | | 0.00 |
| SICK LEAVE BANK | | 3.00 |

NET PAY   $2,125.41

## ECISD
EDINBURG CISD
PAYROLL CLEARING FUND
PO BOX 990
EDINBURG, TX 78541
(956) 289-2300

*Monthly*

DIRECT DEPOSIT NO.: 443461

APR 25, 2008

$2,125.41

IN THE      TERESA  TREVINO
ACCOUNT  3315 SANDIE LANE
OF        EDINBURG, TX 78541

## NON-NEGOTIABLE
## DIRECT DEPOSIT

DEPARTMENT OF HOMELAND SECURITY - FEDERAL EMERGENCY MANAGEMENT AGENCY
STANDARD FLOOD HAZARD DETERMINATION
*See attached*    O.M.B. No. 1660-0040
*Instructions*    Expires October 31, 2008

Case 10-10044 Document 483-2 Filed in TXSB on 08/25/16 Page 192 of 239

## SECTION I - LOAN INFORMATION

| 1. LENDER NAME AND ADDRESS: | 2. COLLATERAL   *(Building/Mobile Home/Personal Property)*<br>PROPERTY ADDRESS *(Legal description may be attached):* |
|---|---|
| **FIS Acct #:**<br>100-0054-167<br>**Address:**<br>HSBC MORTGAGE SERVICES<br>636 GRAND REGENCY BLVD<br>ITS SUCCESSORS AND/OR ASSIGNS<br>BRANDON, FL  33510<br><br>**Phone:** (813) 571-8620<br>**Fax:**<br><br>**Loan Officer/Processor:**<br>BECKY CHISVETTI<br>**Delivery Method:**<br>FDR-COM - GENER | **Borrower:**<br>JOSE TREVINO<br>**Determination Address:**<br>3315 SANDIE LN<br>EDINBURG, TX  78541<br>HIDALGO COUNTY<br><br>APN/Tax ID:<br>Lot:                  Block:              Phase:<br>Subdivision:<br>Section:          Township:          Range:<br><br>**Requested Address:**<br>3315 SANDIE LANE<br>EDINBURG, TX  78541- |

| 3. LENDER I.D. NUMBER: | 4. LOAN IDENTIFIER:<br>9508 | 5. AMOUNT OF FLOOD INSURANCE REQUIRED *(optional)*: |
|---|---|---|

## SECTION II

### A. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) COMMUNITY JURISDICTION

| 1.  NFIP Community Name | 2.  County(ies) | 3. State | 4.  NFIP Community Number |
|---|---|---|---|
| EDINBURG, CITY OF | HIDALGO COUNTY | TX | 480338 |

### B. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) DATA AFFECTING BUILDING / MOBILE HOME

| 1.  NFIP Map Number or Community-Panel Number (Community Name, if not the same as "A") | 2.  NFIP Map Panel Effective / Revised Date | 3.  LOMA / LOMR | 4.  Flood Zone | 5. No NFIP Map |
|---|---|---|---|---|
| 4803380020E | June 6, 2000 | Yes      Date | BX | |

### C. FEDERAL FLOOD INSURANCE AVAILABILITY   *(Check all that apply)*

1. ☒ Federal flood insurance is available (community participates in NFIP).   ☒ Regular Program   ☐ Emergency Program of NFIP
2. ☐ Federal flood insurance is not available because community is not participating in the NFIP.
3. ☐ Building / Mobile Home is in a Coastal Barrier Resources Area (CBRA) or Otherwise Protected Area (OPA). Federal flood insurance may not be available.

CBRA/OPA designation date:

### D. DETERMINATION

**IS BUILDING / MOBILE HOME IN A SPECIAL FLOOD HAZARD AREA (ZONES CONTAINING THE LETTERS "A" OR "V")?**   ☐ YES   ☒ NO

If yes, flood insurance is required by the Flood Disaster Protection Act of 1973.
If no, flood insurance is not required by the Flood Disaster Protection Act of 1973.

| E. COMMENTS  *(Optional)* | HMDA Information | Compliance Quick Check | |
|---|---|---|---|
| <br><br><br><br>LIFE OF LOAN DETERMINATION | State:              48<br>County:          215<br>MSA:<br>MSA/MD:      32580<br>CT:            0236.00<br>BNA: | Is Flood Insurance Required?<br><br>Is NFIP Insurance Available? | **NO**<br><br>**YES** |

This flood determination is provided solely for the use and benefit of the entity named in Section 1, Box 1 in order to comply with the 1994 Reform Act and may not be used or relied upon by any other entity or individual for any purpose, including, but not limited to deciding whether to purchase a property or determining the value of a property.

This determination is based on examining the NFIP map, any Federal Emergency Management Agency revisions to it, and any other information needed to locate the building / mobile home on the NFIP map.

| F. PREPARER'S INFORMATION  *(If other than Lender):* | FIS ORDER NUMBER: |
|---|---|
| NAME, ADDRESS, TELEPHONE NUMBER:<br>**FIS Flood Services**<br>1521 N Cooper St<br>Fourth Floor<br>Arlington, TX  76011-5942    Phone: 1.800.833.6347<br>Fax:   1.800.662.6347 | 202-5851-917<br><br>DATE OF DETERMINATION:<br><br>February 16, 2005 |

FEMA Form 81-93, DEC 05

Caliber000107

# RESIDENTIAL BROKER PRICE OPINION
### HSBC/IREP

| | | | |
|---|---|---|---|
| Loan #: | 9508 | Inspection Type: ☒ Drive By ☐ Interior | Inspection Date: 1/2/2010 |
| Order #: | 945165 | House appears to be ☒ Occupied ☐ Vacant/Secured ☐ Vacant/Unsecured | |

| | | | |
|---|---|---|---|
| PROPERTY ADDRESS: | 3315 SANDIE LANE | BORROWER: | JOSE TREVINO, |
| | Edinburg, TX 78542 | CLIENT NAME: | HSBC Mortgage Services Default Servicing |
| FIRM NAME: | Lorie Dykes | COMPLETED BY: | J.R Dykes |
| PHONE NO. | 956-222-0368 | FAX NO. | 956-384-9397 |
| | | PARCEL #: | C1120-02-000-0149-00 |

## I. GENERAL MARKET CONDITIONS

Current market condition: ☐ Depressed ☒ Slow ☐ Stable ☐ Improving ☐ Excellent
Employment conditions: ☐ Declining ☒ Stable ☐ Increasing

Market price of this type property has:
☐ Decreased ____ % in past ____ months
☐ Increased ____ % in past ____ months
☐ Remained stable

Estimated percentages of owner vs. tenants in neighborhood: 90 % owner occupant   10 % tenant
There is a ☐ normal supply ☐ over supply ☒ shortage of comparable listings in the neighborhood
Approximate number of comparable units for sale in neighborhood: 3   Owner Pride: Average
No. of competing listings in neighborhood that are REO or Corporate owned: 2
No. of boarded or blocked-up homes. 0
Comments : See General Market Conditions Comments Addendum (page 3).

## II. SUBJECT MARKETABILITY

Range of values in the neighborhood is $ 45000 to $ 90000
The subject is an ☐ over improvement ☐ under improvement ☒ appropriate improvement for the neighborhood.
Normal marketing time in the area is: 110 days.
Are all types of financing available for the property? ☒ Yes ☐ No If no, explain
Has the property been on the market in the last 12 months? ☒ Yes ☐ No If yes,explain
Is the property currently listed? ☐ Yes ☒ No   Listing Company:_____ Phone Number:_____
To the best of your knowledge, why did it not sell?

Unit Type: ☐ single family attached ☐ condo ☐ co-op ☐ Multi Family ☐ 2 unit ☐ 3 unit ☐ 4 unit
☒ single family detached ☐ townhouse ☐ modular ☐ Mobile Home Att ☐ Mobile Home Det ☐ V/Land ☐ Other

Resale Comments: See Resale Comments Addendum (page 3).
If condo or other association exists: Fee $ ☐ monthly ☐ annually Current? ☐ Yes ☐ No Fee delinquent? $
The fee includes: ☐ Insurance ☐ Landscape ☐ Pool ☐ Tennis Other
Association Contact: Name:_____ Phone No.:_____

## III. COMPETITIVE CLOSED SALES

| ITEM | SUBJECT | COMPARABLE NUMBER 1 | | COMPARABLE NUMBER 2 | | COMPARABLE NUMBER 3 | |
|---|---|---|---|---|---|---|---|
| Address | 3315 SANDIE LANE | 3420 Robbie Ln | | 3419 Robbie Ln | | 1329 Palomino St | |
| City, State, Zip | | Edinburg TX 78542-3288 | | Edinburg TX 78542-4713 | | Edinburg TX 78542-6013 | |
| Proximity to Subject | | 0.07 Miles REO/Corp☒ | | 0.08 Miles REO/Corp☒ | | 1.65 Miles REO/Corp☒ | |
| Sale Price/ List Price | $ | $ 69000 | $ 64900 | $ 73500 | $ 74900 | $ 70000 | $ 74900 |
| Price/Gross Living Area | | $ 48 Sq. Ft | | $ 51 Sq. Ft | | $ 47 Sq. Ft | |
| Data Source | Tax Assessor | MLS | | MLS | | MLS | |
| Sale Date /List Date | | 7/28/2009 3/21/2009 | | 7/6/2009 1/28/2009 | | 8/27/2009 5/18/2009 | |
| Days on Market | | 129 | | 159 | | 101 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment |
| Sales or Financing Concessions | | Closing costs | -2640 | None | | None | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site Size | 0.137 Acres | 0.137 Acres | | 0.137 Acres | | 0.165 Acres | |
| View | Residential | Residential | | Residential | | Residential | |
| Design and Appeal | Ranch/Average | Ranch/Average | | Ranch/Average | | Ranch/Average | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 5 | 7 Years | | 6 Years | | 4 Years | |
| Condition | Good | Good | | Good | | Good | |
| Above Grade Room Count | Total 6 Bdrms 3 Baths 2 HBath 0 | Total 6 Bdrms 3 Baths 2 HBath 0 | | Total 6 Bdrms 4 Baths 2 HBath 0 | 500 | Total 6 Bdrms 3 Baths 2 HBath 0 | |
| Gross Living Area | 1488 Sq. Ft. | 1427 Sq. Ft. | -600 | 1414 Sq. Ft. | -700 | 1488 Sq. Ft. | |
| Basement & Finished Rooms Below Grade | 0 Sq. Ft. 0 % Fin | 0 Sq. Ft. 0 % Fin | | 0 Sq. Ft. 0 % Fin | | 0 Sq. Ft. 0 % Fin | |
| Functional Utility | Good | Good | | Good | | Good | |
| Heating/Cooling | | Central electric | | Central electric | | Central electric | |
| Energy Efficient Items | | | | | | | |
| Garage/Carport | 1/att garage | 1/att garage | | 1/att garage | | 1/att garage | |
| Porches, Patio, Deck Fireplace(s), etc. | Patio slab | Covered patio | 300 | Patio slab | | None | |
| Fence, Pool, etc. | Wood fence | Partial wood fence | 800 | Partial wood fence | 800 | Partial wood fence | 800 |
| Other | | | | | | | |
| Net Adj. (total) | | ☐ + ☒ - | $ -2140 | ☒ + ☐ - | $ 600 | ☒ + ☐ - | $ 800 |
| Adjusted Sales Price of Comparable | | | $ 66860 | | $ 74100 | | $ 70800 |

Fannie Mae Revised 03/99
This is not an appraisal and can not be used as an appraisal.
Integrated Real Estate Processing © 2006
Caliber000111

