UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY CASE NO. 10-70594 |
| JOSE TREVINO, SR. and | § | |
| TERESA TREVINO | § | CHAPTER 13 |
| | § | |
| DEBTORS | § | |
| | § | |
| JOSE TREVINO AND | § | |
| TERESA TREVINO, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | ADVERSARY NO. 13-07031 |
| | § | |
| 1)  U.S. BANK TRUST, N.A. as Trustee | § | |
| for LSF8 MASTER PARTICIPATION | § | |
| TRUST, and | § | |
| | § | |
| 2)  CALIBER HOME LOANS, INC., | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFFS' EXPEDITED MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37 TO EXCLUDE TESTIMONY OF CLINT BURTON OR ANYONE ELSE NOT PRESENTED ON JULY 27, 2016 FOR THE RULE 30(b)(6) CORPORATE REPRESENATIVE DEPOSTION**

**NOTICE UNDER LOCAL RULE 9013-1**

THIS MOTION SEEKS AN ORDER THE MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE

PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**PLAINTIFF'S SEEK A DETERMINATION OF THIS MOTION BY OR ON OCTOBER 18, 2018.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW Jose and Teresa Trevino, Plaintiffs in the above-captioned adversary proceeding, and file this motion for sanctions as against U.S. Bank, N.A. as Trustee for LSF8 Master Participation Trust ("U.S. Bank") and Caliber Home Loans, Inc. ("Caliber") seeking to exclude the testimony of Clint Burton or anyone else not presented for the corporate representative deposition of Caliber on July 27, 2016, and in support would respectfully show the Court:

### I.     SUMMARY OF RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i) and (3), and 37(b)(2)A)(ii), Plaintiffs request that the Court prevent Clint Burton or anyone else from testifying at the continued hearing on Plaintiff's Motion to Compel, Docket No. 138, and Plaintiff's Motion to Supplement Complaint, Docket No. 150, currently set for October 18, 2016, for the reason that Defendant Caliber put up as a Fed. R. Civ. P. 30(b)(6) deponent a witness that was unprepared and unable to answer at the deposition the vast majority of Plaintiffs' questions on the topics noticed.

Plaintiffs *specifically* noticed that deposition to prepare for the hearing on Plaintiffs' motion to compel, to rebut Defendants' assertions in their response to the motion to compel, and to learn about Caliber's actions with respect to Plaintiffs' mortgage loan.

Caliber put up as a witness Mr. Jamar Harris, who was unable to answer the vast majority of Plaintiffs' questions on the noticed topics, and had done almost nothing to obtain the required information, other than to meet with his attorneys.  It would be highly prejudicial to Plaintiff for

Mr. Clint Burton, a never-disclosed in-house attorney at Caliber, or anyone else who was not presented for deposition on July 27, 2016, to testify at the October 18, 2016 continued hearing on the very topics on which Caliber was required to produce a competent corporate representative, but did not.

Defendants will not be prejudiced by expedited consideration of this motion. Defendants knew that Plaintiffs sought a deponent to prepare for the hearing on the motion to compel since July 6, 2016, knew the topics of the deposition since July 7, 2016, purposely put up a know-nothing professional testifier for the legal department as the corporate representative, has had the deposition transcript for months, denied the objective fact that Mr. Harris was not competent, refused to produce a competent witness at Caliber's expense, failed to disclose Mr. Burton at all pursuant to Fed. R. Civ. P. 26(a) or produce him at the deposition, failed to list Mr. Harris on their witness list, and have since September 9, 2016 explicitly attempted to offer Mr. Burton as a witness on the very topics noticed for the corporate representative deposition.

Defendants' tactics define the abuse that the rules of discovery were enacted to thwart. Plaintiffs request that the Court deny Defendants' attempted abuse and refuse to allow the testimony of Mr. Burton or anyone else on behalf of Defendants at the continued hearings on Plaintiffs' motions to compel and to supplement on October 18, 2016.

