

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

ENTERED
01/12/2017

| | | |
|---|---|---|
| IN RE: | § | |
| **JOSE TREVINO, SR.,** *et al* | § | **CASE NO: 10-70594** |
| **Debtors** | § | |
| | § | **CHAPTER 13** |
| | § | |
| | § | |
| **TERESA TREVINO,** *et al* | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 13-7031** |
| | § | |
| **CALIBER HOME LOANS, INC.,** *et al* | § | |
| **Defendants** | § | **JUDGE EDUARDO V. RODRIGUEZ** |

<u>**MEMORANDUM OPINION**</u>
[*Resolving ECF Nos. 45, 138, 150, 167, 178*]

## I.   INTRODUCTION

The first duty of man is the seeking after and the investigation of truth.[1]  Today the Court

issues its memorandum opinion in this seemingly endless saga of discovery disputes between the

litigants.  Pending before the Court are five matters: (i) Defendants U.S. Bank Trust, N.A. as

Trustee for LSF8 Master Participation Trust and Caliber Home Loans, Inc.'s Joinder in

Defendant HSBC's (1) Expedited Motion for Stay of Debtors' Motion to Compel  Discovery

Pending Ruling on HSBC's Dispositive Motion; (2) Expedited Motion for Protective Order; and

(3) Response to Debtors' Motion to Compel HSBC to Produce Documents; and Response to

Motion to Compel Production of Documents; (ii) Plaintiffs' Amended Motion to Compel Caliber

Home Loans, Inc. and U.S. Bank Trust, N.A. to Produce Documents; (iii) Plaintiffs' Motion for

Leave to File Supplemental Complaint; (iv) Plaintiffs' Expedited Motion for Sanctions Pursuant

to Fed. R. Civ. P. 37 to Exclude Testimony of Clint Burton or Anyone Else Not Presented on

July 27, 2016 for the Rule 30(B)(6) Corporate Represen[t]ative Depos[i]tion; and (v)

---

[1] Cicero

Defendants' Motion To Reopen The Evidence Pursuant to Rule 59(a)(2). *See generally* [ECF No. 45] (the "***Joinder***"); [ECF No. 138] (the "***Motion to Compel***"); [ECF No. 150] (the "***Motion for Leave***"); [ECF No. 167] (the "***Motion for Sanctions***"); [ECF No. 178] (the ***Motion to Reopen***"). This Court conducted an evidentiary hearing on the instant matters on September 13, 2016, and which concluded on October 18, 2016. In consideration of the arguments presented in the hearings on these matters, all other evidence in the record, and relevant case law, for the reasons stated in this Memorandum Opinion, this Court determines that (i) the Joinder should be granted in part and denied in part, (ii) the Motion to Compel should be granted in part and denied in part, (iii) the Motion for Leave should be denied, (iv) the Motion for Sanctions should be denied as moot as to all relief except for Plaintiffs' reservation of the right to seek attorney's fees in the future due to the Motion to Strike being granted by the Court, and (v) the Motion to Reopen should be denied.

## II.    FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rules of Bankruptcy Procedure 7052, which incorporates Fed. R. Civ. P. 52, and 9014. To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Finding of Facts in this Court's Amended Memorandum Opinion. [ECF No. 105 at 3–6] (the "***Amended Memorandum Opinion***"); s*ee also In re Trevino*, 535 B.R. 110, 123–25 (Bankr. S.D. Tex. 2015).

On August 25, 2010, Jose and Teresa Trevino (collectively, the "***Plaintiffs***") filed a Chapter 13 bankruptcy petition. [Case No. 10–70594, ECF No. 1]. On December 30, 2013,

Plaintiffs initiated this adversary proceeding against Defendants HSBC Mortgage Services, Inc.

("*HSBC*"), U.S. Bank Trust, N.A. ("*U.S. Bank*"), and Caliber Home Loans, Inc. ("*Caliber*")

(collectively, the "*Defendants*"). [Case No. 13–07031, ECF No. 1].

On February 3, 2014, U.S. Bank and Caliber, (collectively, the "*Caliber Defendants*")

filed their Motion to Dismiss Adversary Proceeding with Prejudice, to which Plaintiffs filed their

response on March 19, 2014. [ECF Nos. 13, 22].  At the scheduling conference held on April 21,

2014, the court directed the Caliber Defendants to file a reply, amendment, or amended motion

to dismiss regarding their argument that a transferee of a loan in bankruptcy can be a holder in

due course, which the Caliber Defendants filed on May 5, 2014.  [ECF No. 28 at 12–14, 18];

[ECF No. 29].  Plaintiffs filed a reply brief on May 19, 2014.  [ECF No. 32].  On August 18,

2014, HSBC filed its Motion for Judgment on the Pleadings or, in the alternative, Summary

Judgment.  [ECF No. 38].

On April 25, 2014, HSBC served Plaintiffs with its Rule 26 Initial Disclosures.  [ECF

No. 33-1]; [ECF No. 138-2].  Caliber Defendants also served Plaintiffs with their Rule 26 Initial

Disclosures on April 25, 2014.   [ECF No. 138-2].   After Plaintiffs received the Initial

Disclosures from HSBC and Caliber Defendants, Plaintiffs' Counsel initiated written

communications with the Defendants and served requests for production and deposition notices.

*See generally* [ECF No. 33-1]; [ECF No. 138-2].  Specifically, Plaintiffs served requests for

production of documents[2] upon the Caliber Defendants on July 2, 2014, and the Caliber

Defendants served their responses to the Plaintiffs on August 4, 2014.  [ECF No. 138 at ¶ 13];

*see also* [ECF No. 138-2 at 52–81].

On July 28, 2014, Plaintiffs filed their Motion to Compel HSBC to Produce Documents

as a result of HSBC's alleged failure to cooperate meaningfully with discovery.  [ECF No. 33].

---

[2] *See* [ECF No. 138-2 at 26-51].

In response, HSBC filed its Expedited Motion for Stay of Debtor's Motion to Compel and Discovery Pending Ruling of HSBC's Dispositive Motion wherein it requested the Court grant a stay of consideration of Plaintiffs motion to compel and a stay of discovery until the Court resolved HSBC's Motion for Judgment on the Pleadings, or in the alternative, Summary Judgment.  [ECF No. 39].  On August 25, 2014, Plaintiffs next filed their Emergency Motion to Compel [Caliber Defendants] to Produce Documents and Deposition Dates.  [ECF No. 43].  In that motion to compel, Plaintiffs allege that Caliber Defendants failed to produce the documents in response to Plaintiffs' requests for production of documents though they had produced the documents identified in their initial disclosures, and additionally would not provide prospective dates for depositions.  *Id.* at 2-4.  In response, Caliber Defendants filed their Joinder in HSBC's Motion to Stay in which Caliber Defendants requested, among other things, a protective order as to "documents and information produced by them . . . ."  [ECF No. 45 at ¶ 2].

On August 26, 2014, the court held a hearing on Defendants' motions and allowed Plaintiffs until October 15, 2014 to file an amended complaint.  [ECF No. 47].  After timely filing their First Amended Complaint, Plaintiffs filed their Motion for Leave to File a Second Amended Complaint on November 4, 2014. [ECF Nos. 58, 59].  On February 27, 2015, the court held a hearing on the Plaintiff's Motion for Leave to File a Second Amended Complaint and dismissed four of the claims asserted in the First Amended Complaint before granting Plaintiffs' motion and giving Plaintiffs until March 13, 2015 to file a second amended complaint.  [ECF No. 74].

Plaintiffs filed their Second Amended Complaint on March 12, 2015, wherein Plaintiffs asserted claims against both HSBC, separately, and the Caliber Defendants.  [ECF No. 78] (the "***Second Amended Complaint***").  In response to the Second Amended Complaint, HSBC filed its

motion to dismiss on April 1, 2015, as did the Caliber Defendants.  [ECF Nos. 79, 80]; *see also* [ECF Nos. 81, 82, 89, 90].

On April 30, 2015, the court conducted a hearing on the motions to dismiss.  *See* [ECF Nos. 96, 97, 105, 106]; *see also* [ECF No. 92].  In the court's Amended Memorandum Opinion, the court dismissed multiple claims that had been asserted by the Plaintiffs, but denied the requested dismissal of the remaining claims.  [ECF No. 105].  To wit, the following claims were dismissed:

- Count I: Abuse of process claims against HSBC.
- Count IV: Relief pursuant to Fed. R. Bankr. P. 3002.1(i).
- Count V: Claim objection to Proof of Claim No. 21.
- Count VIII: The claims against HSBC pursuant to 15 U.S.C. §§ 1692e(2) and 1692e(10).
- Count IX: The claim against Caliber pursuant to 15 U.S.C. § 1692e(12). All other claims contained in Count IX are allowed.
- Count X: All claims under the Texas Debt Collection Act.
- Count XI: Unreasonable debt collection claims against all Defendants
- Count XVI: The request for sanctions under 11 U.S.C. § 105(a) against HSBC.
- Count XXI: All negligence claims against HSBC.
- No other claims are dismissed.

*Id.* at 1.

The Plaintiffs assert the following remaining claims against the Defendants: (i) Abuse of Process; (ii) Objection to HSBC's 3002.1 notice;[3] (iii) Violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692f, and 1692k (Fair Debt Collection Practices Act) as to Caliber regarding the 3002.1 notice filed on July 24, 2013, a letter concerning that 3002.1 notice, and March 2013 letter sent by HSBC; and (iv) Breach of Contract solely as to U.S. Bank and HSBC.  *See generally* [ECF No. 105]; *see also* [ECF Nos. 138 at ¶ 12, 146 at ¶ 40].  Plaintiffs also seek injunctive relief, declaratory relief, sanctions, and actual and punitive damages.  *See generally* [ECF No. 105]; *see also* [ECF Nos. 138 at ¶ 12, 146 at ¶ 40].  Finally, Plaintiffs seek attorney's

---

[3] [Case No. 10-70594, ECF No. 82].

fees on multiple bases. *See generally* [ECF No. 105]; *see also* [ECF Nos. 138 at ¶ 12, 146 at ¶ 40].

Prior to the issuance of the Amended Memorandum Opinion, [ECF No. 105], the Defendants, respectively, filed their answers to Plaintiffs' Second Amended Complaint. *See generally* [ECF Nos. 100, 101].

On August 26, 2015, Plaintiffs filed an unopposed motion seeking to schedule a status conference to discuss the lack of a scheduling order, which was subsequently granted by the Court and the hearing was set for September 25, 2015. [ECF Nos. 109, 110]. At the September 25, 2015 hearing, the parties discussed the possibility of entering into mediation on the matter to attempt to resolve the case. According to Plaintiffs' Counsel, the outcome of the Amended Memorandum Opinion, [ECF No. 105], potentially changed some of the claims resulting in the potential need to narrow discovery. Ultimately, the parties agreed to set a trial date for May 27, 2016, in order to provide a deadline for the anticipated mediation and provide for reasonable time to conduct the remaining discovery. [ECF No. 112 at 3]. The parties were able to secure a date for mediation with the Honorable David R. Jones in Houston, Texas on March 28, 2016, and as a result needed to stay the proceedings in order to conduct the mediation. [ECF No. 115]; *see also* [ECF No. 117] (granting the requested stay of proceedings). On April 11, 2016, the parties filed a joint status report regarding the mediation outcome in broad strokes—HSBC had agreed to settle with the Plaintiffs, the Caliber Defendants had not. [ECF No. 120].

After almost two years of extensive litigation, and as a result of the mediation, Plaintiffs entered into a Confidential Settlement and Agreement Release with HSBC, which was granted on May 9, 2016. [ECF Nos. 126, 131]. HSBC was subsequently dismissed from this Adversary Proceeding. [ECF Nos. 142, 144].

Following the announcement regarding the mediation in the joint status report, the Court set a scheduling conference for May 16, 2016.  [ECF Nos. 120, 121].  Prior to the May 16, 2016 hearing, the parties filed their joint report that stated that Plaintiffs' motion to compel was still outstanding and the parties were unable to resolve their discovery from earlier in the case.  [ECF No. 130 at 2]; *see generally* [ECF No. 43] (alleging a lack of responsive production by Caliber Defendants and lack of cooperation for deposition dates).  It was further represented that an amended motion to compel would be filed by Plaintiffs if the impasse continued; thus Plaintiffs' Amended Motion to Compel was subsequently filed.  [ECF No. 130 at 2]; [ECF No. 135] (amending [ECF No. 43]); [ECF No. 138] (amending [ECF No. 135]).

