UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE TREVINO, SR. and<br>TERESA TREVINO<br><br>  Debtor | §<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 10-70594<br><br><br>CHAPTER 13 |
| JOSE TREVINO and<br>TERESA TREVINO,<br><br>  Plaintiffs,<br><br>v.<br><br>1) CALIBER HOME LOANS, INC., and<br><br>2) U.S. BANK TRUST, N.A. as Trustee<br>for LSF8 MASTER<br>PARTICIPATION TRUST,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADVERSARY NO. 13-07031 |

**PLAINTIFFS' MOTION IN LIMINE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW Jose and Teresa Trevino, Plaintiffs in the above-captioned adversary proceeding, and file this Motion in Limine regarding Defendants' witnesses and exhibits for trial:

**I. MOTION IN LIMINE REGARDING DEFENDANTS' WITNESSES**

**A.   Eric Smith**

1.  Defendants' proposed witness Eric Smith should be prohibited from testifying at trial in this case on behalf of Defendants because Mr. Smith lacks personal knowledge regarding the events at issue in this case, as Mr. Smith was not employed by Caliber until August of 2016, well after Defendant Caliber transferred servicing of Plaintiffs' mortgage loan account to Select Portfolio Servicing, Inc. ("SPS"). Moreover, Mr. Smith was never an employee of Defendant U.S.

Bank and has never offered any testimony regarding how he obtained any knowledge regarding U.S. Bank's involvement in the events at issue in this case.[1] [2]

2.  Moreover, with respect to Mr. Smith's summary judgment testimony, the vast majority of the testimony was simply a description of various docket items (which statements are based on hearsay and are inadmissible), describe various summary judgment exhibits without establishing that Mr. Smith was a custodian of records or that such exhibits qualified as proper business records. Additionally, many of Mr. Smith's statements consisted of speculation rather than facts based on Mr. Smith's own personal knowledge or are legal conclusions or opinions that are not based on competent evidence.

3.  Fed. R. Evid. 602 states that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602. Moreover, pursuant to Fifth Circuit law, a person who previously testified as a corporate representative at a Rule 30(b)(6) deposition may not testify at trial to matters outside his own knowledge to the extent that information is hearsay not falling within one of the authorized exceptions. *Union Pump Co. v. Centrifugal Technology Inc.,* 404 Fed. Appx. 899, 907-908 (5th Cir. 2010). *See also, Reuther v. Realtors*, Civ. Action No. 15-2850, 2016 WL 5337839 * 3 (E.D. La. Sept. 23, 2016):

> "Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an adverse party to use that deposition testimony during trial." However, the Fifth Circuit found that the district court erred in allowing a corporate representative to testify at trial to matters that were within the corporation's knowledge but not within his own personal knowledge. The Fifth Circuit reasoned that "a corporate representative may not testify to matters outside his own personal

---

[1] Exhibit A, p. 8, line 25 – p. 9, line 1.

[2] *Id.* at p. 8, line 25 – p. 10, line 11.

**PLAINTIFFS' MOTION IN LIMINE**                                              **PAGE 2**

knowledge to the extent that information is hearsay not falling within one of the authorized exceptions.

*Id.* (quoting and citing *Union Pump*, 404 Fed. Appx, 899, 907-908).

4. Here, Caliber took over servicing of the Plaintiffs' mortgage loan on or about October 30, 2013 and U.S. Bank became the holder on September 30, 2013. Caliber released servicing of the loan to SPS effective as of January 1, 2015, and CSMC 2015-RPL1 Trust became the owner of the loan effective as of February 25, 2015. Because Mr. Smith did not start working at Caliber until August 2016, he may not testify at trial as to most matters at issue in this case because he has no personal knowledge of any of Caliber's actions during the relevant time period. Moreover, Mr. Smith's prior testimony does not establish that he has any personal knowledge of U.S. Bank. Mr. Smith's testimony is also not relevant.