Loan#   i9508

## IV. MARKETING STRATEGY

☐ As-Is   ☑ Minimal Lender Required Repairs   ☐ Repaired   Most Likely Buyer: ☑ Owner occupant  ☐ Investor

## V. REPAIRS

Itemize ALL repairs needed to bring property from its present "as is" condition to average marketable condition for the neighborhood.
Check those repairs you recommend that we perform for most successful marketing of the property.

| | $ | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| | $ | | | $ |

**GRAND TOTAL FOR ALL REPAIRS** $ 0

Estimated Days to Complete Repairs:   Between: 0   and 0
Does Agent believe there will be a Resale Problem?  ☐ Yes  ☑ No

## VI. COMPETITIVE LISTINGS

| ITEM | SUBJECT | COMPARABLE NUMBER 1 | | COMPARABLE NUMBER 2 | | COMPARABLE NUMBER 3 | |
|---|---|---|---|---|---|---|---|
| Address | 3315 SANDIE LANE | 3415 Robbie Ln | | 3306 Robbie Ln | | 1414 Denver | |
| City, State, Zip | | Edinburg  TX  78542-4713 | | Edinburg  TX  78542-6351 | | Edinburg  TX  78541-6020 | |
| Proximity to Subject | | 0.08   Miles REO/Corp | | 0.03   Miles REO/Corp | | 2.81   Miles REO/Corp | |
| Current List/Original List | $ | $ 58800 | $ 58800 | $ 84900 | $ 84900 | $ 79900 | $ 79900 |
| Price/Gross Living Area | | $ 40   Sq.Ft. | | $ 65   Sq.Ft. | | $ 49   Sq.Ft. | |
| List Date | | 12/10/2009 | | 9/4/2009 | | 12/28/2009 | |
| Verification Source | Tax Assessor | MLS | | MLS | | MLS | |
| Days on Market | | 25 | | 122 | | 7 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment |
| Sales or Financing Concessions | | None | | None | | None | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site Size | 0.137  Acres | 0.137  Acres | | 0.137  Acres | | 0.260  Acres | |
| View | Residential | Residential | | Residential | | Residential | |
| Design and Appeal | Ranch/Average | Ranch/Average | | Ranch/Average | | Ranch/Average | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 5 | 6  Years | | 6  Years | | 6  Years | |
| Condition | Good | Good | | Good | | Good | |
| Above Grade Room Count | Total 6 Bdrms 3 Baths 2 H.Bath 0 | Total 6 Bdrms 4 Baths 2 H.Bath 0 | | Total 6 Bdrms 3 Baths 2 H.Bath 0 | | Total 6 Bdrms 3 Baths 2 H.Bath 0 | |
| Gross Living Area | 1488  Sq. Ft. | 1488  Sq. Ft. | | 1295  Sq. Ft. | | 1602  Sq. Ft. | |
| Basement & Finished Rooms Below Grade | 0  Sq. Ft. 0 % Fin | 0  Sq. Ft. 0 % Fin | | 0  Sq. Ft. 0 % Fin | | 0  Sq. Ft. 0 % Fin | |
| Functional Utility | Good | Good | | Good | | Good | |
| Heating/Cooling | | Central electric | | Central electric | | Central electric | |
| Energy Efficient Items | | | | | | | |
| Garage/Carport | 1/att garage | 1/att garage | | 1/att carport | | 1/att garage | |
| Porches, Patio, Deck Fireplace(s), etc. | Patio slab | Patio slab | | None | | Patio slab | |
| Fence, Pool, etc. | Wood fence | Wood fence | | Partial wood fence | | Wood fence | |
| Other | | Storage building on lot | | | | Storage building on lot | |
| Net Adj. (total) | | ☐+ ☐- | | ☐+ ☐- | | ☐+ ☐- | |
| Adjusted Sales Price of Comparable | | | $ | | $ | | $ |

## VII. THE MARKET VALUE (The value must fall within the indicated value of the Competitive Closed Sales).

|  | Market Value | Suggested List Price |
|---|---|---|
| AS IS ** | $ 70500 | $ 76500 |
| REPAIRED | $ 70500 | $ 76500 |

**Quick Sale Value 0-90 Days**

|  |  |  |
|---|---|---|
| AS IS | $ 66500 | $ 69900 |
| REPAIRED | $ 66500 | $ 69900 |

COMMENTS (Include specific positives/negatives, special concerns, encroachments, easements, water rights, environmental concerns, flood zones, etc. Attach addendum if additional space is needed.)

See Market Value Comments Addendum (page 3).

Agent Name:  Jonathan R. Dykes     License #  0594653     Date:  1/4/2010

This is not an appraisal and can not be used as an appraisal.

Caliber000112

**General Market Conditions Comments:**

Immediate market has been slow and REO driven for most of the previous twelve months. Though market continues to be slow with a limited number of qualified buyers market values appear to have stabilized over the last six months after a period of decline. Immediate area still sees a high percentage of REO properties. As of this report no properties in subject's subdivision have sold in the previous five months.

**Resale Comments:**

One story brick exterior home on slab foundation with attached two car garage, concrete slab driveway, wood fence, patio slab. Home appears in good condition with no major damages or needed repairs noted at time of inspection and well maintained yard. Home conforms well with immediate area in size, age, style, and condition. Located in a distant/outer suburban subdivision, with some undeveloped land in area of subdivision and distance to some services such as medical and commercial/shopping being two to four miles more then other more central located subdivisions in city. Within good distance to schools, freeway access.

**Market Value Comments:**

Positives: One story brick exterior home on slab foundation with attached two car garage, concrete slab driveway, wood fence, patio slab. Home appears in good condition with no major damages or needed repairs noted at time of inspection and well maintained yard. Home conforms well with immediate area in size, age, style, and condition. Within good distance to schools, freeway access. No known easements, encroachments, or environmental concerns. Negatives: Located in a distant/outer suburban subdivision, distance to some services above average for area. High REO activity in immediate area over the previous twelve months.

Due to slow market over the previous twelve months combined with subject's distant suburban location it was required to expand search for comps up to three miles in distance. Before search was expanded to three miles search had been expanded to include properties sold within twelve months, a GLA within 15% of subject's, and older construction. All comps are located in competing neighborhoods with very similar locations charateristics such as distance to services and pride of ownership.

This is not an appraisal and can not be used as an appraisal.

Caliber000113





 **Subject Property**

3315 SANDIE LANE
Edinburg, TX 78542

 **Competitive Sales #1**

3420 Robbie Ln
Edinburg, TX 78542

 **Competitive Sales #2**

3419 Robbie Ln
Edinburg, TX 78542

 **Competitive Sales #3**

1329 Palomino St
Edinburg, TX 78542

 **Competitive Listing #1**

3415 Robbie Ln
Edinburg, TX 78542

 **Competitive Listing #2**

3306 Robbie Ln
Edinburg, TX 78542

 **Competitive Listing #3**

1414 Denver
Edinburg, TX 78541

Caliber000114

Subject - Address - 119_1418.JPG



Subject - Exterior - 119_1419.JPG



Subject - Exterior - 119_1417.JPG



Caliber000115

Subject - Exterior - 119_1420.JPG



Subject - Street - 119_1416.JPG



Comparable Sale 3 - Exterior - sold3.jpg



Caliber000116

Comparable Sale 2 - Exterior - sold2.jpg



Comparable Sale 1 - Exterior - sold1.jpg



Comparable Listing 3 - Exterior - list3.jpg



Comparable Listing 2 - Exterior - list2.jpg



Comparable Listing 1 - Exterior - list1.jpg



Caliber000118

**HSBC**

HSBC MORTGAGE SERVICES
PO BOX 3425
BUFFALO, NY 14240-9733


JOSE TREVINO                                                              06/17/09
3315 SANDIE LANE
EDINBURG, TX 78542

||..||.||.||.|.|.||.|.|.||


Account #:        9508


Dear Valued Customer:

Thank you for your payment.  Please find the below confirmation of your electronically created paper check
payment authorization for the account referenced above.

| | |
|---|---|
| Authorization Date: | 06/17/09 |
| Payment Date: | 06/25/09 |
| Bank Acct # (Last 4 digits): | ******6405 |
| Payment Amount: | $186.52 |
| Payment Fee: | $0.00 |
| Total Payment Amount: | $186.52 |

If you have questions, please contact us at (800)395-3489 during normal business hours.


Sincerely,


HSBC MORTGAGE SERVICES


Esta carta contiene información importante sobre su cuenta y podría requerir su atención. Si tiene alguna
pregunta y desea hablar en Español con un empleado, sírvase comunicarse con nosotros al (800)395-3489
marque el número 2, durante nuestras horas de oficina normales.

Caliber000119

HSBC

HSBC MORTGAGE SERVICES
PO BOX 3425
BUFFALO, NY 14240-9733

JOSE TREVINO                                                                    06/18/09
3315 SANDIE LANE
EDINBURG, TX 78542

IIuIIuIuIuIuIuIuIIuIuIuII

Account #:        9508

Dear Valued Customer:

Thank you for your payment.  Please find the below confirmation of your electronically created paper check
payment authorization for the account referenced above.

| | |
|---|---|
| Authorization Date: | 06/18/09 |
| Payment Date: | 06/25/09 |
| Bank Acct # (Last 4 digits): | ******6405 |
| Payment Amount: | $186.52 |
| Payment Fee: | $0.00 |
| Total Payment Amount: | $186.52 |

If you have questions, please contact us at (800)395-3489 during normal business hours.

Sincerely,

HSBC MORTGAGE SERVICES

Esta carta contiene información importante sobre su cuenta y podría requerir su atención. Si tiene alguna
pregunta y desea hablar en Español con un empleado, sírvase comunicarse con nosotros al (800)395-3489
marque el número 2, durante nuestras horas de oficina normales.

Caliber000120

**HSBC**

HSBC MORTGAGE SERVICES
PO BOX 3425
BUFFALO, NY 14240-9733

JOSE TREVINO                                                                                    06/22/09
3315 SANDIE LANE
EDINBURG, TX 78542

||..||.|.|.|.|.|.|.|.||.||.||

Account #:        9508

Dear Valued Customer:

Thank you for your payment.  Please find the below confirmation of your electronically created paper check
payment authorization for the account referenced above.

| | |
|---|---|
| Authorization Date: | 06/22/09 |
| Payment Date: | 06/30/09 |
| Bank Acct # (Last 4 digits): | ******6405 |
| Payment Amount: | $884.67 |
| Payment Fee: | $0.00 |
| Total Payment Amount: | $884.67 |

If you have questions, please contact us at (800)395-3489 during normal business hours.

Sincerely,

HSBC MORTGAGE SERVICES

Esta carta contiene información importante sobre su cuenta y podría requerir su atención. Si tiene alguna
pregunta y desea hablar en Español con un empleado, sírvase comunicarse con nosotros al (800)395-3489
marque el número 2, durante nuestras horas de oficina normales.

Caliber000121

**HSBC**

HSBC MORTGAGE SERVICES
PO BOX 3425
BUFFALO, NY 14240-9733

JOSE TREVINO                                                                    06/19/09
3315 SANDIE LANE
EDINBURG, TX 78542

||..||..||..||..||..||..||..||

Account #:        9508

Dear Valued Customer:

Thank you for your payment.  Please find the below confirmation of your electronically created paper check payment authorization for the account referenced above.

| | |
|---|---|
| Authorization Date: | 06/19/09 |
| Payment Date: | 06/25/09 |
| Bank Acct # (Last 4 digits): | ******6405 |
| Payment Amount: | $186.52 |
| Payment Fee: | $0.00 |
| Total Payment Amount: | $186.52 |

If you have questions, please contact us at (800)395-3489 during normal business hours.