## II.     HISTORY

1.      Plaintiffs filed their motion to compel on June 6, 2016 and then their amended motion to compel on June 7, 2016. Docket No. 138. Plaintiffs filed their motion because Caliber had failed and refused to supplement its meager production, produced June 9, 2014.

2.      On the morning of June 6, 2016, Caliber produced an Excel spreadsheet (in Excel format) onto which someone allegedly transferred a very limited amount of information from the Trevinos' mortgage loan account.

3.      The Caliber Defendants filed their response to Plaintiffs' motion to compel on July 6, 2016.

4.      On the same day, Plaintiff sought a deposition from Caliber *specifically* to prepare for the hearing on Plaintiffs' motion to compel, to rebut Defendants' assertions in their response to the motion to compel, and to determine the actions Caliber took while servicing Plaintiffs' mortgage account. Indeed, in seeking the deposition, Plaintiffs stated:

> Melissa:
>
> Please provide alternative deposition dates for Caliber corporate representatives to discuss the assertions in your response to our motion to compel, including Caliber's Fiserv system and other systems of record.

*See* Exhibit A.

5.      Plaintiffs sent Caliber the deposition topics the next day. *See id.*

6.      Caliber agreed to the deposition, and designated a place. Plaintiffs served their Rule 30(b)(6) deposition notice on Caliber on July 8, 2016, and their amended deposition notice on Caliber on July 18, 2016. *See* Exhibit B. The deposition notice listed the following topics:

> The scope of the deposition relates to the matters set forth in Adversary Proceeding No. 13-07031. Specifically, Caliber and its designated representatives will be examined on the following topics:

1. The person with the most knowledge of Caliber000001 – Caliber000102, and Caliber000757 – Caliber000759.

2. The person with the most knowledge of the information in the Excel spreadsheet entitled "Fiserv Transaction History – Trevino.xls" produced by Caliber on June 6, 2016.

3. The person who transferred the information from Caliber's systems of record into the Excel spreadsheet entitled "Fiserv Transaction History – Trevino.xls" produced by Caliber on June 6, 2016.

4. The person who transferred the information from Caliber's systems of record into the spreadsheets produced as Caliber000001 – Caliber000004.

5. The person who transferred the information from Caliber's system of record into the spreadsheets produced as Caliber000005 – Caliber000007.

6. The person who transferred the information from Caliber's system of record into the spreadsheets produced as Caliber000008 – Caliber000102.

7. The person or persons with the most knowledge of:

    a. Caliber's proprietary loan management system provided by Fiserv, Inc.

    b. Any other electronically stored information or documents that Caliber uses to service mortgage loans, including systems for transmitting communications such as email or other messaging software.

    c. The codes used in Caliber's mortgage servicing software.

    d. The expense of accessing Caliber's policies and procedures as set out in Plaintiffs' Requests for Production Nos. 10 and 13 and as limited to the topics of the filing of Rule 3002.1 notices and acceptance of funds from any filed Rule 3002.1 Notice.

    e. The methods by which Caliber stores information about lawsuits against Caliber and complaints against Caliber alleging violations of Bankruptcy Rule 3002.1 or abuse of process with respect to consumers in or formerly in chapter 13 bankruptcy cases, and any expense associated with retrieving information regarding such lawsuits or complaints.

    f. The Trevinos' mortgage account.

    g. Any internal or external analysis, review or audit regarding Caliber's enforcement of 3002.1 Notices.

    h. Caliber's computer software and hardware, and Caliber's computer system's backup and/or document preservation policies, procedures, guidelines or records.

7. At 2:29 p.m. on July 26, 2016, *the day before the deposition*, the Caliber Defendants served additional spreadsheets and documents.

8. On July 27, 2016, Plaintiffs took the deposition of Caliber's corporate representative on the noticed topics. Caliber presented Mr. Jamar Harris as its corporate representative on all the topics listed in the deposition notice.