Plaintiffs' Motion to Compel sought production from the Caliber Defendants for additional documents that had been the subject of allegedly insufficient objections.  *See generally* [ECF No. 138].  Since the Plaintiffs' original motion to compel filed in August 2014, Plaintiffs allege that the Caliber Defendants only production since responding to Plaintiffs' Requests for Production was a spreadsheet produced on June 6, 2016.  *Id.* at ¶¶ 16–17.  In the Motion to Compel, Plaintiffs detail Caliber Defendants' responses to their requests for production and contend why each response is respectively insufficient.  *Id.* at 6–11.  To summarize, Plaintiffs' primary objection is that the responses received are incomplete or the Caliber Defendants have refused to produce the documents.  *Id.* (covering Request Nos. 1, 2, 10, 13, 14, 15, 16, 17, 19, 20).  For Requests Nos. 3–9, Plaintiffs articulated significantly different complaints, namely that the documents produced by Caliber were those created for litigation rather than records in their native format or screenshots thereof.  *Id.* at 7–8.  Plaintiffs also allege that U.S. Bank has not produced any documents.  *Id.* at ¶ 23.  In addition to their complaints, Plaintiffs state that they have withdrawn or limited the scope for certain requests within the

requests for production.  *Id.* at 9.  On the basis of those complaints, Plaintiffs argue that (1) they are entitled to the requested discovery, (2) that the Caliber Defendants' objections are deficient, and (3) that the Caliber Defendants' claim of privilege in regard to certain documents is insufficient because a protective order has not been acquired nor was a privilege log produced. *Id.* at 11–15.  Accordingly, Plaintiffs seek an order requiring the Caliber Defendants to produce the outstanding documents and for costs to prepare the Motion to Compel.  *Id.* at 15–16.

Caliber Defendants filed their response to the Motion to Compel, wherein it was argued that Plaintiffs' requests for production were generally overbroad and not relevant to the claims at bar.  *See generally* [ECF No. 146].  Moreover, Caliber Defendants state that their Joinder and the underlying motion filed by HSBC are still outstanding.  *Id.*; *see also* [ECF Nos. 39, 45].

On July 21, 2016, this Court entered a discharge for Plaintiffs in their underlying chapter 13 case.  [Case No. 10-70594, ECF Nos. 136, 139].

On August 23, 2016, Plaintiffs filed their Motion for Leave that seeks approval to file a supplemental complaint.  [Case No. 13-7031, ECF No. 150].  In the Motion for Leave, Plaintiffs argue that a supplemental complaint is appropriate, pursuant to Fed. R. Civ. P. 15(d), because of facts revealed during a deposition of Mr. Jamar Harris, Caliber's corporate representative, on July 27, 2016.  *See generally id.*; *see also* [ECF No. 177].  Caliber Defendants filed a response to the Motion for Leave wherein they argue that granting the Motion for Leave is inappropriate because, *inter alia*, the events, and thus resulting claims, that Plaintiffs want to include in the supplemental complaint occurred prior to the Second Amended Complaint and thus fall outside of Rule 15(d)'s provisions.  *See generally* [ECF No. 156] (citing Fed. R. Civ. P. 15(d) as a basis for denying the Motion for Leave).

On September 9, 2016, the Caliber Defendants filed a witness and exhibit list for the September 13, 2016 scheduled hearing in which their exhibits, *infra*, were listed, including two witnesses: Caliber Defendants' Counsel and Mr. Clint Burton.  *See generally* [ECF No. 155]. Shortly thereafter, Plaintiffs filed their Motion to Strike that alleges Caliber Defendants' Exhibit List provisioning Mr. Clint Burton as one of the "Fact and Expert Witnesses" is improper because Caliber Defendants failed to disclose Mr. Burton as a potential witness in their initial disclosures.  [ECF No. 157] (the "***Motion to Strike***"); *see also* Caliber Defs. Ex. 1.  The Motion to Strike states that the repercussion for Caliber Defendants' alleged failure to disclose or supplement their initial disclosures is that Mr. Burton should be barred as a witness at the hearing on Plaintiffs' Motion to Compel and Motion for Leave.  *Id.* at 2-6 (citing to Fed. R. Civ. P. 26(a)(1)(A)(i) and Fed. R. Civ. P. 37(c)(1), and applying factors from *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003), to demonstrate why the testimony should be barred).  Caliber Defendants did not file a response to the Motion to Strike. The Court heard arguments on the Motion to Strike at the September 13, 2016 and October 18, 2016 hearings before determining that Mr. Burton should not be permitted to testify.  *See generally* [ECF No. 175] (granting Plaintiffs' Motion to Strike).

On September 13, 2016, this Court conducted an evidentiary hearing on Plaintiffs' Motion to Compel, Motion for Leave, Motion to Strike, and Caliber Defendant's Joinder (the "***September Hearing***").   At the September Hearing, the parties offered exhibits, presented arguments, and testimony was heard from Ms. Karen L. Kellett, Plaintiffs' counsel, and video deposition of Caliber's corporate representative, Mr. Jamar Harris.

    1.      Exhibits offered at the September Hearing:

         a.    Plaintiffs offered exhibits 1-104.  Of which, exhibits 14, 50, 55, 59 were

withdrawn.  Exhibits 8-10, the first page of 11, 12-13, 15-26, 28-42, 44-47, 51-54, 56-58, 61-62, 64-92 were admitted.  Caliber Defendants objected to exhibits 1-7, 27, 43, 48, 49, 60, 63, 93-105 and the pages 2 through 4 of exhibit 11.  The Court admitted exhibits 1-7, 43, 48 pages 2 through 4 of exhibit 11 only for limited purposes.  Exhibit 63 was admitted for pages 1-2, pages 3-5 were withdrawn.  Plaintiffs also offered exhibit 105, which was admitted over Caliber Defendant's objection.  Exhibits 3, 49, and 93-104 were not admitted; although the Court took judicial notice that exhibits 93-104 had been filed in the respective case only.

b.   Caliber Defendants offered exhibits 1-27 at the September Hearing.   Of which, exhibits 1-18, 21, and 26 were admitted.  Plaintiffs objected to exhibits 19-20, 22-25, and 27.  Plaintiffs announced an agreement by which they could introduce a responsive email to Exhibit 18 to be offered, but none was offered and admitted.  Caliber Defendants did not seek to overcome the Plaintiffs' objection to exhibits 19-20, 22-25, and 27 and therefore the exhibits were not admitted.

2.   Testimony:

a.   Ms. Karen Kellett testified extensively about Plaintiffs' prosecution of their case, including the mediation that occurred between March 2016 and June 2016.  Ms. Kellett also noted how discovery proceeded between the parties, noting Defendants' alleged inadequacies throughout the process. Additionally, Ms. Kellett testified regarding the deposition of Mr. Harris and the events that led to that deposition being taken.

b.  Mr. Jamar Harris (by video) testified extensively, to the scope of his knowledge, regarding Caliber's systems, processes, and system capabilities.

c.  Mr. Clint Burton was offered by Caliber Defendants as a witness on their witness list, but was not presented as a witness at the September Hearing.

The September Hearing was reset by agreement due, in part, to the volume of testimony from Mr. Harris that Plaintiffs presented and, in part, in order to permit Caliber Defendants the ability to present their arguments on the Motion to Compel, the Motion for Leave, and Motion to Strike.

On September 23, 2016, Caliber Defendants served Plaintiffs with supplemental initial disclosures and additional discovery via email.  Caliber Def. Exs. 28, 28A, 28B.  On October 13, 2016, Plaintiffs filed their Motion for Sanctions, on an expedited basis, which sought to bar Mr. Burton's testimony on the same grounds as the Motion to Strike and further seek to bar Caliber Defendants from putting forth any witnesses other than Mr. Harris to cure the alleged shortcomings of his testimony in his deposition.  [ECF No. 167 at 12–13]; *see also* [ECF. No. 157].  The Motion for Sanctions alleges that Mr. Harris was not a competent witness and had deficient knowledge of the noticed topics for the deposition.  [ECF No. 167 at 7–12]; *see also* Pls. Ex. 26.  As a result of the deficiency of Mr. Harris' testimony, Plaintiffs seek sanctions, pursuant to Fed. R. Civ. P. 30 and 37, both in terms of denying Caliber Defendants the ability to call witnesses, such as Mr. Burton, and in terms of fee shifting.  [ECF No. 167 at 12–13].

On October 18, 2016, the Court conducted the evidentiary hearing (the "***October Hearing***") that was a continuation of the September Hearing.  At the October Hearing, further testimony was heard from Mr. Harris and the parties presented arguments on the matters before the Court, including Plaintiffs' recently filed Motion for Sanctions.

1.    Exhibits offered at the October Hearing:

    a.    In addition to the exhibits offered at the September Hearing, Plaintiffs offered one additional exhibit—Plaintiffs' Exhibit 29 from the September hearing, which was already admitted.  Plaintiffs presented the Court with exhibits for their Motion for Sanctions, but never sought to offer or admit them into evidence, thus Plaintiff's exhibits were not admitted into evidence.

    b.    Caliber Defendants also offered additional exhibits, Exhibit Nos. 28, 28A, 28B, and 29, that were admitted into evidence.

2.    Testimony:

    a.    Mr. Jamar Harris's video testimony continued from the September Hearing and was concluded.  Mr. Harris' testimony consisted of the same subject areas he testified on during the September Hearing.

    b.    Mr. Clint Burton was presented as a witness, but was not permitted to testify when the Court granted Plaintiffs' Motion to Strike.  [ECF Nos. 157, 175].

At the conclusion of the October Hearing, the Court took the Motion for Leave, the Motion for Sanctions, the Motion to Compel, and the Caliber Defendants' Joinder under advisement.

Subsequent to the October Hearing, Caliber Defendants filed their Motion to Reopen Evidence Under Rule 59(a)(2).  [ECF No. 178] (the "***Motion to Reopen***").  In the Motion to Reopen, Caliber Defendants seek to admit into evidence or in the alternative have the Court take judicial notice of the 3002.1 notice filed on October 31, 2016, by Select Portfolio Servicing, Inc. ("***SPS***") in the Plaintiffs' bankruptcy case.  *Id.* (citing to Fed. R. Civ. P. 59(a)(2) and Fed. R. Evid. 201); *see also* [Case No. 10-70594, ECF No. 142] ("***SPS' 3002.1 Notice***").  As the Motion

to Reopen argues, the purpose is that the 3002.1 notice specifically states that the 2010 taxes, as initially sought by HSBC in its original 3002.1 notice, had been previously amended to remove the 2010 taxes and that SPS has taken remediating steps in regards to the 2010 taxes.  *See generally* [ECF No. 142 at 1]; [Case No. 13-7031, ECF No. 178].   On November 28, 2016, Plaintiffs filed their response to the Motion to Reopen.  [ECF No. 183].  Plaintiffs argue that the Motion to Reopen is improper because applying Fed. R. Civ. P. 59(a)(2) in the instant matter is inapplicable because "there has been no non-jury trial, there has been no judgment, and there will be no judgment with respect to Plaintiffs' motion to supplement," and, furthermore, that SPS' 3002.1 notice which Caliber Defendants seek to admit did not exist at the time of either the September Hearing or October Hearing and is therefore not eligible.  *Id.* at 1–2, 5–8.  On the matter of the alternative relief, Plaintiffs argue that the Court cannot take judicial notice of SPS' 3002.1 Notice because it is a fact subject to a reasonable dispute, to wit Plaintiffs contend that "[c]ertain statements … are outright false, appear to be inaccurate, or call into question earlier court filings by SPS" and that SPS' 3002.1 Notice is hearsay without an exception, thus falling short of the requirements of Fed. R. Evid. 201.  *Id.* at 2, 8–10.

Therefore, the pending motions before the Court are Plaintiffs' Motion to Compel, Motion for Sanctions, and Motion for Leave, and Caliber Defendants' Motion to Reopen and Joinder, each of which is ripe for consideration.

### III.    LEGAL STANDARD

#### a.  Joinder Requesting A Protective Order

The Federal Rules of Civil Procedure provide guides for the free exchange of information between parties through the process of discovery and disclosures covered under Rule 26.  *See generally* Fed. R. Civ. P. 26; *see also Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir.

1985) (discussing the provision for exchange of information and how such information may be utilized by parties).  In addition to providing the guidelines for discovery and disclosures, Rule 26 provisions parties with the ability to seek refuge from certain discovery upon demonstrating the necessity for such a safeguard.  *See generally* Fed. R. Civ. P. 26(c); 8A Fed. Prac. & Proc. Civ. § 2036 (3d ed.).  To be specific, the moving party must demonstrate that disclosing the discovery sought by the opposing party causes "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The burden of what must be demonstrated varies depending on the basis upon which the moving party utilizes in seeking the protective order.  *See generally* Bankr. Proc. Manual § 7026:16; *see also Fed. Open Market Comm. of Fed. Reserve Sys. V. Merrill*, 443 U.S. 340, 363 (1979); *Moore v. Ford Motor Co.*, 755 F.3d 802, 808–09 (5th Cir. 2014) (Elrod, J., dissenting); 8A Fed. Prac. & Proc. Civ. § 2043 (3d ed.) (stating "It is well settled that there is no absolute privilege for trade secrets and similar confidential information; the protection afforded is that if the information sought is shown to be relevant and necessary, proper safeguards will attend disclosure.").  In addition to having an adequate basis to support the motion, Rule 26 requires parties to certify that they have conferred (or attempted in good faith to confer) with the opposing party to resolve the issue or dispute before involving the court, which is similar to other provisions of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 26(c)(1).