5. The Court, with some small exceptions, should prevent Mr. Smith's testimony on behalf of Defendants that purports to describe any affirmative actions of Caliber that occurred prior to August 2016, and any testimony regarding U.S. Bank due to Mr. Smith's lack of personal knowledge. Fed R. Evid. 602 and cases cited *supra*.[3] *See also Burton v. Banta Glob. Turnkey Ltd.,* 170 F. App'x 918, 923 (5th Cir. 2006)(holding that affidavit testimony offered of a business' regular practices submitted by an employee that was not employed by the business until two years after the events at issue because employee was not competent to testify as to what the procedures were during the relevant time period or if such procedures were regularly followed); *Williams v. Sims*, No. CV 08-0229, 2009 WL 10699387, at *1 (W.D. La. Mar. 13, 2009)(witness that did not witness traffic accident but whose knowledge regarding the accident was obtained from other eye-witness reports did not have personal knowledge pursuant to Fed. R. Evid. 602 and could not testify); *Logan v. Pennaco Hosiery*, 140 F.3d 1038 (5th Cir. 1998)(excluding statements made in

---

[3] However, Mr. Smith can testify to policies and procedures that he knows were not in place when he arrived at Caliber.

**PLAINTIFFS' MOTION IN LIMINE** **PAGE 3**

report that were provided to affiant during interviews with others because witness lacked personal knowledge and the statements did not fall under any hearsay exception); *Rock v. Huffco Gas & Oil Co.,* 922 F.2d 272, 280 (5th Cir. 1991) (holding that a witness may not testify to the subject matter of a hearsay statement, as the witness has no personal knowledge of it).

6.  In addition, to the extent that Mr. Smith's testimony consists of purported descriptions of a document filed in the Plaintiffs' bankruptcy case, the adversary proceeding, the docket sheet, and other inadmissible hearsay, such as documents relating to Plaintiffs' loan account, the Court cannot consider that testimony. *U.S. El-Mezain*, 664 F.3d 467, 495 (5th Cir. 2011)("It is axiomatic that a witness may not merely repeat the subject matter of a hearsay statement, nor may he rely on inadmissible hearsay as a substitute for his own knowledge). *Cormier v. Pennzoil Expl. & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992)("Neither of the affidavits offered by Cormier is based on personal knowledge; both rely on hearsay statements. Neither the district court nor this Court may properly consider hearsay evidence in affidavits and depositions.")(citing *Martin v. John W. Stone Oil Distributor, Inc.,* 819 F.2d 547, 549 (5th Cir.1987)); *U.S. v. $92,203.00 in U.S. Currency*, 537 F.3d 504 (5th Cir. 2008) (affidavits containing hearsay and statements not based on personal knowledge not admissible at summary judgment).

7.  Finally, under Fed. R. Evid. 602 and 701, lay opinion testimony must arise from the witness's personal knowledge of the matter, and must be rationally based on the witness's perception.  Indeed, the Advisory Committee explains Fed. R. Evid. 701(a) as the "familiar requirement of first-hand knowledge or observation."  Fed. R. Evid. 701 advisory committee's note to 1972 proposed rules. *See also Hamilton v. AVPM Corp.*, 593 Fed. Appx. 314, 319 (5th Cir. 2014).  "Any part of a witness's opinion that rests on scientific, technical, or specialized

knowledge must be determined by reference to Rule 702, not Rule 701." *U.S. v. Ebron*, 683 F.3d 105, 137 (5th Cir. 2012). To the extent that Mr. Smith's testimony constitutes statements or offers opinions that go beyond the scope of his personal knowledge, such testimony must be excluded as Mr. Smith has not been offered as an expert in this case and all of his statements of opinion must be disregarded.

**B.    Jamar Harris**

8.    On July 27, 2016, Plaintiffs took the deposition of Caliber Home Loans, Inc.'s ("Caliber") corporate representative on various noticed topics. Caliber presented Mr. Jamar Harris as its corporate representative on all the topics listed in the deposition notice.

9.    Mr. Harris is a professional witness who travels around the country testifying for Caliber, mostly in state courts, and has testified so many times that he has not kept count.[4] Exhibit B, p. 13, line 6 – p. 14, line 15.

10.    Although Mr. Harris was able to describe certain amounts taken off of Plaintiffs' account and certain items placed onto Plaintiffs' account, he was not completely certain about his testimony, and was otherwise wholly unprepared for his deposition. *See* Exhibit B, generally.

11.    With respect to the majority of questions asked, Mr. Harris lacked knowledge and had not asked anyone (outside of the legal department) to obtain the knowledge or read materials to prepare for his deposition. Exhibit B, p. 186, line 12 – p. 187, line 8.