Sincerely,

HSBC MORTGAGE SERVICES

Esta carta contiene información importante sobre su cuenta y podría requerir su atención. Si tiene alguna pregunta y desea hablar en Español con un empleado, sírvase comunicarse con nosotros al (800)395-3489 marque el número 2, durante nuestras horas de oficina normales.

Caliber000122

**HSBC**

HSBC MORTGAGE SERVICES
PO BOX 3425
BUFFALO, NY 14240-9733


JOSE TREVINO                                                           06/15/09
3315 SANDIE LANE
EDINBURG, TX 78542

⑁⑁⑁⑁⑁⑁⑁⑁⑁⑁⑁


Account #:        9508


Dear Valued Customer:

Thank you for your payment.  Please find the below confirmation of your electronically created paper check
payment authorization for the account referenced above.

|                              |            |
|------------------------------|------------|
| Authorization Date:          | 06/15/09   |
| Payment Date:                | 06/25/09   |
| Bank Acct # (Last 4 digits): | ******6405 |
| Payment Amount:              | $186.52    |
| Payment Fee:                 | $0.00      |
| Total Payment Amount:        | $186.52    |

If you have questions, please contact us at (800)395-3489 during normal business hours.


Sincerely,


HSBC MORTGAGE SERVICES


Esta carta contiene información importante sobre su cuenta y podría requerir su atención. Si tiene alguna
pregunta y desea hablar en Español con un empleado, sírvase comunicarse con nosotros al (800)395-3489
marque el número 2, durante nuestras horas de oficina normales.

Caliber000123

**HSBC**

HSBC MORTGAGE SERVICES
PO BOX 3425
BUFFALO, NY 14240-9733

JOSE TREVINO                                                                                    06/16/09
3315 SANDIE LANE
EDINBURG, TX 78542

Account #:      9508

Dear Valued Customer:

Thank you for your payment.  Please find the below confirmation of your electronically created paper check
payment authorization for the account referenced above.

| | |
|---|---|
| Authorization Date: | 06/16/09 |
| Payment Date: | 06/25/09 |
| Bank Acct # (Last 4 digits): | ******6405 |
| Payment Amount: | $186.52 |
| Payment Fee: | $0.00 |
| Total Payment Amount: | $186.52 |

If you have questions, please contact us at (800)395-3489 during normal business hours.

Sincerely,

HSBC MORTGAGE SERVICES

Esta carta contiene información importante sobre su cuenta y podría requerir su atención. Si tiene alguna
pregunta y desea hablar en Español con un empleado, sírvase comunicarse con nosotros al (800)395-3489
marque el número 2, durante nuestras horas de oficina normales.

Caliber000124

# HSBC ⬛

4/13/2011

Jose Trevino
3315 Sandie Ln
Edinburg, TX 78542-4709

Property At: 3315 Sandie Ln Edinburg, TX 78541-0000
Loan Number:           9508
RE: Delinquent Property Taxes

Dear Customer,

We recently mailed you a letter informing you that the taxes on the property securing the above referenced loan are seriously delinquent. We requested proof of payment or a copy of a confirmed Chapter 13 Bankruptcy Plan. This information has not yet been received.

It is critical that proof of payment, in the form of either a canceled check or tax payment receipt, or copy of a confirmed Chapter 13 Bankruptcy Plan be forwarded to the address listed on the coupon below or facsimile to (817) 826-1258.

| --Parcel No.-- | Year | Instl | Base Amt | ----Payee---- |
|---|---|---|---|---|
| C1120-02-000-0149-00 | 2010/2010 | A | $636.36 | Hidalgo County |

This is our final request. If we do not receive the above requested proof of payment within 15 days of this letter, we may advance payment on your behalf, pursuant to the terms of your mortgage. The payment will then be added to your loan and will be billed after discharge of the Chapter 13 Bankruptcy Plan.

PLEASE BE AWARE THAT BORROWING MONEY FROM A THIRD PARTY TO PAY THESE TAXES MAY RELINQUISH THE TAX LIEN TO THE THIRD PARTY AND PUT YOUR PROPERTY AT RISK!

We appreciate your immediate attention to this matter. If you have questions, please call the HSBC Mortgage Services, member of HSBC Group Property Tax Department at (866) 668-0221 Monday through Friday between 10:00 AM and 7:00 PM Eastern Time.

Sincerely,

Property Tax Department
HSBC Mortgage Services

*10 - 70594*

This letter is being sent for information purposes only to provide notice of the obligations contained in the mortgage application to debtor(s) residence and not in an attempt to collect , asses, or recover a claim against the debtor(s)

Caliber000692

------------------------------Cut and return with Proof of Tax Payment------------------------------

Order: 07187938

Loan Number: [        ]         9508

Base Amount: **$636.36**

Parcel: C1120-02-000-0149-00
Hidalgo County
956-318-2157

**NOTE:  DO NOT SEND ANY TAX PAYMENTS
OR MORTGAGE PAYMENTS TO THIS
ADDRESS.  ONLY PROOF OF PAYMENTS PLEASE!**

**WAYS TO SEND IN PROOF OF PAYMENT:**
1. Email: paymentproof.dfw.tx@corelogic.com
2. FAX: 817-826-1258
3. MAIL WITH RETURN ENVELOPE

PLEASE ATTACH THIS COUPON WITH PROOF OF PAYMENT

HSBC - 1st Mortgage-0010139
P.O. Box 961247
Ft. Worth, TX 76161-0247

TB2

Caliber000693

# HSBC

7/13/2011

Jose Trevino
3315 Sandie Ln
Edinburg, TX 78542-4709

Property At: 3315 Sandie Ln Edinburg, TX 78541-0000
Loan Number: (        9508
RE: Delinquent Property Taxes

Dear Customer,

We recently mailed you a letter informing you that the taxes on the property securing the above referenced loan are seriously delinquent. We requested proof of payment or a copy of a confirmed Chapter 13 Bankruptcy Plan. This information has not yet been received.

It is critical that proof of payment, in the form of either a canceled check or tax payment receipt, or copy of a confirmed Chapter 13 Bankruptcy Plan be forwarded to the address listed on the coupon below or facsimile to (817) 826-1258.

| --Parcel No.-- | Year | Instl | Base Amt | ----Payee---- |
|---|---|---|---|---|
| C1120-02-000-0140-00 | 2010/2010 | A | $567.78 | Edinburg City |

This is our final request. If we do not receive the above requested proof of payment within 15 days of this letter, we may advance payment on your behalf, pursuant to the terms of your mortgage. The payment will then be added to your loan and will be billed after discharge of the Chapter 13 Bankruptcy Plan.

PLEASE BE AWARE THAT BORROWING MONEY FROM A THIRD PARTY TO PAY THESE TAXES MAY RELINQUISH THE TAX LIEN TO THE THIRD PARTY AND PUT YOUR PROPERTY AT RISK!

We appreciate your immediate attention to this matter. If you have questions, please call the HSBC Mortgage Services, member of HSBC Group Property Tax Department at (866) 668-0221 Monday through Friday between 10:00 AM and 7:00 PM Eastern Time.

Sincerely,

Property Tax Department
HSBC Mortgage Services

*case # 08-70594*

This letter is being sent for information purposes only to provide notice of the obligations contained in the mortgage application to debtor(s) residence and not in an attempt to collect, assess, or recover a claim against the debtor(s)

Caliber000694

-----------------------------Cut and return with Proof of Tax Payment----------------------------------------------------

Order: 07187938
Loan Number: 9508
Base Amount: **$567.78**

Parcel: C1120-02-000-0149-00
Edinburg City
956-388-8204

**NOTE: DO NOT SEND ANY TAX PAYMENTS
OR MORTGAGE PAYMENTS TO THIS
ADDRESS. ONLY PROOF OF PAYMENTS PLEASE!**

**WAYS TO SEND IN PROOF OF PAYMENT:**
1. Email: paymentproof.dfw.tx@corelogic.com
2. FAX: 817-826-1258
3. MAIL WITH RETURN ENVELOPE

PLEASE ATTACH THIS COUPON WITH PROOF OF PAYMENT

HSBC - 1st Mortgage-0010139
P.O. Box 961247
Ft. Worth, TX 76161-0247

TB2

Caliber000695

Ellen C. Stone

# THE STONE LAW FIRM, P.C.
### IRS Problems* Business and Consumer Bankruptcy * Consumer Law

*Of Counsel*
Antonio Martinez

4900 N. 10th St., Suite A-2
McAllen, TX 78504

---

We are a Debt Relief Agency.
We Help People File for Bankruptcy Relief Under the Bankruptcy Code.

August 25, 2010

Hsbc/ms
Po Box 3425
Buffalo, NY 14240

Re:    Trevino, Jose Sr., xxx-xx-9337
       Trevino, Teresa,xxx-xx-8457
       Account      9508
       Address:3315 Sandie Lane  Edinburg, TX 78541
       Mailing (if diff):

To Whom It May Concern:

    This is notice to you that this firm represents the above named debtor(s) in a Bankruptcy proceeding filed on 8/25/2010, under a Chapter 13 of the U.S. Bankruptcy Code for the Southern District of Texas, McAllen Division.  The case number is **10-70594-M-13** .

    You will receive notice from the Court, but for the interim period this is to notify you that the filing of the bankruptcy petition operates as an automatic stay or injunction pursuant to 11 U.S.C. Section 362 (a) of the Bankruptcy Code.  This stay prohibits the commencement or the continuation of any Court proceeding to enforce any lien on the property of the debtor(s); or any act to obtain possession of the property of the debtor(s); or any act to collect, assess or recover a claim against the debtor(s).  A violation of these prohibitions may be considered contempt of court and punished accordingly.

    **CHAPTER 7 CASE:**  Enclosed you will find a copy of the Debtor'(s) Statement of Intention regarding certain debts.  If your debt is listed as a debt which the Debtor(s) has chosen to reaffirm or redeem, please send us the respective documents for execution and filing with the Bankruptcy Court.

    **CHAPTER 13 CASE:  SECURED CREDITORS TREATMENT:**  Notice is hereby given to secured claims that our plan may cram down the value of your collateral.  YOU SHOULD REVIEW A COPY OF THE PLAN to determine if your rights are being affected.

    If you have any questions, you should contact your attorney in regards to any claim you may have against the debtor(s).
    **** Our office can provide you with a copy of the debtor(s) petition for a fee of $30.00 payable to The Stone Law Firm, P.C.**
You may call the U.S. Bankruptcy Court at (713) 250-5049 to obtain the following information:  Case Number, Name of Trustee, Type of Case, and Status of Case.**

Sincerely,
Ellen C. Stone
The Stone Law Firm, PC
estone@ellenstonelaw.com
4900 N. 10th St., Ste. A-2
McAllen Texas 78504

Caliber000700

Ellen C. Stone

# THE STONE LAW FIRM, P.C.
### IRS Problems* Business and Consumer Bankruptcy * Consumer Law

*Of Counsel*
Antonio Martinez

4900 N. 10th St., Suite A-2
McAllen, TX 78504

---

We are a Debt Relief Agency.
We Help People File for Bankruptcy Relief Under the Bankruptcy Code.

August 25, 2010

Hsbc/ms
Po Box 3425
Buffalo, NY 14240

Re:     Trevino, Jose Sr., xxx-xx-9337
        Trevino, Teresa,xxx-xx-8457
        Account      9508
        Address:3315 Sandie Lane  Edinburg, TX 78541
        Mailing (if diff):

To Whom It May Concern:

    This is notice to you that this firm represents the above named debtor(s) in a Bankruptcy proceeding filed on 8/25/2010, under a Chapter 13 of the U.S. Bankruptcy Code for the Southern District of Texas, McAllen Division.  The case number is **10-70594-M-13** .