9. Although Mr. Harris was able to describe certain amounts taken off of Plaintiffs account, and certain items placed onto Plaintiffs' account, he was not completely certain about those, and was otherwise wholly unprepared for his deposition.[1] Mr. Harris is a professional witness who travels around the country testifying for Caliber mostly in state courts, and has testified so many times that he has not kept count. Depo. Tr. 13:13-23. Mr. Harris did not meet with anyone to prepare for his deposition except Ms. Hayward and his in-house counsel. Even though his information about the topics was primarily obtained from attorneys (as opposed to personnel with actual knowledge), Caliber's counsel would not let Mr. Harris convey the information on factual issues on the grounds of attorney-client and work-product privilege. With respect to the majority of questions asked, Mr. Harris lacked knowledge and had not asked anyone (outside of the legal department) to obtain the knowledge, or read materials to prepare for his deposition. Attached as Exhibit C are excerpts of the transcript of Mr. Harris's deposition.

10. In addition, Mr. Harris purposely wasted Plaintiffs' seven hours for the deposition by taking an unnecessary amount of time to respond to almost every question.

---

[1] As set forth in Plaintiffs' Supplement to Complaint, the Caliber corporate representative testified at his deposition on July 27, 2016 that in 2014, while Caliber was servicing Plaintiffs' mortgage loan, and this litigation was pending, Caliber added $12,895. 69 in fees and costs to the Plaintiffs' account, did not file Rule 3002.1 Notices with respect to them, except one notice, which it immediately withdrew. *See* Bankruptcy Case No. 10-70594, Docket Nos. 112 and 113. Three disbursements in 2014 were for the 2010 real property taxes, which the Chapter 13 Trustee has now paid from the Plaintiffs' wages in their Chapter 13 case.

**The Caliber corporate representative did not have knowledge of the documents produced in the original production, the Plaintiffs' mortgage account, or Caliber's mortgage servicing <u>systems</u>.**

These topics included:

1. The person with the most knowledge of Caliber000001 – Caliber000102, and Caliber000757 – Caliber000759.

3. The person who transferred the information from Caliber's systems of record into the Excel spreadsheet entitled "Fiserv Transaction History – Trevino.xls" produced by Caliber on June 6, 2016.

4. The person who transferred the information from Caliber's systems of record into the spreadsheets produced as Caliber000001 – Caliber000004.

5. The person who transferred the information from Caliber's system of record into the spreadsheets produced as Caliber000005 – Caliber000007.

6. The person who transferred the information from Caliber's system of record into the spreadsheets produced as Caliber000008 – Caliber000102.

7. The person or persons with the most knowledge of:

    a. Caliber's proprietary loan management system provided by Fiserv, Inc.

    b. Any other electronically stored information or documents that Caliber uses to service mortgage loans, including systems for transmitting communications such as email or other messaging software.

    c. The codes used in Caliber's mortgage servicing software.

    f. The Trevinos' mortgage account.

11. Mr. Harris was unable to answer the most basic questions about the Trevinos' mortgage account during the time period the account was serviced by Caliber, however, Mr. Harris did concede that Caliber added $12,895.69 to the loan in 2014 while it serviced the loan.

12. Importantly, Mr. Harris was not familiar with the Fiserv system other than what he himself used and could look at on his computer screen. Ultimately, and importantly, Mr. Harris testified that in order to determine the manner in which reports could be generated from the Fiserv

system, he would consult someone in the IT department. Depo. Tr. 198:8-15. Mr. Harris had not, however, consulted anyone in the IT department to prepare for his deposition. Depo. Tr. 24:12-13.

13. Mr. Harris testified repeatedly that additional information existed with respect to the account that he had not obtained, including electronically-stored information and other documents that had not been produced by Defendants in this case.

**The Caliber corporate representative could not adequately respond to questions about Topic 7(d) of the Deposition Notice.**

> 7.(d) The expense of accessing Caliber's policies and procedures as set out in Plaintiffs' Requests for Production Nos. 10 and 13 and as limited to the topics of the filing of Rule 3002.1 notices and acceptance of funds from any filed Rule 3002.1 Notice.