Upon a moving party meeting the burden of both prerequisites, a court has "broad discretion in fashioning protective orders 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"  Bankr. Proc. Manual § 7026:16 (2016 ed.) (citing to *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)).  Rule 26 enumerates certain remedies, which may be used singularly or in tandem with one another:

(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
(C) prescribing a discovery method other than the one selected by the party seeking discovery;
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
(E) designating the persons who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1)(A)–(H).  The protective measures are not required to necessarily terminate with the end of the litigation.  Bankr. Proc. Manual § 7026:16 (2016 ed.) (citing to *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011)).

Accordingly, the Court must determine whether the Caliber Defendants have met the burden of demonstrating that a protective order is warranted, that they have conferred with Plaintiffs, and, if so, what remedies, if any, are warranted.

### b.  Motion to Compel

Rule 26 casts a very wide net as to what is included in the scope of discovery.  Fed. R. Civ. P. 26(b)(1).  The scope of discovery, while still broad, was condensed in the 2015 amendment's inclusion of a proportionality requirement.  Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.  To wit, the scope of discovery extends to unprivileged information that is "relevant to any party's claim or defense and is proportional to the needs of the case . . ."  Fed. R. Civ. P. 26(b)(1).

When a dispute arises over permissible discovery, Rule 37, which is incorporated into adversary proceedings by Rule 7037, governs the resolution of that dispute.  *See generally* Fed.

R. Bankr. P. 7037.  In general, Rule 37 governs the provision of relief in the form of compelling a party's response and provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1); 8B Fed. Prac. & Proc. Civ. § 2285 (3d ed.).  Importantly, Rule 37(a) also requires that the parties must confer in good faith or at least attempt to confer with the party that has failed to make the alleged disclosure or discovery.  Fed. R. Civ. P. 37(a)(1); 8B Fed. Prac. & Proc. Civ. § 2285 (3d ed.) (noting that parties must make "[sufficient] efforts to avoid the need for a motion altogether").  A motion to compel must include a certification of the party's good faith conference or attempt to confer.  *Id.*; *Good Faith*, BLACK'S LAW DICTIONARY (10th ed. 2014).[4]  The certification "should include the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any."  *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 398 (S.D. Tex. 2012) (citing to *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996), for the proposition that two-way communication is necessary to meeting the conferment burden).

There are generally three types of motions that serve as a basis upon which a party may seek an order from a court to compelled action from the opposing party.  *See generally* Fed. R. Civ. P. 37(a)(3)(A)-(C).  To wit, a party may bring a motion to compel on the basis of compelling disclosure, pursuant to Rule 26(a), compelling a discovery response, pursuant to Rules 30, 31, 33, or 34, and finally in regards to a deposition.  *Id.*  Rule 37 provides an additional form of relief from mis- or malfeasance by an opposing party during discovery in the form of technical admissions.  Fed. R. Civ. P. 37(a)(4), (c)(2).  In addition to providing a basis for

---

[4] Defining "good faith" as "A state of mind consisting in (1) honesty in belief or purpose, (2) faithfulness to one's duty or obligation, (3) observance of reasonable commercial standards of fair dealing in a given trade or business, or (4) absence of intent to defraud or to seek unconscionable advantage."  *See also* Roger Brownsword *et al.*, "Good Faith in Contract," in *Good Faith in Contract: Concept and Context* 1, 3 (Roger Brownsword ed., 1999); Restatement (Second) of Contracts § 205 cmt. a (1979).

seeking to compel an opposing party to act, Rule 37 also provides for fee shifting, in certain circumstances, for the moving party.  Fed. R. Civ. P. 37(a)(5).

In determining whether to grant relief to the moving party, a court has "broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse."  *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (citing to *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)) (internal quotation marks omitted); *see also Smith v. DeTar Hosp. LLC*, 2011 WL 6217497, at *1, *2 (S.D. Tex. Dec. 4, 2011).  The party seeking to compel discovery has the burden of demonstrating that the discovery sought falls within the scope of discovery as provided by Rule 26.  *Smith*, 2011 WL 6217497, at *2; *see also* Fed. R. Civ. P. 26(b)(1) (defining the scope as discovery that is "relevant to any party's claim or defense and is proportional to the needs of the case").  Even if the party carries its burden, Rule 26(b)(2)(C) limits discovery, by its frequency or in its extent, when a determination is made that the discovery is (1) "unreasonably cumulative or duplicative, or is more easily obtainable from another, more convenient source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; . . ." and (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  *Smith*, 2011 WL 6217497, at *2; Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Accordingly, the Court must determine whether the disclosures sought by Plaintiffs are demonstrated to fall within the scope of discovery, given the proportionality considerations and limitations on discovery.

### c.  Motion for Leave

A motion seeking permission to file a supplemental pleading is governed by Fed. R. Civ. P. 15(d).  Rule 15(d), in pertinent portion, states that "the court *may*, on just terms, permit a party

to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15 grants courts wide latitude to grant relief to a plaintiff, even permitting a supplemental pleading when "the original pleading is defective in stating a claim or defense." *Id.* Further, a court may deviate from the time to respond set forth in Fed. R. Civ. P. 12(a) when setting the opposing party's deadline to respond.

In *Haralson v. Campuzano*, the Fifth Circuit reviewed a district court's decision to deny a motion for supplemental complaint. 356 F. Appx. 692 (5th Cir. 2009). In *Haralson*, the supplemental complaint "included actions which occurred after [the plaintiff] filed his original complaint. . ." *Id.* at 699. Ultimately, the Fifth Circuit affirmed the lower court's decision as being within its discretion because granting the motion would have caused prejudice to the defendants by delaying the resolution of the dispute between the parties. *Id.* (citing to Fed. R. Civ. P. 15(d) and emphasizing the use of "may" within the language of the rule). Similarly, the Fifth Circuit reviewed a lower court's denial of the plaintiffs' request to file a supplemental pleading in *Burns v. Exxon Corp.* 158 F.3d 336 (5th Cir. 1998). In *Burns*, the facts provided that the plaintiffs had "failed to show . . . that any transaction or occurrence or event has transpired in the ten years since they filed their original complaint." *Id.* at 343. The plaintiffs argued that their motion should have been granted, arguing that the "freely give[n]" language of Rule 15(a) should be applicable to Rule 15(d). *Id.* However, the Fifth Circuit reasoned that while Rule 15(a) states that leave should be freely given, Rule 15(d) grants courts the discretion to permit a supplemental pleading when circumstances have changed since the original complaint was filed. *Id.*; *see also In re Treyson Dev., Inc.*, 2016 WL 1604347, at *1, *14 (Bankr. S.D. Tex. Apr. 19, 2016); *In re JCP Properties, Ltd.*, 540 B.R. 596, 607 (Bankr. S.D.

Tex. 2015) (declining to adopt a tortuous reading of 11 U.S.C. § 1101(2)(C)). *C.f. Yates v. United States*, 135 S. Ct. 1074, 1099 (2015) (Kagan, J., dissenting) (referring to the practice of inserting implied words into a statute as a game of Mad Libs); *Lamb's Chapel v. Center Moriches Union Free School Dist.*, 508 U.S. 384, 398 (1993) (Scalia, J., dissenting); *In re Tavares*, 2016 WL 943832, *1, *8 (Bankr. S.D. Tex. March 11, 2016) (declining to play judicial Mad Libs).

As such, the analysis on whether to grant a Rule 15(d) motion must focus on whether the moving party demonstrates that a "transaction, occurrence, or event  happened after the date of the pleading to be supplemented" and, if so, whether permitting a supplemental complaint would cause prejudice to a party.  Fed. R. Civ. P. 15(d); *see also Haralson*, 356 F. Appx. at 699; *Burns*, 158 F.3d at 343.  Failing which, Rule 15(d) implicitly provides that a supplemental pleading is not permitted.  *Id.*

### d.  Motion for Sanctions

This Court has previously ruled on a motion for sanctions.  *In re Lopez*, 2015 WL 7572097, at *1 (Bankr. S.D. Tex. Nov. 24, 2015), *appeal denied*, 2016 WL 4546884, at *1 (S.D. Tex. Sept. 1, 2016) (Alvarez, J.) (denying defendant's request for leave to appeal for want of merit).  However, the relief sought in *Lopez* was more significant than what Plaintiffs presently seek here.  *Compare* [ECF No. 167] *with In re Lopez*, 2015 WL 7572097, at *5; *see also* [Case No. 13-7024, ECF No. 137].

Rule 37, in addition to providing the basis for a motion to compel, also provides for sanctions when a party fails on various bases in the discovery process.  *See generally* Fed. R. Civ. P. 37(b)-(f).  As with a motion to compel, the movant must certify that they have at least attempted to resolve the dispute with the allegedly offending party.  *Compare* Fed. R. Civ. P.

37(a)(1) *with* Fed. R. Civ. P. 37(d)(1)(B); *see also* 8B Fed. Prac. & Proc. Civ. § 2285 (3d ed.). The Court's substantive power to sanction rests in its inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11 ... [and] tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). In more specificity, this Court's power to issue sanctions for discovery abuse is found in, but not limited by, Rule 37 of the Federal Rule of Civil Procedure, from which the bankruptcy rules derive. Fed. R. Bankr. P. 7037.

Rule 37(b) applies "[i]f a party fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). In addition to a court's duty to require the disobedient party to pay the reasonable expenses caused by the failure to comply with a discovery order, Rule 37(b) empowers a court to implement a non-exhaustive list of available sanctions. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). In relevant part, these sanctions include (A)(i) in "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" and (A)(ii) in "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

Rule 37(c) regards a party's continuing duty to supplement or correct their disclosures and responses in a timely manner pursuant to Fed R. Civ. P. 26(e). Under Rule 37(c), a party's failure to comply with Rule 26(e)'s duty to supplement permits a court to order the failing party to pay reasonable expenses. Fed. R. Civ. P. 37(c). Rule 37(c) also empowers the court to deny the use of the abused evidence, impose all available sanctions from Rule 37(b)(2)(A)'s enumerated list, or craft its own appropriate sanction. *Id.*

Under Rule 37(d), where a party fails to attend its properly noticed deposition, a court is empowered to issue all sanctions available under Rule 37(b)(2)'s enumerated list and is required to, instead of or in addition to any other sanctions, order the failing party to pay reasonable expenses. Fed. R. Civ. P. 37(d)(3).

The Supreme Court established two standards, a general and specific standard, in the context of imposing Rule 37(b)(2) sanctions for discovery abuse: (1) the sanction must be "just," and (2) the imposed sanction must be specifically related to the particular claim that was at issue in the order providing discovery. *Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1993); *In re Lopez*, 2015 WL 7572097, at *9–*10. In addition to the rules set forth by the Supreme Court, the Fifth Circuit has fashioned a proportionality consideration by requiring "that the sanction meet the Rule 37 goals of punishing the party which has obstructed discovery and deterring others who would otherwise be inclined to pursue similar behavior[.]" *In re Lopez*, 2015 WL 7572097, at *10 (citing *Chilcutt v. United States*, 4 F.3d 1313, 1319–20 (5th Cir. 1993)). Rule 37 provides a court with broad discretion to fashion remedies for the misconduct of a party. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).

In addition to Rule 37, the Court also has the ability to sanction a party when that party "impedes, delays, or frustrates the fair examination of the deponent" or when an incompetent witness is put forth by a party. Fed. R. Civ. P. 30(d)(2); *see also* Fed. R. Civ. P. 30(b)(6); *Hoffman v. L & M Arts*, 2015 WL 1000864, at *1, *6 (N.D. Tex. Mar. 6, 2015). When seeking sanctions, the Court, as with Rule 37, has broad discretion under the plain language of Rule 30(d)(2) to fashion an appropriate remedy to the improper conduct, such as a party putting up a witness that is not knowledgeable. Fed. R. Civ. P. 30(d)(2); *see also In re Lopez*, 2015 WL

7572097, at *11 (citing to *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)).  The Court may levy monetary damages.  Fed. R. Civ. P. 30(d)(2).  Further, the Court could limit a party's ability to present testimony, such as "forbidding it from calling witnesses who would offer testimony inconsistent with that given by the one it designated, or by forbidding it from presenting evidence on topics listed in the Rule 30(b)(6) notice on which it did not provide proper discovery."  8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) (opining that these types of sanctions would be consistent with Rule 37(c)(1)).  However, as this Court stated in *Lopez*, these types of limiting sanctions cannot be the death knell for a party's case.  *Click v. Abilene Nat. Bank*, 822 F.2d 544, 545 (5th Cir. 1987); *In re Lopez*, 2015 WL 7572097, at *9 (citing to *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012)).