12.    Specifically, Mr. Harris was unable to answer basic questions about Plaintiffs' mortgage loan account and was unfamiliar with Caliber's servicing system of record except to the extent that he had used the system or could view it on his computer. *See* Exhibit B, generally.

---

[4] Attached hereto as Exhibit B is a marked copy of Mr. Harris' deposition demonstrating his inability to answer various questions.

13. Moreover, Caliber's counsel would not let Mr. Harris convey factual information on the grounds of attorney-client and work-product privilege because the only people Mr. Harris spoke to in "preparing" for his deposition were Ms. Hayward and Clint Burton, Caliber's outside and in-house counsel, respectively. Exhibit B, p. 186, line 12 – p. 188, line 15; p. 193, line 17 – p. 194, line 19.

14. Mr. Harris testified repeatedly that additional information existed with respect to the account that he had not obtained, including electronically-stored information and other documents that had not been produced by Defendants in this case. *See* Exhibit B, generally.

15. In short, Mr. Harris was not a competent witness at his deposition, and clearly lacked personal knowledge of the Plaintiffs' mortgage loan account and the other topics noticed in Plaintiffs' deposition notice.

16. As demonstrated by Exhibit B, Mr. Harris was unable to answer many of the questions Plaintiffs' counsel posed to him at his deposition, often indicating that someone else at Caliber would know or referring to a type of document that would contain the information but that had not been produced in this case. Mr. Harris clearly lacks personal knowledge regarding the issues in this case, and, pursuant to Fed. R. Evid. 602 and Fifth Circuit law cited *supra*, Defendants should not be allowed to offer him as a witness at trial due to his lack of personal knowledge.

**C.   Karen Kellett**

17. Defendants have also listed Karen Kellett as a witness in this case.

18. However, Ms. Kellett does not have any personal knowledge regarding Defendants' actions with respect to Plaintiffs' mortgage loan account.

19. Indeed, the only relevant testimony Ms. Kellett could possibly provide would relate to Plaintiffs' attorneys' fees and the work performed by Plaintiffs' counsel in this case. Any such

testimony would not be relevant unless and until the Court decides that Plaintiffs are entitled to recover their attorneys' fees and expenses in this case.

20. Thus, Defendants should only be allowed to question Ms. Kellett with respect to Plaintiffs' attorneys' fees during the damages phase of trial in this case or at a separate fee hearing, as Ms. Kellett lacks personal knowledge regarding Defendants' actions with respect to Plaintiffs' mortgage loan account. *See* Fed. R. Evid. 602.

## II. MOTION IN LIMINE REGARDING DEFENDANTS' EVIDENCE

### A. Settlement discussions with respect to Caliber and U.S. Bank and Plaintiffs' settlement with HSBC

21. In Defendants' summary judgment motion, Defendants repeatedly mention the fact that this case has not settled and appear to blame Plaintiffs' counsel for this alleged failure to settle this case. Moreover, Defendants include as an exhibit for trial an email and letter tendering an offer of judgment (Ex. D-52), and another e-mail regarding settlement (Ex. D-53).

22. Pursuant to Fed. R. Civ. P. 68(b), "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." The upcoming trial is not a proceeding to determine costs and, as such, any evidence relating to Defendants' offer of judgment is not admissible pursuant to Fed. R. Civ. P. 68(b).

23. Similarly, offers of judgment and settlement discussions simply are not relevant to Plaintiffs' claims or Defendants' defenses in this case, and such evidence should be excluded pursuant to Fed. R. Evid. 402. The Court should preclude Defendants from asking any question of any witness regarding settlement discussions and should prohibit Defendants and their counsel from making statements regarding any settlement discussions in this case.

24. Discussions of settlement and documents reflecting settlement discussions are prohibited from introduction pursuant to Fed. R. Evid. 408 and are not relevant to Defendants'