    You will receive notice from the Court, but for the interim period this is to notify you that the filing of the bankruptcy petition operates as an automatic stay or injunction pursuant to 11 U.S.C. Section 362 (a) of the Bankruptcy Code.  This stay prohibits the commencement or the continuation of any Court proceeding to enforce any lien on the property of the debtor(s); or any act to obtain possession of the property of the debtor(s); or any act to collect, assess or recover a claim against the debtor(s).  A violation of these prohibitions may be considered contempt of court and punished accordingly.

    **CHAPTER 7 CASE:**  Enclosed you will find a copy of the Debtor'(s) Statement of Intention regarding certain debts.  If your debt is listed as a debt which the Debtor(s) has chosen to reaffirm or redeem, please send us the respective documents for execution and filing with the Bankruptcy Court.

    **CHAPTER 13 CASE:  SECURED CREDITORS TREATMENT:**  Notice is hereby given to secured claims that our plan may cram down the value of your collateral.  YOU SHOULD REVIEW A COPY OF THE PLAN to determine if your rights are being affected.

    If you have any questions, you should contact your attorney in regards to any claim you may have against the debtor(s).
    ** Our office can provide you with a copy of the debtor(s) petition for a fee of $30.00 payable to The Stone Law Firm, P.C.** You may call the U.S. Bankruptcy Court at (713) 250-5049 to obtain the following information:  Case Number, Name of Trustee, Type of Case, and Status of Case.

Sincerely,
Ellen C. Stone
The Stone Law Firm, PC
estone@ellenstonelaw.com
4900 N. 10th St., Ste. A-2
McAllen Texas 78504

Caliber000701



**ARMANDO BARRERA JR., RTA**
**Hidalgo County Tax Assessor – Collector**
PO BOX 178   EDINBURG, TX   78540-0178

Phone No.: (956) 318-2157
Fax No.: 956-318-2733

Print Date:  06/10/2011

WALDEN MAILROOM

JUN 2 9 2011

RECEIVED

HSBC
2929 WALDEN AVENUE
DEPEW , NY  14043

Account Number
C1120-02-000-0149-00
HCAD No. 626992

Legal Description of the Property
CANTERA RIDGE PH 2 LOT 149

3315  SANDIE LN

OWNER: TREVINO JOSE

**2010 OVERAGE AMOUNT**     **$631.69**

# NOTARIZED AFFIDAVIT

STATE OF TEXAS
COUNTY OF HIDALGO

I, _____, do hereby swear that I am the person signing for the account and am authorized to sign this application for the claim for a refund.
BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared the affiant, whose name is shown above, who, being by me first duly sworn did upon his or her oath depose and say that all of the facts set out in the following affidavit are true and represent the whole truth of the tax payment and of this claim for the refund thereof.
SWORN TO AND SUBSCRIBED BEFORE ME, this the _____ day of _____ , 20_____.

NOTARY IN AND FOR THE STATE OF TEXAS
MY COMMISSION EXPIRES _____

Any person who knowingly makes a false entry in the foregoing governmental record commits an offense punishable by confinement in the TEXAS DEPARTMENT OF CORRECTIONS for any term of not more than ten (10) years or less than two (2) years and may be punished in addition to imprisonment with a fine not to exceed $5,000.00; or confinement in jail for a term not to exceed one year; or a fine not to exceed $2,000.00 or both such fine and imprisonment as set forth in TEXAS PENAL CODE 12.21, 12.34, 37.10 (VERSION 19740).

This tax refund ___ APPROVED / ___ DISAPPROVED by Governing Body.

Caliber000751

## Income and Expense Calculator

| Loan Number: | 9508 | Customer Names: | Jose Trevino | Date: | 03-26-10 |
|---|---|---|---|---|---|
| Related Loan: | | | | Processor: | Cathie Gryboski |

### Customer Income

**N1 Net Income**

| Frequency | Gross Income | Net Income | OT/ Bonus/ Commission | Add Backs | Adjusted Pay | Monthly | Source of Income |
|---|---|---|---|---|---|---|---|
| Bi-Weekly | $ 1,258.80 | $ 784.94 | $ - | $ - | $ 784.94 | $ 1,700.70 | |
| | $ - | $ - | $ - | $ - | $ - | $ - | paystub, doc 92655434 pg 10 |
| | $ - | $ - | $ - | $ - | $ - | $ - | |
| Total N1 Monthly Income: | | | | | $ 784.94 | $ 1,700.70 | |

**N2 Net Income**

| Monthly | $ 3,678.33 | $ 2,513.51 | $ - | $ - | $ 2,513.51 | $ 2,513.51 | |
|---|---|---|---|---|---|---|---|
| | $ - | $ - | $ - | $ - | $ - | $ - | paystub, doc 92655434 pg 11 |
| | $ - | $ - | $ - | $ - | $ - | $ - | |
| Total N2 Monthly Income: | | | | | $ 2,513.51 | $ 2,513.51 | |

**Other Income**

| | $ - | $ - | $ - | $ - | $ - | $ - | |
|---|---|---|---|---|---|---|---|
| | $ - | $ - | $ - | $ - | $ - | $ - | |
| | $ - | $ - | $ - | $ - | $ - | $ - | |
| Total Other Monthly Income: | | | | | $ - | $ - | |
| **Total Customer Monthly Income** | | | | $ | | | **4,214.21** |

### Excluded Bank Statement Deposits

| Date | Amount | Reason | Total Deposits | Excluded Deposits | Total Monthly Income |
|---|---|---|---|---|---|
| | $ - | | | | |
| | $ - | | | | |
| | $ - | | | | |
| | $ - | | $ - | $ - | $ - |

### Business for Self (Bank Statement)

| Month/Year: | * = items that are not considered business income |
|---|---|

| Adjustment | Amount |
|---|---|
| Total Deposits (**Personal** Bank Statement only) | $ - |
| Ending Balance (**Business** Bank statement only) | $ - |
| * Minus SSI, Pension, Unemployment, etc. | $ - |
| * Minus Transfers | $ - |
| * Minus Returns Items/Credits | $ - |
| Monthly Net 75% = | $ - |

### Schedule C

There are three lines essential to calculating Schedule C income: 13, 30 and 31

| Line - 13 Depreciation | $ - |
|---|---|
| Line - 30 Expenses for business use of your home | $ - |
| Line - 31 Net profit or loss | $ - |
| Monthly Net = | $ - |

### Customer Expenses

| Medical Insurance | | HOA / HOI | | Property Taxes | | Other | |
|---|---|---|---|---|---|---|---|
| Description | Amount | Description | Amount | Description | Amount | Description | Amount |
| | $ - | | $ - | | $ 2,825.00 | | $ - |
| | $ - | | $ - | | $ 572.45 | | $ - |
| | $ - | | $ - | | $ - | | $ - |
| | $ - | | $ - | | $ - | | $ - |
| | $ - | | $ - | | $ - | | $ - |
| SubTotal: | $ - | SubTotal: | $ - | SubTotal: | $ 3,397.45 | | $ - |
| Divided By: | 1 | Divided By: | 1 | Divided By: | 12 | | $ - |
| Med Insurance: | $ - | HOA / HOI: | $ - | Taxes: | $ 283.12 | Other: | $ - |

| Alimony / Child (care & support) | | Utilities | | Medical Expenses | | Prescriptions | | |
|---|---|---|---|---|---|---|---|---|
| Description | Amount | Description | Amount | Description | Amount | Amount | Divided | Equal To |
| | $ - | | $ 450.00 | | $ 200.00 | $ - | 1 | $ - |
| | $ - | | $ - | | $ - | $ - | 1 | $ - |
| | $ - | | $ - | | $ - | $ - | 1 | $ - |
| | $ - | | $ - | | $ - | $ - | 1 | $ - |
| | $ - | | $ - | SubTotal: | $ 200.00 | $ - | 1 | $ - |
| | $ - | | $ - | Divided By: | 1 | $ - | 1 | $ - |
| | $ - | | $ - | Medical Expenses: | $ 200.00 | Prescriptions | | |
| Care: | $ - | Utilities: | $ 450.00 | **Total Medical Cost (Prescription and Medical Expenses)** | | | $ 200.00 | |

Caliber000752

Case 13-07031   Document 138-2   Filed in TXSB on 06/07/16   Page 215 of 239

| Total Customer Expenses: | $ | 933.12 |

Caliber000753

## Rate Modification - 1st Lien - Regular

| Account Number: | **9508** | Customer Names: | N1 | **Jose Trevino** |
|---|---|---|---|---|
| Processor: | **Cathie Gryboski** | | N2 | |

**Foreclosure Status:**      Further Reduction ☐     Extension ☐

Non Foreclosure ⦿     FCL - Restart State ○     FCL - Resume State ○     FCL - Stip Not Needed ○

### Account Information

| Investor Code | 20000 | Property Zipcode: | 78541 | | |
|---|---|---|---|---|---|
| Lien Type: | 1st Lien | Dependents: | 1 | Date: | **03-26-10** |
| Loan Product: | ARM | Is this a Combo Loan: | No | | |
| Processor Notes: | | | | | |

### FAP Financials

| | | |
|---|---|---|
| Monthly Income N1 | $ | 1,700.70 |
| Monthly Income N2 | $ | 2,513.51 |
| Other Income | $ | - |
| BFS Bank Statements | $ | - |
| Schedule C | $ | - |
| Total Monthly Income | $ | 4,214.21 |
| This Mortgage | $ | 761.23 |
| Other Mortgage | $ | - |
| Escrow | $ | - |
| Alimony / Child (care and support) | $ | - |
| Medical Cost (permanent) | $ | 200.00 |
| Medical Insurance | $ | - |
| HOA / HOI | $ | - |
| Utilities | $ | 450.00 |
| Property Taxes | $ | 283.12 |
| Other: | $ | - |
| Disposable Income Limit | $ | 1,200.00 |
| Dependent Allowance | $ | 100.00 |
| Target Disposable Income | $ | 1,300.00 |
| Actual Disposable Income | $ | 2,519.86 |
| Difference btw Target & Actual | **$** | **1,219.86** |
| Does Account Qualify? | **No** | |

### Interest Rate Calculator

#### Remaining Loan Term & Current Terms

| Due Date | 09-01-2009 | Princ Balance | $ | 88,707.50 |
|---|---|---|---|---|
| Maturity Date | 03-01-2035 | Interest Rate | | 9.37500% |
| Remaining Term | 307 | P & I Pmt | $ | 761.23 |
| # Dys in Cycle (Helocs only) | 31 | BP (Helocs) | $ | - |

#### New Mod Terms

| Terms | Current | Suggested | Reduction |
|---|---|---|---|
| Principal Balance | $ 88,707.50 | $ 88,707.50 | |
| Interest Rate | 9.37500% | 9.34632% | **$0.00** |
| P & I Pmt | $ 761.23 | $ 761.23 | |
| Escrow | $ - | $ - | |
| Total Pmt | $ 761.23 | $ 761.23 | **0.00%** |
| PTI | 100.00% | 100.00% | |

# 9508

Tool Revised on 11-10-2009

### Qualifiers

| Notes | |
|---|---|
| | |
| | |
| | |

### Exceptions / Approvals

| Stamp | |
|---|---|
| Notes | |
| | |
| | |

Caliber000754

Customer Information
JOSE TREVINO
3315 SANDIE LANE
EDINBURG
TX, 78541

Account Information
Platform: HMS MS
Acct:                    9508
Type: ARM
Rate: 11.3%
Payment: $884.04