14. The witness had not reviewed Plaintiffs' Requests for Production Nos. 10 and 13 prior to his deposition. At first he said he had not reviewed any policies and procedures as to how Caliber accepts funds with respect to Rule 3002.1, but then said he had reviewed policies and procedures with respect to Rule 3002.1. He did not speak with anyone to prepare for his deposition testimony with respect to this topic other than his attorneys, but then he testified that he and counsel "reached out" to the payment department with respect to the acceptance of funds for a Rule 3002.1 Notice. However, Caliber's counsel refused to allow Mr. Harris to answer any questions regarding what he learned from the payment department regarding this factual information on the grounds of attorney-client and work-product privilege. Depo. Tr. 184:10 – 189:23.

15. Mr. Harris first said he did not know the expense of accessing Caliber's policies and procedures with respect to Rule 3002.1, but ultimately said he could print out the policies and procedures with respect to Rule 3002.1 and it would be a fairly low cost to do so. Depo. Tr. 188:16 – 190:11.

**The Caliber corporate representative could not adequately respond to questions about Topic 7(e) of the Deposition Notice.**

> 7.(e) The methods by which Caliber stores information about lawsuits against Caliber and complaints against Caliber alleging violations of Bankruptcy Rule 3002.1 or abuse of process with respect to consumers in or formerly in chapter 13 bankruptcy cases, and any expense associated with retrieving information regarding such lawsuits or complaints.

16.     The witness was not able to answer questions with respect to this topic, and he had not asked anybody in preparation for his deposition.  Depo. Tr. 190:25 – 193:7.  He did say that he thought the cost of retrieving information from this system "should be a fairly low cost."  Depo. Tr. 193:1-7.

**The Caliber corporate representative could not adequately respond to questions about Topic 7(g) of the Deposition Notice.**

> 7.(g) Any internal or external analysis, review or audit regarding Caliber's enforcement of 3002.1 Notices.

17.     The witness was not able to answer questions with respect to this topic as required by Fed. R. Civ. P. 30(b)(6).  The only people he spoke to about this topic were Melissa Hayward and attorneys in Caliber's legal department.  Ms. Hayward instructed the witness not to answer questions about this factual topic because the only people he spoke to about it in preparation for his deposition were lawyers.  Depo. Tr. 193:8 – 195:21.

### III.     ARGUMENT AND AUTHORITIES

A.     **Caliber failed to produce a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), and thus should be prevented from presenting a witness or evidence at the continued hearing on Plaintiffs' motions pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i) and (3), and 37(b)(2)(A)(ii).[2]**

---

[2]     Fed. R. Civ. P. 37 provides:

> **37 (d) PARTY'S FAILURE TO ATTEND ITS OWN DEPOSITION, SERVE ANSWERS TO INTERROGATORIES, OR RESPOND TO A REQUEST FOR INSPECTION.**
>
> (1) *In General.*
>
> (A) *Motion; Grounds for Sanctions*. The court where the action is pending may, on motion, order sanctions if:

18. Plaintiffs' corporate representative deposition notice was *specifically* designed to prepare for Plaintiffs' motion to compel, Defendants' response thereto, and the hearing on the motion to compel. *See* Exhibits A and B. Caliber was required to prepare the witness so that he would give complete, knowledgeable and binding answers on behalf of the organization. *Prokosch v. Catalina Lighting, Inc.*, 193 F.R. D. 633, 688 (D. Minn. 2000). An organization can be sanctioned if it designates a person without knowledge. *Resolution Trust Corp. v. Southern Un. Co.*, 985 F.2d 196, 197 (5th Cir. 1993). The witness must testify to the knowledge of the organization, not to his own knowledge. *W Holding Co. v. Chartis Ins.*, 300 F.R.D. 679, 681 (S. D. Cal. 2009).

19. In *Lopez v. Portfolio Recovery Associates, LLC (In re Lopez)*, 2015 WL 7572097 *11 (Bankr. S.D. Tex. Nov. 24, 2015), this Court outlined a corporate defendant's obligations with respect to a corporate representative presented for deposition pursuant to a Rule 30(b)(6) deposition notice:

> A court's power to sanction a party for putting up incompetent witnesses rests in the principles underlying Rule 30(b)(6), which governs the deposition of witnesses.