As Rule 30(b)(6) contemplates and the Fifth Circuit has noted, corporate parties are different from normal parties because "it is not possible to literally depose a corporation itself, but such a deposition must instead be obtained from a natural person who can speak for the corporation."  *In re Lopez*, 2015 WL 7572097, at *11 (citing to *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d at 433); *see also* Fed. R. Civ. P. 30(b)(6).  For this reason, *inter alia*, courts have created other sanctions to redress deposition disputes when corporate representatives are involved, such as ordering that another representative be put forth.  8A Fed. Prac. & Proc. Civ. § 2103 n.16 (3d ed.) (citing to *U.S. ex rel Fago v. M&T Mortg. Corp.*, 235 F.R.D. 11 (D.D.C. 2006), for the proposition that "[b]ecause the initial witness was not able to answer properly, the court would order the corporation to designate another witness," and also to *Sony Elecs., Inc. v. Soundview Techs., Inc.*, 217 F.R.D. 104 (D. Conn. 2002), for the proposition that "[i]f it becomes obvious that the deposition representative designated by the corporation is deficient . . . [as the] initial representative's testimony revealed gaps in his knowledge as well as evasive answers,

defendant had to designate another witness"). The emphasis in fashioning a remedial remedy in the form of ordering the offending party to produce another representative is to promote the flow of discovery as contemplated by Rule 26. *See generally* Fed. R. Civ. P. 26(b)(1), (c)(1), (c)(2); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682–83 (1958) (citing to *Hickman v. Taylor*, 329 U.S. 495, 501 (1947), in discussing the public policy of discovery in resolving a legal dispute between parties).

Therefore, the Court must look first to the conduct complained of to see whether it is violative of Rule 30(b)(6) and Rule 37 and, if so, fashion a remedy that is both just and proportional.

### e. Motion to Reopen

The Court has previously reviewed provisions of Rule 59 in the context of a motion to reconsider, which under Rule 9023 is brought under Rule 59(e) or Rule 60(b). *See, e.g.*, [Case No. 15-1003, ECF No. 23] (citing to *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004), and *In re Ramirez*, 2010 WL 2639880, at *1 (Bankr. S.D. Tex. June 24, 2010)). Rule 59(a) provides that after a nonjury trial a court may "grant a new trial on all or some of the issues . . . to any party . . . for any reason for which new trials have heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B); *see also* Fed. R. Bankr. P. 9023 (incorporating Rule 59 into bankruptcy proceedings). When considering a motion for a new trial, Rule 59(a)(2) provides that "[a]fter a nonjury trial, the court may . . . open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). Rule 9023 requires that the motion be filed within 14 days of the entry of judgment. Fed. R. Bankr. P. 9023; *see also* Fed. R. Bankr. P. 9001(7) (defining "Judgment" to mean "any appealable order").

The plain language of Rule 59(a)(2) indicates that a motion under that rule may be brought for many purposes, including seeking a new trial based on newly discovered evidence. 11 Fed. Prac. & Proc. Civ. § 2808 (3d ed.); *see also Simon v. United States*, 891 F.2d 1154 (5th Cir. 1990) (holding that a Rule 59(a) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could and should have been made before the judgment was issued).  When considering a Rule 59(a)(2) motion brought under the guise of newly discovered evidence, the newly discovered evidence must have been existing at the time of the trial and the movant must be excusably ignorant of such facts despite their efforts to discover or learn such facts.  11 Fed. Prac. & Proc. Civ. § 2808 (3d ed.).

Relief under Rule 59(a) should be used sparingly as a party must demonstrate that "it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." Sibley v. Lemaire, 184 F.3d 481, 487 (5th Cir.1999) (citing to *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)) (internal quotations omitted); *see also Asarco LLC v. Americas Min. Corp.*, 2009 WL 2168778, at *1, *2 (S.D. Tex. July 20, 2009) (Hanen, J.); *Reeves v. MCI Telecomms. Corp.*, 1991 WL 574975, at *1, *12 (S.D. Tex. June 5, 1991) (stating that a party must show "manifest error of law, manifest error of fact, or newly discovered evidence" to prevail on a Rule 59(a)(2) motion); *Genova v. Town of Indep.,* No. Civ. A. 97-726, 1998 WL 337891, at * 1 (E.D. La. June 22, 1998) ("A motion for new trial in a non-jury case or a petition for rehearing should be based upon manifest error of law or mistake of fact; a judgment should not be set aside except for substantial reasons.").

As such, the Court will review the Motion to Reopen to see if Caliber Defendants have

timely filed their motion that properly demonstrates an actionable basis, pursuant to Rule 59(a)(2), to reopen evidence in order to admit their newly discovered evidence.


## IV.   CONCLUSIONS OF LAW

### a.  Jurisdiction & Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provisions that "the district courts shall have original and exclusive jurisdiction of all cases under title 11" and "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *See also* 28 U.S.C. § 157(a); *see, e.g.,* In re: Order of Reference to Bankruptcy Judges, General Order 2012-6 (S.D. Tex. May 24, 2012).  Section 157 provides that bankruptcy judges may issue final orders or judgments where the matter is determined to be core, which includes "matters concerning the administration of the estate."  28 U.S.C. § 157(b)(2); *see also Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999).  A bankruptcy court has jurisdiction over a "related to" matter when the "outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987); *see also Arnold v. Garlock*, 278 F.3d 426 (5th Cir. 2001) (holding that "[c]ertainty or even likelihood of such an effect is not a requirement. . .").  This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b)–(c).  *See Wood*, 825 F.2d at 93; *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n. 6 (1995).

This Court may only hear a case in which venue is proper.  Venue with respect to cases under title 11 or arising in or related to cases under title 11 is governed by 28 U.S.C. § 1409, which designates that venue may hold wherever "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is

pending." Plaintiffs' bankruptcy case was pending before this Court, pursuant to 28 U.S.C. § 1408, at the time this Adversary Proceeding commenced. Therefore, venue is proper.

**b. Constitutional Authority To Enter A Final Order**

This Court also has an independent duty to evaluate whether it has the constitutional authority to sign a final order. *Stern v. Marshall*, 131 S. Ct. 2594 (2011). In *Stern*, the Supreme Court reasoned that bankruptcy judges are not protected by the lifetime tenure attribute of Article III judges, but they were performing Article III judgments by judging on "all matters of fact and law" with finality. *Id*. at 2618–19. Hence, the Court held Article III imposes some restrictions against a bankruptcy judge's power to rule with finality, but a bankruptcy court is permitted to issue final judgments and orders where the issue "arises in" or "arises under" bankruptcy, but not where the issue is merely "related to" bankruptcy. *See* § 157. However, Article III will be satisfied where parties knowingly and voluntarily consent to the bankruptcy court's power to issue final judgments. *Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938–39 (2015) (holding that parties may consent to jurisdiction on non-core matters).

The matter at bar arises from Plaintiffs' Chapter 13 case, which is a core proceeding under § 157(b)(2). Although Caliber Defendants admit that the Court has jurisdiction over the claims arising under the Bankruptcy Code, they deny that Plaintiffs' claims arising under state law are core claims and therefore do not consent to the entry of final orders or judgments by this Court on non-core claims. [ECF No. 101 at 2]. Plaintiffs' claims, as alleged in their Second Amended Complaint, present a mixture of core and non-core claims. *See generally* [ECF No. 105]; *see also* [ECF Nos. 138 at ¶ 12, 146 at ¶ 40]. This Court's authority to issue an order to compel the production of documents with respect to the remaining claims is different from this Court's authority to issue final judgments on the merits of those remaining claims. *C.f. In re*

*Texas Extrusion Corp.*, 844 F.2d 1142, 1154–55 (5th Cir. 1988).  A similar distinction is also applicable to a motion for leave to file a supplemental complaint, a motion to reopen evidence, and a motion for sanctions.  *Id.*  This is because the integrity of the discovery process helps to fully apprise a bankruptcy court as to the threshold issue of whether a merited and jurisdictionally proper claim stands before it, and it therefore must have some power to enforce this process irrespective of whether the underlying claim is core or non-core. *See In re Allison*, 2006 WL 2620480, at *7 (Bankr. S.D. Tex. Sep. 12, 2006) ("At a minimum, a bankruptcy court has jurisdiction to determine its own jurisdiction"); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351(1978) (noting that "discovery itself is designed to help define and clarify the issues").  Rule 26, which applies in adversary proceedings in bankruptcy, bestows on parties a duty to disclose information which the parties intend to use to support their claims or defenses, including initial disclosures and pretrial disclosures.  Fed. R. Civ. P. 26; *see also* Fed. R. Bankr. P. 7026.  In conjunction, Rule 37(a)(2) provides that a motion for an order compelling disclosure or discovery must be made in the court where the action is pending.  Fed. R. Civ. P. 37(a)(2); *see also* Fed. R. Bankr. P. 7037.  Rule 37 simultaneously authorizes the court which has issued an order to provide or permit discovery to issue sanctions on parties for failure to comply with such orders for discovery.  Without concluding whether the Court has the constitutional authority to grant or deny final judgment on the merits of the matters pertaining to the underlying claims absent consent of the parties, this Court determines it may grant or deny the pending Joinder, Motion to Compel, Motion for Leave, Motion for Sanctions, and Motion to Reopen  as doing so is not a final order that is potentially violative of *Stern* because there is not a "final determination of the rights of the parties to secure the relief they seek."  *Williams v. Midwest Emp'rs Cas. Co.*, 243 F.3d 208, 209 (5th Cir. 2001) (citing to *Cunningham v. Hamilton County*, 527 U.S. 198, 204,

(1999)); *see also In re Lopez*, 2016 WL 4546884, at *2–4 (holding that the bankruptcy court's discovery-related order was interlocutory and not subject to review pursuant to the requirements of 28 U.S.C. § 158(a)(3)).

### c.  Joinder Requesting A Protective Order

In the Joinder, Caliber Defendants join with HSBC on its motion seeking, *inter alia*, a protective order covering the discovery produced in this litigation.  *See generally* [ECF No. 45]; *see also* [ECF No. 39].   While HSBC's motion is moot as it has been dismissed from this litigation, the request by the Caliber Defendants nevertheless survives as they separately requested relief in the Joinder.  *See generally* [ECF No. 45].

Rule 26 requires the moving party to certify that they have conferred with the opposing party prior to seeking relief from the court.  Fed. R. Civ. P. 26(c)(1).  Here, the moving party is not Caliber Defendants, but rather HSBC, as Caliber Defendants are merely joining with HSBC. *Compare* [ECF No. 39] *with* [ECF No. 45].  In HSBC's motion, it did certify that it conferred with Plaintiffs' Counsel on August 18, 2014.  [ECF No. 39 at 15].  Moreover, HSBC avers that Plaintiffs' Counsel refused to agree to a protective order.  *Id.* at 7–8.  As such, the requirement to confer was met by the underlying motion that Caliber Defendants later joined.  *Compare* [ECF No. 39 at 15] *with* Fed. R. Civ. P. 26(c)(1).

Turning to the basis for relief, Caliber Defendants seek a protective order as Plaintiffs seek "internal procedures that are confidential and are trade secrets."  [ECF No. 45 at 2].  Caliber Defendants also assert that a protective order is necessary because certain discovery requests by Plaintiffs are overly broad, unduly burdensome, and harassing.  *See generally id.* at 2–5; *c.f.* [ECF No. 146].  Aside from the trade secrets and confidential basis, Caliber Defendants bases for relief are blank assertions without adequate underpinnings to warrant the issuance of a protective

order.  *See* Fed. R. Civ. P. 26(c).  As discussed later in this opinion, the discovery that is subject

to an assertion of trade secrets or confidential is both relevant and necessary for the prosecution

of Plaintiffs' case.  *See Merrill*, 443 U.S. at 36; 8A Fed. Prac. & Proc. Civ. § 2043; *see also* Fed.

R. Civ. P. 26 advisory committee notes.  As such, the Court finds that Caliber Defendants have

shown good cause as to protecting trade secrets and confidential information within the

discovery sought by Plaintiffs, but not as to the remaining bases for relief.

As Caliber Defendants' Joinder has imputedly met the conferment requirement and has

demonstrated good cause as to some bases for relief, the Court finds that the Joinder should be

granted as to a protective order being issued to restrict Plaintiffs' use of such information

produced that constitutes a trade secret or is confidential in nature to the prosecution of this

litigation solely.  Accordingly, Plaintiffs and Caliber Defendants should confer and shall submit

a proposed form of protective order within 30 days of the entry of the Court's accompanying

order.