liability with respect to Plaintiffs' causes of action against Defendants or Plaintiffs' damages. *City of Alexandria v. Cleco Corp.*, CA No. 1:05-cv-1121, 2011 WL 13128183 at * 2 (W.D. La. June 24, 2011)("… we do not see how the mediations or negotiations themselves, much less their results, could be relevant.'); *Hollybrook Cottonseed Processing, LLC*, CA No. 09-750, 2012 WL 12929817, at * (W.D. La. March 22, 2012)("[o]ffers of settlement and statements made during settlement negotiations falls [sic] squarely within Rule 408's prohibition and shall not be disclosed by any party."); *Lyondell Chemical Co. v. Occidental Chemical Corp.,* 608 F.3d 284, 295 (5th Cir. 2010) (Rule 408's protection extends to "legal conclusions, factual statements, internal memoranda, the work of non-lawyers and lawyers alike so long as the communications were intended to be part of negotiations toward compromise."); *Franco v. Mabe Trucking Co.*, CA 5:17-CV-00871, 2019 WL 128538,1 at *3 (W.D. La. March 20, 2019)(granting unopposed motion in limine, excluding any reference to offers to settle, to negotiations with respect to settlement, or to the absence of such negotiations because they were immaterial and irrelevant to any issue in the case, and mention of same would be unfairly prejudicial. Fed. R. Evid. 401, 402, and 403.).

25. For the same reasons, the Court should also sustain Plaintiffs' objections to Defendants' proposed Exhibit D-52 and D-53. These exhibits are identical to exhibits Defendants improperly attempted to introduce as part of their motion for summary judgment as Exhibits 53 and 54. *See* Docket No. 265-53 and 265-54. Plaintiffs moved to strike those exhibits from Defendants' summary judgment evidence, *see* Docket Nos. 273 – 275, and they should not be admitted for trial for the same reasons.

26. In addition, Defendants made statements and arguments in their summary judgment motion relating to Plaintiffs' settlement with HSBC and attempted to have Mrs. Trevino reveal that confidential settlement at her deposition.

27.     As this Court is aware, Plaintiffs, together with HSBC, submitted the settlement agreement to the Court for approval under seal.  The Court approved the request to file the settlement agreement under seal and entered an order approving the agreement.[5]

28.     Moreover, the fact that Plaintiffs were able to settle their claims with HSBC is also not relevant to Plaintiffs' claims or Defendants' defenses in this case, and such evidence should be excluded pursuant to Fed. R. Evid. 402.

29.     Thus, the Court should preclude Defendants from asking any question of any witness regarding Plaintiffs' settlement with HSBC and should prohibit Defendants and their counsel from making statements regarding the HSBC settlement.

**B.     Evidence not previously produced or disclosed**

30.     In Defendants' summary judgment motion, Defendants attached extensive evidence not previously disclosed pursuant to Fed. R. Civ. P. 26(a) and 37(c), and filed, in support, the affidavits of Melissa Hayward, Defendants' outside attorney, and Eric Smith, a Caliber employee who was not employed by Caliber until August 2016, a date after the events at issue in this case.

31.     Plaintiffs moved to strike the inadmissible evidence.  Docket Nos. 273 – 275.

32.     The Parties served their witness and exhibit lists on each other on March 8, 2019.  The Parties' counsel had their face to face meeting on March 12, 2019.

33.     As described in Plaintiffs' objections to Defendants' exhibits set out in the Joint Pre-Trial Order, among other objections is the fact that Defendants never produced certain exhibits in discovery and did not disclose them pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), and thus they cannot be used by Defendants at trial pursuant to Fed. R. Civ. P. 37(c)(1).  *See* Plaintiffs'

---

[5] Defendants Caliber and U.S. Bank Trust did not object to the filing of the settlement agreement under seal and have not sought to unseal the agreement.

Objections to Defendants' Exhibits D-4, D-26 – D-28, D-44 – D-47, and D-52 – D-55 in the Joint Pre-Trial Order.

34. In addition, both at the face-to-face meeting and in a conversation about the Joint Pre-Trial Order, counsel for Defendants indicated that she would attempt to provide even more evidence at trial that Defendants did not produce prior to the August 31, 2018 discovery deadline, and indeed have never produced to Plaintiffs in the entire, long period of this litigation, much less disclosed to Plaintiffs pursuant to Fed. R. Bankr. P. 26(a)(1)(A)(ii).

35. As such, Plaintiffs have had no ability to test the evidence or obtain rebuttal evidence. Accordingly, and appropriately, the Court must exclude any evidence that was not previously disclosed pursuant to Fed. R. Bankr. P. 37(c)(1).