FAP Information
Decision: Denied
Dec. Date: 5/7/2009

COMET Information
Segment: HMS
Status: Denied

# NO RELIEF

## Modification Checklist  HMS

Account # _____9508_____          Customer Name: ___Jose Trevino_____

Processor Name: Cathie Gryboski

| | VERIFY |
|---|---|
| x | Account is stmped with MOD Discussed/ RFD |
| x | Checked for related accounts HMS-Cus Xre Soc |
| x | 1st MTG Worked                    [   ] 2nd MTG worked |
| x | Updated Loss Fin pgs 1-3 |
| x | Opened Work Station ( Los Mit  & los Work Flags) |
| | On Mod Cover Sheet verify if loan is any of the following: |
| [   ] | HELOC (20-22)                 [   ] Enter billed principal (admin rec srceen) |
| x | ARM                                [   ] Enter adjusted ARM rate if adjustment period is within Mod period |
| [   ] | Interest Only (10)             [   ] Enter the date the interest only period ends |

| | Approved Pending QP |
|---|---|
| [   ] | Tasks #1001, 1071, 1091 IF FAP or 1080 IF Comet & 1055 follow up date 30 days |
| [   ] | Stop Code 2 Value 3 (30) |
| [   ] | Stamp Pending payment*** utilize template to document the following: |
| **Example:** | Pend.full or mod.payment, hardship approved 6 month mod: x.xx% I/R, EST P&I $XXX.XX + Escrow or Ancill fees |
| [   ] | Send 6.90 letter                          [   ] Print Mod Sheet, FAP, Income cal, Loss Fin. p. 1-3 & Comet to apex |
| [   ] | Complete Work item in APEX |

| | Approved |
|---|---|
| [   ] | Tasks #1001(reg) / (1002 further reduction), 1071, 1091 (FAP) / 1080 (Comet), 1055, 1031, 1056 |
| [   ] | Stop Code 2 Value 3 (30 days)           [   ] Update Recall Date (next calendar day) |
| [   ] | MOD Review fwd To Support  / Perm Mod Review Fwd To Support *** utilize template to document terms |
| [   ] | Is an exception needed? If yes open  CIT 957  Explaination: |
| [   ] | Open CIT 836 (FAP / reduction <12 mo.)  - or -     [   ] Open CIT 966 (Reduction >12 mo.) |
| [   ] | Open CIT 11 Comet                          [   ] Print Mod Sheet, FAP, Income cal, Loss Fin. p. 1-3 & Comet to apex |
| [   ] | Complete work item in APEX |
| [   ] | 10K series Verbiage (if applicable) |

| | Denied |
|---|---|
| x | Tasks #1001, 1071, 1068 |
| x | Mod Alternative is closed R (3 - 9 and document reason of Denial) |
| x | ** If account is denied due to no QP close Mod Alternative (2- 9 document reason) ** |
| x | Complete Task 7 "File Close in workstation Loss Work" only if no other alternatives are open |
| x | Stamp acct with  "App Review-Denied" |
| x | Update Recall Date (next calendar day) |
| x | Send Denial Letter 5.45                    [ x ] Print Mod Sheet, FAP, Income cal, Loss Fin. p. 1-3 & Comet to apex |
| x | Complete work item in APEX |





Caliber000758



Ellen C. Stone

# THE STONE LAW FIRM, P.C.

**IRS Problems\* Business and Consumer Bankruptcy \* Consumer Law**

*Of Counsel*
Antonio Martinez

4900 N. 10th St., Suite A-2
McAllen, TX 78504



We are a Debt Relief Agency.
We Help People File for Bankruptcy Relief Under the Bankruptcy Code.

August 30, 2010

Hsbc Mortgage Services
Po Box 60139
City of Industry, CA 91716-0139

Re:   Trevino, Jose Sr., xxx-xx-9337
      Trevino, Teresa.xxx-xx-8457
      Account      19508
      Address:3315 Sandie Lane  Edinburg, TX 78541
      Mailing (if diff):

To Whom It May Concern:

This is notice to you that this firm represents the above named debtor(s) in a Bankruptcy proceeding filed on 8/25/2010, under a Chapter 13 of the U.S. Bankruptcy Code for the Southern District of Texas, McAllen Division. The case number is **10-70594-M-13** .

You will receive notice from the Court, but for the interim period this is to notify you that the filing of the bankruptcy petition operates as an automatic stay or injunction pursuant to 11 U.S.C. Section 362 (a) of the Bankruptcy Code. This stay prohibits the commencement or the continuation of any Court proceeding to enforce any lien on the property of the debtor(s); or any act to obtain possession of the property of the debtor(s); or any act to collect, assess or recover a claim against the debtor(s). A violation of these prohibitions may be considered contempt of court and punished accordingly.

**CHAPTER 7 CASE:**  Enclosed you will find a copy of the Debtor'(s) Statement of Intention regarding certain debts. If your debt is listed as a debt which the Debtor(s) has chosen to reaffirm or redeem, please send us the respective documents for execution and filing with the Bankruptcy Court.

**CHAPTER 13 CASE:  SECURED CREDITORS TREATMENT:** Notice is hereby given to secured claims that our plan may cram down the value of your collateral. <u>YOU SHOULD REVIEW A COPY OF THE PLAN</u> to determine if your rights are being affected.

If you have any questions, you should contact your attorney in regards to any claim you may have against the debtor(s).
**\*\* Our office can provide you with a copy of the debtor(s) petition for a fee of $30.00 payable to The Stone Law Firm, P.C.\*\* You may call the U.S. Bankruptcy Court at (713) 250-5049 to obtain the following information:  Case Number, Name of Trustee, Type of Case, and Status of Case.**

Sincerely,
Ellen C. Stone
The Stone Law Firm, PC
estone@ellenstonelaw.com
4900 N. 10th St., Ste. A-2
McAllen Texas 78504

Caliber000789

# HSBC ◆X◆

6/9/2011

Jose Trevino
3315 Sandie Ln
Edinburg, TX 78542-4709

Property At: 3315 Sandie  Ln Edinburg, TX 78541-0000
Loan Number:          9508
RE: Delinquent Property Taxes

Dear Customer,

HSBC Mortgage Services, member of HSBC Group has received notification that the taxes for the property securing the above referenced loan have not been paid and are seriously delinquent.

The terms of your mortgage require that the property securing your loan remain free of liens.  Failure to pay the taxes by the due date may impose a lien on the property, which constitutes a default under the terms of your mortgage.

Please forward proof of payment to the address provided in the coupon or to the following facsimile (817) 826-1258.

| --Parcel No.-- | Year | Instl | Base Amt | ----Payee---- |
|---|---|---|---|---|
| C1120-03-000-0149-00 | 2010/2010 | A | $567.78 | Edinburg City |

Proof of payment must be in the form of a canceled check or tax payment receipt that includes the loan number, amount paid, and tax identification number.  For loans protected under a Chapter 13 Bankruptcy Plan, a copy of the confirmed plan showing repayment of these taxes is sufficient.

If we do not receive the above requested proof within 30 days of this letter, we may advance payment on your behalf, pursuant to the terms of your mortgage.  The payment will then be added to you loan and will be billed after discharge of the Chapter 13 Bankruptcy Plan.

PLEASE BE AWARE THAT BORROWING MONEY FROM A THIRD PARTY TO PAY THESE TAXES MAY RELINQUISH THE TAX LIEN TO THE THIRD PARTY AND PUT YOUR PROPERTY AT RISK!

We appreciate your immediate attention to this matter.  If you have questions, please call the HSBC Mortgage Services, member of HSBC Group Property Tax Department at (866) 668-0221 Monday through Friday between 10:00AM and 7:00PM Eastern Time.

Sincerely,

Property Tax Department
HSBC Mortgage Services

Caliber000793

----------------------------------Cut and return with Proof of Tax Payment----------------------------------------------------

Order: 07187938

Loan Number:                    9508

Base Amount: **$567.78**

Parcel: C1120-02-000-0149-00
Edinburg City
956-388-8204

**NOTE:  DO NOT SEND ANY TAX PAYMENTS
OR MORTGAGE PAYMENTS TO THIS
ADDRESS.  ONLY PROOF OF PAYMENTS PLEASE!**

**WAYS TO SEND IN PROOF OF PAYMENT:**
  1. Email: paymentproof.dfw.tx@corelogic.com
  2. FAX: 817-826-1258
  3. MAIL WITH RETURN ENVELOPE

PLEASE ATTACH THIS COUPON WITH PROOF OF PAYMENT

HSBC - 1st Mortgage-0010139
P.O. Box 961247
Ft. Worth, TX 76161-0247                                          TB1

Caliber000794

# RESIDENTIAL BROKER PRICE OPINION
### HSBC/IREP

| | | | |
|---|---|---|---|
| Loan # | 3508 | Inspection Type: ☑ Drive By ☐ Interior | Inspection Date: 1/2/2010 |
| Order #: | 945165 | House appears to be ☑ Occupied ☐ Vacant/Secured ☐ Vacant/Unsecured | |
| PROPERTY ADDRESS: | 3315 SANDIE LANE | BORROWER: | JOSE TREVINO, |
| | Edinburg, TX 78542 | CLIENT NAME: | HSBC Mortgage Services Default Servicing |
| FIRM NAME: | Lorie Dykes | COMPLETED BY: | J.R Dykes |
| PHONE NO.: | 956-222-0368 | FAX NO. | 956-384-9397 |
| | | PARCEL #: | C1120-02-000-0149-00 |

## I. GENERAL MARKET CONDITIONS

Current market condition: ☐ Depressed ☑ Slow ☐ Stable ☐ Improving ☐ Excellent

Employment conditions: ☐ Declining ☑ Stable ☐ Increasing

Market price of this type property has:
☐ Decreased _____ % in past _____ months
☐ Increased _____ % in past _____ months
☑ Remained stable

Estimated percentages of owner vs. tenants in neighborhood: 90 % owner occupant 10 % tenant

There is a ☐ normal supply ☐ over supply ☑ shortage of comparable listings in the neighborhood

Approximate number of comparable units for sale in neighborhood? 3 Owner Pride: Average

No. of competing listings in neighborhood that are REO or Corporate owned: 2

No. of boarded or blocked-up homes: 0

Comments : See General Market Conditions Comments Addendum (page 3).

## II. SUBJECT MARKETABILITY

Range of values in the neighborhood is $ 45000 to $ 90000

The subject is an ☐ over improvement ☐ under improvement ☑ appropriate improvement for the neighborhood.

Normal marketing time in the area is: 110 days.

Are all types of financing available for the property? ☑ Yes ☐ No If no, explain _____

Has the property been on the market in the last 12 months? ☐ Yes ☑ No If yes,explain _____

Is the property currently listed? ☐ Yes ☑ No Listing Company: _____ Phone Number: _____

To the best of your knowledge, why did it not sell? _____

Unit Type: ☐ single family attached ☐ condo ☐ co-op ☐ Multi Family ☐ 2 unit ☐ 3 unit ☐ 4 unit
☑ single family detached ☐ townhouse ☐ modular ☐ Mobile Home Att ☐ Mobile Home Det ☐ W/Land ☐ Other

Resale Comments: See Resale Comments Addendum (page 3).