---

(i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or

…

(3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**37(b)(2)** *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; …

*See Hoffman v. L & M Arts,* 2015 WL 1000864, at *6 (N.D. Tex. Mar. 6, 2015). The Fifth Circuit has illustrated the special nature of deposing a corporate representative as a witness. In *Brazos River Authority v. GE Ionics, Inc.,* the Fifth Circuit noted that it is not possible to literally depose a corporation itself, but such a deposition must instead be obtained from a natural person who can speak for the corporation. 469 F.3d 416, 433 (5th Cir. 2006). The Fifth Circuit then noted that a corporate representative must present the corporation's position on the noticed topic, rather than his personal opinions. *Id.* In concluding that the purpose of Rule 30(b)(6) in this context was to avoid the possibility of the corporation putting up officer after officer, each of whom might abuse the process by disclaiming knowledge, the Fifth Circuit embraced the rule that a corporation:

> must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought [in the deposition notice] and to *prepare* those persons in order that they can answer fully, completely, [and] unevasively ... [and] [t]he duty to present and prepare a ... designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.

*Id.* (internal quotations and citation omitted). "If [the] agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Trust Corp. v. Southern Union Co., Inc.,* 985 F.2d 196, 197 (5th Cir.1993). Given that producing an unprepared witness is tantamount to a failure to appear, the corollary is that a party in so doing may run afoul of Rule 37(d), which provisions for flexible sanctions if a party's designated representative fails to appear for deposition. *United States v. Taylor,* 166 F.R.D. 356, 363 (M.D.N.C. 1996).

*Lopez*, 2015 WL 7572097 *11.

20.  At the hearing on September 13, 2016, Caliber asserted that Mr. Burton was there to testify as to the *very topics* that Plaintiffs listed in their deposition notice for a Rule 30(b)(6) corporate representative, even though Caliber had never disclosed him, much less produced him to testify at the Rule 30(b)(6) deposition. *See* Appendix 1[3] and Exhibit D – excerpts from the transcript of the September 13, 2016 hearing, and Exhibit F. Caliber also asserted that Plaintiffs

---

[3]  Appendix 1 is a chart comparing some of the noticed deposition topics and the testimony Caliber asserted that it wanted Mr. Burton to present at the hearing on the motion for sanctions.

should have specified in their notice that they sought the deposition of someone in the bankruptcy department, *even though the Plaintiffs were in bankruptcy the entire time Caliber serviced their mortgage loan.  See* Exhibits D and E.

21.     Caliber's assertion that Plaintiffs should have taken additional depositions (at Plaintiffs' expense), and Caliber's attempt to offer evidence through Mr. Burton at the hearing on Plaintiffs' motions, are outrageous affronts to the Federal Rules of Civil Procedure.  The purpose of designating an organizational representative pursuant to Fed. R. Civ. P. 30(b)(6) is to prevent "bandying," which is the practice of presenting for deposition employees who disclaim knowledge of facts that are clearly known by other employees and thus to the organization itself.  *Brazos River Auth. v. GE Ionics, Inc.,* 469 F.3d 416, 432-33 (5th Cir. 2006).  Mr. Harris's testimony, and Caliber's assertions and attempted presentation of a new witness, present a textbook case of the abuse Rule 30(b)(6) and Rule 37 were meant to prevent.

22.     Because Caliber's corporate representative was unprepared to answer the vast majority of Plaintiffs' questions on the topics noticed, it is as though Caliber did not show up for its deposition at all.  *Resolution Trust Corp.*, 985 F.2d at 197.  Accordingly, pursuant to Fed. R. Civ. P. 37(b)(1)(A)(i) and (3), and 37(b)(2)(A)(ii), the Court should not allow Caliber's in-house lawyer to testify at the continued hearing on Plaintiffs' motion to compel and Plaintiffs' motion for leave to file supplemental complaint.