### d.  Motion to Compel

The Plaintiffs' Motion to Compel seeks relief for various reasons on a variety of requests.

*See generally* [ECF No. 138 at 6–11].  Due to the non-uniformity of the requests and the basis

for which respective relief is sought, the Court will look at each point that Plaintiffs allege

Caliber Defendants are deficient in regards thereto.   Nevertheless, Plaintiffs have put forth a

good faith effort to resolve the dispute prior to filing the Motion to Compel, as indicated by the

conference call that occurred on May 26, 2016, and as evinced by the emails between the parties

to attempt to resolve the dispute in 2016.  Pls. Ex. 17; Caliber Defs. Exs. 15–18, 28.  Therefore,

the Court finds that the prerequisite requirement of attempting in good faith to resolve the

dispute prior to seeking court action has been met by Plaintiffs.  [ECF No. 138 at 17]; *see also*

Fed. R. Civ. P. 37(a)(1).

As previously discussed, Rule 26 and Rule 37 provide the scope for discovery and the consequences for a party's failure in the discovery process.  Specifically, Rule 26 provides that discovery sought must be relevant to a claim and proportional given the specific circumstances of the case.  *See generally* Fed. R. Civ. P. 26(b).  When a party does not properly respond to a request for discovery, the Court may compel the non-responsive party to make the disclosure so long as it is required by Rule 26.  *See generally* Fed. R. Civ. P. 37(a).

*Plaintiffs' Request for Production No. 1*

*All documents and electronically stored information containing or referring to any statement, whether written or recorded, made by any person concerning the subject matter of this lawsuit.*[5]

Plaintiffs allege that the Caliber Defendants "have not complied with this request."  [ECF No. 138 at 6].  Plaintiffs further allege that what Caliber has produced is incomplete, e.g. the spreadsheet does not contain all of the notes present within Caliber's system of record, and that U.S. Bank has not produced any discovery.  *Id.*; *see also* Pls. Exs. 9–11.  Caliber Defendants argue that the Plaintiffs' request is overly broad and vague insofar as the wording of the request is ambiguous as to the scope.  [ECF No. 146 at 17–20].  Furthermore, Caliber Defendants state that both Caliber and U.S. Bank have "produced all documents in their possession, custody, and control that they identified as responsive and relevant . . ." and substantiate that in their explanation of how Caliber's version of the Fiserv system works.  *Id.* at 18–20; *see also* Pls. Exs. 16–17, 20–25, 51–54, 56–58, 61–62, 63[6], 64 (collectively, the "**2016 Production**").  Caliber Defendants further state that U.S. Bank does not possess any responsive documents to Request No. 1.  [ECF No. 146 at n.5].  At the September Hearing, Plaintiffs offered as evidence, most of

---

[5] *See* Pls. Ex. 18 at 17 ("***Request No. 1***"); Caliber Defs. Ex. 2 at 5; [ECF Nos. 43-2 at 33, 138-2 at 33].  *See also* Pls. Ex. 15 at 6.
[6] As previously noted, only pages 1 and 2 of Pls. Ex. 63 were admitted; pages 3–5 were withdrawn.

which was admitted, Caliber Defendants responsive production, including documents produced the day before the Motion to Compel was filed and many more the day after.  Pls. Exs. 16–17, 20–25, 51–54, 56–58, 61–62, 63, 64.

Turning now to the scope of discovery under the amended Rule 26 and applying it to the instant case.  It is quickly apparent that the Plaintiffs Request No. 1 is indeed somewhat vague in its use of "any statement … made by any person concerning the subject matter of this lawsuit." [ECF No. 138 at 6].  The subject matter of this litigation can be interpreted very broadly and to absurd lengths that clearly fall outside of the scope contemplated by Rule 26.  *Compare* [ECF No. 138 at 6] *with* Fed. R. Civ. P. 26(b).  Plaintiffs' Request No. 1 could be better read, in the spirit of Rule 26's proportionality requirements, by limiting the scope to persons within the control of the Caliber Defendants and their statements made regarding the Plaintiffs' account. However, the vagueness of Plaintiffs' Request No. 1 does not excuse the Caliber Defendants from failing to respond or reasonably responding.  *See generally* Fed. R. Civ. P. 37(a)(4).  While Caliber has not failed to respond, the issue is whether its response, thus far, can be categorized as an incomplete response.   The responses from Caliber have included the Plaintiffs' accounts' servicing notes, transaction history, activity history, and some history from HSBC.  *See generally* Pls. Exs. 20–25, 50–54, 56–59, 61–62, 63, 64; Caliber Def. Ex. 17.   Caliber Defendants proffer that U.S. Bank has produced all documents that are responsive to Request No. 1, however Plaintiffs have, inconceivably, not included in their exhibits what U.S. Bank has produced to date so it is not possible for this Court to make a determination as to the adequacy of U.S. Bank's production in response to Request No. 1.  *Compare* Pls. Ex. 1 *and* [ECF No. 154] *with* [ECF No. 146 at n.5].  At the September Hearing, Caliber Defendants further expressed willingness to produce other responsive documents and offered evidence, which was admitted, of

additional production of documents responsive to Plaintiffs' requests.  Caliber Def. Exs. 28, 28A, 28B.

Accordingly, this Court finds that, although the Caliber Defendants have the burden of responsiveness to the Plaintiffs discovery requests, to the extent that they fall within the scope of discovery, Plaintiffs have not met their burden of demonstrating that the additional production sought falls within the scope of discovery.  *See generally* Fed. R. Civ. P. 26(b); *Smith*, 2011 WL 6217497, at *2.  Therefore, Plaintiffs' Motion to Compel, as to Request For Production No. 1, is denied.

### *Plaintiffs' Request for Production No. 2*

*All documents and electronically stored information reflecting the names, titles, positions, and job responsibilities of each of your employees who has handled or were responsible for the accounts of Plaintiffs.*[7]

The Plaintiffs' second request for production ("***Request No. 2***") is remarkably similar to Request No. 1.  The difference here is that Plaintiffs are requesting "all documents and electronically stored information reflecting the names, titles, positions, and job responsibilities of each of your employees who has handled or were responsible for the accounts of Plaintiffs." [ECF No. 43-2 at 33]; *see also* [ECF No. 138 at 6–7]; [ECF No. 138-2 at 33, 45] (requesting, separately, the same information from both Caliber and U.S. Bank).  Similarly, Caliber Defendants argue that Request No. 2 is overly broad and vague because Request No. 2 could include vast amounts of information and employees beyond what is intended under Rule 26. [ECF No. 146 at 20–21].  However, some of the individuals that fall within the scope of Request No. 2 may have relevant information to the Plaintiffs' claims.  The Caliber Defendants in their initial disclosures have disclosed some individuals that are responsive to Request No. 2, but Plaintiffs state that the catchall language of the disclosures indicates that there are still more

---

[7] *See* Pls. Ex. 18 at 20; Caliber Defs. Ex. 2 at 5; [ECF Nos. 43-2 at 33, 138-2 at 33].  *See also* Pls. Ex. 15 at 6.

individuals to be revealed.  [ECF No. 138 at ¶ 20].  In the 2016 Production, Caliber Defendants included servicing notes that specifically identify each "teller" that worked on the Plaintiffs' account.  *See generally* Pls. Ex. 21.  Each of these individuals must fall within the scope of Plaintiffs' Request No. 2 as each individual who serviced the Plaintiffs' account may have relevant information on the Plaintiffs' claims and it is unlikely that Plaintiffs can find that information from any other source, but the issue is whether being merely within the scope of a request for production necessarily means that it falls within the scope of discovery pursuant to Rule 26.  *Compare* [ECF No. 138 at 6–7] *and* [ECF No. 43 at 33] *with* Fed. R. Civ. P. 26(b)(1).  Rule 26 provides that the court must limit discovery when it is, *inter alia*, unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).  However, Caliber Defendants have not shown that to be the case, rather quite the opposite as evinced by the divulged servicing notes.  *See* Pls. Ex. 21.  While the Court agrees with the Caliber Defendants' contention that Plaintiffs' Request No. 2 is broadly worded and a response in the broadest sense may possibly include responses falling outside of Rule 26's scope of discovery, disclosing the names of three individuals is  hardly sufficient in light of the plethora of individuals with knowledge of Plaintiffs' account.  *See* [ECF No. 138-2 at 3–6]; [ECF No. 146 at 20].

Therefore, the Court finds that Caliber Defendants' response to Plaintiffs' Request No. 2 is deficient, as evinced by the individuals disclosed in Pls. Ex. 21, and, as such, Caliber Defendants must supplement their response to Plaintiffs' Request No. 2 by providing the requested information on each individual that has "handled or were responsible for the accounts of Plaintiffs."  Plaintiffs' Motion to Compel, as to Request No. 2, therefore, is granted.

*Plaintiffs' Requests for Production Nos. 3–9*

> *All documents and electronically stored information contained in all loan*

*files or other files of the Plaintiffs.*[8]

> *All documents and electronically stored information regarding, relating to or evidencing the Defendant's accounts of Plaintiffs, including but not limited to collection notes, payment histories, payment histories with commentary, account summaries, correspondence, mortgage and escrow statements, records indicating account balance, records indicating account status, payments of any kind by Plaintiffs, payments of any kind by you to affiliates, payments of any kind by you to third parties, and any correspondence of any kind with Plaintiffs or with third parties.*[9]

> *All documents and electronically stored information showing, relating to or evidencing any fees, expenditures, expenses and any other charges of any type whatsoever for or related to the Plaintiffs.*[10]

> *To the extent not already produced in connection with another request, all documents and electronically stored information that identify the Plaintiffs.*[11]

> *To the extent not already produced in connection with another request, all documents and electronically stored information referring or relating to the bankruptcy case of Plaintiffs.*[12]

> *To the extent not already produced in connection with another request, all Trevino Account Documents.*[13]

> *All documents and electronically stored information created or compiled by or for you regarding any audit, analysis or evaluation of the accounts of Plaintiffs.*[14]

For these requests for production ("***Requests Nos. 3-9***"), Plaintiffs allege that the documents that Caliber has produced, as of the filing of the Motion to Compel, are non-compliant with the Federal Rules of Civil Procedure because they either consist of documents prepared for this litigation or are documents that are not in their native format. *See generally* [ECF No. 138 at 7–9]. Plaintiffs also complain that U.S. Bank has not produced any documents in response to Requests Nos. 3-9. *Id.*; *see also* [ECF No. 138-2 at 39–51]. In their response, the

---

[8] *See* Caliber Defs. Ex. 2 at 6 (quoting Request No. 3); [ECF Nos. 43-2 at 33, 138-2 at 33].
[9] *See* Caliber Defs. Ex. 2 at 6 (quoting Request No.4); [ECF Nos. 43-2 at 33, 138-2 at 33].
[10] *See* Caliber Defs. Ex. 2 at 6 (quoting Request No. 5); [ECF Nos. 43-2 at 33–34, 138-2 at 33–34].
[11] *See* Caliber Defs. Ex. 2 at 7 (quoting Request No. 6); [ECF Nos. 43-2 at 34, 138-2 at 34].
[12] *See* Caliber Defs. Ex. 2 at 7 (quoting Request No. 7); [ECF Nos. 43-2 at 34, 138-2 at 34].
[13] *See* Caliber Defs. Ex. 2 at 7 (quoting Request No. 8); [ECF Nos. 43-2 at 34, 138-2 at 34].
[14] *See* Caliber Defs. Ex. 2 at 8 (quoting Request No. 9); [ECF Nos. 43-2 at 34, 138-2 at 34].

Caliber Defendants state that all responsive documents under their control have been produced. [ECF No. 146 at 21–22]. Moreover, Caliber Defendants assert that the documents produced have been consistent with Rule 34(b)(2)(E)'s provisions and Plaintiffs have not supported their argument to the contrary. *Id.* at 22. To wit, Caliber Defendants describe step-by-step the process through which the documents produced were created. *Id.* (describing how Caliber exported information from their system into Excel format that was subsequently converted to Adobe PDF).

After the Motion to Compel was filed, Caliber Defendants supplemented their responsive production with the 2016 Production. *See generally* Pls. Exs. 20–25, 50–54, 56–59, 61–62, 63, 64; Caliber Def. Ex. 17. At the September Hearing and October Hearing, both of which occurred after the 2016 Production was provided, Plaintiffs offered arguments regarding the necessity of having documents produced in the native format utilized by the Caliber Defendants as compared to what had been produced by the Caliber Defendants to date. Plaintiffs' primary focus of this argument was a series of exhibits wherein a single spreadsheet had been converted into PDF file format that resulted in column headings becoming separated from their columns. *See* Pls. Exs. 29–33. However, during the October Hearing, Caliber Defendants asserted that the exhibits did in fact belong to HSBC, originally as a spreadsheet, and represented that they were, in actuality, the same as two other exhibits. *Compare* Pls. Exs. 29–33 *with* Pls. Exs. 46–47.