36. Importantly, such attempts are part of a long pattern by Defendants in this litigation of failing to produce relevant evidence at all, producing alleged "evidence" in formats that are unusable even by Defendants, much less by Plaintiffs or this Court, and putting up no-nothing corporate representatives as deponents pursuant to Fed. R. Civ. P. 30(b)(6), and then trying to present at hearings or at trial (or thereafter) previously undisclosed documents and witnesses. As just one example, Defendants put up Jamar Harris for a deposition pursuant to Rule 30(b)(6), but he knew almost nothing and had only talked to his attorneys to prepare for his deposition. Later, at the hearing on Plaintiffs' motion to compel, Defendants attempted to have Clint Burton testify, even though he is a) Caliber's in-house attorney, b) was not disclosed pursuant to Fed. R. Bankr. P. 26(a)(1)(A)(i), and c) lacked personal knowledge. *See* Docket Nos. 157, 164. The Court refused to allow his testimony. *See* Docket No. 175.

37. Such attempts are also part of Defendants' relentless efforts to have their attorneys provide the alleged "facts" as to Defendants' actions with respect to the Plaintiffs and their

mortgage loan account, rather than witnesses with actual personal knowledge as required by Fed. R. Evid. 602. *See, e.g.,* Docket No. 265-5 – Affidavit of Melissa Hayward, Defendants' outside counsel, who attempted to provide "facts" to support Defendants' motion to summary judgment. *See also* Docket No. 274 – Plaintiffs' motion to strike same.

38. The Court should not allow the introduction of previously undisclosed evidence and should not allow argument by Defendants regarding alleged facts based on "evidence" not admitted at trial.

**C.    Plaintiffs' counsel's attorneys' fees**

39. Finally, Defendants have repeatedly claimed that Plaintiffs' attorneys' fees are driving the litigation in this case. First, such assertions are untrue and there is no factual support for such assertions whatsoever. Moreover, such claims are completely irrelevant to Plaintiffs' claims as to liability and Defendants' defenses thereto at trial. Indeed, Plaintiffs' attorneys' fees are not relevant unless and until Plaintiffs prevail on liability.

40. As such, Plaintiffs request that, until the Court determines whether Plaintiffs prevail on their claims against Defendants, reference to Plaintiffs' attorneys' fees should be excluded as irrelevant pursuant to Fed. R. Evid. 402, and are otherwise unfairly prejudicial and will cause undue delay and thus should be excluded pursuant to Fed. R. Evid. 403.

41. In the event that Plaintiffs prevail, Plaintiffs request that the Court direct Plaintiffs to file a fee application, provide time for Defendants to object and for Plaintiffs to reply, and to set a hearing on same if the Parties cannot agree.

### III.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Court enter an order preventing (or in the alternative, appropriately limiting) Defendants from offering Eric

Smith, Jamar Harris, or Karen Kellett as witnesses at trial, preventing Defendants from offering argument, comment, exhibits, or testimony regarding settlement negotiations and Plaintiffs' settlement with HSBC, evidence not previously produced or disclosed, and/or Plaintiffs' attorneys' fees during the liability portion of the trial, and for all such other and further relief to which Plaintiffs are entitled at law or in equity.

    Respectfully submitted,

    KELLETT & BARTHOLOW PLLC

    */s/ Karen L. Kellett*
    Karen L. Kellett
    Texas Bar No. 11199520
    Southern District Bar No. 2043070
    Theodore O. Bartholow, III ("Thad")
    Texas Bar No. 24062602
    Southern District Bar No. 1571898
    Caitlyn N. Wells
    Texas Bar No. 24070635
    Southern District Bar No. 2043070
    11300 N. Central Expy., Ste. 301
    Dallas, Texas 75243
    Tel. (214) 696-9000
    Fax (214) 696-9001
    kkellett@kblawtx.com

    Catherine Stone Curtis
    Texas Bar No. 24074100
    Federal ID No. 1129434
    Pulman, Cappuccio & Pullen, LLP
    P.O. Box 720788
    McAllen, Texas 78504
    Tel.: (956) 467-1900
    Fax: (956) 331-2815
    ccurtis@pulmanlaw.com

    ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF electronic filing system on the persons listed below on April 5, 2019.

*/s/ Caitlyn N. Wells*
Caitlyn N. Wells

Melissa Hayward
Hayward & Associates PLLC
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
*Attorneys for U.S. Bank Trust, as Trustee for*
*LSF8 Master Participation Trust and Caliber Home Loans, Inc.*