If condo or other association exists: Fee $ _____ ☐ monthly ☐ annually Current? ☐ Yes ☐ No Fee delinquent? ☐
The fee includes: ☐ Insurance ☐ Landscape ☐ Pool ☐ Tennis Other _____
Association Contact: Name: _____ Phone No.: _____

## III. COMPETITIVE CLOSED SALES

| ITEM | SUBJECT | COMPARABLE NUMBER 1 | | | COMPARABLE NUMBER 2 | | | COMPARABLE NUMBER 3 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Address | 3315 SANDIE LANE | 3420 Robbie Ln | | | 3419 Robbie Ln | | | 1329 Palomino St | | |
| City, State, Zip | Edinburg TX 78542-3288 | Edinburg | TX | 78542-3288 | Edinburg | TX | 78542-4713 | Edinburg | TX | 78542-6013 |
| Proximity to Subject | | 0.07 Miles REO/Corp☑ | | | 0.08 Miles REO/Corp☑ | | | 1.65 Miles REO/Corp☑ | | |
| Sale Price/ List Price | $ | $ 69000 | $ 64900 | | $ 73500 | $ 74900 | | $ 70000 | $ 74900 | |
| Price/Gross Living Area | | $48 Sq. Ft. | | | $51 Sq. Ft. | | | $47 Sq. Ft. | | |
| Data Source | Tax Assessor | MLS | | | MLS | | | MLS | | |
| Sale Date /List Date | | 7/28/2009 | 3/21/2009 | | 7/6/2009 | 1/28/2009 | | 8/27/2009 | 5/18/2009 | |
| Days on Market | | 129 | | | 159 | | | 101 | | |
| VALUE/ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) Adjustment | | DESCRIPTION | +(-) Adjustment | | DESCRIPTION | +(-) Adjustment | |
| Sales or Financing Concessions | | Closing costs | -2640 | | None | | | None | | |
| Location | Suburban | Suburban | | | Suburban | | | Suburban | | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | | Fee Simple | | | Fee Simple | | |
| Site Size | 0.137 Acres | 0.137 Acres | | | 0.137 Acres | | | 0.165 Acres | | |
| View | Residential | Residential | | | Residential | | | Residential | | |
| Design and Appeal | Ranch/Average | Ranch/Average | | | Ranch/Average | | | Ranch/Average | | |
| Quality of Construction | Average | Average | | | Average | | | Average | | |
| Age | 5 | 7 Years | | | 6 Years | | | 4 Years | | |
| Condition | Good | Good | | | Good | | | Good | | |
| Above Grade | Total Bdrs Baths H/Bath | Total Bdrs Baths H/Bath | | | Total Bdrs Baths H/Bath | | | Total Bdrs Baths H/Bath | | |
| Room Count | 6 3 2 0 | 6 3 2 0 | | | 6 4 2 0 | 500 | | 6 3 2 0 | | |
| Gross Living Area | 1488 Sq. Ft. | 1427 Sq. Ft. | -600 | | 1414 Sq. Ft. | -700 | | 1488 Sq. Ft. | | |
| Basement & Finished Rooms Below Grade | 0 Sq. Ft. | 0 Sq. Ft. | | | 0 Sq. Ft. | | | 0 Sq. Ft. | | |
| | 0 % Fin | 0 % Fin | | | 0 % Fin | | | 0 % Fin | | |
| Functional Utility | Good | Good | | | Good | | | Good | | |
| Heating/Cooling | | Central electric | | | Central electric | | | Central electric | | |
| Energy Efficient Items | | | | | | | | | | |
| Garage/Carport | 1/att garage | 1/att garage | | | 1/att garage | | | 1/att garage | | |
| Porches, Patio, Deck Fireplace(s), etc. | Patio slab | Covered patio | 300 | | Patio slab | | | None | | |
| Fence, Pool, etc. | Wood fence | Partial wood fence | 800 | | Partial wood fence | 800 | | Partial wood fence | 800 |
| Other | | | | | | | | | | |
| Net Adj. (total) | | ☐ + ☑ - | $ -2140 | | ☑ + ☐ - | $ 600 | | ☑ + ☐ - | $ 800 | |
| Adjusted Sales Price of Comparable | | | $ 66860 | | | $ 74100 | | | $ 70800 | |

| | | |
|---|---|---|
| Fannie Mae Revised 03/99 | Page 1 of 3 | Integrated Real Estate Processing © 2006 |
| | This is not an appraisal and not be used as an appraisal. | |

Caliber000811

Loan#      9508

## IV. MARKETING STRATEGY

☐ As-Is   ☒ Minimal Lender Required Repairs   ☐ Repaired   Most Likely Buyer: ☒ Owner occupant   ☐ Investor

## V. REPAIRS

Itemize ALL repairs needed to bring property from its present "as is" condition to average marketable condition for the neighborhood.
Check those repairs you recommend that we perform for most successful marketing of the property.

☐ _____ $ _____    ☐ _____ $ _____
☐ _____ $ _____    ☐ _____ $ _____
☐ _____ $ _____    ☐ _____ $ _____
☐ _____ $ _____    ☐ _____ $ _____
☐ _____ $ _____    ☐ _____ $ _____
☐ _____ $ _____    ☐ _____ $ _____
☐

GRAND TOTAL FOR ALL REPAIRS  $ 0

Estimated Days to Complete Repairs:   Between: 0   and 0
Does Agent believe there will be a Resale Problem?   ☐ Yes  ☒ No

## VI. COMPETITIVE LISTINGS

| ITEM | SUBJECT | COMPARABLE NUMBER 1 | | COMPARABLE NUMBER 2 | | COMPARABLE NUMBER 3 | |
|---|---|---|---|---|---|---|---|
| Address | 3315 SANDIE LANE | 3415 Robbie Ln | | 3306 Robbie Ln | | 1414 Denver | |
| City, State, Zip | | Edinburg TX | 78542-4713 | Edinburg TX | 78542-6351 | Edinburg TX | 78541-6020 |
| Proximity to Subject | | 0.08   Miles  REO/Corp☒ | | 0.03   Miles  REO/Corp☐ | | 2.81   Miles  REO/Corp☒ | |
| Current List/Original List | $ | $ 58800 | $ 58800 | $ 84900 | $ 84900 | $ 79900 | $ 79900 |
| Price/Gross Living Area | | $ 40   Sq.Ft. | | $ 65   Sq.Ft. | | $ 49   Sq.Ft. | |
| List Date | | 12/10/2009 | | 9/4/2009 | | 12/28/2009 | |
| Verification Source | Tax Assessor | MLS | | MLS | | MLS | |
| Days on Market | | 25 | | 122 | | 7 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment |
| Sales or Financing Concessions | | None | | None | | None | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site Size | 0.137  Acres | 0.137  Acres | | 0.137  Acres | | 0.260  Acres | |
| View | Residential | Residential | | Residential | | Residential | |
| Design and Appeal | Ranch/Average | Ranch/Average | | Ranch/Average | | Ranch/Average | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 5 | 6    Years | | 6    Years | | 6    Years | |
| Condition | Good | Good | | Good | | Good | |
| Above Grade | Total Bdrms Baths H/Bath | Total Bdrms Baths H/Bath | | Total Bdrms Baths H/Bath | | Total Bdrms Baths H/Bath | |
| Room Count | 6  3  2  0 | 6  4  2  0 | | 6  3  2  0 | | 6  3  2  0 | |
| Gross Living Area | 1488  Sq. Ft. | 1468  Sq. Ft. | | 1295  Sq. Ft. | | 1602  Sq. Ft. | |
| Basement & Finished Rooms Below Grade | 0  Sq. Ft. 0  % Fin | 0  Sq. Ft. 0  % Fin | | 0  Sq. Ft. 0  % Fin | | 0  Sq. Ft. 0  % Fin | |
| Functional Utility | Good | Good | | Good | | Good | |
| Heating/Cooling | | Central electric | | Central electric | | Central electric | |
| Energy Efficient Items | | | | | | | |
| Garage/Carport | 1/att garage | 1/att garage | | 1/att carport | | 1/att garage | |
| Porches, Patio, Deck Fireplace(s), etc. | Patio slab | Patio slab | | None | | Patio slab | |
| Fence, Pool, etc. | Wood fence | Wood fence | | Partial wood fence | | Wood fence | |
| Other | | Storage building on lot | | | | Storage building on lot | |
| Net Adj. (total) | | ☐+ ☐- | | ☐+ ☐- - | | ☐+ ☐- | |
| Adjusted Sales Price of Comparable | | | $ | | $ | | $ |

## VII. THE MARKET VALUE (The value must fall within the indicated value of the Competitive Closed Sales).

|  | Market Value |  | Suggested List Price |
|---|---|---|---|
| AS IS ** | $ 70500 |  | $ 76500 |
| REPAIRED | $ 70500 |  | $ 76500 |
|  | Quick Sale Value 0-90 Days | | |
| AS IS | $ 66500 |  | $ 69900 |
| REPAIRED | $ 66500 |  | $ 69900 |

COMMENTS (Include specific positives/negatives, special concerns, encroachments, easements, water rights, environmental concerns, flood zones, etc.
Attach addendum if additional space is needed.)

See Market Value Comments Addendum (page 3).

Agent Name:  Jonathan R. Dykes          License #  0594653          Date: 1/4/2010
Fannie Mae Revised 03/99          Page 2 of 3          Integrated Real Estate Processing © 2006
This is not an appraisal and can not be used as an appraisal.

Caliber000812

**General Market Conditions Comments:**

Immediate market has been slow and REO driven for most of the previous twelve months. Though market continues to be slow with a limited number of qualified buyers market values appear to have stabilized over the last six months after a period of decline. Immediate area still sees a high percentage of REO properties. As of this report no properties in subject's subdivision have sold in the previous five months.

**Resale Comments:**

One story brick exterior home on slab foundation with attached two car garage, concrete slab driveway, wood fence, patio slab. Home appears in good condition with no major damages or needed repairs noted at time of inspection and well maintained yard. Home conforms well with immediate area in size, age, style, and condition. Located in a distant/outer suburban subdivision, with some undeveloped land in area of subdivision and distance to some services such as medical and commercial/shopping being two to four miles more then other more central located subdivisions in city. Within good distance to schools, freeway access.

**Market Value Comments:**

Positives: One story brick exterior home on slab foundation with attached two car garage, concrete slab driveway, wood fence, patio slab. Home appears in good condition with no major damages or needed repairs noted at time of inspection and well maintained yard. Home conforms well with immediate area in size, age, style, and condition. Within good distance to schools, freeway access. No known easements, encroachments, or environmental concerns. Negatives: Located in a distant/outer suburban subdivision, distance to some services above average for area. High REO activity in immediate area over the previous twelve months.

Due to slow market over the previous twelve months combined with subject's distant suburban location it was required to expand search for comps up to three miles in distance. Before search was expanded to three miles search had been expanded to include properties sold within twelve months, a GLA within 15% of subject's, and older construction. All comps are located in competing neighborhoods with very similar locations charateristics such as distance to services and pride of ownership.