**B. Caliber should be prohibited from presenting anyone's testimony at the continued hearing on Plaintiffs' Motion to Compel pursuant to Fed. R. Civ. P. 26(a) and 37(c)(1).**

23.     As Plaintiffs argued in their Motion to Strike, Docket No. 157, Caliber should be prohibited from presenting Mr. Burton's testimony at the continued hearing pursuant to the express language of Fed. R. Civ. P. 37(c)(1).  Although Caliber claimed at the hearing that this rule only applies to trial witnesses, the plain language of the Rule is clearly contrary:

> **Rule 37(c).  Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1)  Failure to Disclose or supplement**.  If a party fails to provide information or identify a witness as required by **Rule 26(a)** or (e) *the party is not allowed to use that information or witness <u>to supply evidence on a motion, at a hearing</u> or at a trial.*

Fed. R. Civ. P. 37(c)(emphasis added).  The Court should prohibit Mr. Burton's testimony for the additional reason that Caliber never disclosed Mr. Burton as a potential witness.  *See* Docket No. 157.

## IV.  ATTORNEYS' FEES

Plaintiffs are not at this time requesting their attorneys' fees for the preparation and filing of this motion.  Plaintiffs reserve their right to seek such fees and costs at a later date, Fed. R. Civ. P. 37(d)(3), as well as other appropriate relief pursuant to the Rules.

## V.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court prevent Defendants from presenting testimony of any person not produced for the corporate representative deposition on July 27, 2016, at the continued hearings on Plaintiffs' motions to compel and to supplement their complaint, currently set for hearing on October 18, 2016, and provide further relief to which Plaintiffs are entitled in law or in equity.

    Respectfully submitted,

    KELLETT & BARTHOLOW PLLC

    */s/ Karen L. Kellett*
    Karen L. Kellett
    Texas Bar No. 11199520
    Southern District Bar No. 26490
    Theodore O. Bartholow, III ("Thad")
    Texas Bar No. 24062602
    Southern District Bar No. 1571898

        Caitlyn N. Wells
        Texas Bar No. 24070635
        Southern District Bar No. 2043070
        Megan F. Clontz
        Texas Bar No. 24069703
        Southern District Bar No. 2191929
        11300 N. Central Expy., Ste. 301
        Dallas, Texas 75243
        Tel. (214) 696-9000
        Fax (214) 696-9001
        kkellett@kblawtx.com

        STONE CURTIS, PLLC
        Catherine S. Curtis
        State Bar No. 24074100
        Southern Dist. Bar. No. 1129434
        5414 N. 10th Street
        McAllen, TX  78504
        Tel. (956) 630-2822
        Fax (956) 631-0742
        ccurtis@stonecurtislaw.com

        ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

Pursuant to Fed. R. Civ. P. 37(d)(2), I certify that I have attempted to confer in good faith in order to obtain relief without Court action pursuant to Rule 37.  See <u>Exhibits E</u> and <u>F</u>.  However, Plaintiffs did not know that Defendants would attempt to have Mr. Burton testify at the hearing on Plaintiffs' motions until Defendants filed their exhibit and witness list, which listed Mr. Burton but failed to list Mr. Harris.  Also, it was clear that Defendants were determined to present Mr. Burton to testify despite Plaintiffs' requests, including Plaintiffs' request that the Court strike Mr. Burton as a witness.  Docket No. 157; <u>Exs. D</u>, <u>E</u> and <u>F</u>.  I also attempted to confer with Defendants' counsel prior to filing this motion but have not received a response.  <u>Ex. G</u>.

<i>/s/ Karen L. Kellett</i><br>
Karen L. Kellett

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF electronic filing system on the persons listed below on October 13, 2016.

<i>/s/ Karen L. Kellett</i><br>
Karen L. Kellett

Melissa Hayward
Franklin Hayward LLP
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
*Attorneys for U.S. Bank Trust, as Trustee for*
*LSF8 Master Participation Trust and Caliber Home Loans, Inc.*