Turning to the Plaintiffs' complaint of native format, Rule 34 provides, in relevant part, that "[a] party must produce documents as they are kept in the usual course of business . . . ." Fed. R. Civ. P. 34(b)(2)(E)(i). Thus, Plaintiffs are correct when they state that Caliber Defendants' production of documents is not in its native format. [ECF No. 138 at 7–9]. The analysis does not stop there because Rule 34 goes on to provide that a respondent may

alternatively produce documents "organize[d] and label[ed] … to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).  Rule 34 further provides that "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained *or* in a reasonably usable form or forms."  Fed. R. Civ. P. 34(b)(2)(E)(ii) (emphasis added).  Thus, the inquiry turns on whether the Plaintiffs specified a form in Request Nos. 3-9 and, if so, whether Caliber Defendants' responsive production of documents complies with that form.  In Plaintiffs' Request Nos. 3-9, the instructions make no reference to any particular form in which Caliber or U.S. Bank were to format their responses and, in fact, the language describing what constitutes electronically stored information specifically denotes a  "reasonably usable form."  *See generally* [ECF No. 138-2 at 28, 31–32, 41, 43–44].  Due to Plaintiffs' failure to make Request Nos. 3-9 in a particular format, the Court finds that Caliber Defendants were free, pursuant to the provisions of Rule 34, to either respond in the native format or in a reasonably usable form.  *See* Fed. R. Civ. P. 34(b)(2)(E)(ii); *c.f. Jaso v. Bulldog Connection Specialists LLC*, 2015 WL 11144603 at *1, *6 (S.D. Tex. Oct. 15, 2015) (Tagle, J.).  Since the form of Caliber Defendants' responses is plainly permitted under Rule 34, the Court finds that Plaintiffs argument, insofar as Requests Nos. 3–9 are concerned, is meritless "argle-bargle" and should be denied.  *C.f. United States v. Windsor*, 133 S. Ct. 2675, 2709 (2013) (Scalia, J., dissenting); *C.W. v. Capistrano Unified School District*, 784 F.3d 1237, 1251 (9th Cir. 2015) (Reinhardt, J., concurring in part and dissenting in part).

> *Plaintiffs' Requests for Production Nos. 10 and 13*
>
> *All documents and electronically stored information regarding your policies and procedures relating to the handling of mortgage accounts of debtors who have filed a chapter 13 bankruptcy petition that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.*

*Please produce responsive documents from January 1, 2009 to the present.*[15]

> *To the extent not already produced in connection with another request, all documents and electronically stored information regarding your policies and procedures relating to the filing of any document with bankruptcy courts or clerks pursuant to Fed. R. Bankr. P. 3002.1, or relating to your acceptance of funds from any filed Fed. R. Bankr. P. 3002.1 notice or document that have been given, disseminated, or made available to any of your employees, including but not limited to materials for training courses or seminars, brochures, pamphlets, primers, notices, instructions, memoranda, manuals, e-mails and handbooks.*
> *Please produce responsive documents from January 1, 2010 to the present.*[16]

In the Motion to Compel, Plaintiffs only state that they have limited the scope of two of their Requests for Production, Nos. 10 and 13, ("***Requests Nos. 10 & 13***") to "Caliber Defendants' policies and procedures with respect to filing Rule 3002.1 notices and acceptance of funds from any filed Rule 3002.1 Notice." [ECF No. 138 at 9]. However, Plaintiffs' Counsel's email to Caliber Defendants' Counsel on May 26, 2016, indicates that Request No. 10 was the only request that was limited with respect to Rule 3002.1. Caliber Defs. Ex. 16 at 1. *But see* [ECF No. 138 at 9]. Caliber Defendants claim that Requests Nos. 10 & 13 are "over broad and constitute nothing more than an impermissible fishing expedition . . ." [ECF No. 146 at 24]. Furthermore, Caliber Defendants assert that Plaintiffs have not served an amended request for production on them for either request, 10 or 13, and argue that the requests, even as amended, require a protective order due to the confidentiality of the information sought. [ECF No. 146 at 23–24]. In Caliber Defendants' Joinder, they specifically requested a protective order on the information Plaintiffs sought in Requests Nos. 10 & 13. [ECF No. 45 at 3]. Thus, the Caliber Defendants' arguments focus on the degree to which Requests Nos. 10 & 13 fall within the scope of discovery and that if they are compelled to disclose this information that a protective order is

---

[15] *See* Pls. Ex. 18 at 23; Caliber Defs. Ex. 2 at 8 (quoting Request No. 10); [ECF Nos. 43-2 at 34, 138-2 at 34]. *See also* Pls. Ex. 15 at 9 (stating that Requests Nos. 10 and 13 have been limited); Caliber Defs. Ex. 16.
[16] *See* Pls. Ex. 18 at 23; Caliber Defs. Ex. 2 at 9–10 (quoting Request No. 13); [ECF Nos. 43-2 at 35, 138-2 at 35]. *See also* Pls. Ex. 15 at 9 (stating that Requests Nos. 10 and 13 have been limited); Caliber Defs. Ex. 16.

needed.  *See generally* [ECF No. 146 at 23–24]; [ECF No. 45]; *see also* Fed. R. Civ. P. 26(b).

Rule 26 provides that a court may issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." when good cause has been shown.  Fed. R. Civ. P. 26(c)(1).  Rule 26 goes on to enumerate types of relief that can be included in a protective order.  *Id.*  Rule 26 can be based on grounds including "privileged or work-product material, but can also include improper sharing of confidential information between litigants in separate cases."  *Crosswhite v. Lexington Ins. Co.*, 321 F. Appx. 365, 368 (5th Cir. 2009); *see also Scott v. Monsanto Co.*, 868 F.2d 786, 792 (5th Cir. 1989) (holding that restricting use of discovery materials to the opposing party and its counsel, representatives, experts or consults "was not unduly constricting" when plaintiffs had broadly sought discovery).

Here, Plaintiffs' Requests Nos. 10 & 13, as amended, appear to fall within the scope of discovery proportional to the needs of the instant case.  *See generally* Fed. R. Civ. P. 26(b)(1).  However, that is not to say that Caliber Defendants' assertion of the confidential nature of the information sought by Plaintiffs' Requests Nos. 10 & 13 is not also within the scope of what is required for a protective order, even given the relatively general nature of Plaintiffs' pleading.  *Compare* Fed. R. Civ. P. 26(c)(1) *with Scott*, 868 F.2d at 792.  In consideration of the equities of the parties, the Court finds it appropriate to grant the Plaintiffs' Motion to Compel, as to Requests Nos. 10 & 13, to the extent that Caliber Defendants only produce non-privileged material, but also to grant Caliber Defendants' Joinder insofar ordering that Plaintiffs shall not disclose the contents of any production by Caliber Defendants in response to, at a minimum, Requests Nos. 10 & 13, outside of this litigation.  The Court further finds that Plaintiffs' Requests Nos. 10 & 13 are deemed amended to the limited scope of Caliber Defendants' policies and procedures for filing Rule 3002.1 notices and accepting funds from a filed Rule 3002.1

notice, pursuant to Plaintiffs' representations in the Motion to Compel and Plaintiffs' Counsel's

representations in her email to Caliber Defendants' Counsel on May 26, 2016.  *See* Pls. Ex. 15;

Caliber Defs. Ex. 16.[17]

> *Plaintiffs' Requests for Production Nos. 14 and 15*

> *All documents and electronically stored information referring or relating to any court sanction, reprimand, or opinion, or any consumer complaint or criticism concerning or relating to an allegation that you:*
>> *(1) violated the automatic stay of the United States Bankruptcy Code;*
>> *(2) violated the discharge or discharge injunction of the United States Bankruptcy Code;*
>> *(3) failed to comply with laws or rules with respect to proofs of claim you have filed in consumer bankruptcy cases;*
>> *(4) failed to comply with the letter or the spirit of Fed. R. Bankr. P. 3002.1.*
>> *(5) committed abuse of process in connection with actions you have taken or failed to take in connection with consumer bankruptcy cases.*
> *Please produce responsive documents from January 1, 2009 to the present.*[18]

> *To the extent not already produced in connection with the above request, the most recently filed or amended complaint, petition, motion, show cause order, order or opinion in each lawsuit, governmental proceeding, adversary proceeding or bankruptcy case in which it is alleged that you:*
>> *(1) violated the automatic stay of the United States Bankruptcy Code;*
>> *(2) violated the discharge or discharge injunction of the United States Bankruptcy Code;*
>> *(3) failed to comply with laws or rules with respect to proofs of claim or notices of transfers of claims you have filed in consumer bankruptcy cases;*
>> *(4) failed to comply with the letter or the spirit of Fed. R. Bankr. P. 3002.1;*
>> *(5) committed abuse of process in connection with actions you have taken or failed to take in connection with consumer bankruptcy cases.*
> *Please produce responsive documents from January 1, 2009 to the present.*[19]

In regard to Plaintiffs' Requests for Production Nos. 14 & 15, ("***Requests Nos. 14 &***

---

[17] In both exhibits, Plaintiffs' Counsel states: "RFP 10: We stated that we would limit this production to those policies and procedure with respect to Rule 3002.1. I believe you stated that you would ask Caliber to provide you with these if they exist. However, your written response to the similarly worded RFP 13 is that no documents would be produced. Maybe we failed to discuss this one on the conference call. If you would, please clarify Caliber's position with respect to RFP 10 as limited and 13."

[18] *See* Pls. Ex. 18 at 25; Caliber Defs. Ex. 2 at 10 (quoting Request No. 14); [ECF Nos. 43-2 at 35–36, 138-2 at 35–36].  *See also* Pls. Ex. 15 at 9 (stating that Requests Nos. 14 and 15 have been limited as denoted by the strikethrough); Caliber Defs. Ex. 16.

[19] *See* Pls. Ex. 18 at 25; Caliber Defs. Ex. 2 at 10 (quoting Request No. 15); [ECF Nos. 43-2 at 36, 138-2 at 36].  *See also* Pls. Ex. 15 at 9 (stating that Requests Nos. 14 and 15 have been limited as denoted by the strikethrough); Caliber Defs. Ex. 16.

*15*"), Plaintiffs allege that the Caliber Defendants have refused to provide any of the requested information despite Plaintiffs' contended entitlement to such information. *See generally* [ECF No. 138 at 9–10]. Plaintiffs also state, similar to Requests Nos. 10 & 13, that they have limited their requests as denoted by the portion of the request, quoted above, that has been struck through. *Id.* at 9; *see supra*. In their response, Caliber Defendants argue that Plaintiffs' Requests Nos. 14 & 15 are over broad, vaguely worded, and exceeds the scope of discovery as being unduly burdensome. [ECF No. 146 at 25–26]. Caliber Defendants further argue that Plaintiffs' Requests Nos. 14 & 15 are harassing. *Id.* at 25.

The scope of discovery in litigation is not without boundaries, specifically the emphasis on proportionality to the needs of the case under the recent revisions to Rule 26. *See generally* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (noting that standards must be applied evenhandedly). Rule 26's proportionality requirement restricts discovery on non-privileged material in consideration of "the importance of the issues at stake in the action, the amount in controversy, *the parties' relative access to relevant information*, the parties' resources, the importance of the discovery in resolving the issues, and *whether the burden or expense of the proposed discovery outweighs its likely benefit*." Fed. R. Civ. P. 26(b)(1) (emphasis added).

Here, Plaintiffs broadly request a wide range of information related to Rule 3002.1. [ECF No. 146 at 25] (quoting Plaintiffs' requests for production). As Caliber Defendants contend, Requests Nos. 14 & 15 are somewhat vaguely worded. The Court is perplexed at Plaintiffs' Requests Nos. 14 & 15 that, based on the plain language, appear to be an attempt, in large part, to shift researching public information from Plaintiffs to Caliber Defendants under the guise of the discovery process. *Id.* (requesting court pleadings without limiting the scope to a certain area). The proportionality requirement for the scope of discovery under Rule 26 clearly

places this type of request within the realm of discovery that can be disallowed. Plaintiffs'
articulated reason as to why the discovery is necessary does not address whether the information
is otherwise available to them while Caliber Defendants' objection is based on the burden
imposed and the scope of the request. Fed. R. Civ. P. 26(b)(1) (providing that "the parties'
relative access to relevant information" is to be taken into consideration).