**Subject Property**

3315 SANDIE LANE
Edinburg, TX 78542

**Competitive Sales #1**

3420 Robbie Ln
Edinburg, TX 78542

**Competitive Sales #2**

3419 Robbie Ln
Edinburg, TX 78542

**Competitive Sales #3**

1329 Palomino St
Edinburg, TX 78542

**Competitive Listing #1**

3415 Robbie Ln
Edinburg, TX 78542

**Competitive Listing #2**

3306 Robbie Ln
Edinburg, TX 78542

**Competitive Listing #3**

1414 Denver
Edinburg, TX 78541

Caliber000814

Subject - Address - 119_1418.JPG



Subject - Exterior - 119_1419.JPG



Subject - Exterior - 119_1417.JPG



Caliber000815

Subject - Exterior - 119_1420.JPG



Subject - Street - 119_1416.JPG



Comparable Sale 3 - Exterior - sold3.jpg



Caliber000816

Comparable Sale 2 - Exterior - sold2.jpg



Comparable Sale 1 - Exterior - sold1.jpg



Comparable Listing 3 - Exterior - list3.jpg



Comparable Listing 2 - Exterior - list2.jpg



Comparable Listing 1 - Exterior - list1.jpg



Caliber000818

AgilSource Session - 2                                                                    Page 1 of 7

Case 13-07031   Document 188-2   Filed in TXSB on 06/07/16   Page 233 of 239
Case 13-07031   Document 188-2   Filed in TXSB on 09/25/16   Page 233 of 239



Home   :   Contact Us   :   Help   :   Log Off

| Loan Browse | TASKS | Security | Payee | Lender | Maintenance | Reports | Accounting | EDI | Tools |

Search Loan   Policy History Details   Disbursements   Enter PolicyNote   TasksLetters   Loan Details   Property   MSP Fields   FlagsCarrier   Agent

## Policy Details

**Lender: HSBC MORTGAGE SERVICES   Loan #: 0010149508**   **Borrower: TREVINO, JOSE**

| Dates | Coverage Type | Other Criteria |
|---|---|---|
| | | Display        Order By |

○ All  ○ From: [        ]    ☑ Hazard   ☑ Flood   ☑ Windstorm    [ All ]     Alt+1    ○ LPHI Only    ● Effective Date
        To: [        ]      ☑ Condo Contents   ☑ Earthquake ☑ Others   [ None ]   Alt+2    ○ Preferred Only    ○ Coverage Type
                                                                         ● LPHI & Preferred

**Detailed Insurance Policy Information**          Use Alt+> and Alt+< to navigate Policies.    [ Go ]   Alt+5

| | | |
|---|---|---|
| Policy #: **ILR15063592137** | | **Recent Payment Info** |
| Coverage Type: **FI** | | Status : **Denied** |
| Coverage Line: **PBA** | Company Name: **INSURECO INS AGENCY** | Amount: **$3,230.43** |
| Policy Status: **INVOICED** | Company/Branch Code: **11100/1** | Pay To: |
| | Agent: | Payment Type: |
| | Agent Code: | Request Source: **LPHI** |
| | LOCK BOX 97-2442 | Requested On: **09/20/2012** |
| # Of days left: **357** | 14800 FRYE ROAD | Anticipated Disb. On: **09/21/2012** |
| | FORT WORTH TX 76155 | Snt to Clnt On: **09/20/2012** |
| Effective Date: **09/18/2012** | | Denied On: **09/21/2012** |
| Expiration Date: **09/18/2013** | [ Carrier Info ] | Rejeted Reason: **08 - STOP FLAG = 010+** |
| Cancellation Dt: | | Paid On: |
| Cancel Reason: | Exclusions: | |
| Reinstate Date: | Endorsements: | Forced Place: **Safeco** |
| Lapse In Coverage: | Guaranteed Replace: **No** | Escrow Flag: **No** |
| | | |
| | Coverage Amt: **$154,041.00** | Stop Flag: |
| Last Policy Changed Dt: **09/20/2012** | Deductible $: | Stop Flag Date: |
| | Deductible %: | Stop Stays Until: |
| Last Updated By: **MSP2208** | Premium Amount: **$3,230.43** | |
| | Tot. Prem. Paid: | Mortgagee Clause: **Unknown** |
| Last Updated Dt: **09/21/2012** | | Total Replcmnt. Cost: |
| Last Reported Dt: **09/20/2012** | | Unit Replcmnt. Cost: |
| Latest Issue Dt: **09/20/2012** | | |

[ Related History Q ]

[ Related Items ]

**LPI Policy Loss Info**

Date of Loss:
Suppress Cancellation:
Last Modified Date:

| | | |
|---|---|---|
| Policy #: **ILR15063592137** | | **Recent Payment Info** |
| Coverage | **FI** | Status : **Denied** |

AgilSource Session - 2                                                                    Page 2 of 7

Case 13-07031    Document 133-2    Filed in TXSB on 06/07/16    Page 234 of 239
Case 13-07031    Document 133-2    Filed in TXSB on 06/25/16    Page 234 of 239

| | | |
|---|---|---|
| Type: | | Amount: **$3,139.21** |
| Coverage Line: | Company Name: **INSURECO** | Pay To: |
| | **INS AGENCY** | Payment Type: |
| PBA Status: **Policy** | Company/Branch Code: | Request Source: **LPHI** |
| Status: **EXPIRED** | **11100/1** | Requested On: 09/21/2011 |
| | LOCK BOX 97-2442 | Anticipated Disb. On: 09/22/2011 |
| # Of days left: **0** | 14800 FRYE ROAD | Snt to Clnt On: 09/21/2011 |
| Effective Date: **09/18/2011** | FORT WORTH TX 76155 | Denied On: 09/22/2011 |
| Expiration Date: **09/18/2012** | ⎡Carrier Info⎤ | Rejeted Reason: **07 - WARNING FLAG = 5+** |
| Cancellation Dt: | | Paid On: |

Agent:
Agent Code:

| | | |
|---|---|---|
| Cancel Reason: | Exclusions: | Forced Place: **Safeco** | ⎡Related History Q⎤ |
| Reinstate Date: | Endorsements: | Escrow Flag: **No** | ⎡Related Items⎤ |
| | Guaranteed Replace: **No** | Stop Flag: | |
| Lapse In Coverage: | | Stop Flag Date: | **LPI Policy Loss Info** |
| | Coverage Amt: **$149,700.00** | Stop Stays | Date of Loss: |
| | Deductible $: | Until: | Suppress |
| Last Policy Changed Dt: **09/21/2011** | Deductible %: | | Cancellation: |
| | Premium Amount: **$3,139.21** | Mortgagee Clause: **Unknown** | Last Modified Date: |
| Last Updated By: **MSP2208** | Tot. Prem. Paid: | Total Replcmnt. Cost: | |
| Last Updated Dt: **09/22/2011** | | Unit Replcmnt. Cost: | |
| Last Reported Dt: **09/21/2011** | | | |
| Latest Issue Dt: **09/21/2011** | | | |

**Recent Payment Info**

| | | |
|---|---|---|
| Policy #: **ILR15063592137** | | Status : **Denied** |
| Coverage Type: **FI** | | Amount: **$3,139.21** |
| Coverage Line: | Company Name: **INSURECO** | Pay To: |
| | **INS AGENCY** | Payment Type: |
| PBA Status: **Policy** | Company/Branch Code: **11100/1** | Request Source: **LPHI** |
| Status: **EXPIRED** | LOCK BOX 97-2442 | Requested On: 08/23/2010 |
| | 14800 FRYE ROAD | Anticipated Disb. On: 09/08/2010 |
| # Of days left: **0** | FORT WORTH TX 76155 | Snt to Clnt On: 09/07/2010 |
| Effective Date: **09/18/2010** | ⎡Carrier Info⎤ | Denied On: 09/08/2010 |
| Expiration Date: **09/18/2011** | | Rejeted Reason: **07 - WARNING FLAG = 5+** |
| Cancellation Dt: | | Paid On: |

Agent:
Agent Code:

| | | |
|---|---|---|
| Cancel Reason: | Exclusions: | Forced Place: **Safeco** | ⎡Related History Q⎤ |
| Reinstate Date: | Endorsements: | Escrow Flag: **No** | ⎡Related Items⎤ |
| | Guaranteed Replace: **No** | Stop Flag: | |
| Lapse In Coverage: | | Stop Flag Date: | **LPI Policy Loss Info** |
| | Coverage Amt: **$149,700.00** | Stop Stays | Date of Loss: |
| | Deductible $: | Until: | Suppress |
| Last Policy Changed Dt: **08/23/2010** | Deductible %: | | Cancellation: |
| | Premium Amount: **$3,139.21** | Mortgagee Clause: **Unknown** | Last Modified Date: |
| Last Updated By: **MSP2208** | Tot. Prem. Paid: | Total Replcmnt. Cost: | |
| Last Updated Dt: **09/08/2010** | | Unit Replcmnt. Cost: | |

Caliber000820

AgilSource Session - 2                                                      Page 3 of 7
Case 13-07031   Document 138-2   Filed in TXSB on 06/07/16   Page 235 of 239
Case 13-07031   Document 138-2   Filed in TXSB on 06/25/16   Page 235 of 239

Dt:
Last Reported Dt: **09/07/2010**
Latest Issue Dt: **08/23/2010**

---

**Recent Payment Info**

| | |
|---|---|
| Policy #: **XLR15062327479** | Status : **CLEARED** |
| Coverage Type: **FI** | Amount: **$3,141.01** |
| Company Name: **INSURECO INS AGENCY** | Pay To: |
| Coverage Line: | Payment Type: **Wire** |
| Company/Branch Code: **11100/1** | Agent: Request Source: **LPHI** |
| PBA Status: **Policy** | Agent Code: Requested On: **09/22/2009** |
| Status: **EXPIRED** | LOCK BOX 97-2442 | Anticipated Disb. On: |
| | 14800 FRYE ROAD | Snt to Clnt On: **09/22/2009** |
| # Of days left: **0** | FORT WORTH TX 76155 | Approved On: **09/23/2009** |
| Effective Date: **09/18/2009** | | Paid On: **09/23/2009** |
| Expiration Date: **09/18/2010** | [Carrier Info] | |
| Cancellation Dt: | | [Related History Q] |
| Cancel Reason: | Exclusions: | Forced Place: **Safeco** | [Related Items] |
| Reinstate Date: | Endorsements: | Escrow Flag: **No** | |
| Lapse In Coverage: | Guaranteed Replace: **No** | | **LPI Policy Loss Info** |
| | Stop Flag: | Date of Loss: |
| | Coverage Amt: **$149,700.00** | Stop Flag Date: | Suppress Cancellation: |
| Last Policy Changed Dt: **09/22/2009** | Deductible $: | Stop Stays Until: | Last Modified Date: |
| Deductible %: | | |
| Last Updated By: **EXTRACTOR** | Premium Amount: **$3,141.01** | Mortgagee Clause: **Unknown** | |
| Tot. Prem. Paid: **$3,141.01** | Total Replcmnt. Cost: | |
| Last Updated Dt: **09/22/2009** | | Unit Replcmnt. Cost: | |
| Last Reported Dt: **09/22/2009** | | | |
| Latest Issue Dt: **09/22/2009** | | | |

---

**Recent Payment Info**

| | |
|---|---|
| Policy #: **XLR15062327479** | Status : **CLEARED** |
| Coverage Type: **FI** | Amount: **$3,141.01** |
| Company Name: **INSURECO INS AGENCY** | Pay To: |
| Coverage Line: | Payment Type: **Wire** |
| Company/Branch Code: **11100/1** | Agent: Request Source: **LPHI** |
| PBA Status: **Policy** | Agent Code: Requested On: **11/12/2008** |
| Status: **EXPIRED** | LOCK BOX 97-2442 | Anticipated Disb. On: |
| | 14800 FRYE ROAD | Snt to Clnt On: **11/12/2008** |
| # Of days left: **0** | FORT WORTH TX 76155 | Approved On: **11/13/2008** |
| Effective Date: **09/18/2008** | | Paid On: **11/13/2008** |
| Expiration Date: **09/18/2009** | [Carrier Info] | |
| Cancellation Dt: | | [Related History Q] |
| Cancel Reason: | Exclusions: | Forced Place: **Safeco** | [Related Items] |
| Reinstate Date: | Endorsements: | Escrow Flag: **No** | |
| | Guaranteed Replace: **No** | | **LPI Policy Loss Info** |
| | Stop Flag: | Date of Loss: |
| | Stop Flag | Suppress |

AgilSource Session - 2                                                    Page 4 of 7
Case 13-07031   Document 138-2   Filed in TXSB on 06/07/16   Page 236 of 239
Case 13-07031   Document 138-2   Filed in TXSB on 06/25/16   Page 236 of 239

| | | | |
|---|---|---|---|
| Lapse In Coverage: | Coverage Amt: **$149,700.00** | Date: | Cancellation: |
| | Deductible $: | Stop Stays Until: | Last Modified Date: |
| Last Policy Changed Dt: **01/06/2009** | Deductible %: | | |
| | Premium Amount: **$3,141.01** | Mortgagee Clause: **Unknown** | |
| Last Updated By: **EXTRACTOR** | Tot. Prem. Paid: **$3,141.01** | Total Replcmnt. Cost: | |
| Last Updated Dt: **01/06/2009** | | Unit Replcmnt. Cost: | |
| Last Reported Dt: **11/12/2008** | | | |
| Latest Issue Dt: **11/12/2008** | | | |