Therefore, the Court finds that Plaintiffs' Requests Nos. 14 & 15 are overly broad but at
the same time relevant, in part, to this litigation. As such, the Court finds that Plaintiffs' Motion
to Compel as to Requests Nos. 14 & 15 should be granted to the extent that Caliber Defendants
shall disclose any documents presently within their files that are responsive to Requests Nos. 14
& 15. The Court also finds that Plaintiff's Motion to Compel as to Requests Nos. 14 & 15
should be denied to the extent that Caliber Defendants shall not be required to produce any
documents responsive to Requests Nos. 14 & 15 not presently within their files. The Court
further finds that Plaintiffs' Requests Nos. 14 & 15 are deemed amended, as denoted above by
the strikethrough, pursuant to Plaintiffs' representations in the Motion to Compel and their
Counsel's representations in her email to Caliber Defendants' Counsel on May 26, 2016. *See*
Pls. Ex. 15; Caliber Defs. Ex. 16.

*Plaintiffs' Request for Production No. 16*

> *All documents and electronically stored information comprising, referring or relating to any internal or external analysis, review or audit conducted regarding your compliance with bankruptcy laws and rules.*
> *Please produce responsive documents from January 1, 2009 to the present.*[20]

Plaintiffs seek information regarding the Caliber Defendants compliance with bankruptcy
laws and rules, specifically what the Caliber Defendants did in evaluating or ensuring

---

[20] *See* Pls. Ex. 18 at 25; Caliber Defs. Ex. 2 at 10 (quoting Request No. 16); [ECF Nos. 43-2 at 36, 138-2 at 36]. *See also* Pls. Ex. 15 at 10 (stating that Requests Nos. 14 and 15 have been limited as denoted by the strikethrough); Caliber Defs. Ex. 16.

compliance. ("**Request No. 16**")  [ECF No. 138 at 10–11]; [ECF No. 43-2 at 36].  Plaintiffs allege that the Request No. 16 has been amended to restrict the scope of the request from "bankruptcy laws and rules" to the enforcement of Rule 3002.1 and that Caliber Defendants have refused to produce any information.  [ECF No. 138 at 11].  In addition to *amending* Request No. 16, Plaintiffs, via their Counsel, stated in a May 26, 2016 email to Caliber Defendants' Counsel that Plaintiffs would enter into a protective order for the production of the requested documents. Caliber Defs. Ex. 16.  In their response, Caliber Defendants contend, once again, that Request No. 16 is over broad and does not fall within the scope of discovery because it is not relevant to the Plaintiffs' claim regarding their 3002.1 notice.  *See generally* [ECF No. 146 at 26–27].

In order for a court to grant relief requested in a motion to compel, the movant must demonstrate that the request falls within the scope of discovery.  *Smith*, 2011 WL 6217497 at *2; *see also* Fed. R. Civ. P. 26(b)(1).  Here, Plaintiffs' only contention in their Motion to Compel is that the information "is highly relevant to the issues in this case."  [ECF No. 138 at 11].  Such a barebones statement does not meet the burden of demonstrating why such an expansive request falls within the scope of discovery.  *Compare* [ECF No. 138 at 11] *with* Fed. R. Civ. P. 26(b)(1). At the October Hearing, the Court questioned Plaintiff's Counsel directly on Request No. 16, who explained that the contents of an analysis, should any actually exist, would be relevant if an analysis were to opine on the state of Caliber Defendants' procedures of enforcing Rule 3002.1 notices.  *See* [ECF No. 180 at 83].

In consideration of the foregoing, Plaintiffs have minimally demonstrated the relevance of Request No. 16 to this litigation sufficient to meet their burden.  Caliber Defendants' contention that such audits, should any exist, may be subject to privilege or constitute work product is a matter that is provided for under Rule 26 such that their objection is not well taken.

Accordingly, the Court finds that Plaintiffs' Motion to Compel as to Request No. 16 should be granted.  The Court further finds that a protective order is appropriate to cover all production for Request No. 16.

*Plaintiffs' Requests Nos. 17 and 19*

*All documents and electronically stored information, including but not limited to instruction manuals and training materials, referring or relating to the computer software or hardware you have used to maintain records of accounts of debtors in bankruptcy.*
*Please produce responsive documents from January 1, 2009 to the present.*[21]

*All documents and electronically stored information relating to your computer systems' backup and/or document preservation policies, procedures, guidelines, or records.*
*Please produce responsive documents from January 1, 2009 to the present.*[22]

In Plaintiffs' Requests 17 and 19, ("***Requests Nos. 17 & 19***") Plaintiffs seek information related to Caliber Defendants' systems used to "maintain records of accounts of debtors in bankruptcy" and "policies, procedures, guidelines, or records" on Caliber Defendants' document preservation strategies.  [ECF No. 138 at 11]; [ECF No. 43-2 at 37].   Once again, Plaintiffs contend that they have limited Requests Nos. 17 & 19 as to "the time period during which Caliber serviced the loan" as opposed to the broader dates included in Plaintiffs' original request.  [ECF No. 138 at 11].   For which, Plaintiffs allege that Caliber Defendants have refused "to produce full account information from their systems of records . . . ."  *Id.*   In their response, Caliber Defendants contend that they have produced all relevant information within their control, despite objecting to Requests Nos. 17 & 19 on various grounds, and that Plaintiffs' requests simply fall outside of the proportionality requirements.  [ECF No. 146 at 27–28].   At the

---

[21] *See* Pls. Ex. 18 at 27; Caliber Defs. Ex. 2 at 12 (quoting Request No. 17); [ECF Nos. 43-2 at 37, 138-2 at 37].  *See also* Pls. Ex. 15 at 10 (stating that Requests Nos. 17 and 19 have been limited to the period for which Caliber serviced the loan); Caliber Defs. Ex. 16.

[22] *See* Pls. Ex. 18 at 27; Caliber Defs. Ex. 2 at 12 (quoting Request No. 19); [ECF Nos. 43-2 at 37, 138-2 at 37].  *See also* Pls. Ex. 15 at 10 (stating that Requests Nos. 17 and 19 have been limited to the period for which Caliber serviced the loan); Caliber Defs. Ex. 16.

September Hearing and October Hearing, Plaintiffs' arguments focused on whether other documents, such as those related to litigation, could be retrieved from Caliber Defendants' implementation of the Fiserv system.  *See* [ECF No. 161 at 7, 14, 63] (discussing the deposition topics, including those relative to Requests Nos. 17 & 19).

In order to succeed on their Motion to Compel, Plaintiffs had the burden of demonstrating that the requested discovery falls within the scope of discovery.  *Smith*, 2011 WL 6217497, at *2; *see also* Fed. R. Civ. P. 26(b)(1).  The language of Requests Nos. 17 & 19, as compared to the argument presented in the Motion to Compel and also to the exhibits admitted and oral arguments from the September Hearing and October Hearing unconvincingly demonstrates how these requests fall within the scope of discovery.  The failure of carrying the burden of demonstrating that the information sought falls within the scope of discovery is fatal to Plaintiffs' Motion to Compel.

The Court is left with only one possible finding—Plaintiffs have utterly failed to carry their burden of demonstrating that the requested discovery falls within Rule 26's scope of discovery given the proportionality requirements that this Court impressed upon the parties that it would require adherence to.  Therefore, the Court finds that Plaintiffs' Motion to Compel as to Requests No. 17 & 19 should be denied.

*Plaintiffs' Request for Production No. 20*

> *All documents or electronically stored information that explain or describe any code or abbreviation in any documents produced in response to Plaintiffs' requests for production of documents.*[23]

Here, Plaintiffs are requesting information that explains the various codes that are included in Caliber Defendants' production. ("***Request No. 20***")  [ECF No. 138 at 11].  Plaintiffs

---

[23] *See* Pls. Ex. 18 at 27; Caliber Defs. Ex. 2 at 12 (quoting Request No. 19); [ECF Nos. 43-2 at 37, 138-2 at 37].  *See also* Pls. Ex. 15 at 10 (stating that Requests Nos. 17 and 19 have been limited to the period for which Caliber serviced the loan); Caliber Defs. Ex. 16.

state that Caliber Defendants have provided explanations for some of the codes, but not all of the codes utilized. *Id.*; *see also* Caliber Defs. Ex. 28B.  In their response, Caliber Defendants state that no documents have been identified that match Plaintiffs' Request No. 20 as of the date that they responded, but subsequently responsive documents have been discovered and will be produced.  [ECF No. 146 at 28–29].  At the October Hearing, Caliber Defendants offered an exhibit, which was admitted, that provided nearly 18 pages of explanations for the various codes. Caliber Defs. Ex. 28B.  Also at the October Hearing, Plaintiffs argued, substantiated in part by the deposition of Mr. Harris, there were still numerical codes that had yet to be produced.  [ECF No. 161 at 65].

The impetus for Request No. 20 is that the documents that Caliber Defendants have produced are responsive to Request No. 20, but thus far is of little value to Plaintiffs if they cannot interpret what it means due to a lack of definitions for the codes used.  The Court, especially in light of Caliber Defendants' averment in their response to the Motion to Compel, finds that any remaining information that defines or explains the codes utilized by Caliber Defendants in any document produced thus far should be produced.  Thus, the Plaintiffs' Motion to Compel, in respect to Request No. 20, is granted.

*Other Requests that have been Withdrawn*

In the Motion to Compel, Plaintiffs state that they have withdrawn certain of their Requests for Production.  *See* [ECF No. 138 at 9].  An email between the parties from May 26, 2016, corroborates that assertion while adding that an additional request has been withdrawn. Caliber Defs. Ex. 16 at 1.  Based on the representations of the Plaintiffs, the Court finds it appropriate to deem that Requests No. 11, 12, and 18 have been withdrawn.

**e.  Motion for Leave**

In Plaintiffs' Motion for Leave, they seek to file a supplemental complaint based on a series of events that came to light during Plaintiffs' deposition of Mr. Harris, Caliber's corporate representative, on July 27, 2016.  *See generally* [ECF No. 150].  The Motion for Leave states that Mr. Harris' deposition revealed a series of alleged transactions during 2014 where the Caliber Defendants added approximately $13,000 of expenses to Plaintiffs' account without filing a 3002.1 notice.  *Id.* at 1–3.  Plaintiffs' Motion for Leave is founded upon Rule 15's supplemental pleadings provision under which Plaintiffs argue that "courts [have] broad discretion in allowing a supplemental pleading."  *Id.* at 3 (citing to *In re Cyberonics Inc. Sec. Litig.*, 523 F. Supp. 2d 547, 555 (S.D. Tex. 2007)); *see also* Fed. R. Civ. P. 15(d).  Caliber Defendants filed a response wherein they described the background of the case before turning to argue that the Motion for Leave would cause undue delay and is unduly prejudicial to them, it was not made in good faith, the lack of evidence to corroborate Plaintiffs' allegation regarding a third party not in this litigation, and it was improper based on the plain language of Rule 15(d)'s requirement that the basis for the supplemental pleading occur after the pleading to be amended, which they contend is not the case here.  [ECF No. 156 at 7–9] (citing to *Zamora v. City of Houston*, 2011 WL 6016819, at *1, *2 (S.D. Tex. Dec. 2, 2011, as the basis of the test they argue under)).

Rule 15 provides, in relevant part, that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d); *see also Cyberonics*, 523 F. Supp. 2d at 555 (citing the rule and to *Burns v. Exxon Corp.*, 158 F.3d 336 (5th Cir. 1998)).  The text of Rule 15 focuses on some change in circumstances that has transpired since the original pleading that necessitates a supplemental pleading be filed.  *See* Fed. R. Civ. P. 15(d) (describing the order of events under which the need for a supplemental complaint may arise).

To wit, the Fifth Circuit in *Burns* found that the lower court "was within its discretion to deny leave to supplement" by distinguishing the differing standards between an amended complaint, pursuant to Rule 15(a), and a supplemental complaint, pursuant to Rule 15(d), when plaintiffs failed to demonstrate a change in circumstances since they filed their original complaint. *Burns*, 158 F.3d at 343; *see also* Fed. R. Civ. P. 15(a), (d); *Haralson*, 356 F. Appx. at 699.