---

Policy #: **SIF774373**
Coverage Type: **FI**
Coverage Line:
PBA Status: **Policy**
Status: **CANCELLED**

Company Name: **INSURECO INS AGENCY**
Company/Branch Code: **11100/1**

LOCK BOX 97-2442
14800 FRYE ROAD
FORT WORTH TX 76155

Agent:
Agent Code:

**Recent Payment Info**

Status : **CLEARED**
Amount: **$2,605.52**
Pay To:

# Of days left: **0**
Effective Date: **09/18/2007**
Expiration Date: **09/18/2008**
Cancellation Dt: **09/18/2008**
Cancel Reason:
Reinstate Date:
Lapse In Coverage:

Payment Type: **Wire**
Request Source: **LPHI**
Requested On: **12/31/2007**
Anticipated Disb. On:
Snt to Clnt On: **12/31/2007**
Approved On: **01/01/2008**
Paid On: **01/02/2008**

[ Carrier Info ]

Exclusions:
Endorsements:
Guaranteed Replace: **No**

Forced Place: **Safeco**
Escrow Flag: **No**

[ Related History Q ]
[ Related Items ]

Last Policy Changed Dt: **02/12/2008**
Last Updated By: **EXTRACTOR**
Last Updated Dt: **02/12/2008**
Last Reported Dt: **12/31/2007**
Latest Issue Dt: **02/12/2008**

Coverage Amt: **$149,700.00**
Deductible $: **$500.00**
Deductible %:
Premium Amount: **$2,605.52**
Tot. Prem. Paid: **$2,605.52**

Stop Flag:
Stop Flag Date:
Stop Stays Until:

Mortgagee Clause: **Unknown**
Total Replcmnt. Cost:
Unit Replcmnt. Cost:

**LPI Policy Loss Info**

Date of Loss:
Suppress Cancellation:
Last Modified Date:

---

Policy #: **7842HO380878CAN**
Coverage Type: **HO**
Coverage Line:
PBA Status: **Policy**
Status: **CANCELLED**

Company Name: **NATIONWIDE INS**
Company/Branch Code: **23779/25**

PO BOX 742522
CINCINNATI OH 45274
(P) **(800)228-9630**
(F) (800)835-7975

Agent: **DEFAULT AGENT**
Agent Code: **63388**

USE THE BANK'S ADDRESS
BANK CITY CA 90041

**Recent Payment Info**

Status :
Amount:
Pay To:
Payment Type:
Request Source:
Requested On:
Anticipated Disb. On:
Snt to Clnt On:
Paid On:

# Of days left: **0**
Effective Date: **04/08/2007**
Expiration Date: **04/08/2008**
Cancellation Dt: **09/18/2007**
Cancel Reason: **Non-Payment**
Reinstate Date:
Lapse In Coverage:

[ Carrier Info ]

[ Agent Info ]

[ Related History Q ]
[ Related Items ]

Exclusions:
Endorsements:
Guaranteed Replace: **Unknown**

Forced Place: **No**
Escrow Flag: **No**

Stop Flag:
Stop Flag Date:
Stop Stays

Coverage Amt: **$149,700.00**
Deductible $:

Caliber000822

AgilSource Session - 2                                                                    Page 5 of 7

Case 13-07031    Document 138-2    Filed in TXSB on 06/07/16    Page 237 of 239
Case 13-07031    Document 138-2    Filed in TXSB on 09/25/16    Page 237 of 239

Last Policy Changed Dt: **09/14/2007**

Last Updated By: **EXTRACTOR**

Last Updated Dt: **09/14/2007**

Last Reported Dt: **09/14/2007**

Latest Issue Dt: **09/06/2007**

Deductible %:

Premium Amount: **$1,128.00**

Tot. Prem. Paid:

Until:

Mortgagee Clause: **Unknown**

Total Replcmnt. Cost:

Unit Replcmnt. Cost:

---

Policy #: **7842HO380878**

Coverage Type: **HO**

Coverage Line:

PBA Status: **Policy**

Status: **EXPIRED**

# Of days left: **0**

Effective Date: **04/08/2006**

Expiration Date: **04/08/2007**

Cancellation Dt:

Cancel Reason:

Reinstate Date:

Lapse In Coverage:

Company Name: **NATIONWIDE INS**

Company/Branch Code: **23779/25**

PO BOX 742522
CINCINNATI OH 45274
(P) **(800)228-9630**
(F) (800)835-7975

[ **Carrier Info** ]

Exclusions:
Endorsements:
Guaranteed Replace: **Unknown**
Coverage Amt: **$142,000.00**
Deductible $:
Deductible %:
Premium Amount: **$1,022.00**
Tot. Prem. Paid:

Agent: **DEFAULT AGENT**
Agent Code: **63388**

USE THE BANK'S ADDRESS
BANK CITY CA 90041

[ **Agent Info** ]

Forced Place: **No**
Escrow Flag: **No**

Stop Flag:
Stop Flag Date:
Stop Stays Until:

Mortgagee Clause: **Unknown**
Total Replcmnt. Cost:
Unit Replcmnt. Cost:

**Recent Payment Info**

Status :
Amount:
Pay To:
Payment Type:
Request Source:
Requested On:
Anticipated Disb. On:
Snt to Clnt On:
Paid On:

[ **Related History Q** ]
[ **Related Items** ]

Last Policy Changed Dt: **04/26/2006**

Last Updated By: **EXTRACTOR**

Last Updated Dt: **04/26/2006**

Last Reported Dt: **04/26/2006**

Latest Issue Dt: **04/11/2006**

---

Policy #: **FD606339301CAN**

Coverage Type: **HO**

Coverage Line:

PBA Status: **Policy**

Status: **CANCELLED**

# Of days left: **0**

Effective Date: **02/21/2006**

Expiration Date: **02/21/2007**

Cancellation Dt: **03/05/2006**

Company Name: **NATIONAL LLOYDS**

Company/Branch Code: **15474/1**

PO BOX 2650
WACO TX 76702
(P) **(800)749-6419**
(F) (254)756-5531

[ **Carrier Info** ]

Exclusions:

Agent: **DEFAULT AGENT**
Agent Code: **63388**

USE THE BANK'S ADDRESS
BANK CITY CA 90041

[ **Agent Info** ]

Forced Place: **No**

**Recent Payment Info**

Status :
Amount:
Pay To:
Payment Type:
Request Source:
Requested On:
Anticipated Disb. On:
Snt to Clnt On:
Paid On:

[ **Related History Q** ]
[ **Related Items** ]

Caliber000823

Case 13-07031   Document 138-2   Filed in TXSB on 06/07/16   Page 238 of 239
Case 13-07031   Document 138-2   Filed in TXSB on 09/25/14   Page 238 of 239

| | | | |
|---|---|---|---|
| Cancel Reason: | **Non-Payment** | Endorsements: Guaranteed Replace: | **Unknown** | Escrow Flag: | **No** |
| Reinstate Date: | | | | |
| Lapse In Coverage: | | Coverage Amt: | **$92,000.00** | Stop Flag: Stop Flag Date: | |
| | | Deductible $: | | Stop Stays Until: | |
| | | Deductible %: | | | |
| Last Policy Changed Dt: | 03/03/2006 | Premium Amount: Tot. Prem. Paid: | | Mortgagee Clause: | **Unknown** |
| Last Updated By: | **EXTRACTOR** | | | Total Replcmnt. Cost: | |
| Last Updated Dt: | 03/03/2006 | | | Unit Replcmnt. Cost: | |
| Last Reported Dt: | 03/03/2006 | | | | |
| Latest Issue Dt: | 02/24/2006 | | | | |

---

Recent Payment Info

| | | | |
|---|---|---|---|
| Policy #: | **FD6063393** | Company Name: **NATIONAL LLOYDS** | Agent: | Status : |
| Coverage Type: | **HO** | Company/Branch Code: **15474/1** | Agent Code: | Amount: |
| Coverage Line: | | | | Pay To: |
| PBA Status: | **Policy** | | | Payment Type: |
| Status: | **EXPIRED** | PO BOX 2650 | | Request Source: |
| | | WACO TX 76702 | | Requested On: |
| # Of days left: | **0** | (P) **(800)749-6419** | | Anticipated Disb. On: |
| Effective Date: | **02/21/2005** | (F) **(254)756-5531** | | |
| Expiration Date: | **02/21/2006** | | | Snt to Clnt On: |
| Cancellation Dt: | | **Carrier Info** | | Paid On: |
| Cancel Reason: | | | | |
| Reinstate Date: | | Exclusions: | Forced Place: **No** | |
| Lapse In Coverage: | | Endorsements: Guaranteed Replace: | **No** | Escrow Flag: **No** | **Related History Q** |
| Last Policy Changed Dt: | 06/13/2005 | Coverage Amt: **$92,000.00** | Stop Flag: Stop Flag Date: | **Related Items** |
| Last Updated By: | **MRLoad** | Deductible $: Deductible %: | | Stop Stays Until: |
| Last Updated Dt: | 06/13/2005 | Premium Amount: **$382.00** Tot. Prem. Paid: | Mortgagee Clause: **Unknown** |
| Last Reported Dt: | 06/13/2005 | | | Total Replcmnt. Cost: |
| Latest Issue Dt: | 06/13/2005 | | | Unit Replcmnt. Cost: |

---

Recent Payment Info

| | | | |
|---|---|---|---|
| Policy #: | **BINDER** | Company Name: **NATIONAL LLOYDS** | Agent: | Status : |
| Coverage Type: | **HO** | Company/Branch Code: **15474/1** | Agent Code: | Amount: |
| Coverage Line: | | | | Pay To: |
| PBA Status: | **Binder** | | | Payment Type: |
| Status: | **EXPIRED** | PO BOX 2650 | | Request Source: |
| | | WACO TX 76702 | | Requested On: |
| # Of days left: | **0** | (P) **(800)749-6419** | | Anticipated Disb. On: |
| Effective Date: | **05/06/2004** | (F) **(254)756-5531** | | |
| Expiration Date: | **05/06/2005** | | | Snt to Clnt On: |
| Cancellation Dt: | | **Carrier Info** | | Paid On: |
| Cancel Reason: | | | | |
| Reinstate Date: | | Exclusions: | Forced Place: **No** | |
| Lapse In Coverage: | | Endorsements: Guaranteed Replace: | **No** | Escrow Flag: **No** | **Related History Q** |
| Last Policy Changed Dt: | 05/03/2005 | Coverage Amt: **$92,000.00** | Stop Flag: Stop Flag Date: | **Related Items** |
| Last Updated | **MRLoad** | Deductible $: | | Stop Stays |

Caliber000824

|                    |              | Deductible %:       |          | Until:             |         |
|--------------------|--------------|---------------------|----------|--------------------|---------|
| By:                |              | Premium Amount:     | $382.00  |                    |         |
| Last Updated Dt:   | 05/03/2005   | Tot. Prem. Paid:    |          |                    |         |
| Last Reported Dt:  | 05/03/2005   |                     |          | Mortgagee Clause:  | Unknown |
| Latest Issue Dt:   | 05/03/2005   |                     |          | Total Replcmnt. Cost: |      |
|                    |              |                     |          | Unit Replcmnt. Cost:  |      |

® 2007 Assurant, Inc. All rights reserved. Legal Notice | Privacy Policy