Here, Plaintiffs filed their Second Amended Complaint on March 12, 2015. [ECF No. 78]. The Motion to Leave states that the changes to Plaintiffs' account occurred during 2014. [ECF No. 150 at 3]; Pls. Ex. 17 at 2; *see also* [ECF No. 156 at ¶ 13] (describing the series of transactions between January and November 2014). Unlike the plaintiffs in *Burns*, Plaintiffs here have demonstrated that transactions transpired after the original pleading. *Compare Burns*, 158 F.3d at 343 *with* [ECF No. 150] *and* [ECF No. 156] *and* [ECF No. 1]. However, as Caliber Defendants argue, those transactions occurred prior to the Second Amended Complaint being filed. [ECF No. 156 at ¶ 20]; *Compare* [ECF No. 150] *and* [ECF No. 156] *with* [ECF No. 78]. Thus, the issue turns on whether the pleading being supplemented is the original pleading or if it is the Second Amended Pleading. Here, the language of Rule 15(d) is ambiguous as to whether the pleading being supplemented is the original pleading or a subsequent amended pleading, and if it is a subsequently amended pleading, whether that pleading swallows up a factual basis that could give rise to a supplemental pleading like Jonah and the leviathan.[24] In *Burns*, the Fifth Circuit references the "pleading sought to be supplemented." 158 F.3d at 343. An amended pleading relates back to the prior pleading and any transactions, occurrences, or events that transpired prior to that pleading. 6 Fed. Prac. & Proc. Civ. § 1473 (3d ed.). As opposed to a supplemental pleading which relates to transactions, occurrences, or events that transpired after that pleading to be amended. *Id.*; *see also Ford Motor Co. v. United States*, 896 F. Supp. 1224,

---

[24] *See Jonah* 1:17.

1230 (Ct. Int'l Trade 1995). However, *Burns* makes it clear that a court is not directed to always permit a supplemental pleading, but rather "*may* permit a supplemental pleading setting forth changed circumstances." 158 F.3d at 343. Plaintiffs' proposed supplemental complaint contains claims along the lines of those existing from the beginning of this litigation, so the Court fails to see how the circumstances have changed—a required element under *Burns*. *Compare* [ECF No. 150-2] *with* [ECF No. 78] *and* [ECF No. 1]. If anything, Plaintiffs' new facts seem positioned to be merely additional evidence to support their claims rather than a changed circumstance that necessitates a supplemental complaint, not to mention the potential for undue delay imposed in this already lengthy litigation. Alternatively, the Plaintiffs' supplemental complaint would have this Court treat those allegations as relating forward to the Second Amended Complaint, which violates the scope of a permissible supplemental complaint. Fed. R. Civ. P. 15(d); *Compare* [ECF No. 150-2] *with* [ECF No. 78]. Therefore, the Court finds that Plaintiffs have demonstrated changed circumstances occurring after the original pleading, but that the changed circumstances occurred prior to their Second Amended Complaint. The result is that the supplemental complaint falls outside of the timeline for a permissible supplemental complaint, pursuant to Rule 15(d). Therefore, the Motion to Leave must be denied as it is in violation of the plain language of Fed. R. Civ. P. 15(d).

### f. Motion for Sanctions

Plaintiffs' Motion for Sanctions was filed five days prior to the October Hearing and is, in large part, a continuation of the Motion to Strike wherein Plaintiffs sought to preclude Mr. Burton, an in-house attorney for Caliber, from testifying at the September Hearing or October Hearing on the basis that Caliber Defendants failed to disclose him as a potential witness in their initial Rule 26 disclosures. *Compare* [ECF No. 157] *with* [ECF No. 167 at 12–13]. In their

Motion for Sanctions, Plaintiffs also argue that Caliber Defendants should not be permitted to present Mr. Burton as a witness because Mr. Harris was allegedly an incompetent witness in violation of Rule 37.  [ECF No. 167 at 9–12].  In sum, the relief sought by Plaintiffs under both lines of argument is to prohibit Mr. Burton or "Caliber's in-house lawyer" from testifying.  [ECF No. 167 at 12–13]; *see also* [ECF No. 157].  In addition to preventing Mr. Burton's testimony, Plaintiffs seek attorney's fees, although Plaintiffs explicitly stated they are not presently seeking fees for filing their Motion for Sanctions, they did nevertheless reserve the right to seek those fees in the future.  [ECF No. 167 at 13].  Caliber Defendants did not file a response to the Motion for Sanctions, which they explained at the October Hearing was due to the short timeframe between filing and the October Hearing.  Caliber Defendants further stated that they felt the Motion for Sanctions mirrored the Motion to Strike.

At the October Hearing, the Court heard arguments regarding Plaintiffs' Motion to Strike contemporaneously with the Motion for Sanctions as they both involved whether Mr. Burton would be permitted to testify.  Subsequent to the October Hearing, the Court entered an order granting Plaintiffs' Motion to Strike on the basis that Caliber Defendants failed to disclose Mr. Burton as a potential witness in their initial disclosures.  [ECF No. 175].  Further, the Court ruled that the supplemental Rule 26 disclosures, Caliber Defs. Ex. 28A, were untimely for the purposes of the hearings on the instant motions.  *Id.*

The Court must look to the relief sought in the Motion for Sanctions to determine whether there is any relief sought beyond that which was granted on Plaintiffs' Motion to Strike. The first basis in the Motion for Sanctions which is based on an alleged violation of Rule 37 by Caliber's corporate representative, Mr. Harris, and the testimony he provided.  [ECF No. 167 at 9–12].  The Court today does not need to reach the merits of whether Mr. Harris was an

incompetent witness because the very relief sought under this argument is simply the preclusion of testimony from "Caliber's in-house lawyer" at the hearings on the instant motion. *Id.* at 12. Plaintiffs, in that line of argument, sought no further relief despite conclusory wording in other parts of the Motion for Sanctions. *Compare* [ECF No. 167 at 12] (requesting the Court not permit "Caliber's in-house lawyer to testify at the continued hearing . . .") *with* [ECF No. 167 at 1] (titling the motion to include "Anyone Else Not Presented . . .") *and* [ECF No. 167 at 2] (stating that Plaintiffs sought to "exclude the testimony of Clint Burton or anyone else not presented . . .") *and* [ECF No. 167 at 2–3 (alleging that "[i]t would be highly prejudicial to Plaintiff[s] for [Burton] . . . or anyone else who was not presented . . .") *and* [ECF No. 167 at 3] (summarizing their requested relief to include Mr. Burton and anyone else]. Plaintiffs' second line of argument suffers the same exact flaw, the relief sought, despite what may be summarized elsewhere in the Motion for Sanctions, is simply that the Court "prohibit *Mr. Burton's testimony.* . ." [ECF No. 167 at 12–13]. Plaintiffs' summarization of the Motion for Sanctions belies the actual content of the relief sought when Plaintiffs make their arguments therein. *Compare* [ECF No. 167 at 2–3] *with* [ECF No. 167 at 9–13]. The Court is left with only one conceivable result—the Motion for Sanctions is largely moot since the bulk of the relief sought is barring testimony by Mr. Burton and such relief has already been granted by the Court. *Compare* [ECF No. 175] *with* [ECF No. 157] *and* [ECF No. 167].

The only remaining relief sought by Plaintiffs is attorney's fees, which was sought in the Motion for Sanctions. [ECF No. 167 at 13]. However, as Plaintiffs raised the issue only to state that they were reserving the right to seek fees at a later date, there is no remaining relief upon which the Court need rule within the Motion for Sanctions.

While the Court is sympathetic to the Plaintiffs' plight in regard to the testimony of Mr.

Harris, the Court does not need to reach the merits of whether he was or was not an incompetent witness because the relief sought by the Motion for Sanctions has already been granted by the Court when it granted Plaintiffs' Motion to Strike and such an analysis is unwarranted at present. [ECF No. 175]; *see also* [ECF No. 167 at 4–12]. Moreover, Plaintiffs conversed with Caliber Defendants over the potential of a subsequent deposition of a different corporate representative to supplement Mr. Harris' deposition, but were at loggerheads over allocation of the costs of such an endeavor. *See generally* Caliber Defs. Ex. 18. While Plaintiffs stated at the September Hearing there was an agreement to introduce a response email, none was offered or admitted into evidence during the course of either hearing. The Court, as discussed above, retains the ability to fashion a remedy appropriate to the circumstances, including fee shifting or ordering a supplemental deposition, when a moving party seeks sanctions, but no such opportunity exists with Plaintiffs' Motion for Sanctions.

Based on the foregoing, the Court finds that the Plaintiffs' Motion for Sanctions should be granted as to Plaintiffs reservation of the right to seek attorney's fees and denied as moot as to all other relief.

### g.  Motion to Reopen

In their Motion to Reopen, Caliber Defendants seek to admit into evidence, post-hearing, a recent filing in Plaintiffs' bankruptcy case. *See generally* [ECF No. 178]. The filing is SPS' 3002.1 Notice that was filed on October 31, 2016. [Case No. 10-70594, ECF No. 142]; *see also* [Case No. 13-7031, ECF No. 178 at 2–3]. Caliber Defendants seek to admit SPS 3002.1 Notice because it reinforces their argument that there has never been an "attempt to collect the 2010 taxes or the alleged post-petition escrow disbursements from the [Plaintiffs]." [ECF No. 178 at 2]. The Motion to Reopen is brought under Rule 59(a)(2)'s provision for reopening evidence to

admit newly discovered evidence. *Id.* at 3 (citing to *In re Rule*, 38 B.R. 37, 42 (Bankr. D. Vt. 1983), for the proposition that Rule 59 permits reopening evidence prior to a judgment being entered). Plaintiffs filed their response in which they argue that the Motion to Reopen is improper because "there has been no judgment, and there will be no judgment …" and that the 3002.1 notice was not filed until after the October Hearing concluded. *See generally* [ECF No. 183 at 1–2].

Rule 9001's definition of judgment provides that the order must be appealable. An appealable order is a final order and an order "is not final unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Lopez*, 2016 WL 4546884, at *2. The only order that has been entered in relation to the September Hearing and October Hearing is not one for which Caliber Defendants seek to admit further evidence. *See* [ECF No. 175] (granting Plaintiffs' motion, [ECF No. 157]). Taking Caliber Defendants' assertion that a Rule 59 motion can be reviewed prior to a judgment being issued as accurate, the issue becomes whether a valid basis has been demonstrated. Here, Caliber Defendants' only basis is newly discovered evidence in the form of the SPS' 3002.1 Notice. However, the October Hearing, the last for the motions at bar, was held on October 18, 2016. Thus, the SPS' 3002.1 Notice cannot qualify as newly discovered evidence because it did not exist prior to the October Hearing, as Plaintiffs' deftly point that *In re Rule* precludes. *Compare In re Rule*, 38 B.R. at 43 *and* [Case No. 10-70594, ECF No. 142] *with* [Case No. 13-7031, ECF No. 178]. Accordingly, the Court finds that SPS' 3002.1 Notice does not qualify as "newly discovered evidence" for the purposes of supplementing the evidence admitted in the hearings on the motions at bar. *See N.L.R.B. v. Jacob E. Decker and Sons*, 569 F.2d 357, 364 (5th Cir. 1978).

As Caliber Defendants brought their Motion to Reopen only on the basis of newly

discovered evidence, which is not qualified to be considered as newly discovered evidence for the purposes of the motions at bar, the Court finds that the Motion to Reopen should be denied as it does not comply with the provisions of Rule 59.

## V.    CONCLUSION

Pending before the Court were three separate matters pertaining to the Plaintiffs in addition to Caliber Defendants' Joinder and Motion to Reopen.  The parties presented evidence and argument over the course of nearly two full days of hearings spread over a month of time.  In summary of the foregoing, the Court finds that the Plaintiffs' Motion to Compel has been granted as to Requests Nos. 2, 20 in their entirety, granted to the extent that Caliber Defendants shall respond, as directed, to the amended form of Requests Nos. 10, 13, 14, 15, and 16, and denied as to Request Nos. 1, 3–9, 17 and 19 in their entirety.  Pursuant to Plaintiffs' representations, Requests for Production Nos. 11, 12, and 18 are deemed withdrawn.  In addition, the Court finds that Caliber Defendants have demonstrated good cause, pursuant to Fed. R. Civ. P. 26 and 11 U.S.C. § 107, for Caliber Defendants' Joinder to be granted to the extent that a protective order shall be issued, for which the parties have 30 days to submit a proposed form of order, providing Plaintiffs' use and disclosure of confidential and trade secret information produced by Caliber Defendants during this litigation shall be restricted to Plaintiffs' prosecution of this case only.  All further relief sought in Caliber Defendants' Joinder is denied as moot.  The Court further finds, without reaching the merits, that the Plaintiffs' Motion for Sanctions should be denied as moot as to all relief except for Plaintiffs' reservation of the right to seek attorney's fees in the future due to the Motion to Strike being granted by the Court.  The Court finds that Plaintiffs' Motion for Leave should be denied as the facts provided do not fit within the scheme of Fed. R. Civ. P. 15(d) to permit the filing of Plaintiffs' supplemental complaint.  Finally, the Court finds

that Caliber Defendants' Motion to Reopen should be denied as the purported newly discovered evidence was not in being at the time that the September Hearing began or the October Hearing concluded and could not be permitted under Fed. R. Civ. P. 59(a)(2).

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 01/12/2017.

Eduardo V. Rodriguez
United States Bankruptcy Judge